ORIGINAL

KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 16 2005

at ____ o'clock and ____ min. ____M
SUE BEITIA, CLERK

ATTORNEYS FOR PETITIONER

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

TARYN CHRISTIAN,          )     CIV NO. 04-00743 DAE-LEK
                          )
          Petitioner,     )     PETITIONER'S REPLY
                          )     IN SUPPORT OF REQUEST,
                          )     UNDER 28 U.S.C. § 2254, FOR WRIT
vs.                       )     OF HABEAS CORPUS BY A PERSON
                          )     IN STATE CUSTODY
RICHARD BISSEN, Acting    )
Director, State of Hawaii )
Department of Public Safety, )  CERTIFICATE OF SERVICE
                          )
          Respondent.     )

## I.  Facts

Two eyewitness identifications are reported in the Respondent's "Trial Proceedings" section. (See pages 13-14 of Respondent's Answer to Petition).

Serena Seidel claimed that Taryn Christian was the man she saw carrying a knife during a struggle with Vilmar Cabaccang.

Philip Schmidt said he saw Mr. Christian running from the scene of the stabbing. According to Mr. Schmidt's testimony, Mr. Cabaccang pointed at Taryn  Christian and said

1

# TABLE OF CONTENTS

I.  Facts ................................................................................................ 1

II.  Exhaustion ..................................................................................... 2

III.  Procedural Default ........................................................................ 7

IV.  Innocence and Fundamental Miscarriage of Justice .................... 9

V.  Merits Contentions ......................................................................... 10

# TABLE OF AUTHORITIES

## CASES

Baldwin v. Reese, 541 U.S. 27 (2004) .............................................. 4, 6

Bennett v. Mueller, 322 F.3d 573 (9th Cir. 2003) ............................... 8

Chambers v. Mississippi, 410 U.S. 284 (1973) .................................. 3

Chia v. Cambra, 360 F.3d 997 (9th Cir. 2004) ................................... 11

Coleman v. Thompson, 501 U.S. 722 (1991) ...................................... 9

Crotts v. Smith, 73 F.3d 861 (9th Cir. 1996) ...................................... 3

Duncan v. Henry, 513 U.S. 364 (1995) ............................................... 3

Fragiao v. State, 95 Haw. 8, 18 P.3d 871 (2001) ............................... 8

Garringer v. State, 80 Haw. 327, 909 P.2d 1142 (1996) .................... 8, 9

Jones v. State, 79 Haw. 330, 902 P.2d 965 (1995) ............................. 4

Kimmelman v. Morrison, 477 U.S. 365 (1986) ................................... 5

Massaro v. United States, 538 U.S. 500 (2003) .................................. 9

Picard v. Connor, 404 U.S. 270 (1971) .............................................. 3, 5

Raines v. State, 79 Haw. 219, 900 P.2d 1286 (1995) .......................... 8

**Rock v. Arkansas, 483 U.S. 44 (1987)** ................................................    10

**Schlup v. Delo, 513 U.S. 298 (1995)** ................................................    9

**State v. Silva, 75 Haw. 419, 864 P.2d 583 (1993)** ................................    8

**United States v. Glover, 97 F.3d 1345 (10th Cir. 1996)** ......................    5

**Wainwright v. Sykes, 433 U.S. 72 (1977)** ................................................    4

**Washington v. Texas, 388 U.S. 14 (1967)** ................................................    3

**RULE**

**Rule 40, Hawaii Rules of Penal Procedure** ................................................    7-8

Christian was the man who stabbed him.

There is more to the story as to both Seidel and Schmidt.

Ms. Seidel, according to reports submitted with the Rule 40 petition, was a friend of the other suspect – James Burkhart.

Mr. Schmidt reported that the man he saw leaving the scene had long hair in back.

Mr. Christian had short hair.  Schmidt now doubts his identification.

The purported confession of Mr. Christian, now that the tape is enhanced, contains – in addition to some inculpatory statements -- multiple statements denying commission of the homicide.

It is emblematic of the problem with Mr. Christian's conviction that the State's recital of the facts presented to the jury can read as though this is a clear case of guilt when  – once the material which was not presented to the jury is considered – there are multiple reasons to question whether the guilty party was convicted.

The constitutional issues presented in the habeas petition focus on factors which prevented the rest of the story – the defense story – from being told.

## II. Exhaustion

Respondent concedes that the habeas petition's Grounds One, Four, Five, and Six are exhausted.  (p.33 of Respondent's Answer)

Contrary to Respondent's contentions, the remaining  grounds are also exhausted, except for the Fifth Amendment claim contained in Ground Two of Petitioner's habeas corpus application.  Mr. Christian hereby abandons the claim that refusing to admit Burkhart's confession violated the federal constitution's Fifth Amendment.  Mr. Christian retains the

2

contentions that failure of the jury to hear the Burkhart confessions violated the Sixth and Fourteenth Amendments.

### A.  Ground Two  – Refusing to Admit Confessions of James Burkhart

On direct appeal, counsel argued both Sixth Amendment and Fourteenth Amendment authority in support of the position that Mr. Christian was entitled to present evidence that James Burkhart confessed.

On page 25 of "Defendant-Appellant's Opening Brief," filed on May 29, 1997, counsel cited both **Chambers v. Mississippi,** 410 U.S. 284 (1973), which found a federal due process violation in refusing to admit another person's confession and **Washington v. Texas,** 388 U.S. 14 (1967), which stands for the principle that there is a right, under the Sixth Amendment to the United States Constitution, to present evidence in support of a defense.

Thus, the Sixth Amendment and Fourteenth issues were exhausted because they were "fairly presented" to the state court.  **Crotts v. Smith,** 73 F.3d 861, 865 (9th Cir. 1996) citing **Duncan v. Henry,** 513 U.S. 364 (1995) and **Picard v. Connor,** 404 U.S. 270, 275 (1971).

### B.  Ground Three  – Ineffective Assistance of Trial Counsel

Respondent's contentions: (1) the issue of ineffectiveness in impeding Mr. Christian's desire to testify was not presented as a federal claim on direct appeal; (2) the other Ground Three ineffective assistance issues were not raised in the post-conviction appeal.

Respondent is incorrect in both regards.

#### 1.  Ineffective Assistance in Regard to Right to Testify

Trial counsel was ineffective, according to a direct appeal issue raised on page 29 of "Defendant-Appellant's Opening Brief," for giving improper advice concerning Mr. Christian's

right to testify. Counsel relied on **Jones v. State,** 79 Haw. 330, 902 P.2d 965 (1995).

By citing **Jones,** Petitioner Christian satisfied the "fair presentation" requirement described in **Baldwin v. Reese,** 541 U.S. 27, 32 (2004)("A litigant wishing to raise a federal issue can easily indicate the federal law basis for the claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies <u>or a case deciding such a claim on federal grounds,</u> or by simply labeling the claim 'federal'")(emphasis added). The **Jones** case addressed both the Hawaii and the federal constitutional considerations involved. See 79 Haw. at 335, 902 P.2d at 970 n.5 ("Similarly, in the context of any of the decisions that are ultimately committed personally to the petitioner, see *Wainwright v.Sykes,* 433 U.S. 72, 93 n.1, 97 S.Ct. 2497, 2510 n.1, 53 L.Ed2d 594(Burger, J., concurring)('Only such basic decisions as whether to plead guilty, waive a jury or testify in one's own behalf are ultimately fro the accused to make"), *reh'g denied,* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977), claims of ineffective assistance of counsel can be based on the advice provided by defense counsel.")

## 2. Ineffective Assistance Issues Raised on Post-Conviction Appeal

In the post-conviction pleadings, Mr. Christian raised numerous ineffective assistance of counsel issues. In the Hawaii Supreme Court's Rule 40 opinion, it found issues of ineffective assistance of trial counsel had been waived by not being raised on direct appeal. The Court then further addressed some ineffective assistance issues:

(1) Tape enhancement: "Christian failed to demonstrate that his trial counsel's decision against enhancing the taped conversation between Christian and his former girlfriend and playing the 911 tape for the jury resulted in the withdrawal or substantial impairment of a potentially

4

meritorious defense."

In the Rule 40 appeal, counsel raised the tape issues as both state law and federal constitutional issues: "Because Christian also has demonstrated prejudice from counsel's failure to determine the contents of the tape, he is entitled to ineffective assistance of counsel relief under Sixth Amendment federal constitutional standards. **Kimmelman v. Morrison,** 477 U.S. 365 (1986)(responsibility of counsel to seek out facts)." – page 16 of Petitioner-Appellant's Amended Opening Brief – March, 2003

This issue was thus "fairly presented" to the state court and is exhausted. **Picard v. Connor,** 404 U.S. 270, 276 (1971).

(2)   Additional forensic testing: "Christian's claims that further forensic analysis <u>could</u> lead to an ineffective assistance of trial counsel and his list of potential issues that <u>could</u> possibly substantiate a claim of ineffective assistance of trial counsel fail to demonstrate any specific errors or omissions reflecting counsel's lack of skill, judgment or diligence." p. 2 of Supreme Court of Hawaii post-conviction opinion.

In presenting the forensic testing issue to the Supreme Court of Hawaii, Mr. Christian relied on federal constitutional ineffective assistance authority: **United States v. Glover,** 97 F.3d 1345 (10th Cir. 1996) – p. 18 of Petitioner-Appellant's Amended Opening Brief.

(3) The additional issues: "... and his list of potential issues that <u>could</u> possibly substantiate a claim of ineffective assistance of trial counsel fail to demonstrate any specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence." p. 2 of November 24, 2004 opinion of Supreme Court of Hawaii.

The "list" to which the Supreme Court referred is a group of ineffective assistance of

5

counsel claims which were based on both Hawaii law and federal constitutional law. See pp. 19-21 of Petitioner-Appellant's Amended Opening Brief and Addendum to Rule 40 Petition filed on December 18, 2000.

Respondent's complaint – as to all but the issue of ineffective assistance relating to the right to testify – is that "Petitioner did not raise any of the instant Ground Three issues in his HRPP Rule 40 Opening Brief." (p. 35 of Respondent's Answer to Petition)

Except for the right to testify ineffectiveness issue, all were in fact raised in the opening brief. (pages 14-23 of Petitioner-Appellant's Amended Opening Brief)

Since Respondent's sole objection as to this subpart is based on an erroneous statement, the exhaustion complaint should be stricken as to this group of issues.

### C.  Ground Seven  – Ineffective Assistance of Appellate Counsel

The mention of the federal constitution in the heading sufficiently alerted the state court to the federal constitutional nature of the claim.  The heading of Point VI on appeal to the Supreme Court of Hawaii: "Appellate Counsel's Failure to Raise Meritorious Issues Deprived Christian of His Rights Under Hawaii Law and the Federal Constitution."  (p. 32 of Petitioner-Appellant's Amended Opening Brief).

As indicated above, a Petitioner may fairly present a federal constitutional issue "by simply labeling the claim 'federal.'" **Baldwin v. Reese,** 541 U.S. 27, 32 (2004).

Consequently, Respondent's assertion is incorrect that Mr. Christian raised only a state law claim as to ineffective assistance of appellate counsel.

### D.  Ground Eight – Additional Ineffective Assistance of Counsel Issues

In ground eight, Petitioner has amplified for emphasis arguments which were presented

6

on pages 20-21 of Petitioner-Appellant's Amended Opening Brief.  Petitioner raised the issue of "Whether trial counsel was ineffective in changing defense theories in the middle of trial and adopting a self-defense theory which his client did not want and which his client told him was incorrect." (pp. 20-21) He also raised issues about trial counsel presenting an incomplete picture to the jury, including omitting to present evidence that Serena Seidel, a prime witness against Mr. Christian, and James Burkhart, the other suspect, were acquainted. (p. 20)

Ground eight, like the other issues, was fairly presented in state court.

## III. Procedural Default

The default determination turns largely on whether the Hawaii courts regularly and consistently apply the principle that all issues are waived which could have been, but were not, raised on direct appeal.

A subsidiary issue is whether, under Hawaii law, claims that require extra-record development are regularly and consistently considered waived if not raised on direct appeal.

The post-conviction statute itself appears to confine its waiver principles to contentions which the accused knowingly bypassed on direct appeal.

The statute states in relevant part:

An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue.  There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

Rule 40(a)(3), Hawaii Rules of Penal Procedure.

Mr. Christian has noted in previously filings that he repeatedly and consistently asked his

trial counsel to conduct forensic testing, to argue innocence instead of self-defense, and to generally provide him with a vigorous and coherent defense.

If, as the statute provides, Mr. Christian is given an opportunity to rebut any presumption of waiver, he is able to do that.

However, even if his ability to rebut did not place him within an exception to the waiver rule, the waiver rule could not be applied against Mr. Christian.

This is because the requirement of raising ineffective assistance claims on direct appeal is not a procedural obstacle which is "well-established and consistently applied" by Hawaii courts. See **Bennett v. Mueller,** 322 F.3d 573, 583 (9th Cir. 2003).

Between the time of Mr. Christian's direct appeal and his post-conviction appeal, the Hawaii Supreme Court reasserted the principle that it is appropriate to defer ineffective assistance claims to Rule 40 proceedings when "the record on appeal is insufficient to demonstrate ineffective assistance of counsel claim ... ." **Fragiao v. State,** 95 Haw. 9, 16, 18 P.3d 871, 878 (2001) quoting **State v. Silva,** 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).

Appellate counsel appropriately raised ineffective assistance issues which were apparent from the record and made no attempt to raise any which required extra-record support. In doing so, she undoubtedly was relying on what was then fairly recent authority from the Hawaii Supreme Court stating: "Because appellate courts do not ordinarily consider evidence outside the record, a post-conviction proceeding is the most appropriate forum in which to resolve ineffective assistance claims." **Garringer v. State,** 80 Haw.327, 334, 909 P.2d 1142, 1151 (1996) quoting **Raines v. State,** 79 Haw. 219, 223, 900 P.2d 1286, 1290 (1995).

These Hawaii cases permitting ineffective assistance to be raised for the first time in post-

conviction proceedings are in accord with the federal-court rule and with the majority rule among states. **Massaro v. United States,** 538 U.S. 500 (2003). See also **State v. Mitchell,** 124 Idaho 374, 375-76, 859 P.2d 972, 973-74 (1993)("... it is generally inappropriate to raise a claim of ineffective assistance of counsel on a direct appeal from the judgment of the conviction. Rather, such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed").

All grounds raised for the first time in the Rule 40 petition are grounds which, to varying degrees require development of additional record so that all the relevant facts are known. Thus, the claims of suppressed evidence and use of false and/or misleading evidence are not waived because they need record development, under the **Garringer** principles, and were not knowingly waived as contemplated by Rule 40(a)(3).

## IV. Innocence and Fundamental Miscarriage of Justice

All constitutional claims are worthy of consideration in this habeas petition because of the "fundamental miscarriage of justice" principle cited by Respondent. See **Coleman v. Thompson,** 501 U.S. 722 (1991).

Upon the granting of an evidentiary hearing preceded by forensic testing, Mr. Christian is prepared to present a case of innocence as contemplated by **Schlup v. Delo,** 513 U.S. 298 (1995).

As **Schlup** recognizes, such innocence claims can be considered regardless of any waiver or default so long as the innocence claims are connected to the denial of federal constitutional rights. Mr. Christian's innocence claims are connected to constitutional issues such as ineffective assistance counsel and denial of access to exculpatory and potentially exculpatory evidence.

9

Respondent's arguments on what Mr. Christian has failed to show are misplaced because he has yet to receive either the forensic testing or the evidentiary hearing – the tools for making the required showing.

Mr. Christian has, however, shown that there are serious innocence issues already in the record which are in need of further development. There are multiple confessions from a man, James Burkhart, who matched the crime scene sketch, who took the Fifth Amendment, and who was scheduled to visit a friend a few steps down from where the homicide occurred.

With adamant claims of innocence at stake and Mr. Christian having been thwarted in prior efforts to prove his innocence, Respondent nevertheless claims that it is appropriate to deny Mr. Christian the tools to prove his point and then complain that some of what he contends is speculative.

The case cries out for thorough exploration so that the components of the case which are now speculative do not remain in that category.

## V. Merits Contentions

### A. Ground One – Denial of Right to Testify

The **Rock** case – the only failure to testify case which Respondent discusses – involved a state law which prevented a defendant from testifying if he had been hypnotized.

The general principle of **Rock v. Arkansas** is important to Mr. Christian's case – arbitrary state rules cannot interfere with the right to testify.

In addition to citing **Rock,** Mr. Christian cited a number of cases addressing the issue of the timing of a defendant's request to testify. Respondent does not address these cases, apparently because the applicable law is not on Respondent's side.

10

**B. Ground Two – Exclusion of James Burkhart Confessions**

Again, Respondent has failed to address authority which is on point.

The defense cited a Ninth Circuit case granting habeas relief when a third party's self-inculpatory statements were excluded. **Chia v. Cambra,** 360 F.3d 997 (9th Cir. 2004). The circumstances had marked similarities to those in Mr. Christian's case.

No attempt was made to distinguish **Chia** either factually or legally.

**C. Remaining Claims**

Petitioner reasserts arguments made in grounds three through eight.

In the answer, Respondent, on occasion notes that Mr. Christian relies on possibly favorable evidence or on suggestion or speculation of what evidence might show.

It should be noted that Mr. Christian already has provided substantial evidence pointing toward James Burkhart. Mr. Christian has been seeking since prior to trial forensic testing which could help him prove his points.

It is noteworthy that this testing and the evidentiary hearing which Mr. Christian has been requesting could fill in some of the blanks that Respondent mentions.

In fact, Mr. Christian has been pushing for the additional information for some time.

11

For the reasons stated above, and upon the basis of the Petition and accompanying memorandum filed on December 22, 2004, Taryn Christian requests that he be granted a writ of habeas corpus.

Dated: Honolulu, Hawaii,   December 15, 2005

Respectfully submitted,

KEITH SHIGETOMI
MARK BARRETT
Attorneys for Petitioner