KEITH SHIGETOMI # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 596-0880

MARK BARRETT # 557
P.O. BOX 896
Norman, Oklahoma 73070
Telephone: (405)364-8367

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, | ) CIV. NO. 04-00743 DAE-LEK |
| | ) |
| Petitioner, | ) PETITIONER TARYN CHRISTIAN'S |
| | ) FIRST REQUEST FOR ADMISSIONS |
| | ) TO DAVELYNN TENGAN, ESQ |
| vs. | ) |
| | ) |
| RICHARD BISSEN, Acting | ) |
| Director, STATE OF | ) |
| HAWAI'I DEPARTMENT OF | ) |
| PUBLIC SAFETY, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**PETITIONER TARYN CHRISTIAN'S FIRST REQUEST FOR
ADMISSIONS TO DAVELYNN TENGAN**

TO: DAVELYNN TENGAN, ESQ
    C/O PETER A. HANANO
    Deputy Prosecuting Attorney
    County of Maui
    Wailuku, Maui, Hawaii 96793
    Telephone No. (808) 243-7630
    Fax No. (808) 270-7927

Attorney for Respondent

Petitioner Taryn Christian, by and through his undersigned attorneys Keith Shigetomi and Mark Barrett, hereby request that DAVELYNN TENGAN, ESQ admit, within thirty (30) days of service and in accordance with Rule 36 of the Federal Rules of Civil Procedure, the truth of the matters set forth herein. This request is made pursuant to Rule 36 of the Federal Rules of Civil Procedure and Rule 6 of the Rules governing Habeas Corpus.

## INSTRUCTIONS

1. Rule 36 of the Federal Rules of Civil Procedure and Rule 6 of Federal Habeas Corpus Statute 28 U.S.C. Section 2254 allows a party to serve on any other party a request to admit the truth of any matter within the scope of Rule 26(b) of the Federal Rules of Civil Procedure that relates to statements or opinions of fact or application of law to fact.

2. You are requested to admit the matters set forth herein. If any matter cannot be admitted, then it shall be specifically denied or you are requested to set forth

in detail why you cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission, and when in good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much as is true and qualify or deny the remainder.

3. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states he has made reasonable inquires and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue may not, on that ground alone, object to the request he may, subject to provisions of Rule 37 of the Federal Rules of Civil Procedure, deny the matter or set forth reasons why he cannot admit or deny it.

4. You are advised that the party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of Rule 36, it may order either the matter be admitted or that an amended answer be served.

DATED: Honolulu, Hawaii, _____, 2006.

_____
KEITH SHIGETOMI
Attorney at Law

## FIRST SET OF ADMISSIONS

1. Admit that you were assigned as a Deputy Prosecutor to prosecute the matter of State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                              DENY_____

2. Admit that you provided to defense in discovery a document entitled synopsis of arrest without warrant prepared by Detective Antonio Funes("Funes") dated August 17, 1995, in which Funes stated that Taryn Chiristian in a tape recorded conversation with Lisa Kimmey, admitted to being the person responsible in the stabbing of Vilmar Cabaccang.

ADMIT_____                              DENY_____

3. Admit that Funes provided to you a transcription of his interpretation of the tape recorded conversation of Taryn Christian and Lisa Kimmey.

ADMIT_____                              DENY_____

4. Admit that in an affidavit dated February 3, 1997 in a Motion To Compel Discovery, you requested the actual tape recordings of witness interviews, in order to verify the accuracy of the transcriptions and which may also be needed at trial to impeach witnesses who's testimonies depart from the transcribed statements.

ADMIT_____                              DENY_____

5

5. Admit that you compared Funes's transcription to the actual tape recorded conversation of Taryn Christian and Lisa Kimmey and were unable to verify the transcription's accuracy to the tape recording.

ADMIT_____                                        DENY_____

6. Admit that you did not have the tape recorded conversation of Taryn Christian and Lisa Kimmey sent to a forensic audio expert.

ADMIT_____                                        DENY_____

7. Admit that you never disclosed to the defense, prior to trial, a true and accurate transcription of the tape recorded conversation of Taryn Christian and Lisa Kimmey.

ADMIT_____                                        DENY_____

8. Admit that you never disclosed to the court, prior to trial, a true and accurate transcription of the taped conversation between Taryn Christian and Lisa Kimmey.

ADMIT_____                                        DENY_____

9. Admit that prior to trial you filed as evidence in this case, State's exhibit "A", an unauthenticated and inaccurate transcription of the actual tape recorded conversation between Taryn Christian and Lisa Kimmey.

ADMIT_____                                        DENY_____

10. Admit that you never disclosed to the defense, prior to trial, the evidence of Taryn Christian's exculpatory statements of denial that he was the person responsible for stabbing and killing Vilmar Cabaccang.

ADMIT_____                                        DENY_____

6

11. Admit that you represented to the jury that Taryn Christian in the tape recorded conversation with Lisa Kimmey confessed to being the person who stabbed and killed Vilmar Cabaccang.

ADMIT_____                                    DENY_____

12. Admit that you did not impeach Lisa Kimmey, the state's witness who's trial testimony was contradicted by Taryn Christian's statements of denial.

ADMIT_____                                    DENY_____

13. Admit that at no time in the tape recorded conversation of Taryn Christian and Lisa Kimmey did Taryn Christian confess to being the person who stabbed and killed Vilmar Cabaccang.

ADMIT_____                                    DENY_____

14. Admit that at no time in the tape recorded conversation of Taryn Christian and Lisa Kimmey did Taryn Christian confess to being the person who stabbed and killed Vilmar Cabaccang.

ADMIT_____                                    DENY_____

15. Admit prior to trial you never provided to thedefense Serena Seidel's initial description she gave to police, as well as Phil Schmidt's detailed description of the person he saw leaving the scene
ADMIT_____                                    DENY_____

16. Admit that prior to trial you did not disclose to the defense the fingerprint evidence recovered from driver's door of Vilmar Cabaccang's vehicle.

ADMIT_____                                    DENY_____

7

17. Admit that during trial you knowingly allowed Serena Seidel to give perjured testimony without informing the court.

ADMIT_____                                    DENY_____

18. Admit that in September 1995, the State requested Joanne Furuya, Director of the Honolulu Crime Lab, to conduct DNA testing on all items of evidence and compare the results to the DNA of Vilmar Cabaccang.

ADMIT_____                                    DENY_____

19. Admit that in February of 1996, you failed to disclose to the defense Joanne Furuya's reported inability to analyze and blood type Vilmar Cabaccang's blood and specimen samples.

ADMIT_____                                    DENY_____

20. Admit that in November 1996, Attorney Dennis Jung apprised the state and the court that Taryn Christian had requested for independent DNA testing be conducted on the evidence.

ADMIT_____                                    DENY_____

21. Admit that on November 20th 1996, you requested the court grant a continuance so that the state had the opportunity to complete the DNA testing in this case.

ADMIT_____                                    DENY_____

22. Admit that prior to trial you did not disclose to defense the FBI test results related to this case.

ADMIT_____                                    DENY_____

24. Admit that prior to trial you did not disclose to the defense any comparison testing conducted regarding James Hina Burkhart's finger prints and DNA to evidence recovered in this case.

ADMIT_____                                    DENY_____

25. Admit that since Taryn Christian was convicted, you have received information that James Hina Burkhart has made admissions to individuals that he stabbed and killed Vilmar Cabaccang.

ADMIT_____                                    DENY_____