KEITH SHIGETOMI # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 596-0880

MARK BARRETT # 557
P.O. BOX 896
Norman, Oklahoma 73070
Telephone: (405)364-8367

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN,<br><br>  Petitioner,<br><br>vs.<br><br>RICHARD BISSEN, Acting Director, STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY,<br><br>  Respondents. | CIV. NO. 04-00743 DAE-LEK<br><br>PETITIONER TARYN CHRISTIAN'S FIRST REQUEST FOR ADMISSIONS TO DENNIS JUNG, ESQ |

**PETITIONER TARYN CHRISTIAN'S FIRST REQUEST FOR
ADMISSIONS TO DENNIS JUNG**

TO:  DENNIS JUNG, ESQ
     C/O PETER A. HANANO
     Deputy Prosecuting Attorney
     County of Maui
     Wailuku, Maui, Hawaii 96793
     Telephone No. (808) 243-7630
     Fax No. (808) 270-7927

Attorney for Respondent

Petitioner Taryn Christian, by and through his undersigned attorneys Keith Shigetomi and Mark Barrett, hereby request that DENNIS JUNG, ESQ admit, within thirty (30) days of service and in accordance with Rule 36 of the Federal Rules of Civil Procedure, the truth of the matters set forth herein. This request is made pursuant to Rule 36 of the Federal Rules of Civil Procedure and Rule 6 of the Rules governing Habeas Corpus.

## INSTRUCTIONS

1. Rule 36 of the Federal Rules of Civil Procedure and Rule 6 of Federal Habeas Corpus Statute 28 U.S.C. Section 2254 allows a party to serve on any other party a request to admit the truth of any matter within the scope of Rule 26(b) of the Federal Rules of Civil Procedure that relates to statements or opinions of fact or application of law to fact.

2. You are requested to admit the matters set forth herein. If any matter cannot be admitted, then it shall be specifically denied or you are requested to set forth

in detail why you cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission, and when in good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much as is true and qualify or deny the remainder.

3. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states he has made reasonable inquires and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue may not, on that ground alone, object to the request he may, subject to provisions of Rule 37 of the Federal Rules of Civil Procedure, deny the matter or set forth reasons why he cannot admit or deny it.

4.  You are advised that the party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of Rule 36, it may order either the matter be admitted or that an amended answer be served.

DATED: Honolulu, Hawaii, _____, 2006.


_____
KEITH SHIGETOMI
Attorney at Law

## FIRST SET OF ADMISSIONS

1. Admit that you were retained by Paul & Lori Smith to represent Taryn Christian in the matter of State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                                    DENY_____

2. Admit that Taryn Christian requested for you to obtain a copy of the tape in which he allegedly confessed to the murder of Vilmar Cabaccang.

ADMIT_____                                    DENY_____

3. Admit that you informed Taryn Christian that you did not have a copy of the tape in which he allegedly confessed to the murder of Vilmar Cabaccang.

ADMIT_____                                    DENY_____

4. Admit that Taryn Christian requested that you arrange to have independent DNA testing conducted on all items of evidence.

ADMIT_____                                    DENY_____

5. Admit that Taryn Christian requested for comparison testing to be conducted on the evidence of a bite mark.

ADMIT_____                                    DENY_____

6. Admit that Taryn Christian requested for a DAT, digital audio tape copy of the 911 recording, to be examined and enhanced for possible voice identification.

ADMIT_____                                    Deny_____

5

7. Admit that Taryn Christian requested for you to have an investigator investigate Vilmar Cabaccang's vehicle's car alarm.

ADMIT_____                              DENY_____

8. Admit that Taryn Christian requested for you to investigate the finger print evidence recovered from the driver's door of Vilmar Cabaccang's vehicle that had not been disclosed to the defense.

ADMIT_____                              DENY_____

9. Admit that you failed to obtain a DAT, digital audio copy of the 911 tape recording, to be examined and enhanced for possible voice identification.

ADMIT_____                              DENY_____

10. Admit that you did not obtain or have examined the tape in which Taryn Christian allegedly confessed to the murder of Vilmar Cabaccang examined.

ADMIT_____                              DENY_____

11. Admit that you did not have an investigator investigate Vilmar Cabaccang's vehicle's car alarm.

ADMIT_____                              DENY_____

12. Admit that you did not investigate the finger print evidence recovered from the drivers door of Vilmar Cabaccang's vehicle that had not been disclosed to the defense.

ADMIT_____                              DENY_____

13. Admit that you did not arrange to have independent DNA testing conducted on all items of evidence.

ADMIT_____                              DENY_____

6

14. Admit that you filed in the Circuit Court of the Second Circuit, Maui, a motion for funds for investigator Rufus Kaukani to investigate matters in relation to State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                              DENY_____

15. Admit that the Court granted your Motion for funds for investigator Rufus Kaukani to investigate matters in relation to State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                              DENY_____

16. Admit that you did not instruct investigator Rufus Kaukani to investigate matters in relation to State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                              DENY_____

17. Admit that you explained to Taryn Christian that you did not deem it to be an appropriate defense strategy to expend money on DNA testing.

ADMIT_____                              DENY_____

18. Admit that Taryn Christian's family offered to pay for expenses in relation to independent DNA testing on all items of evidence.

ADMIT_____                              DENY_____

19. Admit that Taryn Christian's family offered to pay for expenses in relation to have a DAT, digital audio copy of the 911 tape examined and enhanced for possible voice identification.

ADMIT_____                              DENY_____

7

20. Admit that on November 20, 1996 you stated to the court: "I think it would be frivolous use of funds to ask for DAT recording."

ADMIT_____                    DENY_____

21. Admit that on November 20, 1996 you stated to the Court that a great deal of conflict was between Taryn Christian and yourself.

ADMIT_____                    DENY_____

22. Admit that a great deal of conflict was between Taryn Christian and yourself because you refused to obtain a DAT, digital audio tape copy of the 911 tape examined and enhanced for possible voice identification.

ADMIT_____                    DENY_____

23. Admit that a great deal of conflict was between Taryn Christian and yourself because you refused to arrange have independent DNA testing on all items of evidence.

ADMIT_____                    DENY_____

8