KEITH SHIGETOMI # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 596-0880

MARK BARRETT # 557
P.O. BOX 896
Norman, Oklahoma 73070
Telephone: (405)364-8367

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | PETITIONER TARYN CHRISTIAN'S |
| | ) | FIRST REQUEST FOR ADMISSIONS |
| | ) | TO ANTHONY RANKIN, ESQ |
| vs. | ) | |
| | ) | |
| RICHARD BISSEN, Acting | ) | |
| Director, STATE OF | ) | |
| HAWAI'I DEPARTMENT OF | ) | |
| PUBLIC SAFETY, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**PETITIONER TARYN CHRISTIAN'S FIRST REQUEST FOR**
**ADMISSIONS TO ANTHONY RANKIN**

TO: ANTHONY RANKIN, ESQ
    C/O PETER A. HANANO
    Deputy Prosecuting Attorney
    County of Maui
    Wailuku, Maui, Hawaii 96793
    Telephone No. (808) 243-7630
    Fax No. (808) 270-7927

Attorney for Respondent

Petitioner Taryn Christian, by and through his undersigned attorneys Keith Shigetomi and Mark Barrett, hereby request that ANTHONY RANKIN, ESQ admit, within thirty (30) days of service and in accordance with Rule 36 of the Federal Rules of Civil Procedure, the truth of the matters set forth herein. This request is made pursuant to Rule 36 of the Federal Rules of Civil Procedure and Rule 6 of the Rules governing Habeas Corpus.

### INSTRUCTIONS

1.  Rule 36 of the Federal Rules of Civil Procedure and Rule 6 of Federal Habeas Corpus Statute  28 U.S.C. Section 2254 allows a party to serve on any other party a request to admit the truth of any matter within the scope of Rule 26(b) of the Federal Rules of Civil Procedure that relates to statements or opinions of fact or application of law to fact.

2.  You are requested to admit the maters set forth herein. If any matter cannot be admitted, then it shall

be specifically denied or you are requested to set forth in detail why you cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested to set forth in detail why you cannot meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much as is true and qualify or deny the remainder.

3.    An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states he has made reasonable inquires and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue may not, on that ground alone, object to the request he may, subject to provisions of Rule 37 of the Federal Rules of Civil Procedure, deny the matter or set forth reasons why he cannot admit or deny it.

4.   You are advised that the party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of Rule 36, it may order either the matter be admitted or that an amended answer be served.

DATED: Honolulu, Hawaii,_____4/19/06_____, 2006.

_____
KEITH SHIGETOMI
ATTORNEY AT LAW

## FIRST SET OF ADMISSIONS

1.  Admit that you were appointed by the court to represent Taryn Christian in the matter of State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                                    DENY_____

2.  Admit that Taryn Christian requested for you to obtain a copy of the tape in which he allegedly confessed to the murder of Vilmar Cabaccang.

ADMIT_____                                    DENY_____

3.  Admit that Taryn Christian requested that you arrange to have independent DNA testing conducted on all items of evidence.

ADMIT_____                                    DENY_____

4. Admit that you advised Taryn Christian that the State had sent the evidence to the FBI for DNA testing.

ADMIT_____                                    DENY_____

5. Admit that Taryn Christian requested  for you to have comparison testing done on the evidence of a bite mark.

ADMIT_____                                    DENY_____

6. Admit that Taryn Christian requested for you to obtain a  DAT, digital audio tape copy of the 911 recording, to be examined and enhanced for possible voice identification.

ADMIT_____                                    DENY_____

7. Admit that Taryn Christian's family offered to pay for expenses in relation to have a DAT, digital audio copy of the 911 tape examined and enhanced for possible voice identification.

ADMIT_____                    DENY_____

8.  Admit that Taryn Christian requested  for you to investigate the finger print evidence recovered from the driver's door of Vilmar Cabaccang's vehicle that had not been disclosed to the defense.

ADMIT_____                    DENY_____

9.  Admit that you obtained from the prosecutor through discovery, a copy of the tape recorded conversation between Taryn Christian and Lisa Kimmey.

ADMIT_____                    DENY_____

10.  Admit that due to the poor quality of the taped conversation between Taryn Christian and Lisa Kimmey you contacted Steve Cain, a forensic audio expert, regarding enhancement and analysis of the tape recorded conversation between Taryn Christian and Lisa Kimmey.

ADMIT_____                    DENY_____

11.  Admit that you did not request for Steve Cain a forensic audio expert to enhance and analyze  the tape recorded conversation between Taryn Christian and Lisa Kimmey and 911 tape.

ADMIT_____                    DENY_____

12. Admit that you did not have investigated, the finger print evidence recovered from the drivers door of Vilmar Cabaccang's vehicle that had not been disclosed to the defense.

ADMIT_____                    DENY_____

13. Admit that you did not arrange to have independent DNA testing conducted on any items of evidence.

ADMIT_____                    DENY_____

14. Admit that you filed in the Circuit Court of the Second Circuit, Maui, a Motion for funds for investigator Michael Orian to investigate matters in relation to State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                    DENY_____

15. Admit that the Court granted your Motion for funds for investigator Michael Orian to investigate matters in relation to State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1).

ADMIT_____                    DENY_____

16. Admit that after the appeal in State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1), you wrote a letter to the Office of Disciplinary Counsel stating that you never hired or worked with Mike Orian in relation to State of Hawaii vs. Taryn Christian, Criminal Number 95-0389(1)

ADMIT_____                    DENY_____

7

17. Admit that in a letter dated February 23, 1997 you asked Taryn Christian for his signed consent to argue in self-defense at trial and that Taryn Christian rejected your recommendation to argue self-defense during trial.

ADMIT_____                    DENY_____

18. Admit that Taryn Christian advised you not to argue a self-defense theory at trial.

ADMIT_____                    DENY_____

19. Admit that at all times while you represented Taryn Christian he advised you that he did not stab and kill Vilmar Cabaccang.

ADMIT_____                    DENY_____

20. Admit that during opening statement at trial, you represented to the jury that Taryn Christian was innocent and did not stabbed and kill Vilmar Cabaccang and that the evidence would provide that a third man stabbed and killed Vilmar Cabaccang.

ADMIT_____                    DENY_____

21. Admit that during closing argument at trial, you demonstrated to the jury how Taryn Christian stabbed and killed Vilmar Cabaccang.

ADMIT_____                    DENY_____

22. Admit that at trial you conceded to Taryn Christian's guilt of self-defense.

ADMIT_____                    DENY_____

8

23. Admit that Patricia Mullens provided you with contact information for James Shin a witness who was acquainted with Serena Seidel and James Hina Burkhart.

ADMIT_____          DENY_____

24. Admit that at trial you informed the court you had no contact information for James

ADMIT_____          DENY_____

25. Admit that Serena Seidel stated to law enforcement and the state that she was not acquainted with James Hina Burkhart.

ADMIT_____          DENY_____