IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | RESPONDENTS' MOTION |
| vs. | ) | TO RECONSIDER COURT'S |
| | ) | JUNE 14, 2006 ORDER |
| RICHARD BISSEN, Acting | ) | GRANTING MOTION FOR |
| Director, STATE OF HAWAI'I, | ) | LEAVE TO CONDUCT |
| DEPARTMENT OF PUBLIC SAFETY, | ) | DISCOVERY |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

Respondents seeks this Court's reconsideration of its Order Granting Motion For Leave To Conduct Discovery ("Order"), filed on June 14, 2006, for the reasons discussed below.

A.   Exhaustion.

In the Order, this Court found that, after review of the record, "it appears that the following claims are exhausted: Ground One, Ground Two, Ground Three, Ground Seven, and Ground Eight, with the exception of Petitioner's claim that trial counsel rendered ineffective assistance in advising him about his right to testify". (Order, at 13). Respondents respectfully request this Court to reconsider these findings because such findings will ultimately determine

whether this Court will decide Petitioner's claims on the merits and/or whether they are "procedurally barred".

To satisfy the exhaustion requirement, a petitioner must "fairly present" the federal claims in state court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Fields v. Waddington, 401 F.3d 1018 (9th Cir. 2005) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); see also Baldwin v. Reese, 541 U.S. 27 (2004) (holding that, ordinarily, for a petitioner to "fairly present" federal claims to a state court, the federal issues must be clearly identified in the state court brief)).  See Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999) (per curiam) (holding that, when the petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, he did not alert the state court to the federal nature of his claims). In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. See Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.2000) (holding that state-exhaustion requirements for a habeas claim are satisfied when a petitioner cites federal case law or provisions from the federal constitution or statutes), amended, 247 F.3d 904 (9th Cir.2001).

However, when a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim. " Fields, at 1022. (citing Casey v. Moore, 386 F.3d 896, 912 n. 13 (9th Cir.2004) ("For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues.")).

In this case, in Ground Two, Petitioner's instant alleged violation of his federal sixth amendment constitutional right to compulsory process was not "fairly presented" to the Hawai`i Supreme Court. In his opening brief on direct appeal, Petitioner merely alleged a denial of his "constitutional right to a fair trial" in both his Points on Appeal and in Section III of his argument. (See Respondents' Answer, Vol. 5, Exh. "V", at 13-22). Although Petitioner alluded to Washington v. Texas, 388 U.S. 14 (1967), Petitioner never alerted the state court nor argued his federal sixth amendment right to compulsory process, and therefore, Petitioner failed to provide the Hawai'i Supreme Court with a *fair opportunity* to apply the controlling legal principles to the facts bearing upon Petitioner's federal right to compulsory process. Thus, this portion of Petitioner's claim in Ground Two remains unexhausted.

Second, in Ground Three, Petitioner's claim that his trial counsel was ineffective for purportedly "impeding Mr. Christian's desire to testify" was also not fairly presented to the Hawai'i Supreme Court. On direct appeal, as Petitioner correctly points out in his Reply dated December 15, 2005 ("Reply"), Petitioner simply relied on Jones v. State, 79 Haw. 330, 902 P.2d 965 (1995). Despite this, however, Petitioner now claims he "fairly presented" his federal claim to the state court because "the Jones case addressed both the Hawaii and the federal constitutional considerations involved." (See Reply, at 4). Petitioner is wrong. Mere citation to a state case, which in turns refers to a federal case in a *footnote*, can hardly be considered to be a "fair presentation" to the Hawai'i Supreme Court. In addition, appellate counsel on direct appeal, relied solely on Briones v. State of Hawai'i, 74 Haw. 442, 848 P.2d 966 (Haw. 1993), which followed the two part state analysis set forth in State v. Antone, 62 Haw, 346, 615 P.2d 101 (1980). Indeed, in Briones, the Hawai'i Supreme Court noted the following in pertinent part:

    \* \* \*

> Federal cases concerning effective assistance of trial and appellate counsel rely on the standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a test criticized as being too burdensome for defendants to meet because it imposes a double burden upon defendants trying to show their counsel's ineffective assistance, resulting in a prejudice requirement almost impossible to surmount. State v. Smith, 68 Haw. 304, 310 n. 7, 712 P.2d 496, 500 n. 7 (1986). Strickland required not only that trial counsel's action or omission be an

> "unprofessional error," but that that error resulted in a "reasonable probability that ... the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. The holding in Smith specifically rejected the standard enunciated in Strickland.
>
> * * *
>
> We have explicitly rejected the federal standard of review in ineffective assistance of counsel cases. See supra note 11. In so doing, we have not only refused to equate the two standards cited in Hernandez but have also rejected the double burden imposed, as well as the remainder of Strickland's and its federal progeny's unduly restrictive view of what actions or omissions of counsel would constitute "ineffective assistance."

Briones, at 461 n. 11, 13, P.2d at 976 n. 11, 13.

In this case, on direct appeal, appellate counsel reasonably and logically relied solely upon the less stringent, but more favorable to the defendant, Hawai`i standard for analyzing ineffective assistance of counsel claims. In fact, nowhere in the opening brief, did Petitioner cite to, refer to, or argue the federal standard for ineffective assistance of counsel. Under such circumstances, it can hardly be said that Petitioner fairly presented his federal claim to the state court. Especially where, as here, the state and federal standards dramatically differ in analysis. Because the federal standard and state standard differs dramatically, Petitioner should have clearly articulated and argued both standards. Petitioner did not. Accordingly, Petitioner's ineffective assistance of trial counsel claim where trial counsel purportedly "impeded Mr. Christian's desire to testify" was not

fairly presented to the Hawai`i Supreme Court, and therefore, remains unexhausted.

Third, in Ground Seven, Petitioner's claim of ineffective assistance of appellate counsel was not fairly presented to the Hawaii Supreme Court. Petitioner's mere reference to the "federal constitution" in a point heading does not constitute a "fair presentation" of his current federal claim of ineffective assistance of trial counsel. In his opening brief of his state post-conviction appeal, D included the following point heading:

> APPELLATE COUNSEL'S FAILURE TO RAISE MERITORIOUS ISSUES DEPRIVED CHRISTIAN OF HIS RIGHTS UNDER THE HAWAII LAW AND THE FEDERAL CONSTITUTION.

(See Respondents' Answer, Vol. 10, Exh. "CC", at p.32). Other than that, Petitioner did not articulate, argue, or cite any federal case law or *specific* constitutional provision. Instead, the only case Petitioner cited under this argument was again, Briones v. State of Hawai`i, 74 Haw. 442, 848 P.2d 966 (Haw. 1993). In fact, Petitioner did not cite to any other federal or state case which engaged a federal constitutional analysis. Accordingly, Petitioner's instant ineffective assistance of appellate counsel claims remain unexhausted.

Fourth, in Ground Eight, Petitioner again claims denial of his Sixth Amendment right to effective assistance of counsel due to: 1) trial counsel's alleged poor advice regarding Petitioner's right to testify, and 2) trial counsel's

alleged defective "closing argument." (See Petition, at 33). However, like Petitioner's other Grounds discussed above, Petitioner again has failed to fairly present these two *federal* issues to the Hawai'i Supreme Court. In his Reply, Petitioner apparently argues that these claims were fairly presented in his post-conviction opening brief on appeal where Petitioner cites a laundry list of "other issues warranting full consideration". (See Reply, at 7). Again, mere citation to "other issues" without reference to <u>any</u> law, argument, or legal analysis does not constitute a fair presentation of his federal claims to the state court. Although Petitioner alleged in his Opening Brief on direct appeal that, "defense counsel provided Defendant with ineffective assistance by advising him that it was too late to testify", Petitioner did not claim any violation of his *federal* constitutional rights. (See Respondents' Answer, Vol. 5, Exh. "V", at p.29). Again, as stated above, Petitioner solely relied upon the more favorable state ineffective assistance of trial counsel standard in <u>Briones</u>. Accordingly, because Petitioner's entire Ground Eight was not fairly presented to the Hawai'i Supreme Court, that entire Ground remains unexhausted.

    B.    <u>Available State Corrective Process</u>.

        Finally, as argued in Respondents' Memorandum in Opposition to Petitioner's Motion For Discovery, and as noted in this Court's Order, Petitioner's requested relief in the instant Motion, *i.e.* production of trial evidence for DNA

testing, is the same relief requested in his Petition. Under 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted all available state court remedies, there is an absence of available of available state corrective process, or circumstances exist that render such process ineffective. <u>Rose v. Lundy</u>, 455 U.S. 509, 516 (1982).

In this case, as indicated by Petitioner in his Memorandum in Support of Motion, in June of 2005, Lt. Governor James Aiona signed into law HB 1733 (Section 844D-31, *et. seq.*, Hawaii Revised Statutes ["HRS"]), that allows person who have been convicted fo crimes to request DNA analysis of evidence. (See Petitioner's Memo. In Supp., at 31). In particular, HRS § 844D-121 provides that:

> **§ 844D-121 Petition for post-conviction DNA testing.**
>
> Notwithstanding any other law or rule of court governing post-conviction relief to the contrary, a person who was convicted of and sentenced for a crime may file a motion, at any time, for DNA analysis of any evidence that:
>
> (1) Is in the custody or control of a police department, prosecuting attorney, laboratory, or court;
>
> (2) Is related to the investigation or prosecution that resulted in the judgment of conviction; and
>
> (3) May contain biological evidence.

HRS § 844D-121 (2005). In addition, HRS § 844D-123 provides that:

> **§ 844D-123 Order for post conviction DNA testing.**
>
> (a) The court shall order testing after a hearing if it finds that:

(1) A reasonable probability exists that the defendant would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis, even if the defendant later pled guilty or no contest;

(2) Identity was or should have been an issue in the proceeding that led to the verdict or sentence;

(3) The evidence sought to be analyzed has been identified with particularity and still exists in a condition that permits DNA analysis; provided that questions as to the chain of custody of the evidence shall not constitute grounds to deny the motion if the testing itself can establish the integrity of the evidence;

(4) The evidence was not previously subjected to DNA analysis or was not subjected to analysis that can now resolve an issue not resolved by previous analysis; and

(5) The application for testing is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

(b) The court may order testing after a hearing if it finds that:

(1) A reasonable probability exists that DNA analysis of the evidence will produce results that would have led to a more favorable verdict or sentence for the defendant had the results been available at the proceeding leading to the verdict or sentence, even if the defendant pled guilty or no contest;

(2) The evidence sought to be analyzed has been identified with particularity and still exists in a condition that permits DNA analysis; provided that questions as to the chain of custody of the evidence shall not constitute grounds to deny the motion if the testing itself can establish the integrity of the evidence;

(3) The evidence was not previously subjected to DNA testing or was not subject to testing that can now resolve an issue not resolved by previous testing; and

>     (4) The application for testing is made for the purpose of demonstrating that the defendant was guilty of a lesser offense or eligible for a more lenient sentence and not to unreasonably delay the execution of sentence or administration of justice.
>
> (c) If evidence had previously been subjected to DNA analysis, by either the prosecution or defense, the court may order the prosecution or defense to provide each party and the court with access to the laboratory reports prepared in connection with the DNA analysis, as well as the underlying data and laboratory notes. If DNA or other analysis of evidence was previously conducted by either the prosecution or defense without knowledge of the other party, all information relating to the testing shall be disclosed by the motion for analysis or response. If the court orders DNA analysis under this section, the court shall order the production to each party and the court of any laboratory reports prepared in connection with the DNA analysis and, in its discretion, may order production of the underlying data and laboratory notes.

HRS § 844D-123 (2005). Thus, based upon the above newly enacted legislation, it is apparent that Petitioner currently has an available "state corrective process" which was not previously available to Petitioner[1]. Therefore, because this newly enacted state remedy remains available to Petitioner to develop his instant claims, Petitioner's Motion For Discovery must be denied.

   C.    <u>CONCLUSION</u>.

Based upon all of the above, in addition to the reasons set forth in Respondents' Memorandum in Opposition to Petitioner Taryn Christian's First Motion For Leave To Conduct Discovery filed on May 4, 2006, Respondents

---

[1] Respondents' current position is that Petitioner has the right, under state law, to seek DNA testing, however, Respondents do not concede in any way, the merits of Petitioner's possible application under HRS 844D-121, et. seq. (2005).

respectfully request this Court reconsider its findings and conclusions as set forth in the June 14, 2006 Order Granting Motion For Leave To Conduct Discovery, and instead, deny Petitioner's Petitioner Taryn Christian's First Motion For Leave To Conduct Discovery.

DATED: Wailuku, Hawaii, <u>June 23, 2006</u>.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
DAVELYNN M. TENGAN,
PROSECUTING ATTORNEY


By <u>/s/ Peter A. Hanano</u>
   PETER A. HANANO
   Deputy Prosecuting Attorney
   County of Maui
   Attorney for Respondents