DEPARTMENT OF THE PROSECUTING ATTORNEY  207

DAVELYNN M. TENGAN  3263
Prosecuting Attorney
PETER A. HANANO  6839
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | RESPONDENTS' PROPOSED |
| vs. | ) | DISCOVERY ; PLAN; |
| | ) | APPENDIX "A"; CERTIFICATE |
| RICHARD BISSEN, Acting | ) | OF SERVICE |
| Director, STATE OF HAWAI'I, | ) | |
| DEPARTMENT OF PUBLIC SAFETY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**RESPONDENTS' PROPOSED DISCOVERY PLAN**

**APPENDIX "A"**

**CERTIFICATE OF SERVICE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | RESPONDENTS' PROPOSED |
| vs. | ) | DISCOVERY ; PLAN; |
| | ) | APPENDIX "A"; CERTIFICATE |
| RICHARD BISSEN, Acting | ) | OF SERVICE |
| Director, STATE OF HAWAI'I, | ) | |
| DEPARTMENT OF PUBLIC SAFETY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## RESPONDENTS' PROPOSED DISCOVERY PLAN

COME NOW, JAMES PROPOTNICK, Acting Director, Department of Public Safety, State of Hawaii, (hereinafter "State"), by and through their attorney, PETER A. HANANO, Deputy Prosecuting Attorney for the County of Maui, and present this Proposed Discovery Plan pursuant to the Court's Order Granting Motion For Leave To Conduct Discovery filed on June 14, 2006.  Therefore, the State, having reviewed the Petitioner's Draft of Proposed Discovery Order, (See Appendix "A"), hereby submits the following proposed discovery plan[1]:

---

[1] Respondents submit this proposed discovery plan pursuant to the Order of this Court filed on June 14, 2006, however, Respondents do not in any way assent to allowing Petitioner discovery in this case and reserves therefore, its right to pursue any remedies under the applicable Rules of the Court.

I.   **DNA Testing**.

    A.   **Procedure**.

        1.   The State does not object to Petitioner's "Procedure" for DNA testing, however, the State requests that the testing be conducted by a reputable, accredited, and Court approved laboratory;

        2)   Petitioner shall provide the Court and the State, prior to the transfer of any evidence, with the name, address, phone number, and any appropriate credentials of the laboratory;

    B   **Items To Be Sent For Testing**.

        1.   The State does not object to sending the requesting items (items 1-8) to the Court approved laboratory for testing at the appropriate time;

        2.   Petitioner is responsible for reimbursing the State for any shipping and/or handling costs associated with the transfer of the evidence;

    C.   **Documents to be Sent in Advance of Testing**.

        1)   The State will provide Petitioner with all documents, *within its possession*, regarding any prior DNA testing, prior serological analysis, and prior handling of the biological evidence in the case;

        2)   All other documents, as outlined in page 3 of Petitioner's attached Draft of Proposed Discovery Order, shall be obtained by Petitioner utilizing ordinary discovery procedures (subpoena duces tecum, etc.) to the appropriate government agency;

    D   **Timing..**

        1)   The State agrees that testing shall occur at dates which are suitable to both parties or by subsequent order of the Court, however, the State is opposed to setting any particular time limitation at this point, such as Petitioner's proposed July 28, 2006 date;

II. **Further Information Regarding James Burkhart.**

    1) The State objects to all of Petitioner's proposals regarding "Further Information Regarding James Burkhart", as the State believes that it is the Petitioner's responsibility to obtain any such documents from the appropriate agencies (if they exist) utilizing any appropriate discovery mechanisms available to Petitioner;

    2) The State has no objection to contacting the Detectives (Detectives Timothy Gapero, Detective Brian Kaya, and Detective Wayne Ribao) involved in the case to determine if such "further information" exists, however, anything beyond that would essentially amount to an inappropriate fishing expedition;

    3) If Petitioner has any *specific* information regarding the requested information about James Burkhart, the State has no objection to requesting the appropriate documents, if any, from the governmental agency;

III. **Tape Recordings.**

    1) The State does not object to sending the originals of the Kimmey-Christian tape and the 911 tape to a forensic expert, however, the State requests that the testing be conducted by a reputable, accredited, and Court approved audio expert;

    2) Petitioner shall provide the Court and the State, prior to the transfer of any evidence, with the name, address, phone number, and any appropriate credentials of the audio expert;

IV. **Other Items.**

    1) The State does not object to sending the requesting items (items 1-8) to the Court approved laboratory for testing at the appropriate time;

    2) Petitioner is responsible for reimbursing the State for any shipping and/or handling costs associated with the transfer of the evidence;

V.   **Physical Evidence.**

    1)   Respondents do not object to arranging a mutually agreeable time for Petitioner's counsel, and ONE other Petitioner's representative (limited to a photographer only), to examine and photograph the physical evidence;

VI.   **Reciprocal Discovery.**

    1)   Petitioner shall provide the State with any and all documents, including, but not limited to, any written and/or oral findings, conclusions, reports, analysis, and other records of any type pertaining to the results of DNA testing, and results of the forensic examination by the audio expert;

    2)   Petitioner shall provide any and all information within its knowledge regarding any further incriminating statements by James Burkhart, beyond those reported up to and during Petitioner's trial;

    3)   Petitioner shall provide Respondent with any and all information, including but not limited to, documents, reports, video or audio tapes, photographs, recordings, evidence, names & addresses & phone numbers of witnesses, that Petitioner intends to rely upon in support of his Petition.

VII.   **Limitations on Disclosure.**

    1)   All discovery provided to Petitioner is to remain in the custody and possession of Petitioner's counsel only;

    2)   All originals, and any copies and/or duplicates of all discovery materials shall not be provided to anyone but Petitioner's counsel, without prior approval of the Court and notice to Respondents.

DATED: Wailuku, Hawaii, June 28, 2006.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
DAVELYNN M. TENGAN, PROSECUTING ATTORNEY

By _____
PETER A. HANANO
Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents

DATED: Wailuku, Hawaii, June 28, 2006.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
DAVELYNN M. TENGAN, PROSECUTING ATTORNEY

By_____
PETER A. HANANO
Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents