ORIGINAL

KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 28 2006

at 2 o'clock and 59 min P M
SUE BEITIA, CLERK

ATTORNEYS FOR PETITIONER

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | PETITIONER'S PROPOSED |
| | ) | DISCOVERY ORDER |
| vs. | ) | |
| | ) | |
| RICHARD BISSEN, Acting | ) | |
| Director, State of Hawaii | ) | |
| Department of Public Safety, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Respondent. | ) | |

## NOTICE OF FILING OF PETITIONER'S PROPOSED DISCOVERY ORDER

In response to the Court's June 14, 2006 ruling, Petitioner proposes the attached discovery order.

Dated: Norman, Oklahoma, June 28, 2006.

MARK BARRETT
Attorney

1

## EXHIBIT A TO NOTICE OF FILING

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV NO. 04-00743 DAE-LEK |
| Petitioner, | ) | |
| vs. | ) | PROPOSED INITIAL DISCOVERY ORDER |
| RICHARD BISSEN, Acting Director, State of Hawaii Department of Public Safety, | ) | |
| Respondent. | ) | |

### I. DNA Testing

#### A. Procedure

The items listed shall be transported to Serological Research Institute in Richmond, California.

They may be mailed to Serological Research Institute or brought in person to the laboratory. In either event, there shall be a cover letter listing the items.

If the items are mailed, Brian Wraxall at Serological Research Institute shall take steps to document the chain of custody of the items and the steps taken in examining and analyzing the items.

If the items are mailed they shall be sent by overnight mail. The mailing shall be timed so that the items are not in transit during a weekend.

After examining the evidence to determine the suitability and feasibility of various items

for testing, Serological Research shall conduct nuclear DNA testing, using PCR procedures, on some or all of the items submitted.

At a minimum, nuclear DNA testing shall be conducted on the swabs from the sidewalk.

If initial analysis indicates there is biological material suitable for testing on the handles of either the knife or the screwdriver, those handles also shall be subjected to nuclear DNA testing.

The likelihood of obtaining meaningful results from the other items shall be determined after those items are examined at the laboratory.

No reference samples – that is no known samples of Vilmar Cabaccang, James Burkhart, Serena Seidel, Taryn Christian, or any other person – shall be sent at the same time as the items from the crime scene. This is to assure that there is no possibility that any reference sample shall contaminate a crime scene sample either during transit or during examination at the laboratory.

DNA profiles shall be obtained from reference samples, to the extent that is necessary, at a separate time from the time of the testing of the crime scene evidence.

### B. Items to Be Sent for Testing

1. Swabs from the sidewalk (items 12, 12A, and 12B)
2. The knife (item 1)
3. The screwdriver (item 3)
4. The keys to Vilmar Cabaccang's vehicle
5. Swabs from the crime scene (items 10, 10A, and 11A)
6. Serena Seidel's clothing (items 4 and 5)
7. The jacket (item 6)

2

    8. The cap (item 2)

## C. Documents to be Sent in Advance of Testing

Prior to the testing of the items from the crime scene, the respondent shall provide to Petitioner's counsel and to Serological Research Institute, all documents in the case regarding prior DNA testing, prior serological analysis, and prior handling of the biological evidence in the case.

Documents to be provided shall include all reports, memoranda, photographs, computer files, bench notes, raw data, typing strips, blood testing documents and other records of any type regarding prior examination, review, analysis, testing, collection, and/or handling of any and all biological evidence in the case.

Records of DNA analysis shall include, but not be limited to, DNA work conducted at the Honolulu Crime Laboratory and DNA work conducted at the FBI laboratory.

The records shall include profiles and other data regarding reference samples as well as profiles and other data regarding the biological evidence from the crime scene.

Respondent shall make oral and written requests to the Honolulu Crime Laboratory and to the FBI laboratory to assure that all items from the files of those laboratories have been forwarded to counsel for Respondent.

## D. Timing

The testing shall occur at dates which are suitable to both parties, but in no event shall this initial testing be conducted later than July 28, 2006 except by mutual consent of the parties or by subsequent order of the court.

## II. Further Information Regarding James Burkhart

Respondent shall contact law enforcement agencies, including Maui police and agencies on Oahu, and the Hawaii prison system to determine the existence of reports that Burkhart has made further incriminating statements, beyond those reported during Taryn Christian's trial, and to determine if any of these agencies have received any other information which tends to incriminate Mr. Burkhart.

Any such information, and any police reports, recordings, or other materials gathered in conjunction with any such incriminating information, shall be provided to counsel for Petitioner on or before Friday, July 14, 2006.

## III. Tape Recordings

The originals of (1) the tape recording of the conversation between Lisa Kimmey and Taryn Christian and (2) the 911 tape shall be brought to audio expert John Mitchell in Albuquerque, New Mexico so that he may use them in his audio analysis of the contents of these tapes.

Mr. Mitchell also shall receive, at the same time, the copy of the Taryn Christian-Lisa Kimmey tape which was played to the jury.

Respondent may elect to bring the tapes to Mr. Mitchell in person and to have a representative present during Mr. Mitchell's work with the tapes.

The work on the tapes shall be conducted by August 28, 2006.

4

## IV. Other Items

Petitioner's counsel will list documents in counsel's possession which have been received as a result of discovery from the prosecution, but which are not among the exhibits to the prosecution's habeas corpus response. This list shall be provided by July 14, 2006.

Respondent will provide to Petitioner, at Petitioner's cost, copies of any documents, photographs, computer files or other non-physical evidence which are neither (1) among the documents which already are part of the record in this habeas matter nor (2) on the list provided by Petitioner's counsel as being discovery documents already in counsel's possession.

These additional documents shall be provided to Petitioner's counsel within two weeks of of Respondent receiving the list from Petitioner's counsel.

## V. Physical Evidence

Respondent and Petitioner shall arrange a mutually agreeable time for Petitioner's counsel, and other necessary representatives of the Petitioner, such as a photographer, to examine and photograph the physical evidence in the case. The Court directs that this viewing and photographing of the physical evidence be permitted.

IT IS SO ORDERED.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on Peter Hanano, attorney for Respondent Richard Bissen, by faxing it to Mr. Hanano at the Prosecuting Attorney's Office, County of Maui, Wailuku, Maui, Hawaii 96793, on June 28, 2006.

MARK BARRETT
Attorney

2