KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367

ATTORNEYS FOR PETITIONER

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | RESPONSE |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD BISSEN, Acting | ) | |
| Director, State of Hawaii | ) | |
| Department of Public Safety, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM IN SUPPORT OF RESPONSE

Petitioner Taryn Christian has partially addressed, by means of a prior memorandum, some issues involved in Respondent Bissen's motion for consideration. In particular that memorandum addresses the applicability of a Hawaii DNA statute.

However, the motion for reconsideration addresses additional exhaustion issues.

They are further addressed here.

Mr. Christian also continues to rely on exhaustion arguments set forth in his reply to the Respondent's Answer to Petition.

1

## I. Ground Two, Sixth Amendment Claim

The Respondent cites no authority for the position that a claim is not fairly presented unless the specific amendment is mentioned.

The Supreme Court has stated that a litigant may exhaust a federal claim "by simply labeling the claim 'federal.'" **Baldwin v. Reese,** 541 U.S. 27, 32 (2004).

The rest of the sentence makes it clear that a claim may be exhausted by citing a case containing the applicable federal analysis: "A litigant wishing to raise a federal issue can easily indicate the federal basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies <u>or a case deciding such a claim on federal grounds,</u> or by simply labeling the claim 'federal.'" **Id.**

By citing the **Washington v. Texas** case, direct appeal counsel was citing "a case deciding a claim" on Sixth Amendment grounds.

## II. Ground Three, Claim of Impediment to Right to Testify

The citations to state cases which conducted federal analyses were sufficient to raise the impediment-to-testifying claim under the standards set forth in **Baldwin v. Reese** and related cases.

This claim, in addition, is connected to and should be considered in conjunction with other ineffective assistance of counsel claims which have been presented as federal claims through the state post-conviction process.

## III. Ground Seven

Respondent notes that the claim is labeled as a claim under the "federal constitution."

2

This is sufficient to meet the standard announced by **Baldwin v. Reese,** 541 U.S. 27, 32 (2004).

As Respondent also notes, Petitioner also cited a case which discussed both state and federal constitutional principles.

### IV.  Ground Eight

The only new argument that Respondent makes in regard to Ground Eight appears to be that Mr. Christian's discussion of constitutional issues was not always extensive. The **Baldwin** case again dispels any suggestion that there must be extended discussion for an issue to be considered exhausted. **Id.**

### V.  Actual Innocence, Cause and Prejudice

Petitioner additionally suggests that a final determination of what claims are properly before the Court cannot be made until the discovery process and any other expansion of the record permits actual innocence and cause-and-prejudice assessments.

Actual innocence issues should be considered regardless of the state of the previous record, at least where, as in Mr. Christian's case, there are constitutional issues which are intertwined with the innocence issue. See **Schlup v. Delo,** 513 U.S. 298 (1995).

Facts supporting innocence also may enable Mr. Christian to meet cause and prejudice standards. See **Coleman v. Thompson,** 501 U.S. 722 (1991).

### Conclusion

For these reasons, in addition to those previously presented to the Court, the Respondent's motion for reconsideration should be denied. First, Respondent has not made a case that the issues in question are unexhausted. Second, Respondent has cited no authority nor suggested a reason why discovery should be halted if some issues are unexhausted. To the

contrary, the discovery process may cast light on how to treat some exhaustion issues.

Dated: Norman, Oklahoma, July 7, 2006.

MARK BARRETT
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on Peter Hanano, attorney for Respondent Richard Bissen, by faxing it to Mr. Hanano at the Prosecuting Attorney's Office, County of Maui, Wailuku, Maui, Hawaii 96793, on July 7, 2006.

MARK BARRETT
Attorney