KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367

ATTORNEYS FOR PETITIONER

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 25 2006

at 4 o'clock and 30 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV NO. 04-00743 DAE-LEK |
| Petitioner, | ) ) ) | MEMORANDUM REGARDING STATE DNA TESTING STATUTE |
| vs. | ) ) | |
| RICHARD BISSEN, Acting Director, State of Hawaii Department of Public Safety, | ) ) ) ) | CERTIFICATE OF SERVICE |
| Respondent. | ) ) | |

## MEMORANDUM REGARDING STATE DNA TESTING STATUTE

Petitioner, as part of addressing the issue described in the Court's June 28, 2006 court minute, presents authority regarding the effect, if any, of Hawaii's post-conviction DNA statute on the present habeas corpus discovery process.

**I. DNA Testing is Potential Evidence in Support of Petitioner's Claim and Is Not a Claim Itself. Thus, Testing is Not an Occurrence in Need of "Exhaustion."**

**A. Expansion of Record Does Not Implicate Exhaustion Principles.**

The United States Supreme Court has held that when presenting new evidence in support

1

of a claim, rather than an entirely new claim, a federal habeas petitioner need not return to state court for exhaustion. **Vasquez v. Hillery**, 474 U.S. 254, 260 (1986)("We hold merely that the supplemental evidence presented by respondent did not fundamentally alter the legal claim already considered by the state courts, and therefore, did not require that respondent be remitted to state court for consideration of that evidence.").

Here, as in **Vasquez**, relevant substantive issues have been submitted to the state court. Thus there is no need to return to state court for it to consider whatever facts are gathered in federal court regarding the substantive issue. **Vasquez** states:

> "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." We have never held that presentation of additional facts to the district court, pursuant to the court's directions, evades the exhaustion requirement when the prisoner has presented the substance of his claims to the state courts..
> Rule 7(b) permits a federal district court in a habeas proceeding to expand the existing record to "include, without limitation ... documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the judge. Affidavits may be submitted and considered as a part of the record." In this case, the District Court sought to clarify the relevant facts, an endeavor wholly consistent with Rule 7 and the purpose of the writ.

**Id.** at 258-59 (citations omitted).

### B. A Request for DNA Testing is Not an Independent Habeas Claim.

The Ninth Circuit has ruled that a request for DNA testing is to be considered as a means toward an end, not as an independent attack on a conviction.

In **Osborne v. District Attorney's Office for the Third Judicial District**, 423 F.3d 1050 (9th Cir. 2005), the Court in addition to making it clear that DNA requests are not in and of themselves attacks on convictions, noted that the tests implicate no state comity considerations. The appeals court found "that prisoners may bring their claims without fully exhausting state-

court remedies so long as their suits, if established, would not necessarily invalidate state-imposed confinement." **Id.** at 1055 (quoting **Wilkinson v. Dotson,** 125 S.Ct. 1242, 1249 (2005)).

**Osborne** dictates denial of Respondent's exhaustion argument.

### C. Even if a DNA Request Ordinarily Would Require Exhaustion, a Subsequent Development in the Law Does Not Necessarily Require a Return for Re-exhaustion

In state court, Taryn Christian filed a specific motion for DNA testing, making essentially the same DNA arguments as were made in his federal court discovery motion.

Thus, the Respondent's argument is not that the Petitioner has not raised the precise argument in state court, but that Petitioner must return to state court any time there is a change in the state law. Respondent's position is contrary to the United States Supreme Court's ruling in **Roberts v. LaVallee,** 389 U.S. 40 (1967).

In **Roberts,** the prisoner had raised a denial of transcript issue in state court. After the state court ruled against him, state law changed. Under the new state law, it appeared likely that Roberts might prevail at the state level. The Supreme Court, however, found no need to return to state court in light of the intervening law, stating Congress did not intend "to require repetitious applications to state courts." **Id.** at 42.

## II. The Procedural Requirements Should Be Considered in Light of Innocence Issues.

Since Mr. Christian has made actual innocence claims, which could be supported by the DNA testing, it would be inappropriate for the testing to be derailed, or even significantly delayed, by such a procedural entanglement as re-exhaustion.

In addressing innocence claims where, as in Mr. Christian's case, there are concomitant

3

constitutional violations, the petitioner should be able to present his claims even if some procedural bar otherwise applied. See **Schlup v. Delo,** 513 U.S. 298, 315 (1995)(under appropriate circumstances there is an innocence gateway through which a petitioner may obtain consideration of matters which are "otherwise barred").

### III. Conclusion

Based on these facts and authorities, the Respondent's claim regarding reexhaustion of DNA testing, should be denied.

Dated: Norman, Oklahoma, June 29, 2006.

_____
MARK BARRETT
Attorney

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on Peter Hanano, attorney for Respondent Richard Bissen, by faxing it to Mr. Hanano at the Prosecuting Attorney's Office, County of Maui, Wailuku, Maui, Hawaii 96793, on June 29, 2006.

_____
MARK BARRETT
Attorney