DEPARTMENT OF THE PROSECUTING ATTORNEY  207

DAVELYNN M. TENGAN  3263
Prosecuting Attorney
PETER A. HANANO  6839
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, | CIV. NO. 04-00743 DAE-LEK |
| Plaintiff, | |
| vs. | |
| RICHARD BISSEN, Acting Director, STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY, | |
| Respondents. | |

RESPONDENTS' APPEAL OF MAGISTRATE
JUDGE'S ORDER DENYING RESPONDENTS' MOTION
TO RECONSIDER COURT'S JUNE 14, 2006 ORDER
GRANTING MOTION FOR LEAVE TO CONDUCT
DISCOVERY AND COURT'S SEPTEMBER 11, 2006
ORDER DENYING RESPONDENT'S MOTION TO
RECONSIDER COURT'S JUNE 14, 2006 ORDER
GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY

AFFIDAVIT OF PETER A. HANANO
REGARDING APPENDICES "A" THROUGH "G"

APPENDICES "A" THROUGH "G"

CERTIFICATE OF SERVICE

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS............................................................................ | i |
| TABLE OF AUTHORITIES....................................................................... | ii |
|    I. RELEVANT FACTUAL BACKGROUND.......................................... | 1 |
|    II. ARGUMENT........................................................................................ | 6 |
|       A. THE MAGISTRATE COMMITTED MANIFEST ERRORS OF LAW IN DETERMINING THAT GROUNDS TWO, THREE, SEVEN, AND EIGHT WERE EXHAUSTED............................................................. | 6 |
|       B. THE MAGISTRATE COMMITTED A MANIFEST ERROR OF LAW BY ALLOWING PETITIONER TO CONDUCT DISCOVERY EVEN THOUGH THE PETITION CONTAINED UNEXHAUSTED CLAIMS................ | 11 |
|    III. CONCLUSION.................................................................................... | 15 |

## TABLE OF AUTHORITIES CITED

**CASES** — Page

Baldwin v. Reese, 541 U.S. 27 (2004).................................................. 6

Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.), cert. denied,
   Blanks v. Bennett, 540 U.S. 983 (2003).......................................... 13

Bracy v. Gramley, 520 U.S. 899, 904 (1997)....................................... 12

Briones v. State of Hawai`i, 74 Haw. 442, 848 P.2d 966 (Haw.
   1993)................................................................................................ 8, 9, 10, 11

Calderon v. United States Dist. Court for the N. Dist. of Cal., 144
   F.3d 618, 621 (9th Cir. 1998)......................................................... 11

Calderon v. U.S.D.C. (Nicolaus), 98 F.3d 1102, 1104 (9th Cir.
   1996)................................................................................................ 12

Calderon v. U.S.D.C., (Roberts), 113 F.3d 149 (9th Cir. 1997)...... 12, 13

Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993)............ 12

Casey v. Moore, 386 F.3d 896, 912 n.13 (9th Cir. 2004)................ 7

Duncan v. Henry, 513 U.S. 364, 365 (1995)..................................... 6

Fields v. Waddington, 401 F.3d 1018 (9th Cir. 2005)...................... 6, 7

Franscisco v. Gathright, 419 U.S. 59 (1974)..................................... 13, 14

Harris v. Nelson, 394 U.S. 286, 300 (1969)...................................... 12

Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)..................... 6

Jones v. State, 79 Haw. 330, 902 P.2d 965 (1995).......................... 8

Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000)..................... 6

Mabry v. Klimas, 448 U.S. 444 (1980)............................................... 14

## TABLE OF AUTHORITIES CITED

**CASES (continued)**      **Page**

Peterkin v. Horn, 30 F.Supp.2d 513 (E.D. Penn. 1998).................................. 15

Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999).................................. 11

Roberts v. LaVallee, 389 U.S. 40 (1967)......................................... 13, 14

State v. Antone, 62 Haw, 346, 615 P.2d 101 (1980)..................................... 8

Washington v. Texas, 388 U.S. 14 (1967)......................................... 7

### RULES GOVERNING SECTION 2254 CASES IN UNITED STATES DISTRICT COURT

Rule 636(b)(1)(A)................................................................ 2

### LOCAL RULES OF PRACTICE

LR 74.1......................................................................... 2

### HAWAII REVISED STATUTES

Section 134-51(b)................................................................ 2

Section 705-500................................................................. 2

Section 707-701.5............................................................... 2

Section 708-832(1)(a)........................................................... 2

### HAWAII RULES OF PENAL PROCEDURE

Rule 40......................................................................... 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD BISSEN, Acting Director, STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 04-00743 DAE-LEK<br><br>RESONDENTS' APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING RESPONDENTS' MOTION TO RECONSIDER COURT'S JUNE 14, 2006 ORDER GRANTING MOTION FO R LEAVE TO CONDUCT DISCOVERY AND COURT'S SEPTEMBER 11, 2006 ORDER DENYING RESPONDENTS' MOTION TO RECONSIDER COURT'S JUNE 14, 2006 ORDER GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY; AFFIDAVIT OF PETER A. HANANO REGARDING APPENDICES "A" THROUGH "G"; APPENDICES "A" THROUGH "G"; CERTIFICATE OF SERVICE |

RESPONDENTS' APPEAL OF MAGISTRATE
JUDGE'S ORDER DENYING RESPONDENTS' MOTION
TO RECONSIDER COURT'S JUNE 14, 2006 ORDER
GRANTING MOTION FOR LEAVE TO CONDUCT
DISCOVERY AND COURT'S SEPTEMBER 11, 2006
ORDER DENYING RESPONDENT'S' MOTION TO
RECONSIDER COURT'S JUNE 14, 2006 ORDER
<u>GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY</u>

COME NOW, JAMES PROPOTNICK, Acting Director, Department of

Public Safety, State of Hawaii, (hereinafter "Respondents"), by and through their

attorney, PETER A. HANANO, Deputy Prosecuting Attorney for the County of Maui, hereby presents this appeal of: 1) the Honorable Magistrate Judge Leslie E. Kobayashi's (hereinafter "Magistrate") June 14, 2006 Order Granting Motion For Leave to Conduct Discovery[1], and 2) the Magistrate's September 11, 2006 Order Denying Respondents' Motion to Reconsider Court's June 14, 1006 Order Granting Motion For Leave to Conduct Discovery[2].

This appeal is made pursuant to 28 U.S.C. § 636(b)(1)(A), and LR74.1 of the Local Rules of Practice for the United States District Court for the District of Hawai`i, and is based upon all records and files of this case, and upon the Affidavit of Peter A. Hanano and Appendices "A" through "G" attached hereto and made a part hereof.

I. **RELEVANT FACTUAL BACKGROUND**.

On September 6, 1995, the State of Hawai`i ("State") formally charged Petitioner with Murder in the Second Degree, in violation of Hawai`i Revised Statutes ("HRS") § 707-701.5 (Count One), Use of Deadly or Dangerous Weapon in the Commission of a Crime, HRS § 134-51(b) (Count Two), and Attempted Theft in the Third Degree, HRS §§ 705-500 and 708-832(1)(a) (Count Three). (Id., at 11-13). On March 10, 1997, a jury found Petitioner guilty as charged. On May 29, 1997, Petitioner was sentenced to life imprisonment with the possibility of parole.

---

[1] A true and correct copy of the June 14, 2006 Order is attached hereto as Appendix "A").

[2] A true and correct copy of the September 11, 2006 Order is attached hereto as Appendix "B").

On June 24, 1997, Petitioner filed a Notice of Appeal. On November 24, 1997, Petitioner filed his Opening Brief on direct appeal. (Appendix "C"). On November 10, 1998, the Hawai`i Supreme Court issued its published decision and found that Petitioner's points on appeal were "without merit." (Appendix "D"). The Hawai`i Supreme Court affirmed the circuit court's judgment, conviction, and sentence with respect to Count One (Murder in the Second Degree) and Count Three (Attempted Theft in the Third Degree), and reversed Petitioner's conviction and sentence on Count Two (Use of Deadly or Dangerous Weapon in the Commission of a Crime).

On January 31, 2000, Petitioner filed a *pro se* Petition to Vacate, Set Aside, or Correct Judgment or to Release Prisoner from Custody pursuant to Hawai`i Rules of Penal Procedure ("HRPP") Rule 40. Petitioner raised fifty-seven (57) grounds for relief. (Id.). After numerous additions/addendums to his Rule 40 petition, the total number of grounds raised by Petitioner stood at sixty-seven (67).

On April 23, 2002, Petitioner filed a Motion to Produce Evidence for Inspection and Testing ("Motion to Produce") and supporting documents. (See Respondents' Federal Answer ["Resp. Ans."], Vol. 9, Exh. "Z", at 1503-1533). On May 2, 2002, the trial court issued its Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief. (Id., at 1535-1546). On May 13, 2002, Petitioner filed a Motion for Reconsideration of Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief ("Motion for Reconsideration") and supporting documents. (Id., at 1553-1567). Hearings were held on the Motion to Produce and the Motion for Reconsideration on May 30, 2002

and July 17, 2002. (Resp. Ans., Vol. 10, Exh. "AA", at 1-67; Vol. 10, Exh. "BB", at 1-12). The trial court orally denied both motions on July 17, 2002. (Resp. Ans., Vol. 10, Exh. "BB", at 11).

On July 1, 2002, Petitioner, through his attorney, Keith S. Shigetomi, filed his Notice of Appeal. On March 4, 2003, the State received a copy of Petitioner's Opening Brief. (Appendix "E"). On November 24, 2004, the Hawai`i Supreme Court issued a Summary Disposition Order affirming the lower court's denial of Petitioner's HRPP Rule 40 petition for post-conviction relief. (Appendix "F").

On December 22, 2004, Petitioner filed a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody ("Petition") in the United States District Court ("District Court") For the District of Hawaii. In the Petition, Petitioner requests federal habeas relief based upon eight main grounds, and numerous sub-grounds. These claims include alleged violations of the Sixth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

On September 30, 2005, in response to the District Court's May 25, 2005 Order to Show Cause, and any extensions thereof, Respondents filed its Answer.

On April 19, 2006, Petitioner filed a motion entitled "Petitioner Taryn Christian's First Motion For Leave To Conduct Discovery. In the motion, Petitioner requested, among other things, DNA testing of several of the State's trial exhibits. On May 4, 2006, Respondents filed its Memorandum In Opposition to Petitioner's discovery motion. On May 22, 2006, the District Court held a hearing before the Honorable Magistrate Judge Leslie E. Kobayashi.

On June 14, 2006, the Magistrate issued an Order Granting Motion For Leave To Conduct Discovery. In the Order, the Magistrate made the following determinations:

> "The Court has reviewed the current record and it appears that the following claims are exhausted: Ground One, Ground Two, Ground Three, Ground Seven, and Ground Eight, with the exception of Petitioner's claim that trial counsel rendered ineffective assistance in advising him about his right to testify. The Court, however, notes that the remainder of Petitioner's claims may be procedurally defaulted."

(Appendix "A", at 13). In addition, the Magistrate noted the following:

> In the Petition, Christian alleged Fifth Amendment, Sixth Amendment, and Fourteenth Amendment violations in Ground Two. In his reply in support of the Petition, Christian conceded that he did not exhaust the Fifth Amendment claim and expressly abandoned that portion of Ground Two. [FN3].
>
> This Court emphasizes that this is merely the Court's inclination and, at this point, the Court does not make any findings or recommendations regarding the procedural or substantive merits of Petitioner's claims. [FN4].

(Appendix "A", at 13-14). Finally, in granting the Motion for Discovery, the Magistrate made the following findings:

> "The Court finds that discovery is essential for Petitioner to fully develop his actual innocence argument, which could allow the federal court to consider the merits of claims that may have been procedurally defaulted. See Pham, 400 F.3d at 743. Petitioner has therefore established good cause to conduct limited discovery to support his actual innocence argument. See Rule 6(a), 28 U.S.C. foll. § 2254.

(Appendix "A", at 15).

On June 23, 2006, Respondents filed a Motion To Reconsider Court's June 14, 2006 Order Granting Motion For Leave To Conduct Discovery. On September 11, 2006, the Magistrate issued an Order Denying Respondents' Motion

To Reconsider Court's June 14, 2006 Order Granting Motion For Leave To Conduct Discovery. (Appendix "B"). For the reasons discussed below, Respondents respectfully requests that this Court vacate the Magistrate's June 14, 2006 and September 11, 2006 Orders pertaining to discovery.

II. **ARGUMENT**.

    A.    THE MAGISTRATE COMMITTED MANIFEST ERRORS OF LAW IN DETERMINING THAT GROUNDS TWO, THREE, SEVEN, AND EIGHT WERE EXHAUSTED.

To satisfy the exhaustion requirement, a petitioner must "fairly present" the federal claims in state court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Fields v. Waddington, 401 F.3d 1018 (9th Cir. 2005) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). (Internal quotation marks omitted). See also Baldwin v. Reese, 541 U.S. 27 (2004) (ordinarily, for a petitioner to "fairly present" federal claims to a state court, the federal issues must be clearly identified in the state court brief); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (where petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, the state court was not alerted to the federal nature of the claims). In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. See Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (state-exhaustion requirements for a habeas claim are satisfied when a petitioner cites federal case law

or provisions from the federal constitution or statutes), amended, 247 F.3d 904 (9th Cir. 2001).

However, when a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim." Fields, at 1022. (citing Casey v. Moore, 386 F.3d 896, 912 n.13 (9th Cir. 2004) (for a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues)).

In this case, contrary to the Magistrate's determination, Grounds Two, Three, Seven, and Eight are either partially or entirely unexhausted. First, in Ground Two, Petitioner's alleged violation of his federal *sixth* amendment constitutional right to compulsory process was not "fairly presented" to the Hawai`i Supreme Court. In fact, in his opening brief on direct appeal, Petitioner merely alleged a denial of his "constitutional right to a fair trial" in both his Points on Appeal and in Section III of his argument. (Appendix "C", at 13-22). Although Petitioner alluded to Washington v. Texas, 388 U.S. 14 (1967), Petitioner never alerted the state court nor argued his federal sixth amendment right to compulsory process. Therefore, Petitioner failed to provide the Hawai'i Supreme Court with a *fair opportunity* to apply the controlling legal principles to the facts bearing upon Petitioner's federal sixth amendment right to compulsory process. Accordingly, this portion of Petitioner's claim in Ground Two remains unexhausted.

Second, in Ground Three, Petitioner's claim that his trial counsel was ineffective for purportedly "impeding Mr. Christian's desire to testify" was also not fairly presented to the Hawai`i Supreme Court. As Petitioner correctly points out in his Reply in Support of Request Under 28 U.S.C. § 2254, For Writ By A Person In State Custody ("federal Reply") dated December 15, 2005 ("Reply"), Petitioner simply relied on <u>Jones v. State</u>, 79 Haw. 330, 902 P.2d 965 (1995) in his direct appeal. (See Reply, at 3-4). Despite this, however, Petitioner now claims he "fairly presented" his federal claim to the state court because "the Jones case addressed both the Hawaii and the federal constitutional considerations involved." (See Reply, at 4). Petitioner is wrong. Mere citation to a state case, which in turn merely references a federal case *in a footnote*, can hardly be considered a "fair presentation" of Petitioners' federal issue to the Hawai`i Supreme Court. In addition, appellate counsel on direct appeal, relied solely on <u>Briones v. State of Hawai`i</u>, 74 Haw. 442, 848 P.2d 966 (Haw. 1993), which followed the two part state analysis set forth in <u>State v. Antone</u>, 62 Haw, 346, 615 P.2d 101 (1980). In <u>Briones</u>, the Hawai`i Supreme Court noted the following in pertinent part:

> \* \* \*
>
> Federal cases concerning effective assistance of trial and appellate counsel rely on the standard enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a test criticized as being too burdensome for defendants to meet because it imposes a double burden upon defendants trying to show their counsel's ineffective assistance, resulting in a prejudice requirement almost impossible to surmount. <u>State v. Smith</u>, 68 Haw. 304, 310 n. 7, 712 P.2d 496, 500 n. 7 (1986). <u>Strickland</u> required not only that trial counsel's action or omission be an "unprofessional error," but that that error resulted in a "reasonable probability that ... the result of the proceeding would have

> been different." 466 U.S. at 694, 104 S.Ct. at 2068. The holding in Smith specifically rejected the standard enunciated in Strickland.
>
> * * *
>
> We have explicitly rejected the federal standard of review in ineffective assistance of counsel cases. See supra note 11. In so doing, we have not only refused to equate the two standards cited in Hernandez but have also rejected the double burden imposed, as well as the remainder of Strickland's and its federal progeny's unduly restrictive view of what actions or omissions of counsel would constitute "ineffective assistance."

Briones, at 461 n. 11, 13, P.2d at 976 n. 11, 13.

In this case, on direct appeal, appellate counsel reasonably and logically relied solely upon the less stringent, but more favorable, Hawai`i standard for analyzing ineffective assistance of counsel claims. In fact, nowhere in the opening brief, did Petitioner cite to, refer to, or argue the federal standard for ineffective assistance of counsel. Under such circumstances, it can hardly be said that Petitioner fairly presented this federal claim to the state court. Especially where as here, the state and federal standards dramatically differ in analysis and burden of proof. Because the federal standard and state standard differs dramatically, Petitioner should have clearly articulated and argued both standards. Petitioner did not. Accordingly, Petitioner's ineffective assistance of trial counsel claim that trial counsel "impeded Mr. Christian's desire to testify" was not fairly presented to the Hawai`i Supreme Court, and therefore, remains unexhausted.

Third, in Ground Seven, Petitioner's claim of ineffective assistance of *appellate* counsel was also not fairly presented to the Hawaii Supreme Court. Petitioner's mere reference to the "federal constitution" in a point heading does not

constitute a "fair presentation" of his current federal claim of ineffective assistance of trial counsel. In his opening brief of his state post-conviction appeal, Petitioner included the following point heading:

> APPELLATE COUNSEL'S FAILURE TO RAISE MERITORIOUS ISSUES DEPRIVED CHRISTIAN OF HIS RIGHTS UNDER THE HAWAII LAW AND THE FEDERAL CONSTITUTION.

(Appendix "E", at 32). Other than that, Petitioner did not articulate, argue, or cite any federal case law or *specific* constitutional provision. Instead, the only case Petitioner cited under this argument was again, Briones v. State of Hawai`i, 74 Haw. 442, 848 P.2d 966 (Haw. 1993). In fact, Petitioner did not cite to any other federal or state case which engaged a federal constitutional analysis. Accordingly, Petitioner's ineffective assistance of appellate counsel claim is also unexhausted.

Fourth, in Ground Eight, Petitioner again claims denial of his Sixth Amendment right to effective assistance of counsel due to: 1) trial counsel's alleged poor advice regarding Petitioner's right to testify, and 2) trial counsel's alleged defective "closing argument." (See Petition, at 33). However, like Petitioner's other Grounds discussed above, Petitioner again has failed to fairly present these two *federal* issues to the Hawai`i Supreme Court. In his federal Reply, Petitioner incorrectly asserts that these claims were fairly presented in his post-conviction opening brief on appeal where Petitioner cites a laundry list of "other issues warranting full consideration". (See Reply, at 7). Again, mere citation to "other issues" without reference to *any* law, argument, or legal analysis does not constitute a fair presentation of a federal claim to the state court. Although Petitioner alleged in his Opening Brief on direct appeal that, "defense counsel provided Defendant with

ineffective assistance by advising him that it was too late to testify", Petitioner did not claim any violation of his *federal* constitutional rights. (Appendix "C", at 29). Again, as stated above, Petitioner solely relied upon less stringent state ineffective assistance of trial counsel standard in Briones. Accordingly, because Petitioner's entire Ground Eight was not fairly presented to the Hawai`i Supreme Court, that entire Ground also is unexhausted.

Finally, the fact that the Magistrate's statements in the June 14, 2006 and September 11, 2006 Orders were "inclinations", does not preclude this Court from vacating those Orders. Indeed, as the Magistrate recognized in its September 11, 2006 Order, "[u]nder Ninth Circuit law, a court should not grant a discovery request where it does not have a valid habeas petition before it or where the petition has exhausted and unexhausted claims. See Calderon v. United States Dist. Court for the N. Dist. of Cal., 144 F.3d 618, 621 (9th Cir. 1998)." Therefore under Ninth Circuit law, the Magistrate was required to find, as a matter of law, whether or not the Petition included unexhausted claims before granting Petitioner's discovery request. Accordingly, based upon the above, Respondents respectfully requests that this Court vacate the Magistrate's erroneous determination that Grounds Two, Three, Seven, and Eight were exhausted.

B. THE MAGISTRATE COMMITTED A MANIFEST ERROR OF LAW BY ALLOWING PETITIONER TO CONDUCT DISCOVERY EVEN THOUGH THE PETITION CONTAINED UNEXHAUSTED CLAIMS.

Habeas is an important safeguard whose goal is to correct real and obvious wrongs. Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999). It was never meant to be a fishing expedition for habeas petitioners to "explore their case in search

of its existence." Id. (Citations omitted). A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, discovery in a habeas case is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Calderon v. U.S.D.C. (Nicolaus), 98 F.3d 1102, 1104 (9th Cir. 1996). The Rule provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Calderon v. U.S.D.C. (Nicolaus), at 1104 (citing Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993) (there simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter)).

The Supreme Court has construed Rule 6, and has held that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Moreover, under Ninth Circuit law, discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims. Calderon v. U.S.D.C., (Roberts), 113 F.3d 149 (9th Cir. 1997).

In this case, the Magistrate erred by allowing Petitioner discovery even where the Petition contained unexhausted claims. Specifically, in the June 14, 2006 Order, the Magistrate apparently determined that Grounds Four, Five, and Six were

unexhausted, but then found that "[d]iscovery is essential for Petitioner to fully develop his actual innocence argument[.]" In essence, by allowing discovery on an unexhausted but procedurally defaulted claim, the Magistrate created an exception to the Ninth Circuit rule in Calderon v. U.S.D.C. (Roberts). In other words, any Petitioner who included an unexhausted claim in their petition could circumvent the Calderon v. U.S.D.C. (Roberts) rule and obtain discovery simply by asserting either the "cause and prejudice" or "fundamental miscarriage of justice" exception to the procedural default rule. This is an overly broad expansion of the Ninth Circuit law prohibiting discovery on unexhausted claims.

Furthermore, because the procedural bar is an affirmative defense that must be proved by the State[3], this essentially means that the State would control whether a petitioner is entitled to discovery on unexhausted but procedurally defaulted claims. Put differently, if the State did not allege the doctrine of procedural bar in this case, the Petitioner would not be entitled to discovery on any unexhausted claim. Thus, the State, not the court, would control whether the Petitioner would be entitled to discovery on unexhausted claims by simply raising (or not raising) the affirmative defense of procedural bar.

Finally, the Magistrate's reliance on Roberts v. LaVallee, 389 U.S. 40 (1967) and Franscisco v. Gathright, 419 U.S. 59 (1974), is misplaced. Both Roberts and Francisco involved a state court's subsequent determination that certain relevant

---

[3] The doctrine of procedural bar is an affirmative defense; the State bears the burden of adequately pleading procedural bar. See Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.), cert. denied, Blanks v. Bennett, 540 U.S. 983 (2003).

state statutes violated both the state and federal constitutions. The circumstances in this case are closer to Mabry v. Klimas, 448 U.S. 444 (1980).

In Mabry, United States Supreme Court held that petitioner's claim that he was entitled to be resentenced by reason of an amendment to a state recidivist statute could not properly be considered for the first time in the habeas proceeding but had to be first presented to the state courts, absent any reason to believe the state judicial remedies would be unavailable. In particular, the Court stated:

> "In these circumstances, in the absence of any reason to believe that state judicial remedies would now be unavailable, a federal court is required to stay its hand "to give the State the initial 'opportunity to pass upon and correct' alleged violations of · · · federal rights." Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971), quoting Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963). See Picard v. Connor, 404 U.S. 270, 277-278, 92 S.Ct. 509, 513-514, 30 L.Ed.2d 438 (1971). The requirement that state remedies first be pursued, codified in the federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c), is particularly appropriate where, as here, the federal constitutional claim arises from the alleged deprivation by state courts of rights created under state law. The Court of Appeals acknowledged that the construction of the statute, plainly a matter for the state courts to decide was at best uncertain. Obviously, therefore, the state courts can in no sense be said to have arbitrarily denied any right they were asked to accord."

Mabry, at 447.

In this case, unlike in Roberts and Francisco, there has not been any subsequent "unconstitutional determination of law" by the Hawaii Supreme Court as it pertains to the Petitioner's case. Instead, Petitioner now has a newly enacted state corrective process[4] available to him. Therefore, because Petitioner did not previously

---

[4] In June of 2005, Lt. Governor James Aiona signed into law HB 1733 (Section 844D-31, *et. seq.*, HRS), that allows persons who have been convicted of crimes to request DNA analysis of evidence. (Appendix "G").

"fairly present" some of his federal claims to the State courts in the first place, Petitioner should not now be permitted to utilize federal discovery procedures to pursue his unexhausted and/or procedurally defaulted claims in federal court. See Peterkin v. Horn, 30 F.Supp.2d 513 (E.D. Penn. 1998). Accordingly, because this newly enacted state remedy remains available to Petitioner to develop and exhaust his instant claims, the Magistrate's discovery Orders must be vacated.

III. **CONCLUSION**.

Based upon the foregoing reasons, Respondents' respectfully requests that this Honorable Court vacate: 1) the Magistrate's Order Granting Motion For Leave to Conduct Discovery filed on June 14, 2006; and 2) the Magistrate's September 11, 2006 Order Denying Respondents' Motion To Reconsider Court's June 14, 2006 Order Granting Motion For Leave To Conduct Discovery.

DATED: Wailuku, Hawaii, September 22, 2006.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
DAVELYNN M. TENGAN,
PROSECUTING ATTORNEY

By_____
PETER A. HANANO
Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents

-15-