# APPENDIX "B"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIVIL NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD BISSEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING RESPONDENTS' MOTION TO RECONSIDER
COURT'S JUNE 14, 2006 ORDER GRANTING
MOTION FOR LEAVE TO CONDUCT DISCOVERY**

On June 23, 2006, Respondents Richard Bissen, Acting Director, and the State of Hawai`i Department of Public Safety (collectively "Respondents") filed their Motion to Reconsider Court's June 14, 2006 Order Granting Motion for Leave to Conduct Discovery ("Reconsideration Motion"). Petitioner Taryn Christian ("Petitioner") filed his Memorandum Regarding State DNA Testing Statute on June 29, 2006. The Court heard arguments on the Reconsideration Motion during the June 30, 2006 Discovery Conference. Appearing on behalf of Petitioner was Mark Barrett, Esq., by phone, and appearing on behalf of Respondents was Peter Hanano, Esq., by phone. Petitioner also filed a response to the Reconsideration Motion ("Response") on July 17, 2006. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Respondents' Reconsideration Motion is HEREBY DENIED for the reasons set forth

below.

## BACKGROUND

On December 22, 2004, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner filed his First Motion for Leave to Conduct Discovery ("Discovery Motion") on April 19, 2006.  This Court issued an order granting the Discovery Motion ("Discovery Order") on June 14, 2006.  In the Discovery Order, this Court stated that it appeared that some of Petitioner's claims were exhausted, but some may have been procedurally defaulted.  To the extent that some claims may have been procedurally defaulted, Petitioner argued that the Court should still consider his claims because a failure to do so would result in a fundamental miscarriage of justice, *i.e.* the constitutional violations he alleged probably resulted in the conviction of one who is actually innocent.  This Court found that Petitioner established good cause to conduct limited discovery to support his actual innocence argument.

## DISCUSSION

In the Reconsideration Motion, Respondents first argue that this Court erred in finding that "it appears that the following claims are exhausted: Ground One, Ground Two, Ground Three, Ground Seven, and Ground Eight, with the exception of Petitioner's claim that trial counsel rendered ineffective assistance in advising him about his right to testify."

2

[Discovery Order at 13 (footnote omitted).]  Respondents argue that "such findings will ultimately determine whether this Court will decide Petitioner's claims on the merits and/or whether they are 'procedurally barred'."  [Mem. in Supp. of Reconsideration Motion at 1-2.]  Respondents' argument is misplaced.

In the Discovery Order, this Court emphasized that its statements regarding exhaustion and procedural bar were merely an inclination and that this Court was not making any findings or recommendations about the procedural or substantive merits of the Petition.  [Discovery Order at 13-14 n.4, 16.]  This Court merely gave a preliminary inclination regarding exhaustion because, under Ninth Circuit law, a court should not grant a discovery request where it does not have a valid habeas petition before it or where the petition has exhausted and unexhausted claims.  See Calderon v. United States Dist. Court for the N. Dist. of Cal., 144 F.3d 618, 621 (9th Cir. 1998).  The Discovery Order makes it clear that this Court's statements regarding exhaustion and procedural bar were for the purposes of the Discovery Motion only.  Reconsideration is not warranted because the Court's statements in the Discovery Order are not binding upon the district court's ultimate determination of the merits of the Petition.

Respondents also seek reconsideration based on newly enacted state law regarding post-conviction DNA testing.  See

3

Haw. Rev. Stat. §§ 844D-121 to 844D-133. Respondents argue that Petitioner has a right to seek the DNA testing he requested in the Discovery Motion through the new state procedure. Respondents argue that Petitioner must exhaust this newly available state corrective process before seeking federal habeas relief.

> Under the state process:
>
> If the results of the post-conviction DNA testing are favorable to the defendant, the court shall conduct a hearing pursuant to applicable law or court rule governing post-conviction proceedings, notwithstanding any law or court rule that would otherwise bar such a hearing as untimely or procedurally defective, and thereafter make such orders as are necessary for disposition of those proceedings. . . .

Haw. Rev. Stat. § 844D-132(a) (Supp. 2005). Thus, if the results of the post-conviction DNA testing are favorable to the defendant, the proceedings are essentially converted into proceedings under Hawai`i Rule of Penal Procedure 40.

The post-conviction DNA testing law was enacted in 2005, after Petitioner filed the instant Petition. Petitioner sought DNA testing in the context of his Rule 40 petition, filed January 31, 2000. The state court denied his request for DNA testing. When Petitioner appealed the denial of his Rule 40 Petition, Petitioner argued that forensic testing was necessary to establish his ineffective assistance claims and cited federal case law to support his entitlement to forensic testing. Thus,

4

it appears, for the purposes of the Discovery Motion only, that Petitioner presented his argument in support of DNA testing to the highest state court. The issue before this Court is whether Petitioner must return to state court to utilize the new post-conviction DNA testing procedure, even though he previously presented his request for DNA testing to the highest state court.

In Roberts v. LaVallee, the petitioner sought federal habeas relief on the ground that his federal constitutional rights were violated when the trial court denied him a free transcript of his preliminary hearing. See 389 U.S. 40, 41 (1967). After the federal district court denied Roberts' petition, the New York Court of Appeals decided People v. Montgomery, 224 N.E.2d 730 (N.Y. 1966), which held that the statutory requirement of payment for a preliminary hearing transcript, as applied to an indigent defendant, violated the defendant's right to equal protection under the state and federal constitutions. The Second Circuit Court of Appeals dismissed Roberts' habeas petition without prejudice, holding that he should apply to the state courts for relief pursuant to Montgomery, even though Roberts previously exhausted his state remedies. See Roberts, 389 U.S. at 41-42. The United States Supreme Court reversed, noting that "Congress had not intended to require repetitious applications to state courts." Id. at 42 (citations and quotation marks omitted). The Supreme Court also

5

pointed out that it had previously "declined to rule that the mere possibility of a successful application to the state courts was sufficient to bar federal relief." Id. at 42-43. In Francisco v. Gathright, the Supreme Court held that the Roberts rule also applied where the petitioner exhausted his state remedies, but there was a change in state law after exhaustion but before the filing of the habeas petition. See 419 U.S. 59 (1974) (per curiam). The Supreme Court noted that in both cases, "the state courts had a full opportunity to determine the federal constitutional issues before resort was made to a federal forum, and the policies served by the exhaustion requirement would not be furthered by requiring resubmission of the claims to the state courts." Id. at 63 (citations and footnote omitted). The Ninth Circuit has stated that:

> When a petitioner does present his claim to the highest court in the state, he will not be forced to resubmit it merely because the state courts have subsequently changed their interpretation of the law, be it federal, Francisco v. Gathright, 419 U.S. 59, 62-63, 95 S.Ct. 257, 259- 260, 42 L.Ed.2d 226 (1974); Roberts v. LaVallee, 389 U.S. 40, 42-43, 88 S.Ct. 194, 196-197 (1967), or state, see Briggs v. Raines, 652 F.2d 862, 864-65 (9th Cir. 1981) (change in interpretation of state rule of criminal procedure).

Allbee v. Cupp, 716 F.2d 635, 637 n.5 (9th Cir. 1983).

In the present case, insofar as the method to challenge a defendant's conviction under the post-conviction DNA testing law is still essentially Rule 40, this Court views the state

6

corrective process in the new law as a legislative change in the use and interpretation of Rule 40.[1]  The Court acknowledges that the foregoing precedents are not directly on point because they deal with changes in judicial interpretation of the law, but the Court finds the principles discussed therein to be instructive. This Court finds that federal habeas relief is available to Petitioner.  Petitioner is not required to make a request for post-conviction DNA testing before seeking federal habeas relief. Respondents' request for reconsideration of the Discovery Order based on Hawai`i Revised Statutes §§ 844D-121 to 844D-133 is therefore DENIED.

## **CONCLUSION**

On the basis of the foregoing, Respondents' Motion to Reconsider Court's June 14, 2006 Order Granting Motion for Leave to Conduct Discovery, filed June 23, 2006, is HEREBY DENIED.

The Court has also reviewed the parties' proposed discovery plans and ORDERS Petitioner to prepare a stipulated discovery order for review and approval by Respondents, and to submit the stipulated order to the Court by September 29, 2006. If Respondents appeal the Discovery Order to the district court, the stipulated discovery order shall take effect upon the district court's resolution of the appeal, if applicable.  If

---

[1] This Court has found no Hawai`i appellate court decisions interpreting or applying the post-conviction DNA testing law.

7

Respondents do not appeal the Discovery Order, the stipulated discovery order shall take effect when filed.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAI`I, September 11, 2006.



        /S/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States Magistrate Judge

TARYN CHRISTIAN V. RICHARD BISSEN; CIVIL NO. 04-00743 DAE-LEK; ORDER DENYING RESPONDENTS' MOTION TO RECONSIDER COURT'S JUNE 14, 2006 ORDER GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY