# APPENDIX "G"

**844D-113   PROCEDURAL AND SUPPLEMENTARY PROVISIONS**

(1) Uses an offender sample or DNA profile for other than criminal identification or exclusion purposes; or

(2) Discloses DNA or other forensic identification information developed pursuant to this section to an unauthorized individual or agency, for other than criminal identification or exclusion.

(b) Unauthorized disclosure of DNA sample or profile purposes is a misdemeanor. [L 2005, c 112, pt of §1]

**[§844D-114]   Use of DNA sample or profile for financial gain.**   (a) A person commits the offense of use of DNA sample or profile for financial gain if the person, for the purpose of financial gain, intentionally or knowingly, in violation of this chapter:

(1) Uses an offender sample or DNA profile for other than criminal identification or exclusion purposes; or

(2) Discloses DNA or other forensic identification information developed pursuant to this chapter to an unauthorized individual or entity, for other than criminal identification or exclusion purposes.

(b) Use of DNA sample or profile for financial gain is a misdemeanor for which, in addition to any other penalty provided by the penal code for a misdemeanor, a fine shall be imposed in an amount three times that of any financial gain received, or $10,000, whichever is greater. [L 2005, c 112, pt of §1]

## PART XI. POST-CONVICTION DNA TESTING

**[§844D-121]   Petition for post-conviction DNA testing.**   Notwithstanding any other law or rule of court governing post-conviction relief to the contrary, a person who was convicted of and sentenced for a crime may file a motion, at any time, for DNA analysis of any evidence that:

(1) Is in the custody or control of a police department, prosecuting attorney, laboratory, or court;

(2) Is related to the investigation or prosecution that resulted in the judgment of conviction; and

(3) May contain biological evidence. [L 2005, c 112, pt of §1]

**[§844D-122]   Proceedings.**   The court shall order the prosecuting attorney to answer a motion filed pursuant to section 844D-121 not later than thirty days after filing of the motion. The court may thereafter deny the motion without hearing if the motion is patently frivolous because it is without a trace of support either in the record or in any materials submitted with the motion. The court shall conduct a hearing on the motion within ninety days of its filing if the allegations in the motion, taken as true, establish grounds for relief under section 844D-123. If the court sets the motion for hearing, the court shall order that all evidence in the custody or control of a police department, prosecuting attorney, laboratory, or court that could be subjected to DNA analysis be preserved during the pendency of the proceeding. The intentional destruction of evidence after entry of the order shall constitute grounds for appropriate sanctions, including contempt of court under section 710-1077. [L 2005, c 112, pt of §1]

**[§844D-123]   Order for post-conviction DNA testing.**   (a) The court shall order testing after a hearing if it finds that:

(1) A reasonable probability exists that the defendant would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis, even if the defendant later pled guilty or no contest;

200

(2) Identity was...
the verdict o...
(3) The evidenc...
ity and still...
that question...
stitute groun...
integrity of t...
(4) The evidenc...
subjected to...
vious analys...
(5) The applicati...
nocence and...
ministration...
(b) The court m...
(1) A reasonable...
duce results i...
for the defen...
to the verdict...
(2) The evidence...
ity and still...
that question...
stitute groun...
integrity of t...
(3) The evidence...
subject to tes...
testing; and
(4) The applicati...
the defendant...
sentence and...
ministration...
(c) If evidence ha...
prosecution or defense,...
each party and the court...
tion with the DNA analy...
DNA or other analysis c...
cution or defense withou...
the testing shall be disclo...
ders DNA analysis unde...
party and the court of an...
analysis and, in its discre...
oratory notes. [L 2005, c...

**[§844D-124]   Cou...**
under this part, appoint c...
to section 802-4.
(b) If the defenda...
be material to the defend...
counsel for the defendant...
(c) The court, in i...
qualified parties for furth...
ganizations or clinical le...
counsel at that time.

FORENSIC IDENTIFICATION                     844D-124

(2)    Identity was or should have been an issue in the proceeding that led to the verdict or sentence;

(3)    The evidence sought to be analyzed has been identified with particularity and still exists in a condition that permits DNA analysis; provided that questions as to the chain of custody of the evidence shall not constitute grounds to deny the motion if the testing itself can establish the integrity of the evidence;

(4)    The evidence was not previously subjected to DNA analysis or was not subjected to analysis that can now resolve an issue not resolved by previous analysis; and

(5)    The application for testing is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

(b)    The court may order testing after a hearing if it finds that:

(1)    A reasonable probability exists that DNA analysis of the evidence will produce results that would have led to a more favorable verdict or sentence for the defendant had the results been available at the proceeding leading to the verdict or sentence, even if the defendant pled guilty or no contest;

(2)    The evidence sought to be analyzed has been identified with particularity and still exists in a condition that permits DNA analysis; provided that questions as to the chain of custody of the evidence shall not constitute grounds to deny the motion if the testing itself can establish the integrity of the evidence;

(3)    The evidence was not previously subjected to DNA testing or was not subject to testing that can now resolve an issue not resolved by previous testing; and

(4)    The application for testing is made for the purpose of demonstrating that the defendant was guilty of a lesser offense or eligible for a more lenient sentence and not to unreasonably delay the execution of sentence or administration of justice.

(c)    If evidence had previously been subjected to DNA analysis, by either the prosecution or defense, the court may order the prosecution or defense to provide each party and the court with access to the laboratory reports prepared in connection with the DNA analysis, as well as the underlying data and laboratory notes. If DNA or other analysis of evidence was previously conducted by either the prosecution or defense without knowledge of the other party, all information relating to the testing shall be disclosed by the motion for analysis or response. If the court orders DNA analysis under this section, the court shall order the production to each party and the court of any laboratory reports prepared in connection with the DNA analysis and, in its discretion, may order production of the underlying data and laboratory notes. [L 2005, c 112, pt of §1]

**[§844D-124]    Counsel.**    (a) The court may, at any time during proceedings under this part, appoint counsel for a defendant determined to be indigent pursuant to section 802-4.

(b)    If the defendant has filed pro se, upon a showing that DNA testing may be material to the defendant's claim of wrongful conviction, the court shall appoint counsel for the defendant.

(c)    The court, in its discretion, may refer pro se requests for DNA testing to qualified parties for further review, including but not limited to indigent defense organizations or clinical legal education programs, without appointing the parties as counsel at that time.

201

**844D-124    PROCEDURAL AND SUPPLEMENTARY PROVISIONS**

(d)    If the defendant has retained private pro bono counsel, including but not limited to counsel from a nonprofit organization that represents indigent persons, the court may, in its discretion, award reasonable attorney's fees and costs at the conclusion of the litigation. [L 2005, c 112, pt of §1]

**[§844D-125]    Discovery.**    (a) At any time after a petition has been filed under this part:
(1)    The court may order the State to locate and provide the defendant with any documents, notes, logs, or reports relating to items of physical evidence collected in connection with the case, or otherwise assist the defendant in locating items of biological evidence that the State contends have been lost or destroyed;
(2)    The court may order the State to take reasonable measures to locate biological evidence that may be in its custody, or to assist the defendant in locating evidence that may be in the custody of a public or private hospital, public or private laboratory, or other facility; or
(3)    If evidence had previously been subjected to DNA testing, the court may order production of laboratory reports prepared in connection with the DNA testing, as well as the underlying data, and the laboratory notes.
(b)    If any DNA or other biological evidence testing was previously conducted by either the prosecution or defense without knowledge of the other party, such testing shall be revealed in the motion for testing or response, if any.
(c)    If the court orders DNA testing in connection with a proceeding brought under this part, the court shall order the production of any laboratory reports prepared in connection with the DNA testing, and may in its discretion order production of the underlying data, bench notes, or other laboratory notes.
(d)    The results of any post-conviction DNA testing conducted under this part shall be disclosed to the prosecution, the defendant, and the court. [L 2005, c 112, pt of §1]

**[§844D-126]    Retention of biological evidence.**    (a) All evidence in the custody or control of a police department, prosecuting attorney, laboratory, or court that is related to the investigation or prosecution of a case in which there has been a judgment of conviction and that may contain biological evidence that could be used for DNA analysis shall be retained at least until the later occurring of either:
(1)    The exhaustion of all appeals of the case to which the evidence is related; or
(2)    The completion of any sentence, including any term of probation or parole, imposed on the defendant in the case to which the evidence relates.
(b)    The attorney general shall establish procedures and protocols, which shall be uniform throughout the State, for the collection and preservation of evidence retained pursuant to this section. [L 2005, c 112, pt of §1]

**[§844D-127]    Choice of laboratory.**    When the court grants a motion under section 844D-123, the evidence shall be analyzed at an independent laboratory meeting standards adopted pursuant to the DNA Identification Act of 1994 (42 U.S.C. 14131). If the defendant and the prosecuting attorney cannot agree on a laboratory to perform the analysis, the court shall select the laboratory. [L 2005, c 112, pt of §1]

**[§844D-128]    Payment.**    Analysis ordered pursuant to section 844D-123(a) shall be paid for using funds from the DNA registry special fund established pursuant to section [706-603(3)]. The court may require payment for analysis ordered

pursuant to section 844[
special fund, or a comb

**[§844D-129]    Ap**
fendant may appeal to t
order denying a motion

**[§844D-130]    Su**
tion for DNA testing un
may file, and the court s
part; provided that the d
ing but not limited to fac
or the availability of mo
(b)    The court ma
if the interests of justice

**[§844D-131]    Ad**
make such other orders
designating:
(1)    The type of D
(2)    The testing pr
(3)    The preservat
testing;
(4)    Additional DN
sive or otherw
(5)    The collection
parties.
(b)    DNA profile in
pursuant to a motion for p
requiring disclosure of in

**[§844D-132]    Proc**
sults of the post-convicti
shall conduct a hearing p
conviction proceedings, n
bar such a hearing as unti
orders as are necessary f
DNA analysis are not fav
results to probation or par
(b)    Records reflect
section, including the und
disclosure pursuant to cha
ticular person was, or was
(c)    In any case as
cuting attorney shall give a
bers of a homicide victim
result, and its disposition.
immediate family member
(d)    The court shall
in support of its dispositio
of whether a hearing was l

**FORENSIC IDENTIFICATION**        844D-132

pursuant to section 844D-123(b) to be made by the defendant, the DNA registry special fund, or a combination thereof. [L 2005, c 112, pt of §1]

**[§844D-129]  Appeal.**  In accordance with applicable rules of court, the defendant may appeal to the supreme court and intermediate court of appeals from an order denying a motion made pursuant to this part. [L 2005, c 112, pt of §1]

**[§844D-130]  Successive motions.**  (a) If the defendant has filed a prior motion for DNA testing under this part or any other provision of law, the defendant may file, and the court shall adjudicate, a successive motion or motions under this part; provided that the defendant asserts new or different grounds for relief, including but not limited to factual, scientific, or legal arguments not previously presented, or the availability of more advanced DNA technology.

(b)   The court may also, in its discretion, adjudicate any successive motions if the interests of justice so require. [L 2005, c 112, pt of §1]

**[§844D-131]  Additional orders.**  (a) The court may in its discretion make such other orders as may be appropriate. This includes but is not limited to designating:

(1)   The type of DNA analysis to be used;
(2)   The testing procedures to be followed;
(3)   The preservation of some portion of the sample for replicating the testing;
(4)   Additional DNA testing, if the results of the initial testing are inconclusive or otherwise merit additional scientific analysis; and
(5)   The collection and DNA testing of elimination samples from third parties.

(b)   DNA profile information from biological samples taken from any person pursuant to a motion for post-conviction DNA testing shall be exempt from any law requiring disclosure of information to the public. [L 2005, c 112, pt of §1]

**[§844D-132]  Procedure after testing results are obtained.**  (a) If the results of the post-conviction DNA testing are favorable to the defendant, the court shall conduct a hearing pursuant to applicable law or court rule governing post-conviction proceedings, notwithstanding any law or court rule that would otherwise bar such a hearing as untimely or procedurally defective, and thereafter make such orders as are necessary for disposition of those proceedings. If the results of the DNA analysis are not favorable to the defendant, the court shall give notice of the results to probation or parole authorities, as appropriate.

(b)   Records reflecting the results of DNA analysis performed pursuant to this section, including the underlying data and laboratory notes, shall not be subject to disclosure pursuant to chapter 92F except to the extent of a conclusion that a particular person was, or was not, the source of the biological evidence analyzed.

(c)   In any case as to which a motion is filed under this section, the prosecuting attorney shall give notice to the victim or surviving immediate family members of a homicide victim of the filing of the motion, any hearing that is held as a result, and its disposition. For purposes of this subsection, "victim" and "surviving immediate family members" have the same meaning as in section 801D-2.

(d)   The court shall make appropriate findings of fact and conclusions of law in support of its disposition of a motion made pursuant to this section, regardless of whether a hearing was held. [L 2005, c 112, pt of §1]

203

**844D-133 PROCEDURAL AND SUPPLEMENTARY PROVISIONS**

**[§844D-133] Consent.** Nothing in this part shall be interpreted to prohibit a convicted person and the State from consenting to and conducting post-conviction DNA testing by agreement of the parties and without filing a motion for post-conviction DNA testing under this part. Notwithstanding any other provision of law governing post-conviction relief, if DNA test results are obtained under testing conducted upon consent of the parties which are favorable to the defendant, the defendant may file, and the court shall adjudicate, a motion for post-conviction relief under the provisions of this part, based on the DNA test results. [L 2005, c 112, pt of §1]

# CHAPTER 846
# HAWAII CRIMINAL JUSTICE DATA CENTER; CIVIL IDENTIFICATION

PART I. DATA CENTER
SECTION
846-2     ESTABLISHMENT OF THE HAWAII CRIMINAL JUSTICE DATA CENTER
846-2.5   PURPOSE OF THE CRIMINAL JUSTICE DATA CENTER
846-2.7   CRIMINAL HISTORY RECORD CHECKS
846-9     LIMITATIONS ON DISSEMINATION
846-10.5  FEES
846-10.6  CRIMINAL HISTORY RECORD IMPROVEMENT REVOLVING FUND; ESTABLISHED

PART II. CIVIL IDENTIFICATION
846-21    AUTHORITY OF ATTORNEY GENERAL
846-23    RULES
846-27    REGISTRATION AND ISSUANCE OF CERTIFICATES; FEE; REVOLVING FUND
846-28    INFORMATION TO BE SECURED
846-30    IDENTIFICATION CERTIFICATES; FORM
846-30.5  EXPIRATION DATE
846-37    DISPOSITION OF INCOME

PART III. BACKGROUND CHECKS—REPEALED
846-41    TO 45 REPEALED

PART IV. HATE CRIME REPORTING
846-51    DEFINITIONS
846-52    RESPONSIBILITY FOR SYSTEM
846-53    RESPONSIBILITY OF AGENCIES
846-54    ANNUAL REPORTS

**Cross References**

International matchmaking organizations, see chapter 489N.
Registration of sex offenders and other offenders, see chapter 846E.

## PART I. DATA CENTER

**§846-2 Establishment of the Hawaii criminal justice data center. AMENDED.** "Chapters 76 and 77" changed to "chapter 76". L 2000, c 253, §150.

**§846-2.5 Purpose of the criminal justice data center.** (a) The Hawaii criminal justice data center, hereinafter referred to as the "data center", shall be responsible for the collection, storage, dissemination, and analysis of all pertinent criminal justice data from all criminal justice agencies, including, the collection, storage, and dissemination of criminal history record information by criminal justice agencies in such a manner as to balance the right of the public and press to be informed, the right of privacy of individual citizens, and the necessity for law en-

forcement agencies to
nals in support of the r

(b) The attorne
including fingerprintin
whom penal summons
convicted or granted a
conditional discharge;
twelve years of age or
into custody for commi
a misdemeanor, or a pe
collection, recording, a
less a child's physical
the system, and notwitl
purge any child's electr
pursuant to this subsec
age of twenty-five year
ting the act for which tl
justed under section 57
date the child is taken ir
a child is determined no
gerprints were taken. A c
tem outside the State.

Notwithstanding a
whom a penal summons
the granting of a deferre
ditional discharge to suc
seven days, to the appro
mental agency for ident
graphing, as provided ur
for identification process
of court in violation of s

The several countie
sation of the persons req
identification and statisti
penses in connection wit
be borne by the State; and
agement and equipment r
system.

The systems shall be
eration, and shall be main
ing with the most appro
collection and compilatio

The attorney genera
prosecuting officers, the p
detection of crime and the
   (1) Study of the ca
       efforts made an
       prehend and pu
   (2) Examination of
       sults thereof.
   (c) The attorney ge
followed in keeping record.