KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367

ATTORNEYS FOR PETITIONER

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

| TARYN CHRISTIAN, | ) | CIV NO. 04-00743 DAE-LEK |
|---|---|---|
| Petitioner, | ) | MEMORANDUM IN SUPPORT OF PETITIONER'S RESPONSE TO APPEAL OF MAGISTRATE'S DISCOVERY ORDER |
| vs. | ) | |
| RICHARD BISSEN, Acting Director, State of Hawaii Department of Public Safety, | ) | DECLARATION OF COUNSEL |
| | ) | CERTIFICATE OF SERVICE |
| Respondent. | ) | |

### MEMORANDUM IN SUPPORT OF PETITIONER'S RESPONSE TO APPEAL OF MAGISTRATE'S DISCOVERY ORDER

**I. FACTS**

Petitioner Taryn Christian, on April 19, 2006, filed a motion for leave to conduct discovery in conjunction with his Petitioner for Writ of Habeas Corpus under 28 U.S.C. § 2254. The discovery motion requested access to documents and physical evidence in the possession of authorities. Among the requests was that some physical evidence, including blood found on a sidewalk at the crime scene, be subjected to DNA testing.

Christian has been requesting this DNA testing since well prior to his trial. However, thus far little DNA testing has occurred. In particular, Christian has requested comparison between James Burkhart's DNA profile and any DNA obtained from crime scene blood samples.

Burkhart, the original suspect of Maui police, was identified by callers as the person depicted in the composite sketch circulated by police. Crime Stoppers callers said they had heard of Burkhart's commission of the murder. Two persons were prepared to testify at Christian's trial that Burkhart confessed to this murder. When Burkhart appeared at trial, he took the Fifth Amendment.

On June 14, 2006, the magistrate granted the motion for discovery. Respondent's request for reconsideration was denied on September 11, 2006.

## II. ARGUMENT

### A. Discovery Is Permissible to Determine the Availability of the Innocence Gateway

Taryn Christian explicitly pleaded an actual innocence claim and supported it with substantial factual allegations.

In addition to there being confessions and composite sketch identifications linking James Burkhart to the offense, there is an affidavit from an audio expert who determined Burkhart's name can be heard on the 911 tape. The 911 call was made from the spot of the homicide shortly after the homicide.

Burkhart's name arose, on the evening of the homicide, in discussions between the police and the victim's girlfriend and in discussions between police and a woman who lived near the site of the homicide. There were conflicting reports on how Burkhart's name arose.

2

Thus, as the magistrate determined, Christian is not merely speculating about evidence of innocence being available.

When a Petitioner seeks entry through the actual innocence gateway, defaults may be excused. **Schlup v. Delo**, 513 U.S. 298 (1995).

In **Cooper v. Woodford**, 358 F.3d 1117, 1124 (9th Cir. 2004), the Court of Appeals ruled that discovery, in particular DNA testing, is available "to evaluate [the] claim of innocence."

Taryn Christian is no less entitled to discovery in support of an innocence claim than was Petitioner Cooper.

### B. Christian Has Exhausted the Issues Before the Court

#### 1. Ground Two – State Court Refusal To Admit Burkhart Confessions Into Evidence

Respondent claims that the Sixth Amendment compulsory process issue was not "fairly presented" to the state court, while conceding that appellate counsel cited **Washington v. Texas**, a United States Supreme Court addressing a Sixth Amendment compulsory process issue. The fact that appellate counsel did not write the words "Sixth Amendment" is of no consequence since citing "a case deciding such a claim on federal grounds" is one of the alternative methods of alerting the court to the federal nature of the issue. **Baldwin v. Reese**, 541 U.S. 27, 32 (2004).

#### 2. Ground Three – Ineffective Assistance of Trial Counsel in Regard To Right To Testify

Only one portion of Ground Three is at issue – the portion in which Petitioner Christian states that his trial counsel provided improper advice and other assistance in connection with Christian's right to testify.

Petitioner has argued that this claim was made federal by appellate counsel's citation to

3

**Briones v. State**, 74 Haw. 442, 848 P.2d 966 (Haw. 1993). Although **Briones** describes the ineffective assistance standards provided by Hawaii state law, federal constitutional principles are also discussed.

Petitioner does not abandon the position that the right-to-testify portion of Ground Three has been exhausted. However, Christian's counsel has become aware, during the preparation of this response of a recent contrary decision by a judge of this Court. **Costa v. Cook**, 2006 WL 1737837 (June 20, 2006).

If the **Costa** position is followed, it would still be necessary, under Supreme Court authority alluded to in **Costa**, to consider the claim if there has been a "fundamental miscarriage of justice." The Court, in **Costa**, citing Supreme Court authority, noted that a "fundamental miscarriage of justice occurs if petitioner can show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"

The discovery is necessary to establish the fundamental miscarriage of justice. Thus, it would seem to be miscarriage of justice in itself if Christian were denied the opportunity to establish the facts he needs to open the courthouse door.

In any event, this appears to be the only occasion on which Respondent's claim of lack of exhaustion has even arguable merit.

If this claim were to stand in the way of the critical discovery, some of which Christian has been seeking for approximately a decade, it would be appropriate that this claim be abandoned so Christian could proceed on his other claims.

### 3. Ground Seven – Ineffective Assistance of Appellate Counsel

Respondent quotes the heading of the state post-conviction brief, in which Christian

4

specifically argued that appellate counsel's performance was deficient under the "federal constitution."

**Baldwin** states that "simply labeling the claim 'federal'" will suffice. 541 U.S. at 32. Therefore, Respondent's position is meritless.

#### 4. Ground Eight – Other Ineffective Assistance Issues

Respondent has cited no authority that the Ground Eight ineffective assistance issues are unexhausted. Contrary to Respondent's assertion, federal constitutional authority was cited by Petitioner in support of these claims. They have been exhausted under the standard enunciated in **Baldwin.** 541 U.S. at 32.

#### 5. Summary

Respondent's lack of exhaustion assertions are consistent with relevant case law only in relation to the claim that trial counsel ineffectively advised Christian regarding his right to testify.

As stated, if this claim were to block the much-needed discovery, Petitioner will abandon it. However, requiring Petitioner to abandon the claim would be inappropriate in light of the fact that innocence assertions are at the heart of this case and that a showing of innocence can excuse the default which is arguably involved.

It may be that discovery is needed all the more because some default issues cannot be resolved without discovery.

There is inherit authority to issue whatever orders are necessary to determine the court's ability to consider issues on their merits.

### C. Discovery is Appropriate Whenever It Would Aid in Determining Entitlement

5

**to Relief.**

As Respondent notes, discovery is appropriate when development of facts could demonstrate Petitioner's entitlement to relief. **Bracy v. Gramley**, 520 U.S. 899, 908-09 (1997). The Supreme Court in describing this principle made no distinction between exhausted or unexhausted claims.

As a practical matter, a court should not waste time with discovery if the Petitioner's claims could not be considered by the court anyway. The **Calderon** unexhausted/exhausted distinction should be read only as a way of winnowing out discovery requests that could do no one any good even if the requests were granted.

If read any other way, **Calderon** would be contrary to **Bracy v. Gramley**.

In Petitioner Christian's case there are valid claims contained in his petition. No claim can be justifiably considered defaulted unless the court determines the applicability of innocence gateways.

Innocence is at the heart of Christian's case.

For practical reasons, and in the interests of doing justice – especially where innocence is at issue – discovery at this juncture not only is appropriate, but also is the next logical step in making a proper evaluation of the habeas petition.

**D. Christian Need Not Repeatedly Ask the State for DNA Testing**

Christian's DNA request is not a claim in and of itself, but a procedure advocated in aid of resolving his claims. When the petitioner is merely presenting additional evidence, rather than modifying the nature of his claim, he need not return to state court. **Vasquez v. Hillery**, 474 U.S. 254, 260 (1986). See also **Osborne v. District Attorney's Office**, 423 F.3d 1050, 1055 (9th Cir.

6

2005).

Thus, there is no need for Christian to repeat his prior requests that the state court order DNA testing.

The fact that the state law on DNA testing has changed since Christian last requested the testing is not a reason to go back to state court. The Supreme Court has ruled that intervening changes in the law do not require reexhaustion. **Roberts v. LaVallee**, 389 U.S. 40, 42 (1967).

The **Mabry** case cited by Respondent is not on point because it involved a way of obtaining substantive relief, rather than a means of discovery.

Moreover, if Respondent's DNA statute position should prevail, it could effectively prevent Christian from ever getting to federal court with his claims. The Hawaii legislature could redefine the availability of DNA testing in each of its sessions, thus creating a quagmire for anyone attempting to use DNA testing in support of federal constitutional claims.

## III. CONCLUSION

For the reasons stated above, Respondent's appeal of the magistrate's order should be denied.

Dated: Norman, Oklahoma, October 13, 2006.

_____
MARK BARRETT
Attorney