DEPARTMENT OF THE PROSECUTING ATTORNEY 207

DAVELYNN M. TENGAN 3263
Prosecuting Attorney
PETER A. HANANO 6839
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii 96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | CIV. NO. 04-00743 DAE-LEK |
| ) | |
| Plaintiff, ) | |
| ) | RESPONDENTS' OBJECTIONS |
| vs. ) | TO PETITIONER'S INITIAL |
| ) | DISCOVERY ORDER FILED |
| RICHARD BISSEN, Acting ) | ON OCTOBER 23, 2006; |
| Director, STATE OF HAWAI'I, ) | APPENDICES "A" - "B"; |
| DEPARTMENT OF PUBLIC SAFETY, ) | CERTIFICATE OF SERVICE |
| ) | |
| Respondents. ) | |

**RESPONDENTS' OBJECTIONS TO PETITIONER'S
INITIAL DISCOVERY ORDER FILED ON OCTOBER 23, 2006**

**APPENDICES "A" - "B"**

**CERTIFICATE OF SERVICE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | CIV. NO. 04-00743 DAE-LEK |
| Plaintiff, ) | |
| vs. ) | RESPONDENTS' OBJECTIONS TO PETITIONER'S INITIAL DISCOVERY ORDER FILED ON 10/23/06 |
| RICHARD BISSEN, Acting Director, STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY, ) | |
| Respondents. ) | |

**RESPONDENTS' OBJECTIONS TO PETITIONER'S
INITIAL DISCOVERY ORDER FILED ON OCTOBER 23, 2006**

COME NOW, JAMES PROPOTNICK, Acting Director, Department of Public Safety, State of Hawaii, (hereinafter "Respondents"), by and through their attorney, PETER A. HANANO, Deputy Prosecuting Attorney for the County of Maui, and present this Respondents' Objections To Petitioner's Initial Discovery Order Filed on October 23, 2006. Therefore, the State having reviewed the Initial Discovery Order filed on October 23, 2006, (See Appendix "A"), hereby submits the following objections and counter proposals to the Initial Discovery Order:

I. **<u>DNA Testing</u>**.

    A. **Procedure**.

        1) Respondents object to Petitioner's procedure for DNA testing (page 1 of the Initial Discovery Order) to the extent that said procedure requires "[i]tems which are in the possession of the state court clerk be sent directly from the clerk's office to Serological Research Institute";

        2) Instead, Respondents hereby request that in lieu of Petitioner's above-described procedure, all evidence currently within the possession of the Second Circuit Court be immediately transferred directly to the Maui Police Department ("MPD"), at which time, MPD will be solely responsible for sending **<u>all</u>** evidence to the appropriate laboratories and/or experts for testing;

        3) This issue was not previously discussed during the June 30, 2006 telephone conference, and therefore, Respondents request a fair opportunity to respond to Petitioner's proposals regarding this issue;

        4) Additionally, to date, Petitioner has not formally provided Respondents with the name, address, phone number, and appropriate credentials of the laboratory and/or experts as previously set forth in the Court's Minute order dated 6/30/2006 (See Appendix "B").

    B. **Items To Be Sent For Testing**.

        1) Respondents do not object to sending the requested items (items 1-8) to the designated laboratory and/or expert for testing, provided Petitioner has provided the name, address, phone number, and relevant credentials of the laboratory and/or experts at least two weeks prior to the discovery order becoming final;

        2) Petitioner shall reimburse Respondents for any shipping and/or handling costs associated with the transfer of the evidence.

    C.    **Documents to be Sent in Advance of Testing.**

        1)    Respondents object to Petitioner's procedure (page 3 of the Initial Discovery Order), to the extent that it is contrary to the Court's 6/30/2006 Minute Order. Specifically, in the 6/30/2006 Minute Order, the Court ordered the following in pertinent part:

> *"2) Respondents shall produce discovery materials in the possession of the County of Maui. Petitioner may serve subpoenas to obtain materials that may be in the possession of the FBI or the Honolulu Police Department."*

        2)    The Initial Discovery Order clearly contradicts the Court's 6/30/2006 Minute Order by requiring Respondents to seek discovery from the FBI and HPD;

        3)    Furthermore, Respondents object to the Initial Discovery Order to the extent that the Order requires Respondents to provide discovery documents to both Petitioner's counsel *and* Serological Research Institute.

II.    **Further Information Regarding James Burkhart.**

        1)    Respondents also object to Petitioner's procedure (page 4 of the Initial Discovery Order), requiring Respondents to conduct discovery with *"law enforcement agencies, including Maui police and agencies on Oahu, and the Hawaii prison system to determine the existence of reports that Burkhart has made further incriminating statements . . . "*, to the extent that it is contrary to the Court's 6/30/2006 Minute Order. Specifically, in the 6/30/2006 Minute Order, the Court ordered the following in pertinent part:

> *"6) Petitioner may serve subpoenas to obtain evidence of confessions that James Burkhart allegedly made after Petitioner's trial"*.

        2)    The Initial Discovery Order filed on 10/23/2006 clearly contradicts the Court's 6/30/2006 Minute Order by requiring Respondents to seek discovery from the various "law enforcement agencies";

III. **Other Items**.

1) Respondents object to Petitioner's discovery procedure (page 5 of the Initial Discovery Order), and suggest the following alternative procedure:

   1. Respondents shall provide a list of all discovery materials currently within the possession of the Department of Prosecuting Attorney - County of Maui and/or the Maui Police Department within two weeks of the Court's discovery order becoming final.

   2. Respondents shall allow Petitioner reasonable access to, and/or provide copies of, any and all discovery materials, including but not limited to, police reports, audio/video recordings, and photographs.

   3. Petitioner shall promptly reimburse Respondents for any copying, and/or shipping and handling costs associated with the copying and/or providing of discovery to Petitioner.

IV. **Reciprocal Discovery**.

1) The Initial Discovery Order filed on 10/23/2006 does not include a provision, as previously ordered in the Court's 6/30/2006 Minute Order, that:

   *"5) Petitioner shall allow Respondents access to photographs, test results, expert reports, or other discovery generated as a result of the discovery permitted by the Court."*

V. **Limitations on Disclosure.**

1) The Initial Discovery Order filed on 10/23/2006 does not include a provision, providing that, *"all discovery provided to Petitioner is to remain in the custody and possession of Petitioner's counsel only"*;

2) Nor does the Initial Discovery Order filed on 10/23/2006 contain a provision that, *"all originals, and any copies and/or duplicates of all discovery materials shall not be furnished to anyone except Petitioner's*

*counsel without the prior approval of the Court and notice to Respondents.*

Therefore, based upon all of the aforementioned reasons, Respondent's respectfully submit this Respondents' Objections To Petitioner's Initial Discovery Order Filed on October 23, 2006, and ask the Court to modify said Order at the appropriate time.

DATED: Wailuku, Hawaii, October 26, 2006.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
DAVELYNN M. TENGAN, PROSECUTING ATTORNEY

By _____
PETER A. HANANO
Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents