IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CV. NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| IWALANI D. WHITE, Interim | ) | |
| Director, STATE OF HAWAI`I, | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| SAFETY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER VACATING MAGISTRATE JUDGE'S JUNE 14, 2006 ORDER
GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY AND
VACATING MAGISTRATE JUDGE'S SEPTEMBER 11, 2006 ORDER
DENYING RESPONDENTS' MOTION TO RECONSIDER MAGISTRATE
JUDGE'S JUNE 14, 2006 ORDER**

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Respondents'[1] Appeal of

Magistrate Judge's June 14, 2006 Order Granting Motion for Leave to Conduct

Discovery ("Discovery Order") and Magistrate Judge's September 11, 2006 Order

Denying Respondents' Motion to Reconsider Magistrate Judge's June 14, 2006

Order  ("Order Denying Reconsideration") and the supporting and opposing

_____

[1] Respondent Richard Bissen, Acting Director, is replaced with Respondent
Iwalani D. White, Interim Director pursuant to Fed. R. Civ. P. 25(a)(1).

memoranda, the Court VACATES the Discovery Order and VACATES the Order

Denying Reconsideration.  This Court REMANDS this case for the Magistrate

Judge to make conclusive determinations concerning the exhaustion of all claims.

BACKGROUND

On July 14, 1995, Vilmar Cabaccang was stabbed, and he died of his

wounds a few days later.  The police initially suspected a man named James

"Hina" Burkhart ("Burkhart") of the stabbing.  Ultimately, the police decided that

Burkhart was not a suspect, based on the inability of eyewitnesses to identify

Burkhart as the stabber and on statements of alibi witnesses.  Instead, the police

determined that Petitioner Taryn Christian was a suspect, and they arrested him in

connection with Cabaccang's murder.  That arrest was based on a reported

confession that Petitioner made to an ex-girlfriend and on positive identifications

by eye witnesses.  Petitioner has maintained his innocence throughout the legal

proceedings.  Petitioner asserts that the DNA testing of the physical evidence will

prove his innocence.

On March 10, 1997, a jury found Petitioner guilty of:  (1) Murder in

the Second Degree, in violation of Hawai`i Revised Statutes ("HRS") § 707-701.5,

(2) Use of Deadly or Dangerous Weapon in the Commission of Crime, in violation

of HRS § 134-51(b), and (3) Attempted Theft in the Third Degree, in violation of

HRS § 705-500 and § 708-832(1)(a).  Petitioner was sentenced to life

imprisonment with the possibility of parole on May 29, 1997.  On direct appeal,

the Hawai`i Supreme Court affirmed Petitioner's convictions for Murder in the

Second Degree and Attempted Theft in the Third Degree and reversed his

conviction for Use of Deadly or Dangerous Weapon in the Commission of a

Crime.  See State v. Christian, 967 P.2d 239 (Haw. 1998).

On January 31, 2000, Petitioner, pro se, filed a Petition to Vacate, Set

Aside, or Correct Judgment or to Release Prisoner from Custody under Hawai`i

Rules of Penal Procedure Rule 40.  On April 23, 2002, Petitioner filed a Motion to

Produce Evidence for Inspection and Testing ("Motion to Produce").  On May 2,

2002, the trial court issued its Findings of Fact, Conclusions of Law, and Order

Denying Petition for Post-Conviction Relief ("Rule 40 Order").[2]  On May 13,

2002, Petitioner filed a Motion for Reconsideration of the Rule 40 Order.[3]  After

holding a hearing, the trial court denied the Motion to Produce and the Motion to

Reconsider the Rule 40 Order.  Petitioner appealed the trial court's denial of those

---

[2] The trial court's Findings of Fact, Conclusions of Law and Order Denying
Petition for Post-Conviction Relief were not made a part of the record.  Thus, it is
not known what arguments Petitioner raised and why they were denied.

[3] Petitioner's Motion for Reconsideration was not made a part of the record,
so it is not known what arguments he raised.

two motions to the Hawai`i Supreme Court.  The Hawai`i Supreme Court affirmed

the trial court in an unpublished  Summary Disposition Order.  <u>See</u> <u>Christian v.</u>

<u>State</u>, No. 25196 (Haw. 2004).

On December 22, 2004, Petitioner filed a Petition Under 28 U.S.C.

§ 2254 For Writ of Habeas Corpus By A Person In State Custody ("Petition") in

the United States District Court for the District of Hawai`i.  On April 19, 2006,

Petitioner filed his First Motion for Leave to Conduct Discovery ("Discovery

Motion").  On June 14, 2006, Magistrate Judge Kobayashi ("Magistrate Judge")

granted the Discovery Motion over Respondents' opposition.  On June 23, 2006,

Respondents filed a Motion to Reconsider the Discovery Order ("Motion to

Reconsider").  On September 11, 2006, the Magistrate Judge denied the Motion to

Reconsider.  The Magistrate Judge has not issued any Findings and

Recommendations in this case thus, the instant appeal is from the Discovery Order

and the Order Denying Reconsideration.[4]

---

[4] During the pendency of this appeal, the parties have proceeded to negotiate
a plan for discovery to be approved by the Magistrate Judge.  This plan, however,
is conditioned upon the affirmance of the Discovery Order at issue.  <u>See</u>, CV No.
04-00743 DAE-LEK, Minute Order, January 10, 2007.

Respondents appeal from the following determinations made in the

Discovery Order.  First:

> The Court has reviewed the current record and it appears that the following claims are exhausted: Ground One, Ground Two, Ground Three, Ground Seven, and Ground Eight, with the exception of Petitioner's claim that trial counsel rendered ineffective assistance in advising him about his right to testify.  The Court, however, notes that the remainder of Petitioner's claims may be procedurally defaulted.

Discovery Order at 13.  Second,

> In the Petition, [Petitioner] alleged Fifth Amendment, Sixth Amendment, and Fourteenth Amendment violations in Ground Two.  In his reply in support of the Petition, [Petitioner] conceded that he did not exhaust the Fifth Amendment claim and expressly abandoned that portion of Ground Two . . . .
>
> This Court emphasizes that this is merely the Court's inclination and, at this point, the Court does not make any findings or recommendations regarding the procedural or substantive merits of Petitioner's claims. . . .

Id. at 13-14 (footnotes omitted). Third,

> The Court finds that discovery is essential for Petitioner to fully develop his actual innocence argument, which could allow the federal court to consider the merits of claims that may have been procedurally defaulted. . . . Petitioner has therefore established good cause to conduct limited discovery to support his actual innocence argument.

5

Id. at 15 (internal citations omitted).  Respondents also appeal from the Order

Denying Reconsideration.

## STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by

a Magistrate Judge.  See Fed. R. Civ. P. 72(a); LR 74.1.  A district judge "shall set

aside any portion of the magistrate judge's order found to be clearly erroneous or

contrary to law."  LR 74.1.  To find a magistrate judge's decision to be "clearly

erroneous," the district court must have a "definite and firm conviction that a

mistake has been committed."  Burdick v. Comm'r Internal Revenue Serv., 979

F.2d 1369, 1370 (9th Cir.1992) ("A finding of fact is clearly erroneous if we have a

definite and firm conviction that a mistake has been committed.").  "The reviewing

court may not simply substitute its judgment for that of the deciding court."

Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to

consider an element of the applicable standard."  Conant v. McCoffey, No. C

97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. 1998).

## DISCUSSION

Discovery is not allowed as of right in habeas proceedings; rather, it is

available only in the "discretion of the court" and for "good cause."  Rich v.

6

Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999).  Rule 6(a) of the Rules Governing

Section 2254 Cases in the United States District Court provides for discovery.  The

Rule states, in pertinent part, "A judge may, for good cause, authorize a party to

conduct discovery under the Federal Rules of Civil Procedure and may limit the

extent of discovery."  The Ninth Circuit permits discovery where it is necessary for

the prisoner to "develop fully" the claim underlying the habeas petition, Pham v.

Terhune, 400 F.3d 740, 743 (9th Cir. 2005), and where the prisoner's claims do

"not appear purely speculative or without any basis in the record."  McDaniel v.

United States Dist. Court for the Dist. of Nev., 127 F.3d 886, 888 (9th Cir. 1997).

Furthermore, a court should not grant a discovery request if the habeas petition is

invalid or when the petition "involves both exhausted and unexhausted claims."

Calderon v. United States Dist. Court for the N. Dist. of Calif. (Thomas), 144 F.3d

618, 621 (9th Cir. 1998).

   Petitioner asserts eight grounds for federal relief:  (1) deprivation of

his right to testify on his own behalf ("Ground One"); (2) improper exclusion of

Burkhart's confessions ("Ground Two"); (3) ineffective assistance of trial counsel

for failure to present available exculpatory evidence, to investigate the facts

adequately , and to conduct necessary forensic tests ("Ground Three"); (4) actual

innocence ("Ground Four"); (5) admission of improper identification evidence

7

("Ground Five"); (6) admission of false and/or misleading evidence ("Ground

Six"); (7) ineffective assistance of appellate counsel ("Ground Seven"); and (8)

ineffective assistance of trial counsel for improper advice regarding his right to

testify and for providing a defective closing argument ("Ground Eight").

      The Magistrate Judge determined that Grounds One, Two, Three,

Seven, and Eight (with the exception of Petitioner's claim that trial counsel

rendered ineffective assistance in advising him about his right to testify)

"appeared" to be exhausted.[5]  (Discovery Order at 13.)  That statement arguably

does not constitute a conclusive determination of whether those grounds in fact

were exhausted.  Regardless, the Magistrate Judge failed to determine whether

Grounds Four, Five, and Six were exhausted when the Magistrate Judge noted that

"the remainder of Petitioner's claims may be procedurally defaulted," without

touching on the issue of exhaustion.  (Discovery Order at 13.)  Moreover, in a

footnote, the Magistrate Judge indicated that that notation merely was an

"inclination," rather than a finding or recommendation.  (Discovery Order at 13, fn

4.)

---

[5] Respondents only argue that the Magistrate Judge committed "manifest error of law" in determining that Grounds Two, Three, Seven, and Eight were exhausted, not Ground One.

By failing to make conclusive determinations concerning all grounds, the Magistrate Judge misapplied the standard for granting discovery requests in habeas proceedings.  Again, discovery should be granted only if the petition is valid and all the claims contained in the petition have been exhausted.  See Calderon v. United States Dist. Court (Thomas), 144 F.3d at 621; see also, Sherman v. McDaniel, 333 F. Supp. 2d 960, 968 (D. Nev. 2004) (citing Calderon v. United States Dist. Court (Nicolaus), 98 F.3d 1102, 1106-7 (9th Cir. 1996)). Any unexhausted claims must be dropped from the Petition, or the Petition will have to be dismissed.  Calderon v. United States Dist. Court for the E. Dist. of Calif. (Roberts), 113 F.3d 149, 149 (9th Cir. 1997).

The Magistrate Judge apparently conflated the issues of exhaustion and procedural default concerning Grounds Four, Five, and Six when determining whether to permit discovery.  A federal habeas petition is procedurally barred from being reviewed in federal court if there is an independent and adequate state procedural ground on which the state could deny relief.  See Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) (citing Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 729-30 (1991)).  As the Magistrate Judge correctly noted, an exception exists where Petitioner can demonstrate cause that a failure to review would result in, among other things, a

9

fundamental miscarriage of justice, in this case, the conviction of an innocent person.  See id. at 14 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); see also, Bennett,  322 F.3d at 580 (determining that "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice") (quoting Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993)).

Here, the Magistrate Judge applied the "fundamental miscarriage of justice" exception to allow review in federal court.  That exception, however, is not meant to circumvent the exhaustion requirement.  As Justice O'Connor explained in Coleman, the "independent and adequate state ground doctrine" ensures that states first have a right to correct their own mistakes concerning federal habeas cases, rather than simply allowing claims to go straight to federal court.  See 501 U.S. at 732.  Thus, Justice O'Connor makes plain that the doctrine is not intended to be used synonymously with the exhaustion requirement because, if that were the case, then, as Respondents point out, petitioners would be able to avoid exhausting their claims in state court merely by demonstrating cause and prejudice or a fundamental miscarriage of justice.  That is not the purpose for which the procedural bar exception was created.  Such a result would undermine the authority

of state courts and deprive them of the first opportunity to correct any constitutional violations committed in state courts.  See id. at 722("[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]") (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

Here, the Discovery Order and Order Denying Reconsideration fail to discuss the procedural history as it relates to Grounds Four, Five, and Six, i.e., in which proceedings they were raised and the grounds on which the issues were resolved.  Thus, it is difficult to determine on the record if those grounds, in fact, were unexhausted in state court or procedurally barred because there was an "independent and adequate state ground."

Upon remand, the Magistrate Judge must make an express determination of whether Petitioner actually raised and exhausted Grounds Four, Five, and Six before permitting discovery to support Petitioner's actual innocence argument.  While on remand, the Magistrate Judge also should make a conclusive determination concerning Grounds One, Two, Three, Seven, and Eight.  If any of those grounds were not exhausted, they must be excised from the Petition, or the Petition must be dismissed.  See, Calderon v. United States Dist. Court (Roberts), 113 F.3d at 149.  If they were exhausted and if there was an independent and

11

adequate state ground to preclude review in federal court, the Magistrate Judge may consider the grounds on their merits only if Petitioner demonstrates "cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice," such as proof of actual innocence.  Bennett, 322 F.3d at 580 (citations omitted).

## CONCLUSION

For the reasons stated above, the Court VACATES the Discovery Order and VACATES the Order Denying Reconsideration.  This Court REMANDS this case for the Magistrate Judge to make conclusive determinations concerning the exhaustion of all claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 6, 2007.



_____
David Alan Ezra
United States District Judge

Taryn Christian vs. Iwalani D. White, et al., Civil No. 04-00743 DAE-LEK; ORDER VACATING MAGISTRATE JUDGE'S JUNE 14, 2006 ORDER GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY AND VACATING MAGISTRATE JUDGE'S SEPTEMBER 11, 2006 ORDER DENYING RESPONDENTS' MOTION TO RECONSIDER MAGISTRATE JUDGE'S JUNE 14, 2006 ORDER