DEPARTMENT OF THE PROSECUTING ATTORNEY  207

BENJAMIN M. ACOB  4471
Acting Prosecuting Attorney
PETER A. HANANO  6839
First Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 270-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | RESPONDENTS' PROPOSED |
| vs. | ) | ORDER REGARDING DISCOVERY; |
| | ) | MEMORANDUM IN SUPPORT OF |
| IWALANI D. WHITE, Interim | ) | RESPONDENTS' PROPOSED ORDER |
| Director, STATE OF HAWAI`I, | ) | REGARDING DISCOVERY; |
| DEPARTMENT OF PUBLIC | ) | APPENDICES "A" AND "B"; |
| SAFETY, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Respondents. | ) | |
| | ) | |

**RESPONDENTS' PROPOSED ORDER
REGARDING DISCOVERY**

**MEMORANDUM IN SUPPORT OF RESPONDENTS'
PROPOSED ORDER REGARDING DISCOVERY**

**APPENDICES "A" AND "B"**

**CERTIFICATE OF SERVICE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | CIV. NO. 04-00743 DAE-LEK |
| ) | |
| Petitioner, ) | |
| ) | RESPONDENTS' PROPOSED |
| vs. ) | ORDER REGARDING DISCOVERY |
| ) | |
| IWALANI D. WHITE, Interim ) | |
| Director, STATE OF HAWAI`I, ) | |
| DEPARTMENT OF PUBLIC ) | |
| SAFETY, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

## RESPONDENTS' PROPOSED ORDER REGARDING DISCOVERY

COME NOW, IWALANI D. WHITE, Interim Director, Department of Public Safety, State of Hawaii, (hereinafter "Respondents"), by and through their attorney, PETER A. HANANO, First Deputy Prosecuting Attorney for the County of Maui, and present this Proposed Order Regarding Discovery pursuant to the Court's Minute Order dated January 10, 2007. Therefore, Respondents, having reviewed the

Petitioner's Stipulated Initial Discovery Order received on January 22, 2007, (See Appendix "A"), hereby submits the following Proposed Order.[1]

I.  **DNA Testing.**

    A.  **Procedure.**

        1.  The items shall be transported to Serological Research Institute in Richmond, California.

        2.  All items which are in possession of the state court clerk shall be immediately sent to the Maui Police Department's (MPD) evidence custodian.

        3.  Following the transfer of all items to the MPD's evidence custodian, items sent for DNA testing shall be sent to Serological Research Institute (SRI).

        4.  Each submission to SRI shall be accompanied by a cover letter listing the items being sent and, if available, any identifying exhibit numbers, laboratory numbers, or other titles or numbers.

        5.  Brian Wraxall at SRI shall document the chain of custody of the items, from the time SRI obtains custody until the time it releases custody, and shall document the steps taken in examining and analyzing the items.

        6.  Items shall be sent by overnight mail. The mailing shall be times so that the items are not in transit during a weekend.

        7.  After examining the evidence to determine the suitability and feasibility of various items for testing, SRI shall conduct nuclear

---

[1] Respondents submit this proposed discovery plan pursuant to the Minute Order of this Court filed on January 10, 2007, however, Respondents do not in any way assent to allowing Petitioner discovery in this case and reserves therefore, its right to pursue any remedies under the applicable Rules of the Court.

       DNA testing using PCR procedures, on some or all of the items submitted.

8. At a minimum, nuclear DNA testing shall be conducted on the swabs from the sidewalk.

9. If initial analysis indicates there is biological material suitable for testing on the handles of either the knife or the screwdriver, those handles also shall be subjected to nuclear DNA testing.

10. The likelihood of obtaining meaningful results from the other items shall be determined after those items are examined at the laboratory.

11. No reference samples - that is no known samples of Vilmar Cabbaccang, James Burkhart, Serena Seidel, Taryn Christian, or any other person - shall be sent at the same time as the items from the crime scene. This is to assure that there is no possibility that any reference sample shall contaminate a crime scene sample either during transit or during examination at the laboratory.

12. DNA profiles shall be obtained from reference samples, to the extent necessary, at a separate time from the time of testing of the crime scene evidence.

13. Petitioner shall provide the Court and the State, prior to the transfer of any evidence, with the name, address, phone number, and any relevant credentials of the laboratory.

**B.   Items To Be Sent For Testing.**

1. Swabs from the sidewalk (items 12, 12A, and 12B).
2. The knife (item 1).
3. The screwdriver (item 3).
4. The keys to Vilmar Cabaccang's vehicle.
5. Swabs from the crime scene (items 10, 10A, 11A).
6. Serena Seidel's clothing (items 4 and 5).
7. The jacket (item 6).
8. The cap (item 2).

C. **Documents to be Sent in Advance of Testing.**

   1. Respondents shall produce discovery materials in the possession of the County of Maui.

   2. Petitioner may serve subpoenas to obtain discovery materials that may be in the possession of the FBI or the Honolulu Police Department.

D. **Timing.**

   1. Testing of the items shall occur at dates which are suitable to both parties, but in no event shall this initial testing be conducted later than two months after the Court's discovery order becoming final, except by mutual consent of the parties or by subsequent order of the court.

E. **Costs.**

   1. Petitioner is responsible for reimbursing Respondents, the State of Hawaii courts, and MPD for any shipping and/or handling costs associated with the transfer of the evidence.

II. **Further Information Regarding James Burkhart.**

   1. Petitioner may serve subpoenas to obtain evidence of confessions that James Burkhart allegedly made after Petitioner's trial.

III. **Tape Recordings.**

   1. The originals of the Kimmey-Christian tape and the 911 tape shall be sent via overnight mail service, to audio expert John Mitchell in Albuquerque, New Mexico.

   2. If the Kimmey-Christian tape copy which was actually played to the jury is located, that tape shall also be sent to John Mitchell.

3.  Respondents may elect to bring the tapes to Mr. Mitchell in person and to have a representative present during Mr. Mitchell's work with the tapes.

4.  Prior to sending the tapes to Mr. Mitchell, Respondents may make copies of the tapes.

5.  The work on the tapes shall be conducted within two months of receipt.

6.  In addition, to the above, Respondents shall provide defense counsel, if available, copies of the following video tapes: (1) crime scene, (2) Gas Express, (3) police interviews of MCCC inmates, (3) police interviews of James Burkhart.

7.  All tapes shall be sent to local defense counsel within two weeks of the discovery order becoming final.

8.  Petitioner is responsible for reimbursing Respondents and/or MPD for any shipping and/or handling costs associated with the copying and mailing of discovery materials.

IV. **Other Items**.

1.  Respondents shall provide a list of all discovery materials currently within the possession of the Department of the Prosecuting Attorney - County of Maui, and/or the MPD within two weeks of the discovery order becoming final.

2.  Respondents shall allow defense counsel reasonable access to and/or provide copies of any and all discoverable materials, including but not limited to, police reports, computer files, audio/video recordings, photographs, charts, drawings, and exhibits.

3.  Petitioner is responsible for reimbursing Respondents and/or MPD for any shipping and/or handling costs associated with the copying and mailing of discovery materials.

**V. Physical Evidence.**

    1.    Within three months of the discovery order becoming final, Respondents shall allow Petitioner a reasonable opportunity to examine the physical evidence at MPD, at a mutually agreeable time;

    2.    Petitioner's examination of the physical evidence shall be limited to three people, defense counsel, a photographer, and an expert in crime scene reconstruction.

**VI. Disposal of Evidence.**

    1.    No items of evidence in this case shall be disposed of during the pendency of the habeas corpus proceedings.

    2.    Respondents shall provide the State court clerk and the MPD copies of this order not to dispose of evidence.

**VII. Disclosure of Test Results, Certain Other Material.**

    1.    Petitioner shall provide the State with copies of any and all documents, including, but not limited to, any written and/or oral findings, conclusions, reports, analysis, and other records of any type pertaining to the results of DNA testing, and results of the forensic examination by the audio expert.

    2.    Petitioner shall provide any and all information within its knowledge regarding any further incriminating statements by James Burkhart, beyond those reported up to and during Petitioner's trial.

    3.    Petitioner shall provide Respondent with any and all information, including but not limited to, documents, reports, video or audio tapes, photographs, recordings, evidence, names & addresses & phone numbers of witnesses, that Petitioner intends to rely upon in support of his Petition and/or evidentiary hearing, if any.

**VIII. Limitations on Disclosure.**

    1.    All discovery provided to Petitioner is to remain in the custody possession of Petitioner's counsel and counsel's staff only.

    2.      All originals, and any copies and/or duplicates of all discovery materials shall not be provided to anyone but Petitioner's counsel and counsel's staff, without prior approval of the Court and notice to Respondents.

**IX.   Commencement of Discovery.**

    1.      Petitioner may not commence discovery until the Court's Discovery Order becomes final.

IT IS SO ORDERED.

---

LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

---

PETER A. HANANO
Attorney for Respondents

---

KEITH SHIGETOMI
Attorney for Petitioner