DEPARTMENT OF THE PROSECUTING ATTORNEY  207

BENJAMIN M. ACOB  4471
Acting Prosecuting Attorney
PETER A. HANANO  6839
First Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 270-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT OF RESPONDENTS' PROPOSED ORDER REGARDING DISCOVERY |
| IWALANI D. WHITE, Interim Director, STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY, | ) | |
| Respondents. | ) | |

**MEMORANDUM IN SUPPORT OF RESPONDENTS'
PROPOSED ORDER REGARDING DISCOVERY**

COME NOW, IWALANI D. WHITE, Interim Director, Department of Public Safety, State of Hawaii, (hereinafter "Respondents"), by and through their attorney,

PETER A. HANANO, First Deputy Prosecuting Attorney for the County of Maui, and present this Memorandum in Support of Respondents' Proposed Order Regarding Discovery pursuant to the Court's January 10, 2007 Minute Order. Therefore, Respondents' having reviewed Petitioner's Stipulated Initial Discovery Order received on January 22, 2007, (See Appendix "A"), hereby submits the following objections.

I.  **DNA Testing**.

   A.  **Procedure**.

   1) Respondents object to Petitioner's procedure for DNA testing to the extent that said procedure requires "[i]tems which are in the possession of the state court clerk be sent directly from the clerk's office to Serological Research Institute";

   2) Instead, Respondents hereby request that in lieu of Petitioner's above-described procedure, all evidence currently within the possession of the Second Circuit Court be immediately transferred directly to the Maui Police Department ("MPD"), at which time, MPD will be solely responsible for sending *all* evidence to the appropriate laboratories and/or experts for testing;

   3) This issue was not previously discussed during the June 30, 2006 telephone conference, and therefore, Respondents request a fair opportunity to respond to Petitioner's proposals regarding this issue;

   B.  **Items To Be Sent For Testing**.

   1) Respondents do not object to sending the requested items (items 1-8) to the designated laboratory and/or expert for testing.

    C.    **Documents to be Sent in Advance of Testing.**

        1)    Respondents object to Petitioner's procedure to the extent that it is contrary to the Court's 6/30/2006 Minute Order. (See Appendix "B"). Specifically, in the 6/30/2006 Minute Order, the Court ordered the following in pertinent part:

> *"2) Respondents shall produce discovery materials in the possession of the County of Maui. Petitioner may serve subpoenas to obtain materials that may be in the possession of the FBI or the Honolulu Police Department."*

        2)    The "Stipulated Initial Discovery Order" clearly contradicts the Court's 6/30/2006 Minute Order by requiring Respondents to provide "[a]ll documents in the case regarding prior DNA testing, prior serological analysis, and prior handling of the biological evidence in the case".

## II. Further Information Regarding James Burkhart.

    1)    Respondents also object to Petitioner's procedure (page 4 of the Stipulated Initial Discovery Order), requiring Respondents to conduct discovery with Maui police, to the extent that it is contrary to the Court's 6/30/2006 Minute Order. Specifically, in the 6/30/2006 Minute Order, the Court ordered the following in pertinent part:

> *"6) Petitioner may serve subpoenas to obtain evidence of confessions that James Burkhart allegedly made after Petitioner's trial".*

    2)    The Stipulated Initial Discovery Order clearly contradicts the Court's 6/30/2006 Minute Order by requiring Respondents to embark on a fishing expedition to seek discovery regarding James Burkhart from the MPD.

## VII. Limitations on Disclosure.

    1)    The Stipulated Initial Discovery Order does not include a provision, providing as proposed by Respondents that, *"all discovery provided to*

*Petitioner is to remain in the custody and possession of Petitioner's counsel and counsel's staff only";*

2) Nor does the Stipulated Initial Discovery Order contain a provision that, *"all originals, and any copies and/or duplicates of all discovery materials shall not be furnished to anyone except Petitioner's counsel without the prior approval of the Court and notice to Respondents.*

Therefore, based upon all of the aforementioned reasons, Respondent's respectfully submits this Memorandum in Support of Respondents' Proposed Order Regarding Discovery, and respectfully requests that this Court adopt the Respondents' Proposed Order Regarding Discovery.

DATED: Wailuku, Hawaii, <u>February 7, 2007</u>.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
BENJAMIN M. ACOB
ACTING PROSECUTING ATTORNEY

By_____
PETER A. HANANO
First Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents