# APPENDIX "A"

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, | ) CIV NO. 04-00743 DAE-LEK |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) STIPULATED INITIAL DISCOVERY ORDER |
| vs. | ) |
| | ) |
| RICHARD BISSEN, Acting | ) |
| Director, State of Hawaii | ) |
| Department of Public Safety, | ) |
| Respondent. | ) |

I.  DNA Testing

  A.  Procedure

The items listed shall be transported to Serological Research Institute in Richmond, California.

Items which are in possession of the state court clerk shall be sent directly from the clerk's office to Serological Research Institute.

Other items shall be sent directly from the current custodian to Serological Research Institute.

Each submission will be accompanied by a cover letter listing the items being sent and, if available, any identifying exhibit numbers, laboratory numbers, or other titles or numbers.

Brian Wraxall at Serological Research Institute shall document the chain of custody of the items, from the time SERI obtains custody until the time it releases custody, and shall

document the steps taken in examining and analyzing the items.

Items shall be sent by overnight mail. The mailing shall be timed so that the items are not in transit during a weekend.

After examining the evidence to determine the suitability and feasibility of various items for testing, Serological Research shall conduct nuclear DNA testing, using PCR procedures, on some or all of the items submitted.

At a minimum, nuclear DNA testing shall be conducted on the swabs from the sidewalk.

If initial analysis indicates there is biological material suitable for testing on the handles of either the knife or the screwdriver, those handles also shall be subjected to nuclear DNA testing.

The likelihood of obtaining meaningful results from the other items shall be determined after those items are examined at the laboratory.

No reference samples – that is no known samples of Vilmar Cabaccang, James Burkhart, Serena Seidel, Taryn Christian, or any other person – shall be sent at the same time as the items from the crime scene. This is to assure that there is no possibility that any reference sample shall contaminate a crime scene sample either during transit or during examination at the laboratory.

DNA profiles shall be obtained from reference samples, to the extent that is necessary, at a separate time from the time of the testing of the crime scene evidence.

**B. Items to Be Sent for Testing**

    1. Swabs from the sidewalk (items 12, 12A, and 12B)

    2. The knife (item 1)

    3. The screwdriver (item 3)

4. The keys to Vilmar Cabaccang's vehicle

5. Swabs from the crime scene (items 10, 10A, and 11A)

6. Serena Seidel's clothing (items 4 and 5)

7. The jacket (item 6)

8. The cap (item 2)

**C. Documents to be Sent in Advance of Testing**

Prior to the testing of the items from the crime scene, the Respondent shall provide to Petitioner's counsel all documents in the case regarding prior DNA testing, prior serological analysis, and prior handling of the biological evidence in the case.

Documents to be provided shall include all reports, memoranda, photographs, computer files, bench notes, raw data, typing strips, blood testing documents and other records of any type regarding prior examination, review, analysis, testing, collection, and/or handling of any and all biological evidence in the case. These records shall include any data recorded, including any DNA profiles, regarding references samples, regarding biological evidence from the crime scene, and/or regarding other samples.

Items sent to Serological Research Institute shall arrive with sufficient documents, labeling, and other identifying information so that the laboratory can determine clearly the contents of any package prior to opening it. Items sent to Serological Research Institute shall also have prior laboratory numbers and/or other appropriate classification data so that chain of custody can be identified and preserved.

### D. Timing

The testing shall occur at dates which are suitable to both parties, but in no event shall this initial testing be conducted later than two months after the Court's discovery order becoming final, except by mutual consent of the parties or by subsequent order of the court.

### E. Costs

Petitioner shall reimburse Respondents for shipping costs associated with the transfer of evidence. If Respondent elects to have a representative present during testing, Respondent shall bear the cost of having the representative present.

## II. Further Information Regarding James Burkhart

Respondent shall provide any additional information the prosecutor's office or Maui police has regarding incriminating statements of James Burkhart and/or other information which may tend to implicate Mr. Burkhart.

Any such information, and any police reports, recordings, or other materials gathered in conjunction with any such incriminating information, shall be provided to counsel for Petitioner within one month after the discovery order becoming final.

Petitioner may issue subpoenas for discovery, whether or not it pertains to James Burkhart specifically, for information pertaining to this case which may be in the custody of the Honolulu Police Department, the Federal Bureau of Investigation, or any other law enforcement agency.

## III. Tape Recordings

The originals of (1) the tape recording of the conversation between Lisa Kimmey and Taryn Christian and (2) the 911 tape shall be sent or brought to audio expert John Mitchell in

4

Albuquerque, New Mexico so that he may use them in his audio analysis of the contents of these tapes.

If the Kimmey/Christian tape copy which was actually played to the jury is located, that also shall be sent to John Mitchell.

Respondent may elect to bring the tapes to Mr. Mitchell in person and to have a representative present during Mr. Mitchell's work with the tapes.

Respondent may make a copy of each tape before sending the tapes.

The work on the tapes shall be conducted within two months of receipt.

In addition, to providing the expert with the original tape recordings of the Kimmey/Christian conversation and the 911 tape, Respondent shall provide to defense counsel copies of these videotapes: (1) crime scene, (2) Gas Express, (3) police interviews of MCCC inmates, (4) police interview of James Burkhart.

All tapes shall be sent within two weeks of the discovery order becoming final.

## IV. Other Items

Respondents shall provide a list of all discovery materials currently within the possession of the Department of Prosecuting Attorney – County of Maui and/or the Maui Police Department within two weeks of the discovery order becoming final.

Respondents shall allow Petitioner reasonable access to and/or provide copies of any and all discovery materials, including but not limited to, police reports, computer files, audio/video recordings, photographs, charts, drawings, and exhibits.

Petitioner shall promptly reimburse Respondents for any copying and/or shipping costs associated with the copying and/or providing of discovery to Petitioner.

## V. Physical Evidence

Respondent and Petitioner shall arrange a mutually agreeable time for Petitioner's counsel, a crime scene reconstruction expert, and a photographer to examine and photograph the physical evidence in the case. This viewing and photographing shall occur at a time, within three months of the discovery order becoming final, mutually agreeable to the parties.

## VI. Disposal of Evidence

No items of evidence in this case shall be disposed of during the pendency of the habeas corpus proceedings. Respondent shall provide the Maui County court clerk's office, the Maui Police Department, and all other custodians of evidence copies of this order not to dispose of evidence with this section underlined or otherwise highlighted.

## VII. Disclosure of Test Results, Certain Other Material

Petitioner shall allow Respondents access to photographs, test results, expert reports, and other material generated as a result of the discovery permitted by the Court.

IT IS SO ORDERED.

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

_____
PETER HANANO
Attorney for Respondent

_____
KEITH SHIGETOMI
Attorney for Petitioner