KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367
Fax: 405-366-8329
Email: barrettlaw@sbcglobal.net

ATTORNEYS FOR PETITIONER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII**

| | | |
|---|---|---|
| **TARYN CHRISTIAN,** | ) | CIV NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | **PETITIONER S REPLY** |
| | ) | **REGARDING EVIDENTIARY** |
| | ) | **HEARING CONTENTIONS** |
| | ) | |
| vs. | ) | |
| | ) | **DECLARATION OF COUNSEL** |
| **RICHARD BISSEN, Acting** | ) | |
| **Director, State of Hawaii** | ) | |
| **Department of Public Safety,** | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Respondent. | ) | |

**PRELIMINARY STATEMENT**

Rather than addressing the procedures and principles which will apply at evidentiary hearing, Respondent has presented what amounts to a new response to

the habeas corpus petition as a whole.

Although, from Petitioner's viewpoint, the Respondent's brief is not truly responsive, Petitioner is replying to some central positions of the Respondent and pointing out some of the legal and factual matters omitted from Respondent's analysis.

## THIS CASE PARALLELS THE HOUSE CASE REGARDING THE INNOCENCE GATEWAY

Over the course of multiple pleadings, Petitioner has been pointing out:

Numerous exonerations have occurred in recent years (123 exonerations among those who had previously been sentenced to death — see deathpenaltyinfo.org), including some in cases where the evidence once was thought to be strong.

For example, the Oklahoma Court of Criminal Appeals affirmed the conviction of Ronald Williamson 5-0 because trial error was not prejudicial "[i]n light of the strong evidence of guilt ..." **Williamson v. State,** 812 P.2d 390, 400 (Okla. Crim. 1991).  Eight years after that ruling, Ron Williamson was freed because the semen and hair at the scene of the rape-murder did not match Williamson or his co-defendant, and instead matched Glen Gore, who testified against the two and who was the only witness claiming Williamson and the

deceased were together on the evening of the homicide.   DNA Tests Clear Men in Prison,  **Daily Oklahoman,** (April 16, 1999).

The evidence pointing toward another pepetrator in Taryn Christian s case is substantial.

There are multiple confessions of James Burkhart; Burkhart was scheduled to visit someone who lived near the scene of the homicide on the night of the homicide; Burkhart s name was mentioned both during a 911 call and during the police s questioning of witnesses who had been at or near the crime scene; according to various reports, Burkhart matched the sketch of Vilmar Cabaccang s assailant.

The evidence which the Respondent claims is overwhelming seems much less so when subjected to scrutiny.   One of the two witnesses identifying Christian has himself questioned the accuracy of his identification and has noted that the man he saw fleeing the stabbing had hair which was long in back.  Taryn Christian s hair was short in back.  The other eyewitness reputedly was a close friend of Burkhart and therefore would have a motive to deflect attention from Burkhart.

The recording of the Lisa Kimmey/ Taryn Christian conversation, although containing some inculpatory remarks, also contains Christian s denials that he committed the homicide.

If the biological evidence from the crime scene undermines the state's case, that circumstance, coupled with the Burkhart confession may place Christian on approximate equal footing with the Petitioner in **House v. Bell,** 126 S.Ct. 2064 (2006). In that case, Petitioner Paul House made a sufficient showing to meet the actual innocence exception to procedural bar. The primary evidentiary support for the innocence case came from (1) new forensic evidence which tended to undermine the State's claim that House was the perpetrator and (2) reported confessions from another suspect who also had a connection to the place of the crime.

In Christian's case, DNA testing and other forensic questioning may implicate Burkhart or at least, as in **House,** fail to provide a substantial link between Christian and the homicide. Confessions of Burkhart already are in the record and, again as in **House,** there are additional reasons to believe Burkhart could be connected to the crime scene.

Thus, the Respondent's contention that Christian has no hope of entering through an innocence gateway is a position that badly misses the mark. Christian's case in fact parallels the recent Supreme Court case granting relief and allowing the Petitioner to enter through the innocence gateway.

Contrary to Respondent's insinuation, all evidence pointing toward Christian

would not need to be eliminated for him to be entitled to relief. Forensic evidence in fact could make Christian's case legally indistinguishable from House's. The Supreme Court stated:

> This is not a case of conclusive exoneration. Some aspect of the State's evidence — Lora Muncey's memory of a deep voice, House's bizarre evening walk, his lie to law enforcement, his appearance near the body, and the blood on his pants — still support an inference of guilt. Yet the central forensic proof connecting House to the crime — the blood and the semen — has been called into question, and House has put forward substantial evidence pointing to a different suspect. Accordingly, and although the issue is close, we conclude that this is the rare case where — had the jury heard all the conflicting testimony — it is more likely than not that no reasonable juror viewing the record as a whole would lack reasonable doubt.

126 S.Ct. at 2086.

### DENIAL OF THE RIGHT TO TESTIFY WAS ARBITRARY IN LIGHT OF CHRISTIAN BEING SUBJECTED TO NEW LAW REGARDING THE TIMING OF THE TESTIFYING REQUEST

Although the Hawaii Supreme Court, in deciding Taryn Christian's direct appeal conceded it had previously at least "implied" that a defendant had until jury submission to change his mind about testifying.

Subjecting Christian to the new too-late rule was constitutionally impermissible because any impediments to the right to testify may not be "arbitrary or disproportionate to the purposes they are designed to serve." **Rock v. Arkansas,** 483 U.S. 44, 55-56 (1987).

Even if Hawaii had announced a cutoff time for deciding to testify, that rule would likely be enforceable because minor delays in trial must yield to the more significant weight of giving meaning to the right to testify.   Exclusion of the defendant's own testimony is a prejudicial constitutional violation warranting habeas relief.  **Gill v. Ayers,** 342, 911, 917-18, 922 (9th Cir. 2003).

## FAILURE TO ADMIT THE BURKHART CONFESSIONS WARRANTS RELIEF

As noted in the habeas application, established constitutional law permitted Christian to present evidence of a third party's guilt when that evidence would be necessary for the accused to present a full defense. **Chia v. Cambra,** 360 F.3d 997, 1004 (9th Cir. 2004).

Since the time the habeas petition was filed, the United States Supreme Court has decided **Holmes v. South Carolina,** 547 U.S. 319 (2006) which underscores the defense right to present evidence of third-party guilt even when the prosecution's case appears to be grounded in strong evidence.

Thus, even if the prosecution's defense of Burkhart were as strong as advertised (for example, his purported alibi consisted of relatives being willing to say he was up country on Maui), that strong evidence would not warrant excluding Christian's own important evidence.

If Christian was merely tossing out a wild theory, the Respondent's position would be well taken. However, Christian, in pointing to Burkhart, was targeting a person who was scheduled to be near the crime scene and whose name was spoken at the crime scene. Burkhart was a person who apparently matched the composite sketch.

Under the present circumstances the exclusion of the Burkhart confessions constituted constitutional error warranting habeas corpus relief.

## AN EVIDENTIARY HEARING IS IMPORTANT IN ADDRESSING INEFFECTIVE ASSISTANCE, INNOCENCE ISSUES

At various points in the brief Respondent complains that the Petitioner is speculating or that certain evidentiary matters or not adequately established.

An evidentiary hearing is necessary precisely because there are some facts that have not been thoroughly explored and because some evidence cannot be known until it is examined and/or tested.

As stated in Petitioner's opening evidentiary hearing brief, a hearing should be conducted when the facts are "not adequately developed..." **Townsend v. Sain,** 372 U.S. 293, 313 (1963) **overruled in part on other grounds, Keeney v. Tamayo-Reyes,** 504 U.S. 1, 5 (1992).

## **CONCLUSION**

Taryn Christian has been waiting for more than ten years to obtain the DNA testing that he could use in his defense.

He was been waiting more than ten years to be able to present to a finder of fact evidence that Burkhart confessed and that there are other substantial reasons to connect Burkhart to the homicide.

More than ten years ago, Taryn Christian was attempting to tell his side of the story and was denied.

Although discussions of the nuances and complexities of habeas corpus law are inevitable in addressing a case such as this, habeas law, as evidenced by the **House v. Bell** decision, still is designed to address injustices and make room for innocence claims.

It is rank injustice at each step and at each stage when Christian continues to be denied the basics: (1) DNA and other forensic testing, (2) testimony in his own behalf, (3) presenting evidence regarding who really did it.

Christian either should obtain summary relief because of the denial of the right to testify and to present evidence of third-party guilt, or should be allowed to begin testing and other forensic examination as a first step toward his evidentiary hearing presentation.

Respectfully submitted,


/s/ Mark Barrett
KEITH SHIGETOMI
MARK BARRETT
Attorneys for Petitioner

## DECLARATION OF COUNSEL

I, Mark Barrett, declare that the factual statements made in this document, to the best of my knowledge and belief, are derived from the exhibits to the state post-conviction application, the testimony from trial, and/or other documents on file in this case.  The assertions are correct to the best of my knowledge and belief.


/s/ Mark Barrett
MARK BARRETT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document is being served electronically on Peter Hanano, attorney for Respondent, on this 29th day of March, 2007.

/s/ Mark Barrett
MARK BARRETT