DEPARTMENT OF THE PROSECUTING ATTORNEY  207

BENJAMIN M. ACOB  4471
Prosecuting Attorney
PETER A. HANANO  6839
First Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD BISSEN, Acting<br>Director, STATE OF HAWAI'I,<br>DEPARTMENT OF PUBLIC SAFETY,<br><br>    Respondents.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 04-00743 DAE-LEK |

RESPONDENTS' APPEAL OF MAGISTRATE
JUDGE'S ORDER GRANTING PETITIONER'S
MOTION FOR LEAVE TO CONDUCT DISCOVERY AND
FINDINGS AND RECOMMENDATION REGARDING
PETITION FOR WRIT OF HABEAS CORPUS

AFFIDAVIT OF PETER A. HANANO
REGARDING APPENDICES "A" THROUGH "H"

APPENDICES "A" THROUGH "H"

CERTIFICATE OF SERVICE

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................................................... i

TABLE OF AUTHORITIES.............................................................. ii

I. RELEVANT FACTUAL BACKGROUND...................................... 1

II. STANDARD OF REVIEW................................................... 7

III. ARGUMENT....................................................................... 7

    A. THE MAGISTRATE'S FINDINGS AND
       CONCLUSIONS PERTAINING TO THE
       EXHAUSTION OF GROUNDS THREE, SEVEN, AND
       EIGHT WERE CLEARLY ERRONEOUS AND/OR
       CONTRARY TO LAW.................................................... 7

        1. Ground Three........................................................... 8

        2. Ground Seven........................................................... 12

        3. Ground Eight............................................................ 13

    B. THE MAGISTRATE COMMITTED A MANIFEST
       ERROR OF LAW BY  ALLOWING PETITIONER TO
       CONDUCT DISCOVERY EVEN THOUGH THE
       PETITION CONTAINED UNEXHAUSTED CLAIMS............... 14

IV. CONCLUSION....................................................................... 18

# TABLE OF AUTHORITIES CITED

**Page**

## CASES

Adams v. State, 81 P.3d 394, 400-01 (2003).................................................... 12

Baldwin v. Reese, 541 U.S. 27 (2004)............................................................. 7-8

Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.), cert. denied,
   Blanks v. Bennett, 540 U.S. 983 (2003)...................................................... 16

Bracy v. Gramley, 520 U.S. 899, 904 (1997)................................................. 14, 15

Briones v. State of Hawai`i, 74 Haw. 442, 848 P.2d 966 (Haw.
   1993)........................................................................................................ 9, 10, 12,
   13

Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th
   Cir.1992).................................................................................................. 7

Calderon v. U.S.D.C. (Nicolaus), 98 F.3d 1102, 1104 (9th Cir.
   1996)........................................................................................................ 14

Calderon v. U.S.D.C., (Roberts), 113 F.3d 149 (9th Cir. 1997)................... 15

Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993)........................ 14

Casey v. Moore, 386 F.3d 896, 912 n.13 (9th Cir. 2004)............................ 8

Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003)........................................ 12

Coleman v. Thompson, 501 U.S. 722, 750 (1991)........................................ 11

Conant v. McCoffey, No. C97-0139 FMS, 1998 WL 164946, at *2
   (N.D. Cal. 1998)...................................................................................... 7

Duncan v. Henry, 513 U.S. 364, 365 (1995)................................................. 7

Fields v. Waddington, 401 F.3d 1018 (9th Cir. 2005)................................... 7, 8

Ford v. Georgia, 498 U.S. 411, 424 (1991).................................................. 11

Fragiao v. State, 18 P.3d 871, 877-79 (2001)............................................... 12

## TABLE OF AUTHORITIES CITED

Page

### CASES (continued)

Franscisco v. Gathright, 419 U.S. 59 (1974)................................................ 16

Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th
    Cir. 1991)........................................................................................ 7

Harris v. Nelson, 394 U.S. 286, 300 (1969)................................................ 15

Harris v. Reed, 489 U.S. 255, 264 n. 10, (1989)......................................... 11

Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).............................. 8

Jones v. State, 79 Haw. 330, 902 P.2d 965 (1995)...................................... 9

Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000).............................. 8

Mabry v. Klimas, 448 U.S. 444 (1980)........................................................ 16, 17

Matias v. Oshiro, 683 F.2d 318, 319-21 (9th Cir. 1982)............................ 12

Peterkin v. Horn, 30 F.Supp.2d 513 (E.D. Penn. 1998)............................. 17

Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999)............................. 14

Roberts v. LaVallee, 389 U.S. 40 (1967)..................................................... 16

State v. Antone, 62 Haw, 346, 615 P.2d 101 (1980)................................... 9

State v. Ng, 93 P.3d 1181, 1184-85 (App. 2004)........................................ 12

### FEDERAL RULES OF CIVIL PROCEDURE

Rule 72(a)..................................................................................................... 7

### RULES GOVERNING SECTION 2254
### CASES IN UNITED STATES DISTRICT COURT

Rule 636(b)(1)(A)......................................................................................... 2

<u>TABLE OF AUTHORITIES CITED</u>

<u>Page</u>

<u>LOCAL RULES OF PRACTICE</u>

LR 74.1..........................................................................................    2

<u>HAWAII REVISED STATUTES</u>

Section 134-51(b)..........................................................................    2

Section 705-500............................................................................    2

Section 707-701.5..........................................................................    2

Section 708-832(1)(a).....................................................................    2

<u>HAWAII RULES OF PENAL PROCEDURE</u>

Rule 40..........................................................................................    3

Rule 40(a)(3)...................................................................................    12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | RESONDENTS' APPEAL OF |
| | ) | MAGISTRATE JUDGE'S |
| vs. | ) | ORDER GRANTING |
| | ) | PETITIONER'S MOTION FOR |
| RICHARD BISSEN, Acting | ) | LEAVE TO CONDUCT |
| Director, STATE OF HAWAI'I, | ) | DISCOVERY AND FINDINGS |
| DEPARTMENT OF PUBLIC SAFETY, | ) | AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR |
| Respondents. | ) | WRIT OF HABEAS CORPUS; |
| | ) | AFFIDAVIT OF PETER A. |
| | ) | HANANO REGARDING |
| | ) | APPENDICES "A" THROUGH |
| | ) | "H"; APPENDICES "A" |
| | ) | THROUGH "H"; |
| | ) | CERTIFICATE OF SERVICE |

RESPONDENTS' APPEAL OF MAGISTRATE
JUDGE'S ORDER GRANTING PETITIONER'S
MOTION FOR LEAVE TO CONDUCT DISCOVERY AND
FINDINGS AND RECOMMENDATION REGARDING
PETITION FOR WRIT OF HABEAS CORPUS

COME NOW, JAMES PROPOTNICK, Acting Director, Department

of Public Safety, State of Hawaii, (hereinafter "Respondents"), by and through

their attorney, PETER A. HANANO, First Deputy Prosecuting Attorney for the

County of Maui, hereby presents this appeal of the Honorable Magistrate Judge

Leslie E. Kobayashi's (hereinafter "Magistrate") May 1, 2007 Order Granting

Petitioner's Motion For Leave to Conduct Discovery and Findings and Recommendation Regarding Petition For Writ of Habeas Corpus (Doc. No. 73)[1].

This appeal is made pursuant to 28 U.S.C. § 636(b)(1)(A), and LR74.1 of the Local Rules of Practice for the United States District Court for the District of Hawai`i, and is based upon all records and files of this case, and upon the Affidavit of Peter A. Hanano and Appendices "A" through "H" attached hereto and made a part hereof.

## I. **RELEVANT FACTUAL BACKGROUND**.

On September 6, 1995, the State of Hawai`i ("State") formally charged Petitioner with Murder in the Second Degree, in violation of Hawai`i Revised Statutes ("HRS") § 707-701.5 (Count One), Use of Deadly or Dangerous Weapon in the Commission of a Crime, HRS § 134-51(b) (Count Two), and Attempted Theft in the Third Degree, HRS §§ 705-500 and 708-832(1)(a) (Count Three). (Id., at 11-13). On March 10, 1997, a jury found Petitioner guilty as charged. On May 29, 1997, Petitioner was sentenced to life imprisonment with the possibility of parole.

On June 24, 1997, Petitioner filed a Notice of Appeal. On November 24, 1997, Petitioner filed his Opening Brief on direct appeal. (Appendix "B"). On November 10, 1998, the Hawai`i Supreme Court issued its published decision and found that Petitioner's points on appeal were "without merit." (Appendix "C"). The Hawai`i Supreme Court affirmed the circuit court's

---

[1] A true and correct copy of the May 1, 2007 Order is attached hereto as Appendix "A").

judgment, conviction, and sentence with respect to Count One (Murder in the Second Degree) and Count Three (Attempted Theft in the Third Degree), and reversed Petitioner's conviction and sentence on Count Two (Use of Deadly or Dangerous Weapon in the Commission of a Crime).

On January 31, 2000, Petitioner filed a *pro se* Petition to Vacate, Set Aside, or Correct Judgment or to Release Prisoner from Custody pursuant to Hawai`i Rules of Penal Procedure ("HRPP") Rule 40. Petitioner raised fifty-seven (57) grounds for relief. (Id.). After numerous additions/addendums to his Rule 40 petition, the total number of grounds raised by Petitioner stood at sixty-seven (67).

On April 23, 2002, Petitioner filed a Motion to Produce Evidence for Inspection and Testing ("Motion to Produce") and supporting documents. (See Respondents' Federal Answer ["Resp. Ans."], Vol. 9, Exh. "Z", at 1503-1533). On May 2, 2002, the trial court issued its Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief. (Id., at 1535-1546; Appendix "D"). On May 13, 2002, Petitioner filed a Motion for Reconsideration of Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief ("Motion for Reconsideration") and supporting documents. (Id., at 1553-1567; Appendix "E"). Hearings were held on the Motion to Produce and the Motion for Reconsideration on May 30, 2002 and July 17, 2002. (Resp. Ans., Vol. 10, Exh. "AA", at 1-67; Vol. 10, Exh. "BB", at 1-12). The trial court orally denied both motions on July 17, 2002. (Resp. Ans., Vol. 10, Exh. "BB", at 11).

On July 1, 2002, Petitioner, through his attorney, Keith S. Shigetomi, filed his Notice of Appeal. On March 4, 2003, the State received a copy of

Petitioner's Opening Brief. (Appendix "F"). On November 24, 2004, the Hawai`i Supreme Court issued a Summary Disposition Order affirming the lower court's denial of Petitioner's HRPP Rule 40 petition for post-conviction relief. (Appendix "G").

On December 22, 2004, Petitioner filed a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody ("Petition") in the United States District Court ("District Court") For the District of Hawaii. In the Petition, Petitioner requests federal habeas relief based upon eight main grounds, and numerous sub-grounds. These claims include alleged violations of the Sixth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

On September 30, 2005, in response to the District Court's May 25, 2005 Order to Show Cause, and any extensions thereof, Respondents filed its Answer.

On April 19, 2006, Petitioner filed a motion entitled "Petitioner Taryn Christian's First Motion For Leave To Conduct Discovery. In the motion, Petitioner requested, among other things, DNA testing of several of the State's trial exhibits. On May 4, 2006, Respondents filed its Memorandum In Opposition to Petitioner's discovery motion. On May 22, 2006, the District Court held a hearing before the Honorable Magistrate Judge Leslie E. Kobayashi. On June 14, 2006, the Magistrate issued an Order Granting Motion For Leave To Conduct Discovery. (Doc. No. 39).

On June 23, 2006, Respondents filed a Motion To Reconsider Court's June 14, 2006 Order Granting Motion For Leave To Conduct Discovery. (Doc.

No. 40). On September 11, 2006, the Magistrate issued an Order Denying

Respondents' Motion To Reconsider Court's June 14, 2006 Order Granting Motion

For Leave To Conduct Discovery. (Doc. No. 54). On September 22, 2006,

Respondents appealed from the September 11, 2006 Order by filing a Notice and

Statement of Appeal. (Doc. Nos. 55-56).

On February 6, 2007, the Honorable Judge David Alan Ezra issued an

Order Vacating Magistrate Judge's June 14, 2006 Order Granting Motion for

Leave to Conduct Discovery and Vacating Magistrate Judge's September 11, 2006

Order Denying Respondents' Motion to Reconsider Magistrate Judge's June 14,

2006 Order. (Doc. No. 68).

On May 1, 2007, the Magistrate issued an Order Granting Petitioner's

Motion for Leave to Conduct Discovery and Findings and Recommendation

Regarding Petition for Writ of Habeas Corpus. (Doc. No. 73). In the Order, the

Magistrate's findings and conclusions included the following:

> "On remand, after careful consideration of the filings in this case and
> the relevant legal authority, this Court hereby FINDS, for the reasons
> set forth below, that: Ground One, Ground Two, and Ground Seven
> of the Petition are exhausted; Ground Four, Ground Five, Ground Six,
> Ground Eight, and Ground Nine are technically exhausted, but are
> procedurally defaulted; and Ground Three is partially exhausted, but
> the claim in Ground Three that is technically exhausted is also
> procedurally defaulted."

(Appendix "A", at 2). In addition, the Magistrate found the following:

> "The applicability of Rule 40(a)(3) to ineffective assistance of
> counsel claims which were not raised on direct appeal, however, was
> not clearly established at the time of the purported default.

(Appendix "A", at 37). Furthermore, the Magistrate found that:

"Under the case law existing at the time of Petitioner's purported default in 1997, it was not clearly established that his failure to raise these allegations in his direct appeal would constitute a waiver under Rule 40(a)(3).

The Hawai'i Supreme Court's holding that Petitioner's ineffective assistance of trial counsel claims were barred by Rule 40(a)(3) was not based on a rule that was consistently applied and well established at the time of the purported default. The procedural default doctrine therefore does not apply. . .Ground Three is exhausted."

(Appendix "A", at 39).  Moreover, the Magistrate also found that:

"This Court finds that Petitioner fairly presented his ineffective assistance of appellate counsel argument as a federal claim to the Hawai'i Supreme Court. Ground Seven is therefore exhausted."

(Appendix "A", at 50).  Finally, the Magistrate's Order included the following

findings:

"This Court finds that Petitioner failed to fairly present trial counsel's alleged ineffective assistance regarding Petitioner's right to testify as a federal claim to the Hawai'i Supreme Court. Petitioner was clearly aware of the alleged ineffective assistance when he filed his direct appeal and could have raised a federal claim in addition to his state claim. Ground Eight is therefore technically exhausted, but it is procedurally defaulted."

(Appendix "A", at 53).  Based upon all of the Magistrate's findings, which

included the above findings and conclusions, the Magistrate found that "Petitioner

has established good cause to conduct limited discovery to support his actual

innocence argument".  (Appendix "A", at 60).  For the reasons discussed below,

Respondents respectfully requests that this Court vacate the Magistrate's May 1,

2007 Order.

II.    **STANDARD OF REVIEW**.

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge.  See Fed. R. Civ. P. 72(a); LR 74.1.  A district judge "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  LR 74.1.  To find a magistrate judge's decision to be "clearly erroneous," the district court must have a "definite and firm conviction that a mistake has been committed."  Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir.1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").  "The reviewing court may not simply substitute its judgment for that of the deciding court."  Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).  "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard."  Conant v. McCoffey, No. C97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. 1998).

III.    **ARGUMENT**.

A.    THE MAGISTRATE'S FINDINGS AND CONCLUSIONS PERTAINING TO THE EXHAUSTION OF GROUNDS THREE, SEVEN, AND EIGHT WERE CLEARLY ERRONEOUS AND/OR CONTRARY TO LAW.

To satisfy the exhaustion requirement, a petitioner must "fairly present" the federal claims in state court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Fields v. Waddington, 401 F.3d 1018 (9th Cir. 2005) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  (Internal quotation marks omitted).  See also Baldwin v.

Reese, 541 U.S. 27 (2004) (ordinarily, for a petitioner to "fairly present" federal claims to a state court, the federal issues must be clearly identified in the state court brief); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (where petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, the state court was not alerted to the federal nature of the claims). In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. See Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (state-exhaustion requirements for a habeas claim are satisfied when a petitioner cites federal case law or provisions from the federal constitution or statutes), amended, 247 F.3d 904 (9th Cir. 2001).

However, when a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim. " Fields, at 1022 (citing Casey v. Moore, 386 F.3d 896, 912 n.13 (9th Cir. 2004) (for a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues)).

    1.   Ground Three.

In Ground Three, the Magistrate's finding that Ground Three is exhausted is clearly erroneous and contrary to law. As part of this Ground, Petitioner claims that his trial counsel was ineffective for purportedly "impeding Mr. Christian's desire to testify". This claim was not fairly presented to the

Hawai`i Supreme Court. As Petitioner correctly points out in his Reply in Support

of Request Under 28 U.S.C. § 2254, For Writ By A Person In State Custody (Doc.

No. 27) dated December 15, 2005 ("Reply"), Petitioner simply relied on <u>Jones v.</u>

<u>State</u>, 79 Haw. 330, 902 P.2d 965 (1995) in his direct appeal. (Reply, at 3-4).

Despite this, however, Petitioner now claims he "fairly presented" his federal

claim to the state court because "the Jones case addressed both the Hawaii and the

federal constitutional considerations involved." (Reply, at 4). Petitioner is wrong.

Mere citation to a state case, which in turn merely references a federal case *in a*

*footnote*, can hardly be considered a "fair presentation" of that federal issue to the

Hawai`i Supreme Court. In addition, appellate counsel on direct appeal, relied

solely on <u>Briones v. State of Hawai`i</u>, 74 Haw. 442, 848 P.2d 966 (Haw. 1993),

which followed the two part analysis set forth in <u>State v. Antone</u>, 62 Haw, 346,

615 P.2d 101 (1980). In <u>Briones</u>, the Hawai`i Supreme Court noted the following

in pertinent part:

         * * *

           Federal cases concerning effective assistance of trial and
appellate counsel rely on the standard enunciated in <u>Strickland v.</u>
<u>Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a
test criticized as being too burdensome for defendants to meet
because it imposes a double burden upon defendants trying to show
their counsel's ineffective assistance, resulting in a prejudice
requirement almost impossible to surmount. <u>State v. Smith</u>, 68 Haw.
304, 310 n. 7, 712 P.2d 496, 500 n. 7 (1986). <u>Strickland</u> required not
only that trial counsel's action or omission be an "unprofessional
error," but that that error resulted in a "reasonable probability that ...
the result of the proceeding would have been different." 466 U.S. at
694, 104 S.Ct. at 2068. The holding in Smith specifically rejected the
standard enunciated in <u>Strickland</u>.

         * * *

> We have explicitly rejected the federal standard of review in ineffective assistance of counsel cases. See supra note 11. In so doing, we have not only refused to equate the two standards cited in Hernandez but have also rejected the double burden imposed, as well as the remainder of Strickland's and its federal progeny's unduly restrictive view of what actions or omissions of counsel would constitute "ineffective assistance."

Briones, at 461 n. 11, 13, P.2d at 976 n. 11, 13.

Here, on direct appeal, appellate counsel clearly and logically relied solely upon the less stringent, but more favorable, Hawai`i standard for analyzing ineffective assistance of counsel claims. In fact, nowhere in the opening brief, did Petitioner cite to, refer to, or argue the federal standard for ineffective assistance of counsel. Under such circumstances, it can hardly be said that Petitioner fairly presented this federal claim to the state court. Especially where as here, the state and federal standards dramatically differ in analysis and burden of proof. Because the federal standard and state standard differs dramatically, Petitioner should have clearly articulated and argued both standards. Petitioner did not. Accordingly, Petitioner's ineffective assistance of trial counsel claim that trial counsel "impeded Mr. Christian's desire to testify" was not fairly presented to the Hawai`i Supreme Court, and therefore, the Magistrate's finding that Ground Three is exhausted is clearly erroneous.

Second, the Magistrate's findings with respect to Ground Three, are both clearly erroneous and contrary to law. As indicated above, the Magistrate's initial finding that the technically exhausted claim in Ground Three is procedurally defaulted, is patently inconsistent with the Magistrate's subsequent finding that

the procedural default doctrine does not apply to the other Ground Three allegations of ineffective assistance of counsel.

Furthermore, the Magistrate's conclusion that "the procedural default doctrine therefore does not apply" is contrary to law. A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" *at the time it was applied by the state court*, Ford v. Georgia, 498 U.S. 411, 424 (1991). (Emphasis added). If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n. 10, (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

Here, the Magistrate clearly erred by applying the "case law existing at the time of Petitioner's purported default in 1997" instead of applying the applicable law at the time the Hawai'i Supreme Court applied Rule 40(a)(3) to Petitioner's Rule 40 appeal in November of 2004. Indeed, there is ample case law

indicating that the State court's application of Rule 40 is  an adequate basis for a procedural default in federal court[2].

    2.   <u>Ground Seven</u>.

In Ground Seven, the Magistrate's conclusion that this Ground is exhausted is also clearly erroneous and/or contrary to law.  Petitioner's claim of ineffective assistance of *appellate* counsel was also not fairly presented to the Hawaii Supreme Court.  Petitioner's mere reference to the "federal constitution" in a point heading does not constitute a "fair presentation" of his current federal claim of ineffective assistance of trial counsel.  In his opening brief of his Rule 40 appeal, Petitioner included the following point heading:

> APPELLATE COUNSEL'S FAILURE TO RAISE MERITORIOUS
> ISSUES DEPRIVED CHRISTIAN OF HIS RIGHTS UNDER THE
> HAWAII LAW AND THE FEDERAL CONSTITUTION.

(Appendix "E", at 32).  Other than that, Petitioner did not articulate, argue, or cite any federal case law or *specific* constitutional provision.  Instead, the only case Petitioner cited under this argument was again, <u>Briones v. State of Hawai`i</u>, 74

---

    [2] <u>See</u> <u>Cockett v. Ray</u>, 333 F.3d 938, 943 (9th Cir. 2003)(the Ninth Circuit held that, at least up until 1996, HRPP Rule 40 was firmly established and consistently followed); <u>See also</u> <u>State v. Ng</u>, 93 P.3d 1181, 1184-85 (App. 2004) (issues which could have been raised prior and were not, are deemed waived); <u>Adams v. State</u>, 81 P.3d 394, 400-01 (2003) (issues which could have been raised prior but were not would ordinarily be deemed waived except matters of jurisdiction may be raised at any time); <u>Fragiao v. State</u>, 18 P.3d 871, 877-79 (2001) (issue that could not have been raised at or prior to trial and that was ostensibly raised on appeal was not waived); <u>See</u> <u>Matias v. Oshiro</u>, 683 F.2d 318, 319-21 (9th Cir. 1982) (district court properly found that HRPP Rule 40 precluded the availability of any state proceeding to raise the new ineffective assistance claim).

Haw. 442, 848 P.2d 966 (Haw. 1993). In fact, in this argument section, Petitioner did not cite to any other federal or state case which engaged a federal constitutional analysis. Accordingly, Petitioner's ineffective assistance of appellate counsel claim is also unexhausted.

3.   Ground Eight.

In Ground Eight, the Magistrate's conclusion that this Ground is exhausted is clearly erroneous. Petitioner again claims denial of his Sixth Amendment right to effective assistance of counsel due to: 1) trial counsel's alleged poor advice regarding Petitioner's right to testify, and 2) trial counsel's alleged defective "closing argument." (See Petition, at 33). However, like Petitioner's other Grounds discussed above, Petitioner again has failed to fairly present these two *federal* issues to the Hawai`i Supreme Court. In his federal Reply, Petitioner incorrectly asserts that these claims were fairly presented in his post-conviction opening brief on appeal where Petitioner cites a laundry list of "other issues warranting full consideration". (Reply, at 7). Again, mere citation to "other issues" without reference to _any_ law, argument, or legal analysis does not constitute a fair presentation of a federal claim to the state court. Although Petitioner alleged in his Opening Brief on direct appeal that, "defense counsel provided Defendant with ineffective assistance by advising him that it was too late to testify", Petitioner did not claim any violation of his *federal* constitutional rights. (Appendix "C", at 29). Again, as stated above, Petitioner solely relied upon less stringent state ineffective assistance of trial counsel standard in Briones.

-13-

Accordingly, because Petitioner's entire Ground Eight was not fairly presented to the Hawai`i Supreme Court, that entire Ground also is unexhausted.

Accordingly, based upon the above, Respondents respectfully requests that this Court vacate the Magistrate's erroneous findings pertaining to the exhaustion of Grounds Three, Seven, and Eight.

B.    THE MAGISTRATE COMMITTED A MANIFEST ERROR OF LAW BY ALLOWING PETITIONER TO CONDUCT DISCOVERY EVEN THOUGH THE PETITION CONTAINED UNEXHAUSTED CLAIMS.

Habeas is an important safeguard whose goal is to correct real and obvious wrongs. Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999). It was never meant to be a fishing expedition for habeas petitioners to "explore their case in search of its existence." Id. (Citations omitted). A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, discovery in a habeas case is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Calderon v. U.S.D.C. (Nicolaus), 98 F.3d 1102, 1104 (9th Cir. 1996). The Rule provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Calderon v. U.S.D.C. (Nicolaus), at 1104 (citing Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993) (there simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter)).

The Supreme Court has construed Rule 6, and has held that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Moreover, under Ninth Circuit law, discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims. Calderon v. U.S.D.C., (Roberts), 113 F.3d 149 (9th Cir. 1997).

In this case, the Magistrate clearly erred by finding "good cause" to allow Petitioner the right to conduct discovery even where the Petition contained unexhausted ("technically exhausted")[3] claims. In essence, by allowing discovery on an unexhausted but procedurally defaulted claim, the Magistrate created an exception to the Ninth Circuit rule in Calderon v. U.S.D.C. (Roberts). In other words, any Petitioner who included a "technically exhausted" claim in their petition could circumvent the Calderon v. U.S.D.C. (Roberts) rule and obtain discovery simply by asserting either the "cause and prejudice" or "fundamental miscarriage of justice" exception to the procedural default rule. This is an overly broad expansion of the Ninth Circuit law prohibiting discovery on unexhausted claims, and is therefore, contrary to law.

---

[3] Apparently, the Magistrate's use of the term "technically exhausted" is synonymous with the term "unexhausted but procedurally barred."

Furthermore, because the procedural bar is an affirmative defense that must be proved by the State[4], this essentially means that the State would control whether a petitioner is entitled to discovery on unexhausted but procedurally defaulted claims.  Put differently, if the State did not plead the procedural bar doctrine in this case, the Petitioner would not be entitled to discovery on any unexhausted claim.  Thus, the State, not the court, would control whether the Petitioner would be entitled to discovery on unexhausted claims by simply raising (or not raising) the affirmative defense of procedural bar.

Finally, the Magistrate's reliance on <u>Roberts v. LaVallee</u>, 389 U.S. 40 (1967) and <u>Franscisco v. Gathright</u>, 419 U.S. 59 (1974), is misplaced.  Both <u>Roberts</u> and <u>Francisco</u> involved a state court's subsequent determination that certain relevant state statutes violated both the state and federal constitutions.  The circumstances in this case are closer to <u>Mabry v. Klimas</u>, 448 U.S. 444 (1980).

In <u>Mabry</u>, United States Supreme Court held that petitioner's claim that he was entitled to be resentenced by reason of an amendment to a state recidivist statute could not properly be considered for the first time in the habeas proceeding but had to be first presented to the state courts, absent any reason to believe the state judicial remedies would be unavailable.  In particular, the Court stated:

> "In these circumstances, in the absence of any reason to believe that state judicial remedies would now be unavailable, a federal court is

---

[4] The doctrine of procedural bar is an affirmative defense; the State bears the burden of adequately pleading procedural bar. <u>See</u> <u>Bennett v. Mueller</u>, 322 F.3d 573, 585-86 (9th Cir.), <u>cert. denied</u>, <u>Blanks v. Bennett</u>, 540 U.S. 983 (2003).

required to stay its hand "to give the State the initial 'opportunity to pass upon and correct' alleged violations of · · · federal rights." Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971), quoting Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963). See Picard v. Connor, 404 U.S. 270, 277-278, 92 S.Ct. 509, 513-514, 30 L.Ed.2d 438 (1971). The requirement that state remedies first be pursued, codified in the federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c), is particularly appropriate where, as here, the federal constitutional claim arises from the alleged deprivation by state courts of rights created under state law. The Court of Appeals acknowledged that the construction of the statute, plainly a matter for the state courts to decide was at best uncertain. Obviously, therefore, the state courts can in no sense be said to have arbitrarily denied any right they were asked to accord."

Mabry, at 447.

In this case, unlike in Roberts and Francisco, there has not been any subsequent "unconstitutional determination of law" by the Hawaii Supreme Court as it pertains to the Petitioner's case. Instead, Petitioner now has a newly enacted state corrective process[5] available to him. Therefore, because Petitioner did not previously "fairly present" some of his federal claims to the State courts in the first place, Petitioner should not now be permitted to utilize federal discovery procedures to pursue his unexhausted and/or procedurally defaulted claims in federal court. See Peterkin v. Horn, 30 F.Supp.2d 513 (E.D. Penn. 1998). Accordingly, because this newly enacted state remedy remains available to Petitioner to develop and exhaust his unexhausted and instant claims, the Magistrate's discovery Orders must be vacated.

---

[5] In June of 2005, Lt. Governor James Aiona signed into law HB 1733 (Section 844D-31, et. seq., HRS), that allows persons who have been convicted of crimes to request DNA analysis of evidence. (Appendix "H").

IV. **CONCLUSION**.

      Based upon the foregoing reasons, Respondents respectfully requests

that this Honorable Court vacate the Magistrate's Order Granting Petitioner's

Motion for Leave to Conduct Discovery and Findings and Recommendation

Regarding Petition for Writ of Habeas Corpus filed on May 1, 2007.

      DATED:  Wailuku, Hawaii, May 11, 2007.

      Respectfully submitted,

      DEPARTMENT OF THE PROSECUTING ATTORNEY
      BENJAMIN M. ACOB,  PROSECUTING ATTORNEY

By_____
    PETER A. HANANO
    First Deputy Prosecuting Attorney
    County of Maui
    Attorney for Respondents