# APPENDIX "D"

FILED

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT
STATE OF HAWAII

2002 MAY -2 PM 1:49

N. YOTSUYA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

| | | |
|---|---|---|
| TARYN CHRITIAN | ) | S.P.P. NO. 00-1-0002(2) |
| | ) | |
| Petitioner, | ) | FINDINGS OF FACT, CONCLUSIONS |
| | ) | OF LAW, AND ORDER DENYING |
| vs. | ) | PETITION FOR POST-CONVICTION |
| | ) | RELIEF; CERTIFICATE OF SERVICE |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING PETITION FOR POST-CONVICTION RELIEF

I.  BACKGROUND

Petitioner TARYN CHRISTIAN was charged with Murder in the Second Degree in violation of Hawaii Revised Statutes ("HRS") § 707-701.5 ("Count One"), Use of a Deadly or Dangerous Weapon in the Commission of a Crime in violation of HRS § 134-51(b) ("Count Two"), and Attempted Theft in the Third Degree in violation of HRS §§ 705-500 and 708-708-832(1)(a) ("Count 3").

Mr. Christian was represented at his preliminary hearing and arraignment and plea by attorney Richard Icenogle, at trial by attorney Anthony Ranken, at sentencing by attorneys Anthony Ranken and Earl Partington, and on appeal by attorney Pamela Towers.

After a jury trial, Petitioner was found guilty as to all counts charged. Petitioner did not testify at trial.

On March 20, 1997, Anthony Ranken filed a Motion for New Trial or in the Alternative For Entry of Judgment of Lesser Conviction on Count One. This Motion was denied.

Pamela Tower, Petitioner's appellate counsel, filed Petitioner's Opening Brief in the Supreme Court on November 24, 1997. (S.Ct. No. 20804). On February 18, 1998 the State of Hawaii filed it's Answering Brief.

On November 10, 1998 the Hawaii Supreme Court filed it's opinion affirming Petitioner's conviction in Count One and Count Three. The Supreme Court reversed Count Two based on State v. Jumilia, 87 Hawai`i 1, 950 P.2d 1201 (1998).

II. PETITION

Taryn Christian has filed his initial Petition, an Addendum to Rule 40 Petition for Post-Conviction Relief, and Addendum to Rule 40 Petition, Exhibits, Petitioner's Reply to States Response to Rule 40 Petition, a Supplement to Addendum to Rule 40 Petition, and Supplemental Exhibits to Addendum to Rule 40 Petition. The documents listed above allege a total of sixty-seven grounds for post-conviction relief.

FINDINGS OF FACT

1. During the early morning hours of July 14, 1995, Vilmar Cabaccang and his girlfriend, Serna Seidel, were aroused from bed

by noise from outside. Cabaccang and Seidel ran outside where Seidel saw someone sitting in Cabaccang's car. Cabaccang and Seidel gave hot pursuit of the male occupant of Cabaccang's car. Seidel observed the man as wearing jeans, a baseball cap, a flannel shirt and covered shoes.

    2.    During the pursuit, Seidel stopped and banged on a residence door for help. When she received no answer, she continued her pursuit of Cabaccang and the unknown male.

    3.    By the time Seidel caught up with Cabaccang and the male, they were in a struggle. Cabaccang warned Seidel "Babe, the guy has a knife. He wants to kill me." Seidel punched the assailant in the head, whereupon he bit her wrist. As she struggled with the man, Seidel observed that he was wearing "the kind of gloves that you use when you dye people's hair."

    4.    At some point in the struggle, the assailant dropped his knife and Seidel noticed blood all over and that Cabaccang had been stabbed. The assailant walked away stating he "was going to call 911."

    5.    Phillip Schmidt was aroused from his bed at about 3:00 a.m. by the sounds of shouting and screaming. Coming outside to investigate, he observed a young man walking towards Kehei Road. Schmidt describes the area as well light by street lights and a full moon and reported that he had gotten a good lock at the man's face.

    6.    Schmidt then tended to Cabaccang, who was a short

distance away, and observed his stab wounds. Cabaccang responded in the affirmative when Schmidt asked him if the male walking away was the man who had stabbed him.

7. Cabaccang died from his wounds.

8. A double bladed knife, a Phillips head screwdriver, Cabaccang's car keys, and a blood soaked baseball cap were recovered at the scene.

9. The police initially regarded Hina Burkhart as a suspect in the case. When Seidel and Schmidt failed to identify Burkhart's photograph, and two other witnesses placed him at another location at the time of the stabbing, he was ruled out as a suspect.

10. Three days after the stabbing of Cabaccang, Christian told his former girlfriend, Lisa Kimmey, that he had killed Cabaccang. Kimmey reported this admission to the police a few days later. Kimmey's mother provided police with photographs of Christian wearing a baseball cap identical to the blood-soaked cap found at the scene of the stabbing. Kimmey also testified that, before the stabbing, she had observed Christian in possession of a double-bladed knife like the one used to kill Cabaccang.

11. A search of Christian's home yielded a box of the same type of plastic gloves as Seidel observed on the attacker's hands.

12. Seidel and Schmidt both identified Christian's

photograph as being the man whom they observed at the crime scene.

13. At trial, Christian's defense theory was that he had been mistakenly identified. He attempted to introduce testimony that Hina Burkhart had confessed to the murder on two separate occasions. When called as a witness, Burkhart invoked his Fifth Amendment privilege against self incrimination.

14. The trial court declared Burkhart to be "unavailable" under Hawaii Rules of Evidence ("HRE") Rule 804, and conducted a hearing under HRE Rule 103 to determine whether there was sufficient corroboration of Burkhart's out of court declarations to permit Christian to introduce them into evidence.

15. After considering Christian's lengthy offer of proof, the trial court ruled that the trustworthiness of the statements of his two witnesses had not been clearly demonstrated, and therefore, denied the admissibility of the statements.

16. The trial court rendered <u>Tachibana</u> colloquies to Christian prior to jury selection and in conjunction with the defense resting it's case in chief.

17. On the morning of closing arguments, in the presence of the jury, Christian declared his wish to testify. The jury was excused and it was brought to the Court's attention that Christian held evidence that witness Seidel had lied on the stand. Attorney Ranken represented that he had not been given any tape to review and did not know how to locate any witness

1539

mentioned in the tape.

18. The trial court did not reopen the case for the purpose of introduction of a tape that Ranken did not possess or for a witness who was not identified.

19. The jury, after deliberation, found Christian guilty as charged.

20. Christian's Motion for New Trial or in the Alternative for Entry of Judgement of Lesser Conviction as to the Murder Count, filed on March 20, 1997, was denied. In his post-conviction motion, Christian alleged newly discovered evidence which exonerated him, insufficient evidence to support the conviction for Murder in the Second Degree, the trial court's erroneous exclusion of Hina Burkhart's confessions to the crime, the denial of his request for new counsel during trial, and the refusal of the court to allow him to testify.

21. Christian filed his timely appeal citing reversible error in (1) the trial court's refusal to reopen evidence in order to allow Christian to testify in his own behalf; (2) the denial of Christian's Motion for New Trial; (3) the admission of evidence that was hearsay under HRE Rule 804(b)(3); and (4) the ineffective assistance of counsel.

22. In affirming the convictions for Murder in the Second Degree and Attempted Theft in the Third Degree, the Supreme Court of the State of Hawaii found that the trial court was assiduous in following the procedures mandated in Tachibana, and that

Christian's waiver of his constitutional right to testify in his own defense was both knowing and voluntary. The Hawaii Supreme Court found no abuse of discretion by the trial court in not allowing Christian to withdraw his prior waiver of his right to testify. The Hawaii State Supreme Court cited a failure to present even a colorably sufficient showing of the "tape's" relevancy, or any fair and just reasons for his request to set aside his waiver and reopen the case or his testimony.

23. The Hawaii Supreme Court found no abuse of discretion by the trial judge in denying the Motion for New Trial based on Christian's request to withdraw his waiver of the right to testify.

24. In affirming the convictions, the Hawaii Supreme Court found that Christian's offer of Hina Burkhart's confession was too weak to indicate trustworthiness and the trial court did not abuse its discretion in excluding this "confession" evidence at trial.

25. The Hawaii Supreme Court made a fining that Christian's claim of ineffective assistance of counsel was without merit.

26. Petitioner claims and presents approximately sixty-seven grounds for post-conviction relief in his petition.

## CONCLUSIONS OF LAW

1. Rule 40(a)(3) of the Hawaii Rules of Penal Procedure

("HRPP") states:

> (3) Inapplicability. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

HRPP Rule 40(a)(3) has been interpreted to mean that an issue is deemed waived if it is was not raised at any time prior to the petition. Bryant v. State, 6 Haw.App. 331, 726 P.2d 1015 (1986), overruled on other grounds, Briones v. State, 74 Haw. 442, 461, 848 P.2d 966, 981 (1993). Pursuant to Rule 40(a)(3), Petitioner waived his claims of denial of due process based on suggestive confrontation via publication of photographs to the media and witnesses, tampered mug shots, suppression of evidence of three witnesses statements, suppression of fingerprints, police filing false reports, use of tainted evidence, prosecutorial misconduct, and prejudice by the trial court. These claims are not supported by the records of this case.

2. Even if Petitioner's claims involving violation of his Miranda rights and illegal search and seizure are not deemed waived, the records of the case support a finding that these

1542

issues were disposed of in either pretrial motions or reliance on the Hawaii rules of Penal Procedure.

3. Christian is precluded in this case both because his appeal to the Supreme Court disposed of claims he continues to make in this petition, and he failed to make the new claims on appeal. Christian has failed to show "extraordinary circumstances" to justify his failure to raise these claims prior to this petition.

This basis alone is enough to justify the denial of Christian's petition without a hearing.

4. When an ineffective assistance of counsel claim is raised, the question is "when viewed as a whole, was the assistance provided to defendant within the range of competence demanded of attorneys in criminal cases." State v. Silva, 75 Haw. 419, 864 P.2d 583 (1993), State v. Smith, 68 Haw. 304, 712 P.2d 496 (1986). The burden of establishing ineffective assistance of counsel rests with petitioner and can only be met by demonstrating specific errors or omissions resulting in the withdrawal or substantial impairment of a potentially meritorious defense. Id. See also, Dan v. State, 76 Hawai`I 423, 427, 879 P.2d 528, 532 (1994); State v. Antone, 62 Haw. 346, 348-9, 615 P.2d 101, 104 (1980). However, "specific actions or omissions alleged to be error but which had an obvious tactical basis for benefitting the defendant's case will not be subject to further scrutiny." Dan v. State, supra, at 427, 879 P.2d at 532, quoting

Antone, supra, at 348.

5. The record before the Court, viewed in the light of the foregoing authorities, fails to support Petitioner's claim of ineffective assistance of counsel. Moreover, the Hawaii State Supreme Court has already rejected Christian's claim of ineffective assistance of counsel.

6. Examination of the record having indicated that the allegations of the Petitioner show no colorable claim for all the forgoing reasons, the petition will be denied without a hearing. A Rule 40 petitioner may be denied without evidentiary hearing if the stated claim is patently frivolous and without a trace of support on the record. Cacatian v. State, 70 Haw. 402, 772 P.2d 691 (1989). In assessing whether a colorable claim has been presented, the court is not bound to accept allegations in the petition, and may compare them to the existing record. Id. at 403. If there is no support for the petitioner's allegations in the record or other evidence submitted by the petitioner, it is appropriate for the court to deny relief without affording an evidentiary hearing. Id. Here, petitioner's claims are patently frivolous and without trace of support either in the record or from other evidence submitted by petitioner. Id.

Upon review of the Petition, the response to the petition and all the records and exhibits, the Court finds the petition to be patently frivolous, the issues to have been previously raised and ruled upon, or the issues to be waived, and

all arguments and allegations to have no merit.

### ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby ordered that Petitioner's Petition for Post-Conviction Relief is hereby denied without a hearing.

DATED: Wailuku, Maui, Hawai`i, May 2, 2002

/S/ REINETTE W. COOPER (SEAL)
Judge of the above-entitled Court

1545

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the follwoing parties at their last known address by U.S. MAIL, postage pre-paid or by court jacket on  MAY - 2 2002  .

KEITH S. SHIGETOMI, ESQ.                    [VIA U.S. MAIL]
PACIFIC PARK PLAZA, SUITE 1440
711 KAPIOLANI BOULEVARD
HONOLULU, HI    96813

   Local Counsel for Petitioner

DEPARTMENT OF THE PROSECUTING ATTORNEY      [VIA COURT JACKET]
COUNTY OF MAUI
150 SOUTH HIGH STREET
WAILUKU, HI    96793

        DATED: Wailuku, Maui, Hawai`i,   MAY 0 2 2002   .

                                    _____
                                    Law Clerk of the above-entitled Court

1546