# APPENDIX "E"

FILED

KEITH S. SHIGETOMI   3380
ATTORNEY AT LAW
PACIFIC PARK PLAZA, SUITE 1440
711 KAPIOLANI BOULEVARD
HONOLULU, HAWAII   96813
TELEPHONE NUMBER   596-0880

2002 MAY 13 PH 1: 51

C. CASE, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

LOCAL COUNSEL FOR PETITIONER

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | S.P.P. NO. 00-1-0002(2) |
| | ) | |
| Petitioner, | ) | MOTION FOR RECONSIDERATION OF |
| | ) | FINDINGS OF FACT, CONCLUSIONS |
| vs. | ) | OF LAW, AND ORDER DENYING |
| | ) | PETITION FOR POST-CONVICTION |
| STATE OF HAWAII, | ) | RELIEF; DECLARATION OF COUNSEL; |
| | ) | MEMORANDUM IN SUPPORT OF |
| Respondent. | ) | MOTION; STATEMENT OF PROPOSED |
| | ) | WITNESSES AND/OR EXHIBITS; |
| | ) | NOTICE OF MOTION and |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | Date:  May 30, 2002 |
| | ) | Time:  8:00 a.m. |
| | ) | Judge Reinette W. Cooper |
| | ) | |

MOTION FOR RECONSIDERATION OF FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER DENYING PETITION FOR POST-CONVICTION RELIEF

COMES NOW TARYN CHRISTIAN, Petitioner, by and through his
local counsel, KEITH S. SHIGETOMI, and hereby moves for an Order
reconsidering and vacating the Findings of Fact, Conclusions of
Law, and Order Denying Petition for Post-Conviction Relief filed on
May 2, 2002 in the above-entitled matter.  Petitioner further seeks
that DNA testing be permitted and disposition of the Petition for
Post-Conviction Relief be stayed pending the results of the DNA
testing and an evidentiary hearing.

This Motion is made pursuant to Rule 47 of the Hawaii
Rules of Penal Procedure and is based on the Fifth, Sixth and

Fourteenth Amendments to the United States Constitution and Article I, Sections 5 and 14 of the Hawaii Constitution, the Declaration of Counsel attached hereto and made a part hereof, the records and files of the instant case and such further evidence and argument as may be adduced at a hearing on this Motion.

DATED:  Honolulu, Hawaii, May 10, 2002

KEITH S. SHIGETOMI
ATTORNEY AT LAW

LOCAL COUNSEL FOR PETITIONER

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | S.P.P. NO. 00-1-0002(2) |
| | ) | |
| Petitioner, | ) | DECLARATION OF COUNSEL |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## DECLARATION OF COUNSEL

KEITH S. SHIGETOMI, hereby declares and says:

1. Declarant is the attorney representing Petitioner as local counsel in the above-entitled matter;

2. Declarant has reviewed the records and files of the instant case and is informed and of the belief:

   a. Petitioner filed his Petition for Post-Conviction Relief on January 31, 2000;

   b. Petitioner filed an Addendum to Rule 40 Petition for Post-Conviction Relief on April 10, 2000 and an Addendum to Rule 40 Petition on December 18, 2000;

   c. On April 3, 2002, Petitioner filed a Motion for Production of Evidence for Inspection and Testing which is set for hearing on May 30, 2002;

   d. On May 2, 2002, the Court issued its Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief;

   e. The Court found the Petition to be patently frivolous, the issues previously raised and ruled upon or the issues to be waived;

f. Petitioner submits that the Petition and Addendums raised issues that were not frivolous, not previously raised and ruled upon and not waived;

g. Petitioner seeks to go forward with his Motion for Production of Evidence for Inspection and Testing currently set for hearing;

h. This Honorable Court should reconsider its Findings of Facts, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief and vacate the Order;

i. This Honorable Court should permit DNA testing be permitted and stay any disposition of the Petition for Post-Conviction Relief pending the results of the DNA testing and an evidentiary hearing;

3. This Honorable Court should grant this Motion;

I declare under penalty of law that the foregoing is true and correct. Executed on May 10, 2002.

KEITH S. SHIGETOMI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | S.P.P. NO. 00-1-0002(2) |
| | ) | |
| Petitioner, | ) | MEMORANDUM IN SUPPORT OF MOTION |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF MOTION

I

FACTS

The pertinent facts are set forth in the Declaration of Counsel attached hereto and made a part hereof.

II

ARGUMENT

The Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief should be reconsidered because:

Actual Innocence Claimed

An actual innocence claim (contained in Motion for Production of Evidence for Inspection and Testing, filed April 23, 2002) has been made.  This claim cannot be disposed of without permitting DNA testing and access to physical evidence. Substantial proof of innocence, including results of testing and extensive evidence implicating James Burkhart in the homicide could be presented at an evidentiary hearing on the Rule 40 Petition.

DNA Testing Relevant to Issues

DNA testing results would be relevant to various issues

raised in the Rule 40 Petition. These issues include: 1) false DNA evidence (for example the erroneous testimony that at certain locations the blood spots were too small to test) was presented at trial; 2) failing to permit defense DNA testing and by failing to disclose the complete results of DNA testing, the State of Hawaii failed to disclose exculpatory evidence; 3) Petitioner's trial counsel and appellate counsel were ineffective in addressing DNA issues, and related issues in the case.

<u>Evidentiary Hearing Necessary</u>

An evidentiary hearing is required to address contested issues of fact. The disputed facts include: 1) the decedent, Vilmar Cabaccang, spoke James Burkhart's name on the 911 tape which police recorded; 2) in the tape recording which the prosecution claimed constituted a confession, Petitioner actually makes explicit denials of any involvement in the homicide. These denials likely were not heard or were not heard clearly by the jury since the enhancement of the tape and/or proper volume adjustments on the tape were not performed by prior counsel. As a result, the words on the tape were not distinct.

<u>Ineffective Assistance of Trial Counsel Issues Not Waived</u>

Ineffective assistance of trial counsel claims cannot be resolved entirely from the trial transcript. Because facts regarding some ineffectiveness issues were not in the trial transcript, there are ineffectiveness contentions which could not have been raised on direct appeal. A Rule 40 Petition is the appropriate vehicle to raise ineffectiveness issues which are not apparent from the trial record.

Ineffective Assistance of Appellate Counsel Issues Warrant Consideration

The Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief does not address the issue of the ineffective assistance of appellate counsel raised in the Petition. It is impossible to raise the ineffective assistance of appellate counsel at any point prior to the Rule 40 Petition.

Multiple Issues Exist Which Could Not Have Been Raised Earlier and/or Which Are Intertwined with Ineffective Assistance Issues

Multiple issues deserving of consideration on the merits are raised in the Rule 40 Petition. Many of Petitioner's claims could not have been raised at any time prior to the Rule 40 Petition. Others should be considered now in the interests of justice, or are ripe for consideration because they are intertwined with ineffective assistance of counsel issues.

Among the issues fairly presented in the Petition and deserving plenary consideration:

--Newly discovered evidence that the 911 tape contained Burkhart's name. This discovery was made after the time of trial only through Petitioner's representatives coming in contact with an audio expert capable of enhancing the tape to reveal Burkhart's name. If Petitioner's counsel had exercised due diligence, he likely would not have located a person with the expertise of John Mitchell, the New Mexico audio expert who has enhanced the tape. In the alternative, is such expert assistance was readily obtainable, Petitioner's trial counsel was ineffective for failing to present clear evidence that the tape recording contained Burkhart's name, apparently spoken by the decedent. This issue was

not waived by not being raised on direct appeal because Burkhart's name on the 911 tape was not apparent from the trial record.

--Newly discovered evidence regarding Petitioner's denials on the tape recording of the conversation between Lisa Kimmey and Petitioner. Trial counsel mentioned one of these denials to the jury, but since the tape was not clear, the prosecutor argued that Petitioner said, "I'm not the one who started it," instead of "I'm not the one who stabbed him." Assuming trial counsel could have with reasonable diligence established that the tape contained Petitioner's denials of having committed the stabbing, trial counsel was ineffective for not producing the true contents of the tape. In the alternative, the denials on the tape constitute newly discovered evidence which could not have been discovered prior to trial with reasonable diligence. This issue was not waived by its omission from the direct appeal because the exact contents of the tape were not clear from the trial record.

--Various contentions involving facts not presented at trial. A number of Petition's claims are based on newly discovered evidence, suppression of exculpatory evidence, presentation of false evidence and the ineffective assistance of counsel. Claims which are based in whole or in part on evidence learned since the time of trial include Claims for relief numbered 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 22, 23, 32, 33, 34, 53, 54, 55, 56, 61, 62, 63, 64, 65 and 66.

<u>An Amended Petition Prepared by Counsel Would be in the Interests of Justice</u>

With the exception of the Motion for Production of

Evidence for Inspection and Testing, materials filed in the instant case were done so pro se. Petition has now obtained counsel. It would be in the interests of justice to vacate the Findings of Fact, Conclusions of Law and Order Denying Petition for Post-Conviction Relief and to permit counsel to file an Amended Petition within a reasonable period of time.

Authority

Although their approaches to the issue vary, a majority of the United States Supreme Court have recognized that a persuasive claim of actual innocence is cognizable and that the Due Process clause is violated by the conviction of the innocent. Herrera v. Collins, 506 U.S. 290 (1993).

Petitioner has pleased an actual innocence claim which has not been disposed of by the Findings of Fact, Conclusions of Law and Order Denying Petition for Post-Conviction Relief and which cannot be properly addressed without permitting forensic testing and presentation of evidence regarding the testing and extensive evidence that the homicide was committed by James Burkhart.

Results of forensic testing are necessary to determine some of the ineffective assistance of counsel claims. particularly, it is impossible to know without conducting the testing whether Petitioner was prejudiced by trial counsel's failure to obtain a DNA expert prior to trial and by trial counsel's failure to determine that the prosecution's DNA evidence was inaccurate. See United States v. Glover, 97 F.3d 1345 (10th Cir. 1996) (forensic testing necessary to resolve ineffective assistance issue).

Petitioner is permitted to raise this issue in a Rule 40 Petition because, as the Court pointed out in its order, Rule 40 consideration is prohibited only where there was a "knowing and understanding" failure to raise the issue previously.

If counsel has not raised the issue (if it was a type of issue which could have been raised earlier) there is a rebuttable presumption that waiver has occurred.

However, in this instance, Petitioner has demonstrated there was no waiver by his Motion for Production of Evidence for Inspection and Testing where he requests DNA testing by a defense expert prior to hearing and by showing that the prosecution DNA evidence presented at trial were incomplete or inaccurate. (The testimony that blood was of insufficient quantity to test was incorrect. If there was enough blood to see, there was enough blood to test.)

Moreover, the majority of the ineffective assistance of counsel issues could not have been raised on the basis of the trial record. Ineffective assistance claims should be considered on their merits in a Rule 40 Petition when there was no realistic opportunity to raise the claim at an earlier point. Matsuo v. State, 70 Haw. 573, 778 P.2d 332 (1989). Since the issue of ineffectiveness should be considered as a whole, the Court should reserve ruling on all ineffective assistance issues until such time as forensic testing has occurred and an appropriate evidentiary hearing has been conducted.

A Rule 40 petitioner can be precluded from raising issues only when a fair reading of the entire record indicates that

Petitioner has waived the issues. <u>Bryant v. State</u>, 6 Haw.App. 331, 720 P.2d 1015 (1986). In the present case, indications of waiver are absent from the record. To the contrary, it is apparent that Petitioner was pushing for more forensic testing and stronger pursuit of evidence that Burkhart committed the homicide.

Although is some circumstances Rule 40 petitions can be resolved summarily without a hearing, summary disposition is inappropriate where, as in Petitioner's case, there are exhibits indicating that some of the evidence contributing to the conviction was erroneous. <u>Lincoln v. State</u>, 66 Haw. 566, 670 P.2d 1263 (1983).

In the instant case, there are exhibits reflecting that Petitioner's conviction was based on erroneous evidence, including: 1) a court reporter's certified transcript of the alleged confession tape, showing that when the tape is listened to carefully, it contains Petitioner's explicit denials that he committed the homicide; 2) an eye witness' concession that he may have identified Petitioner erroneously; 3) exhibits reflecting Serena Seidel was not a disinterested witness after all, but in fact, a friend of Burkhart; 4) exhibits indicating that Seidel's testimony that the car alarm went off was inaccurate. (This latter evidence supports Petitioner's point of view that access to the car was gained because Seidel gave the keys to Burkhart.)

The Rule 40 Petition contains serious allegations based on painstaking work and investigation of Petitioner and his supporters. It features serious claims of innocence which are not frivolous, have not been previously raised and ruled upon or waived.

III

CONCLUSION

Based on the foregoing, it is requested that this Honorable Court grant this Motion.

DATED:   Honolulu, Hawaii, May 10, 2002.

KEITH S. SHIGETOMI
ATTORNEY AT LAW

LOCAL COUNSEL FOR PETITIONER

## STATEMENT OF PROPOSED WITNESSES AND/OR EXHIBITS

Witnesses                         Offered to Prove

None

Exhibits                          Offered to Prove

Records and files                 History of case

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

TARYN CHRISTIAN,                    )    S.P.P. NO. 00-1-0002(2)
                                    )
         Petitioner,                )    NOTICE OF MOTION
                                    )
         vs.                        )
                                    )
STATE OF HAWAII,                    )
                                    )
         Respondent.                )
_____     )

NOTICE OF MOTION

TO:  DEPARTMENT OF THE PROSECUTING ATTORNEY
     County of Maui
     150 South High Street
     Wailuku, Hawaii  96793

         PLEASE TAKE NOTICE that the foregoing Motion will be presented before the Honorable Reinette W. Cooper, Judge of the above-entitled Court in her courtroom in the Second Circuit Court, 2145 Main Street, Wailuku, Hawaii, on May 30, 2002 at 8:00 a.m. or as soon thereafter as counsel can be heard.

         DATED:  Honolulu, Hawaii, May 10, 2002.

                              _____
                              KEITH S. SHIGETOMI
                              ATTORNEY AT LAW

                              LOCAL COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document will be served upon the following parties by:

[ ]   Personal service

[X]   Mailing postage prepaid

[ ]   Placing in court jacket of party

Parties:

Department of the Prosecuting Attorney
County of Maui
150 South High Street
Wailuku, Hawaii  96793

Mark H. Barrett, Esq.
Pro Hac Vice Counsel for Petitioner
P.O. Box 896
Norman, Oklahoma  73070

DATED:  Honolulu, Hawaii, _____5/10/0r_____

1567