# APPENDIX "G"

\*\*\* **NOT FOR PUBLICATION** \*\*\*

NO. 25196

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

TARYN CHRISTIAN, Petitioner-Appellant,

vs.

THE STATE OF HAWAI‘I, Respondent-Appellee.

APPEAL FROM THE SECOND CIRCUIT COURT
(S.P.P. NO. 00-1-0002(2))

SUMMARY DISPOSITION ORDER
(By: Moon, C.J., Levinson, Nakayama, Acoba, and Duffy, JJ.)

Petitioner-appellant Taryn Christian appeals from the second circuit court's[1] May 2, 2002 order denying his Hawai‘i Rules of Penal Procedure (HRPP) Rule 40 petition for post-conviction relief from the judgment of conviction for murder in the second degree and attempted theft in the third degree [hereinafter, the Rule 40 petition]. On appeal, Christian contends that the circuit court erred in denying his Rule 40 petition without a hearing. Briefly stated, Christian's Rule 40 petition raised sixty-seven different grounds for relief, which can be categorized into three main areas: (1) ineffective

---

[1] The Honorable Reinette W. Cooper presided over the matter at issue on appeal.

assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) improper use of evidence.[2]

Upon carefully reviewing the record and the briefs submitted and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Christian's contentions as follows:

(1) Inasmuch as Massaro v. United States, 538 U.S. 500 (2003), upon which Christian relies, is not binding on this court, we hold that Christian's Rule 40 ineffective assistance of counsel claims were waived because he did not raise them in his direct appeal. See HRPP Rule 40(a)(3) (2000). Moreover, even if these contentions were not waived, Christian failed to demonstrate that his trial counsel's decision against enhancing the taped conversation between Christian and his former girlfriend and playing the 911 tape for the jury resulted in the withdrawal or substantial impairment of a potentially meritorious defense. See State v. Fukusaku, 85 Hawai'i 462, 480, 946 P.2d 32, 50 (1997).

(2) Christian's claims that further forensic analysis could lead to an ineffective assistance of trial counsel claim and his list of potential issues that could possibly substantiate a claim of ineffective assistance of trial counsel fail to demonstrate any specific errors or omissions reflecting counsel's lack of skill, judgment or diligence. Id.

---

[2] Christian also attempts to make a claim of "actual innocence," which is not recognized under Hawai'i law. See (4), infra.

(3) Christian maintains that appellate counsel was ineffective for failing to allege in his direct appeal that the DNA analyst's testimony was inconsistent and that the police used unreliable eyewitness identification evidence during its investigation. Because these contentions were not raised in his Rule 40 petition, they are deemed waived. State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[]"). Even if these contentions were not waived, Christian fails to demonstrate that appellate counsel's failure to raise the aforementioned contentions resulted in the withdrawal or substantial impairment of a potentially meritorious defense, or that appellate counsel's performance fell below that of a reasonably competent, informed and diligent attorney in criminal cases. See Briones v. State, 74 Haw. 442, 465-67, 848 P.2d 966, 977-78 (1993). Accordingly, we hold that Christian failed to state a colorable claim of ineffective assistance of appellate counsel.

(4) Finally, Christian's remaining contentions regarding "actual innocence,"[3] the testing of physical evidence,

---

[3] In Herrera v. Collins, 506 U.S. 390, 404 (1993), the United States Supreme Court held:

> [I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

(continued...)

-3-

\* \* \* NOT FOR PUBLICATION \* \* \*

alleged improper identification evidence used by police, and the prosecution's alleged use of false and/or misleading evidence pertain to matters that occurred during trial and, therefore, should have been raised in the direct appeal. Thus, the validity of these claims turns on whether Christian had effective assistance of appellate counsel on his direct appeal. As indicated above, Christian failed to establish a colorable claim of ineffective assistance of appellate counsel. Accordingly, Christian fails to rebut the presumption that his remaining claims were knowingly and understandingly waived. See HRPP Rule 40(a)(3). Therefore,

IT IS HEREBY ORDERED that the circuit court's May 2, 2002 order denying Christian's HRPP Rule 40 petition for post-conviction relief is affirmed.

DATED: Honolulu, Hawai'i, November 24, 2004.

On the briefs:

Mark Barrett (of Norman, Oklahoma), appearing pro hac vice, and Keith S. Shigetomi, for petitioner-appellant

Richard K. Minatoya, Deputy Prosecuting Attorney, for respondent-appellee

---

[3](...continued)
However, Hawai'i law does not recognize a claim of "actual innocence." We, therefore, decline to address it.