KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367
Fax: 405-366-8329
Email: barrettlaw@sbcglobal.net

ATTORNEYS FOR PETITIONER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII**

| | | |
|---|---|---|
| **TARYN CHRISTIAN,** | ) | CIV NO. 04-00743 DAE-LEK |
| | ) | |
| | ) | **CORRECTED** |
| Petitioner, | ) | **PETITIONER S RESPONSE** |
| | ) | **TO  MAY 11, 2007 APPEAL** |
| | ) | **OF DISCOVERY ORDER** |
| | ) | |
| vs. | ) | |
| | ) | **DECLARATION OF COUNSEL** |
| **RICHARD BISSEN, Acting** | ) | |
| **Director, State of Hawaii** | ) | |
| **Department of Public Safety,** | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Respondent. | ) | |

1

**I.**

**THE MAGISTRATE CORRECTLY ORDERED DISCOVERY
IN LIGHT OF THE POTENTIAL IMPACT DISCOVERY COULD HAVE
ON CRITICAL ISSUES INCLUDING INEFFECTIVE ASSISTANCE
OF COUNSEL AND INNOCENCE; NO EXHAUSTION ISSUES
STAND IN THE WAY OF DISCOVERY**

**A.  Exhaustion Issues Do Not Stand in the Way**

If the litigation is not finished in state court, it ordinarily would be premature to issue a discovery order in a federal habeas corpus action.  Thus, the Ninth Circuit has ruled that habeas discovery orders should not be issued when there are unexhausted claims in the petition.  **Calderon v. District Court,** 113 F.3d 149 (9th Cir. 1997).

Claims are exhausted if either (1) they have been fairly presented to the highest possible court in the state, or (2) no remaining state procedures are available.

In the present case, Magistrate Kobayashi determined in her May 1, 2007 order granting discovery that all claims had either been presented to the Supreme Court of Hawaii or were no longer cognizable in state court.

The magistrate's findings were correct.  Respondent does not claim that any of the issues should now be considered on the merits in state court.  Rather, Respondent contends that any claims which are defaulted are really not exhausted

at all. Respondent refers to these claims as "unexhausted but procedurally barred." Respondent's May 1, 2007 Appeal of Discovery Order, p. 15, n.3.

The contention that these claims are unexhausted is inconsistent with Ninth Circuit and United States Supreme Court case law. **Insyxiengmay v. Morgan,** 403 F.3d 657, 668 (9th Cir. 2005)("A Petitioner can satisfy exhaustion by either: (1) fairly and fully presenting each federal claim to the state's highest court or (2) showing that there is no state remedy available"); **Engle v. Isaac,** 456 U.S. 107, 125-26 n. 28 (1982).

In the particular context of a request to test biological evidence, the Ninth Circuit has ruled that "in light of the potential innocence issues involved" even a complete failure to pursue an underlying issue in state court will not stand in the way of permitting access to the evidence:

> Thomas asserts two grounds for relief which involve semen evidence allegedly possessed by the state. Thomas claims both that the state suppressed a semen sample which would have exonerated him of the sexual assault charge and that his counsel was ineffective in failing to move that the state produce the semen sample or tests thereof. Both claims were procedurally defaulted in state court. Thomas never raised the ineffectiveness claim in that forum. The last court to consider Thomas' suppression of evidence claim was an Arizona appellate court which expressly held the claim to be procedurally barred. In neither case has Thomas demonstrated cause under *Wainwright* for his procedural default. Consequently, Thomas' claims involving semen evidence are only cognizable in federal court if Thomas can meet the miscarriage-of-justice exception to *Wainwright's* cause and prejudice requirements.

> In order for Thomas to overcome the procedural bar by means of the miscarriage of justice exception, he must supplement his claim with a colorable showing of factual innocence. A semen sample. or tests thereof, might enable him to make such a showing. However, if Thomas must make a colorable showing of of innocence before the district court may order a full evidentiary hearing on his defaulted claims, Thomas is in something of a Catch-22. The sample, if it exists, is under the control of the state, and Thomas would appear to have no way to have it tested unless the federal courts intervene. But in order to make the showing which would justify federal court intervention , Thomas needs the semen sample.
>
> We do not believe that Thomas claim is defeated by this conundrum. Rather, we believe the state is under an obligation to come forward with any exculpatory semen evidence in its possession.

**Thomas v. Goldsmith,** 979 F.2d 746, 749 (9th Cir. 1992)(citations omitted).

### B.  Good Cause for Discovery Exists

Although habeas discovery orders generally are discretionary matters, it becomes the duty of the Court to order discovery when a miscarriage of justice otherwise could occur.

In **Toney v. Gammon,** 79 F.3d 693, 700 (8th Cir. 1996), it was ruled improper for the federal district court to deny DNA testing when that testing was probative of prisoner Toney s culpability. In particular, the Court ruled that to prove the prejudice prong of his ineffective assistance claim, Toney is entitled to have access to this evidence through discovery. **Id.**

Citing **Toney**, the Ninth Circuit ruled that discovery, including access to biological evidence for testing, is warranted to develop evidence of prejudice for

the ineffective assistance of counsel claim.  **Jones v. Wood,** 114 F.3d 1002, 1009 (9th Cir. 1997).

The **Jones** court noted that it is the duty of the court to provide the necessary facilities and procedures to develop the habeas claims. Quoting **Harris v. Nelson,** 394 U.S. 286, 300 (1969).

The Supreme Court has ruled that it is error to deny discovery to habeas petitioner when the prisoner has made allegations which, if developed through discovery could entitle him to relief.  **Bracy v. Gramley,** 520 U.S. 899, 908-09 (1997).  Neither **Bracy** nor any other Supreme Court decision has analyzed the claims for exhaustion before permitting discovery.

Taryn Christian has shown that there are blood spots at the crime scene which have not been analyzed.  Proof that these were James Burkhart's blood could entitle Taryn Christian to relief on an ineffective assistance claim or on an actual innocence claim.  Other requested discovery, as alleged by Christian, could similarly point toward Burkhart or could tend to exculpate Christian.  Thus, Taryn Christian has made the type of allegations mentioned in the **Bracy** case and is entitled to discovery, just as **Bracy** was.

In **House v. Bell,** 126 S.Ct. 2064 (2006), the Court reached the petitioner's defaulted claims and ordered habeas relief because Paul House had made a

5

sufficient showing of innocence to pass through the innocence gateway. To make the innocence showing, House presented a great amount of new evidence, including new DNA evidence, in the habeas proceedings. The critical ineffective assistance of counsel issue had not been first presented to the highest possible court in Tennessee. **House v. Bell,** 386 F.3d 668, 675-76 (6th Cir. 2004).

Although the Supreme Court decision in **House** did not turn on any exhaustion of state remedies issues, it is apparent from the decision that when innocence is at stake, the focus is on the proof of innocence, and defects in meeting the intricacies of federal habeas requirements may be excused.

Likewise, the focus in the present case must be on the importance of developing issues of innocence. As indicated in **Thomas v. Goldsmith,** there are occasions when discovery must be conducted to determine which procedural requirements and which procedural exceptions are applicable.

The issues in Taryn Christian s case are exhausted. However, regardless of any exhaustion requirements, this case is one in which important innocence considerations and serious constitutional issues militate toward and require thorough discovery.

Since Respondent does not advocate, or even suggest the availability of, returning to state court to determine the merits of any of the issues, the federal

court is the proper forum to issue discovery orders which will be a start to getting to the bottom of a case with compelling facts and compelling constitutional issues.

## II.

## WITH OR WITHOUT THE INNOCENCE GATEWAY, THE INEFFECTIVE ASSISTANCE OF COUNSEL ISSUES AND OTHER ISUES REQUIRING FACTUAL DEVELOPMENT ARE BEFORE THE COURT.

Magistrate Kobayashi correctly observed (pages 37-39 of May 1, 2007 discovery order) that at the time Taryn Christian s brief was being prepared, Hawaii was not consistently applying any requirement of presenting ineffective assistance of counsel claims on direct appeal.

The **Garringer** case, cited by Judge Kobayashi, stated that a Rule 40 petition was the correct forum for presenting ineffective assistance of counsel claims, and appeared to be the most recent law on the subject at the time direct appeal counsel would have been preparing Taryn Christian s brief.

Thus, the requirement of presenting ineffectiveness issues on direct appeal is not the  well-established and consistently applied  rule that can cause procedural default.  **Bennett v. Mueller,** 323 F.3d 573, 583 (9th Cir. 2003).

Although the procedural bar may have been regularly applied for a time, **Cockett v. Ray,** 333 F.3d 838, 943 (9th Cir. 2003), the **Garringer** case, and later cases cited in **Cockett,** indicate that such consistency has not been retained.

Moreover, the state of Hawaii is, at least at times, requiring ineffective assistance claims to be presented on direct appeal, but appears to not be allowing a direct-appeal forum for developing any claims which are not apparent from the trial transcript.

When no forum is provided, no default can occur. **Wilwording v. Swenson,** 92 S.Ct. 407, 409 (1971). Since it appears record development is left for Rule 40 petitions in Hawaii, Taryn Christian cannot be faulted for not presenting on direct appeal any claims which required record development.

### III.

### THE DISCOVERY IS INDEPENDENTLY AVAILABLE UNDER FEDERAL CIVIL RIGHTS LAW

When a prisoner brings a habeas action requesting relief which is also available under federal civil rights law, the requests may be treated as made under the civil rights law.

When the civil rights law does not require exhaustion, the habeas exhaustion requirements thus no longer interfere with the requested relief. **Wildwording v. Swenson,** 92 S.Ct. 407, 409 (1971).

Since the heart of Taryn Christian s discovery request, if not all of his

discovery request, is available under federal civil rights law, **Osborne v. District Attorney s Office,** 423 F.3d 1050 (9th Cir. 2005), the discovery request should be ordered under the provisions of civil rights law, regardless of any nuances of habeas procedure.

## **CONCLUSION**

Petitioner Christian has presented substantial reason to point to James Burkhart as being Vilmar Cabaccang s killer.  There is evidence of Burkhart confessing, of Burkhart planning to be at the site of the killing, of Burkhart s name being spoken about the time of the killing, of a crime scene sketch matching Burkhart.  If additional evidence pointing toward Burkhart had been available at trial, a different outcome may well have occurred.  Discovery may well produce such additional evidence, particularly since there is DNA material from the crime scene which has never been tested.

Based on the compelling factual background, and on the law presented above and in the magistrate s order, the magistrate s order should be upheld.

>Respectfully submitted,
>
>/s/ Mark Barrett
>KEITH SHIGETOMI
>MARK BARRETT
>Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last-known e-mail address:

Served electronically through CM/ECF:

Peter Hanano    peter.hanano@co.maui.hi.us    June 21, 2007

>/s/ Mark Barrett
>MARK BARRETT