IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CV. NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD BISSEN, Acting | ) | |
| Director, STATE OF HAWAII, | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| SAFETY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART RESPONDENTS'
APPEAL OF THE MAGISTRATE JUDGE'S ORDER GRANTING
PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND
FINDINGS AND RECOMMENDATION REGARDING
PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Respondents' Appeal of the

Magistrate Judge's Order Granting Petitioner's Motion for Leave to Conduct

Discovery and Findings and Recommendation Regarding Petition for Writ of

Habeas Corpus and the supporting and opposing memoranda ("Appeal of the

Magistrate Judge's Order"), the Court GRANTS IN PART AND DENIES IN

PART Respondents' Appeal of the Magistrate Judge's Order.

BACKGROUND

On September 6, 1995, the State of Hawaii ("State") charged

Petitioner, Taryn Christian, with Murder in the Second Degree, in violation of

Hawaii Revised Statutes ("HRS") § 707-701.5 (Count One), Use of Deadly or

Dangerous Weapon in the Commission of a Crime, HRS § 134-51(b) (Count Two),

and Attempted Theft in the Third Degree, HRS §§ 705-500 and 708-832(1)(a)

(Count Three).  In March 1997, a jury found Petitioner guilty as charged, and he

was sentenced to life imprisonment with the possibility of parole.

Petitioner appealed the judgment and the sentence imposed upon

conviction, filing an Opening Brief on November 24, 1997.  On November 10,

1998, the Hawaii Supreme Court issued a published decision, finding that

Petitioner's points on appeal were "without merit" and affirming the circuit court's

judgment, conviction and sentence with respect to Count One and Count Three but

reversing Petitioner's conviction and sentence on Count Two.

On January 31, 2000, Petitioner filed a pro se Petition to Vacate, Set

Aside, Correct Judgment, or to Release Prisoner from Custody pursuant to the

Hawaii Rules of Penal Procedure Rule 40 ("Rule 40 Petition"), with numerous

addendums filed thereafter, raising a total of sixty-seven grounds for relief.  On

April 23, 2002, Petitioner filed a Motion for Production of Evidence for Inspection

2

and Testing ("Motion to Produce").  On May 2, 2002, the circuit court issued its

Findings of Fact, Conclusions of Law and Order Denying Petition for Post-

Conviction Relief ("Order Denying Petition"), after which Petitioner filed a

Motion for Reconsideration.  On July 17, 2002, the circuit judge orally denied the

Motion to Produce and the Motion for Reconsideration.  Petitioner then appealed

from the circuit court's Order Denying Petition, filing his Amended Opening Brief

on March 4, 2003.  On November 24, 2004, the Hawaii Supreme Court issued a

Summary Disposition Order affirming the circuit court's denial of Petitioner's Rule

40 Petition.

      Less than one month later, on December 22, 2004, Petitioner filed a

petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") in

this Court, pursuant to 28 U.S.C. § 2254.  On April 19, 2006, Petitioner filed his

First Motion for Leave to Conduct Discovery ("Discovery Motion"), requesting,

inter alia, DNA testing of several of the State's trial exhibits.  On June 14, 2006,

Magistrate Judge Leslie E. Kobayashi ("Magistrate Judge") granted the Discovery

Motion ("Discovery Order").  On June 23, 2006, Respondents Richard Bissen,[1]

Acting Director, and the State of Hawaii Department of Public Safety (collectively

---

[1] Respondent Richard Bissen, Acting Director, has since been replaced with Respondent Iwalani D. White, Interim Director, pursuant to Fed. R. Civ. P. 25(a)(1).

"Respondents") filed a Motion to Reconsider the Discovery Order, which the

Magistrate Judge denied on September 11, 2006 ("Discovery Reconsideration

Order").

  That led to an appeal of the Discovery Order and the Discovery

Reconsideration Order.   On February 6, 2007, the Court vacated the Discovery

Order and the Discovery Reconsideration Order and remanded the matter to the

Magistrate Judge "to make conclusive determinations concerning the exhaustion of

all claims."

  On May 1, 2007, the Magistrate Judge issued an Order Granting

Petitioner's Motion for Leave to Conduct Discovery and Findings and

Recommendation Regarding Petition for Writ of Habeas Corpus ("Order Granting

Leave to Conduct Discovery").  The Magistrate Judge's findings and conclusions

included the following:

> Ground One, Ground Two, and Ground Seven of the
> Petition are exhausted; Ground Four, Ground Five,
> Ground Six, Ground Eight, and Ground Nine [we]re
> technically exhausted but [we]re procedurally defaulted;
> and Ground Three [wa]s partially exhausted, but the
> claim in Ground Three that [wa]s technically exhausted
> [wa]s also procedurally defaulted.

The Magistrate Judge found that Petitioner had "raise[d] plausible arguments that

discovery could support his actual innocence argument" and that "discovery [wa]s

4

essential for Petitioner to fully develop his actual innocence argument, which could allow the district court to consider the merits of claims that have been procedurally defaulted." The Magistrate Judge concluded that "Petitioner [] established good cause to conduct limited discovery to support his actual innocence argument," and she recommended that the district court hold an evidentiary hearing regarding Petitioner's claims after he completes discovery.

On May 11, 2007, Respondents filed the instant appeal of the Magistrate Judge's Order Granting Leave to Conduct Discovery. On June 21, 2007, Petitioner filed a Corrected Response to the appeal. Respondents did not file a reply.

## STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge. Fed. R. Civ. P. 72(a); LR 74.1. A district court "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LR 74.1. To find a magistrate judge's decision "clearly erroneous," the district court must have a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir.1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). "The

5

reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, No. C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998).

## DISCUSSION

Respondents argue that the Magistrate Judge's findings and conclusions pertaining to the exhaustion of Grounds Three, Seven and Eight are clearly erroneous and/or contrary to law and that, by allowing discovery with unexhausted claims, the Magistrate Judge committed manifest error of law. Petitioner responds that the Magistrate Judge correctly found that the claims were exhausted. He further responds that, with or without his actual innocence arguments, his ineffective assistance of counsel arguments stand and discovery is independently available under federal civil rights law.

### I. Exhaustion of State Remedies and Procedural Default

A prerequisite to obtaining federal habeas corpus relief is the exhaustion of available state remedies. See 28 U.S.C. § 2254(b)(1)(A), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004). The State must have the "opportunity to pass upon and correct alleged violations of its prisoner's federal rights."

6

Baldwin, 541 U.S. at 29.  A petitioner has exhausted his state court remedies if the petitioner:  (1) fairly presents his or her federal claim to the highest state court with jurisdiction to hear it, or (2) demonstrates that he or she did not have any available state court remedies at the time of the filing of the federal petition.  See Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996); Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982); see also 28 U.S.C. § 2254(b)(1)(B)(i), (c).  To "fairly present" a federal claim, the petitioner must present the factual basis and the federal legal theory supporting the claim for relief to provide the State with an opportunity to address the merits.  See Cockett v. Ray, 333 F.3d 938, 942 (9th Cir. 2003); Castille v. Peoples, 489 U.S. 346, 351 (1989).  "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin, 541 U.S. at 32.

        To alert the state court of a federal claim, a petitioner must do more than simply cite a state case that involves both state and federal issues:  the petitioner must clearly indicate that the case involves a federal issue.  See Fields v. Waddington, 401 F.3d 1018, 1022 (9th Cir. 2005) (citing Casey v. Moore, 386 F.3d 896, 912 n. 13 (9th Cir. 2004)).  That said, if the petitioner cites a federal case

on point that was decided on federal grounds, that may be sufficient to satisfy the fair presentation requirement.  See Baldwin, 541 U.S. at 32 ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal.").  If the petitioner did not fairly present his or her claim to the state court, the petitioner still may demonstrate exhaustion through a showing that no state court remedies were available at the time of the filing of the federal petition.  See Engle v. Isaac, 456 U.S. 107, 125 n. 28 (1982).

The procedural default doctrine is a separate legal theory that may bar a petitioner's right to seek habeas relief.  "The procedural default doctrine bars federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."  See Hanson v. Mahoney, 433 F.3d 1107, 1113 (9th Cir. 2006) (citing Calderon v. United States District Court, 96 F.3d 1126, 1129 (9th Cir. 1996)).  To apply, the state procedural rule "must be clear, consistently applied, and well-established at the time of the petitioners purported default."  Id.; see also Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994).  The doctrine also applies where a petitioner fails to

seek direct review in a state's highest court with jurisdiction to consider the claim "even if review was afforded in the state's lower courts." Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir. 1992) implied overruling on other grounds, Swoopes v. Sublett, 196 F.3d 1008, 1009-10 (9th Cir. 1999) (holding that exhaustion under Arizona state law may occur once the Arizona Court of Appeals, not the Arizona Supreme Court, has ruled upon the appeal because appeals to the Arizona Supreme Court are discretionary). Thus, a petitioner may have exhausted his claims through presentation to the state's highest court, but habeas review still may be inappropriate where the claims are procedurally defaulted based on a state procedural requirement.

Even if procedurally defaulted upon an independent and adequate state procedural rule, however, a federal court may consider the claim upon a showing of cause for the default and actual and substantial prejudice or upon a showing of a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478, 494-95 (1986). "Ineffective assistance of counsel [] is cause for a procedural default," but claim generally must be presented to the state court before it may constitute cause. Murray, 477 U.S. at 488-89. Generally, one who suffers a fundamental miscarriage of justice will satisfy the cause and prejudice standard. See id. at

9

495-96.  On occasions when that is not true, extraordinary circumstances may permit a habeas court to grant relief without cause, such as where a constitutional violation has probably resulted in the conviction of an innocent person.  See id. at 496.  That requires a showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup v. Delo, 513 U.S. 298, 327 (1995).  To make that determination, the habeas court must consider "all the evidence, including the alleged illegally admitted ones (but with due regard to its reliability) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial."  Id. at 328 (citation omitted).

A.    Ground Three - Ineffective Assistance of Trial Counsel

In Petitioner's Rule 40 Petition and in his appeal from the circuit court's denial of his Rule 40 Petition (that is, in his Amended Opening Brief), he raised new grounds for ineffective assistance of counsel.  Petitioner had raised an ineffective assistance of counsel argument in his Opening Brief on direct appeal of his judgment and sentence, but he did not mention, as he could not, the allegations contained in the Rule 40 Petition and appeal because they were based on purportedly "newly discovered evidence."  Those new allegations include counsel's failure to introduce evidence of an enhanced tape recording of a

conversation between Petitioner and his former girlfriend; a failure to introduce a
911 call to the jury; and a failure to conduct sufficient forensic testing on the
physical evidence, among other allegations.

      After reviewing the factual background, the Magistrate Judge found
that Petitioner "fairly presented" a factual basis and federal legal theories in
support of his ineffective assistance of counsel claim, except for the claim that
counsel failed to object to the prosecutor's allegedly improper comments during
closing argument.  Respondents dispute that Petitioner's ineffective assistance of
counsel claim was fairly presented, arguing that Petitioner merely cited a state
court case, <u>Jones v. State</u>, 902 P.2d 965 (1995), without indicating the federal
issue.  Additionally, on direct appeal, Respondents claim that appellate counsel
relied on <u>Briones v. State</u>, 848 P.2d 966 (Haw. 1993), which applied the state test,
not the federal standard, for ineffective assistance of counsel.  <u>Id.</u> at 976.

      Respondents do not recognize the federal cases that Petitioner cited
and discussed (to some extent) in his Amended Opening Brief on appeal of the
denial of his Rule 40 Petition.  In his Amended Opening Brief, Petitioner
specifically alleged that his trial and appellate attorneys' deficiencies were in
violation of the Sixth Amendment, according to <u>Strickland v. Washington</u>, 466
U.S. 668 (1984).  Following the <u>Briones</u> state court citation, Petitioner cited the

United States Supreme Court case <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985), which dealt with effective assistance of counsel under <u>Strickland</u>.  <u>Id.</u> at 395.  Petitioner did not elaborate on the state and federal law standards, but he did refer to the federal constitutional standards under <u>Evitts</u>.  Petitioner also specifically argued that counsel's substandard performance violated his Sixth Amendment Right to effective assistance of counsel under <u>Kimmelman v. Morrison</u>, 477 U.S. 365 (1986).  Moreover, in relation to the forensic testing, he compared counsel's ineffective assistance in failing to order DNA testing to the counsel's failure in <u>United States v. Glover</u>, 97 F.3d 1345 (10th Cir. 1996) to identify the true character of the methamphetamine at issue, which relied on the federal <u>Strickland</u> standard.

    As stated, when a petitioner cites a state court case that involves federal and state law, the petitioner must do more than simply cite the case to inform the state court that he or she is raising a federal issue.  <u>See</u> <u>Fields</u>, 401 F.3d at 1022.  Nonetheless, where a petitioner cites a federal case decided on federal grounds that involves the claim at issue, the petitioner properly has indicated the federal law upon which his state court petition is based.  <u>See</u> <u>Baldwin</u>, 541 U.S. at 32 ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in

12

conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal.").  Based on the above, the Magistrate Judge reasonably could have found that Petitioner fairly presented the federal issues to the Hawaii Supreme Court. Thus, the Court cannot find, by a definite and firm conviction, that a mistake has been made concerning fair presentation of the ineffective assistance of counsel claim.

Respondents also argue that, even if the allegations underlying the ineffective assistance of counsel claim were exhausted, they were procedurally defaulted under Rule 40(a)(3), the state procedural rule at issue, because Petitioner failed to raise them in his direct appeal of his judgment and sentence, contrary to the Magistrate Judge's decision.   Additionally, Respondents argue that a patent inconsistency exists in the Magistrate Judge's ruling concerning the claim under Ground Three that was technically exhausted but procedurally defaulted, i.e., the claim involving the trial counsel's failure to object to the prosecutor's allegedly improper comments that were made during closing argument.  Although the Magistrate Judge found that that claim was technically exhausted because there would be no state court remedy upon return to state court, she found that it was

procedurally defaulted because Petitioner failed to raise it in his direct appeal or in his Rule 40 Petition and appeal.

The Court shall address Respondents' argument concerning procedural default of the majority of the Ground Three allegations before addressing the patent inconsistency argument to determine, first, whether the Magistrate Judge's determination of no procedural default for the majority of the allegations was made in error. Respondents argue that the Magistrate erred in finding that, under the existing case law in 1997, Petitioner's failure to raise all allegations for ineffective assistance of counsel in his direct appeal did not constitute waiver of those claims under Rule 40(a)(3), and thus procedural default, because a clearly established state procedural rule did not exist at that time. Namely, the Magistrate Judge found that a well-established rule propounding that ineffective assistance of counsel claims first must be raised on direct appeal, rather than during a post-conviction proceeding, did not exist. See Hanson, 433 F.3d at 1113. Rule 40(a)(3) provides:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior

14

> proceeding actually initiated under this rule, and the
> petitioner is unable to prove the existence of
> extraordinary circumstances to justify the petitioner's
> failure to raise the issue. There is a rebuttable
> presumption that a failure to appeal a ruling or to raise an
> issue is a knowing and understanding failure.

First, Respondents contend that the state procedural rule had to be firmly established at the time that the Hawaii Supreme Court applied it, citing <u>Ford v. Georgia</u>, 498 U.S. 411, 424 (1991), not at the time of the default.  The Supreme Court in <u>Ford</u> noted that a state procedural rule must be firmly established "by the time as of which it is to be applied."  <u>Id.</u>  The Ninth Circuit has interpreted that rule to find that a state procedural rule is firmly established  "at the time of the petitioner's purported default."  <u>Hanson</u>, 433 F.3d at 1113; <u>Calderon</u>, 96 F.3d at 1129; <u>Wells</u>, 28 F.3d at 1010 (citing <u>Ford</u>, 498 U.S. at 424-25).  According to Ninth Circuit precedent, the Magistrate Judge used the date of Petitioner's purported default, that is, 1997, rather than the date on which the Hawaii Supreme Court applied Rule 40(a)(3) in its order, that is, November 24, 2004.  Because 1997 was the date of Petitioner's purported default (on direct appeal), the Court cannot find, by a definite and firm conviction, that the Magistrate Judge clearly erred in applying the existing case law in 1997.

Second, contrary to the Magistrate Judge's finding, Respondents argue that, in any case, Rule 40(a)(3) was firmly established in 1997.  The

Magistrate Judge determined that because post-conviction proceedings generally were considered the appropriate forum in which to resolve ineffective assistance claims, not direct appeals, the direct appeal requirement under Rule 40(a)(3) was not well established or consistently applied insofar as those types of claims were concerned. See Garringer v. State, 909 P.2d 1142, 1151 (Haw. 1996) ("Because appellate courts do not ordinarily consider evidence outside the record, a post-conviction proceeding is the most appropriate forum in which to resolve ineffective assistance claims."); Raines v. State, 900 P.2d 1286, 1290 (1995). In Garringer, the Hawaii Supreme Court noted that the failure to raise an ineffective assistance of counsel claim in a Rule 40 Petition did not per se defeat the possibility of relief in a Rule 40 proceeding; rather, it found that waiver only occurs when the record permits such an inference. 900 P.2d at 1150 n.14. In Raines, the Hawaii Supreme Court permitted review of the petitioner's ineffective assistance of counsel claim that was raised in his Rule 40 post-conviction proceeding, and not on direct appeal, determining that "[b]ecause appellate courts do not ordinarily consider evidence outside the record, a post-conviction proceeding is the most appropriate forum in which to resolve ineffective assistance claims." 900 P.2d at 1290.

16

Respondents point to cases, such as <u>Cockett v. Ray</u>, 333 F.3d 938, 943 (9th Cir. 2003), that applied Rule 40(a)(3)'s procedural default bar to argue that Rule 40 was firmly established as early as 1996.  In <u>Cockett</u>, the Ninth Circuit, on appeal from a decision by Hawaii District Judge Helen Gillmor, found that the petitioner's Confrontation Clause claim, raised in her Rule 40 Post-Conviction Petition and not raised on direct appeal of her 1995 conviction, was procedurally defaulted under Rule 40(a)(3).  <u>Id.</u> at 942-43.  Nonetheless, the Ninth Circuit specifically declined to consider the issue of default as to the petitioner's ineffective assistance of trial counsel claim because that issue was not raised.  <u>See id.</u> at 941.  Additionally, that case involved a <u>de novo</u> review of a district court's dismissal of a 28 U.S.C. § 2254 habeas petition, not an appeal of a Magistrate Judge's decision, which requires application of a deferential standard.

Respondents have failed to persuade the Court that the Magistrate Judge committed clear error.  At the time of Petitioner's procedural default, the Magistrate Judge reasonably could have found (and did find) that a state procedural rule requiring a petitioner to file a direct appeal including all grounds for ineffective assistance of counsel had not been firmly established based on the applicable case law available.  The Court finds that particularly so given the well-established avenue of raising ineffective assistance of counsel arguments in

17

post-conviction proceedings as the proper forum for such claims, see Rains, 900

P.2d at 1290, and given that some of the new grounds were based on newly

discovered evidence that Petitioner argues could not have been raised prior to the

Rule 40 Petition.  The Court reiterates that this is not a de novo review, and the

Court "may not simply substitute its judgment for that of the deciding court."

Grimes, 951 F.2d at 241.  Based on the deferential standard of review, the Court

cannot find, by a definite and firm conviction, that the Magistrate Judge committed

a mistake.[2]

That said, the Court agrees with Respondents that there is a patent

inconsistency in the Magistrate Judge's ruling that the allegation concerning trial

counsel's failure to object during the prosecutor's closing argument was

technically exhausted but procedurally defaulted.  If that allegation had been

exhausted (in that it had been fairly presented to the state court or no state remedies

had been available at the time of the filing of the federal petition), it should not

have been procedurally defaulted, as the Magistrate Judge found that a clearly

---

[2]    This decision does not, however, apply to Petitioner's allegations that were raised in his appeal of the denial of the Rule 40 Petition but not in his Rule 40 Petition, as an argument will be deemed waived on appeal if not raised at trial.  See State v. Moses, 77 P.3d 940, 947 (Haw. 2003).  The only allegations that stand are Petitioner's allegations related to "newly discovered evidence" that were deemed waived for failing to raise them on direct appeal of his judgment and sentence.

established rule of raising it on direct appeal before the post-conviction proceedings had not been established.  The Magistrate Judge's error lies in her finding that that claim was exhausted in the first place.  The Magistrate Judge appeared to look at the lack of remedy upon <u>return</u> to state court instead of the lack of state court remedy <u>at the time of the filing</u> of the federal petition to find exhaustion, the latter of which is the correct time to consider to determine whether a petitioner has exhausted his or her state court remedies before coming to federal court.  <u>See</u> <u>Batchelor</u> 693 F.2d at ; <u>see also</u> <u>Engle</u>, 456 U.S. at 125 n. 28.  If the Magistrate Judge had considered the latter, she would have concluded that the claim was unexhausted because Petitioner could have raised it (but did not raise it), with an available state court remedy, in either his direct appeal or in his Rule 40 Petition and appeal of the denial of his petition.[3]  To the best of the Court's knowledge, that claim did not involve newly discovered evidence that may have affected Petitioner's ability to raise it and/or to obtain a remedy in state court. Consequently, contrary to the Magistrate Judge's finding, the allegation concerning trial counsel's failure to object was unexhausted.  Still, that error does not change

---

[3]    The Magistrate Judge also could have found that Petitioner waived that claim for failure to raise it in his Rule 40 Petition.  <u>See</u> <u>Moses</u>, 77 P.3d at 947.

the result of the Court's decision, because, in either case, that claim was waived. Thus, the Magistrate Judge's error in that regard was harmless.

In sum, the Court cannot find, by a definite and firm conviction, that the Magistrate Judge committed clear error. The Magistrate Judge implicitly found that the record did not present circumstances that would allow an inference of waiver, and she explicitly found that the majority of the allegations in Ground Three were exhausted and that a firmly established state procedural rule did not exist that would waive Petitioner's allegations concerning ineffective assistance of counsel. Petitioner has failed to persuade the Court otherwise. As the Court finds no clear error in the Magistrate Judge's determination that the majority of Petitioner's allegations in Ground Three were exhausted and not procedurally defaulted, the Court AFFIRMS the Magistrate Judge's decision concerning Ground Three.

B.     Ground Seven - Ineffective Assistance of Appellate Counsel

Respondents appeal the Magistrate Judge's decision concerning Petitioner's claim of ineffective assistance of appellate counsel, arguing that Petitioner did not fairly present that ground to the state court. Respondents point to Petitioner's sole citation to Briones, 848 P.2d 966, in the section of Petitioner's Amended Opening Brief involving appellate counsel's ineffective assistance.

20

Although the Court agrees that Petitioner did not develop his claim in the appropriate section, Petitioner did argue in the beginning of his brief (at page 12) that appellate counsel's deficiencies violated his Sixth Amendment right to effective counsel under <u>Strickland</u>, and Petitioner appeared to use the <u>Evitts</u> citation in reference to appellate counsel as well.  Again, the mere citation to a state court case, without referencing the federal issue, would not constitute fair presentation, <u>Fields</u>, 401 F.3d at 1022, but citation to a federal case deciding the claim at issue on federal grounds may constitute fair presentation.  <u>See</u> <u>Baldwin</u>, 541 U.S. at 32.  The Court agrees that Petitioner could have organized his brief better and more fully developed his arguments under the proper standards.  That said, because Petitioner referenced the Sixth Amendment violations under <u>Strickland</u> and <u>Evitts</u> in relation to appellate counsel, the Court cannot find, by a definite and firm conviction, that the Magistrate Judge erred in her determination that Petitioner's ineffective assistance of appellate counsel allegations were fairly presented to the Hawaii Supreme Court.  The Court, therefore, AFFIRMS the Magistrate Judge's decision concerning Ground Seven.

      C.      <u>Ground Eight - Ineffective Assistance of Trial Counsel Regarding Petitioner's Right to Testify</u>

      Respondents argue that the Magistrate Judge erred in her conclusion that Ground Eight was exhausted.  Interestingly, the Magistrate Judge found that

21

"Petitioner failed to fairly present trial counsel's alleged ineffective assistance regarding Petitioner's right to testify as a federal claim to the Hawaii Supreme Court." (Order Granting Leave to Conduct Discovery at 53.)  That is so because Petitioner relied on the more lenient state court standard enunciated in Jones, 902 P.2d 965, and Briones, 848 P.2d 966.  She also found that Petitioner "was clearly aware of the alleged ineffective assistance when he filed his direct appeal and could have raised a federal claim in addition to his state claim." (Id.)  She then erroneously concluded, based on those findings, that Ground Eight was technically exhausted but procedurally defaulted and that the district court could consider it only if Petitioner established a fundamental miscarriage of justice. (Id. at 53-54.)  The conclusion does not follow from her finding.  Based on the Magistrate Judge's finding, the Magistrate Judge should have concluded that Petitioner failed to exhaust his allegations in Ground Eight because Petitioner did not fairly present his federal claims to the highest state court.  As the Magistrate Judge ordered a different (and erroneous) result, for a reason unknown to the Court, the Court VACATES the Magistrate Judge's ruling concerning Ground Eight because it has a definite and firm conviction that a mistake has been made.

II.     Decision to Permit Discovery

Respondents argue that the Magistrate Judge committed manifest error of law by permitting discovery even though Petitioner's Rule 40 petition contained unexhausted claims.  Petitioners generally do not have a federal right to discovery in habeas proceedings.  See Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993).  The decision to allow discovery is within the court's discretion. See id.  "Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Court allows parties to engage in discovery in the discretion of the court and 'for good cause shown.'" Calderon v. United States District Court for the Northern District of California, 98 F.3d 1102, 1104 (9th Cir. 1996).  Here, the Magistrate Judge ordered discovery based on Petitioner's plausible arguments that discovery could support his actual innocence claim.  She found that Petitioner's arguments did not appear to be purely speculative or without merit.  Respondents do not contest the good cause finding, but assert that the Magistrate Judge should not have made such a finding where the Rule 40 Petition contained unexhausted claims.

In actuality, the substance of Respondents' argument does not so much attack Petitioner's failure to exhaust state remedies on all claims; rather, Respondents appear to argue that the Magistrate Judge should not have allowed

23

discovery on "technically exhausted" but procedurally defaulted claims under the "fundamental miscarriage of justice" exception. Respondents' argument, though not entirely clear, appears to rest on the notion that the exception would swallow the rule if a court permitted discovery any time that a petitioner asserted either "cause and prejudice" or "fundamental miscarriage of justice," being the two exceptions to the procedural default rule. That would not happen, however, as the petitioner still carries a heavy burden to prove that an exception to the rule applies. The petitioner would have to prove cause and <u>actual and substantial</u> prejudice, requiring a showing "'not merely that the errors at . . . trial created a <u>possibility</u> of prejudice, but that they worked to [the petitioner's] <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Murray</u>, 477 U.S. at 494 (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)). If no cause may be shown, habeas relief may be granted upon a showing of extraordinary circumstances, which requires a heavy showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Schlup</u> 513 U.S. at 327. Respondents have not provided the Court with sufficient reasons or concern to believe that the exceptions to the procedural default doctrine would swallow the rule. Generally, even if the petitioner raises the exceptions, a court still would have to undergo a fact-specific

24

analysis to determine whether the petitioner met his burden. There simply is no reason to believe that a court would let discovery proceed as a matter of course any time that a petitioner raises "fundamental fairness" or "cause and prejudice" as a defense to the procedural default doctrine. Specifically, Respondents have not proven to the Court that that is what occurred here.

Respondents also argue that, because the procedural default doctrine is an affirmative defense, the State essentially controls whether or not a petitioner is entitled to discovery. See Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003) (placing the burden on the State to prove the procedural default doctrine because, among other reasons, it is an affirmative defense). Initially, the Court is unclear why Respondents are making an issue of this, even if true, because their argument appears to work against them, as they are arguing against placing control over discovery in their hands. In any case, the Court does not agree because a court may permit discovery on exhausted claims even if the procedural default doctrine is not raised; thus, taking that purported control away from the State. If the procedural default doctrine is raised and proven to bar habeas relief, then the court may permit or not permit discovery in the court's discretion upon finding that an exception applies. That discretion keeps the control in the court. The Court not only does not see how the State would control discovery, but it furthermore does

25

not see how this argument applies here, unless Respondents are arguing that they should have been able to control discovery, which is not the case.

Finally, Respondents take issue with the Magistrate Judge's reliance on two United States Supreme Court cases that involved intervening state court decisions. See Roberts v. LaVallee, 389 U.S. 40 (1967); Francisco v. Gathright, 419 U.S. 59 (1974). The Magistrate Judge recognized that those cases were not directly on point because they involved intervening state court decisions rather than a newly enacted law. Nonetheless, she found the principles in the cases instructive to find that Petitioner was not required to make a request under the new post-conviction DNA testing law before seeking federal habeas relief.[4] Pursuant to Haw. Rev. Stat. § 844D-132(a), if the results of a post-conviction DNA testing are favorable to a defendant, a court then would conduct a hearing, similar to that under a Rule 40 proceeding. The Magistrate Judge noted that the Hawaii legislature enacted that law in 2005, after Petitioner's Rule 40 Petition was filed. Petitioner raised DNA testing in his Rule 40 Petition, but the testing was denied. Thus, he appealed that denial, raising that issue before the highest state court.

---

[4]     In 2005, Hawaii Revised Statute ("Haw. Rev. Stat.") §§ 844D-121 through 844D-133 was signed into law, which allows convicted persons to request DNA analyses of evidence.

Respondents appear to argue that Petitioner must utilize the process under Haw. Rev. Stat. §§ 844D-121 et seq. instead of seeking federal habeas relief. The Magistrate Judge relied on Roberts and Francisco for the proposition that a habeas petitioner need not re-submit his claim to the state court or abandon habeas relief in federal court because of an intervening state court decision or enactment of a new law, where the petitioner exhausted his state court remedies and sought relief before the change took effect. See Roberts, 389 U.S. at 42-43; Francisco, 419 U.S. at 62-63. The Court sees no error in the Magistrate Judge's application of those cases for that principle, even if not directly on point. For the claims that Petitioner exhausted in state court (and are not procedurally defaulted), the Magistrate Judge's ruling to permit discovery, in her discretion, was not clear error. Respondents have presented no reason to suggest that Petitioner should have to abandon his request for habeas relief to re-submit to the same or new proceedings based on newly enacted legislation that was not available to grant Petitioner relief when he sought relief based on newly discovered evidence of his innocence. Notably, Petitioner has not presented the Court with any law or legislative history that would suggest that Haw. Rev. Stat. §§ 844D-121 et seq. should apply retroactively to bar a petitioner's habeas proceeding already in motion. Accordingly, the Court cannot find, by a definite and firm conviction, that

27

the Magistrate Judge erred in permitting discovery.  The Court, therefore,

AFFIRMS the Magistrate Judge's ruling concerning discovery.

As the Magistrate Judge's ruling concerning discovery stands, the

Court will conduct an evidentiary hearing after Petitioner has had sufficient time to

conduct discovery, pursuant to the Magistrate Judge's recommendation.  Once

discovery is complete, Petitioner must file a motion requesting an evidentiary

hearing on his allegations based on newly discovered evidence that are exhausted

and not procedurally defaulted, after which a hearing date will be set.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND

DENIES IN PART Respondents' Appeal of the Magistrate Judge's Order.

Specifically, the Court AFFIRMS the Magistrate Judge's decision concerning

Counts Three and Seven and VACATES the Magistrate Judge's decision

concerning Count Eight.  The Court AFFIRMS the Magistrate Judge's decision to

permit discovery on Petitioner's exhausted claims that are based on newly

discovered evidence.  Upon  the completion of discovery, Petitioner must file a

motion requesting an evidentiary hearing on those allegations, after which a

hearing will be set.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, September 12, 2007.



      _____
      David Alan Ezra
      United States District Judge

Taryn Christian vs. Richard Bissen, et al., Civil No. 04-00743 DAE-LEK; ORDER GRANTING N PART AND DENYING IN PART RESPONDENTS' APPEAL OF THE MAGISTRATE JUDGE'S ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS