IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIVIL NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD BISSEN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INITIAL DISCOVERY ORDER**

This Court, having reviewed the Proposed Order
Regarding Discovery, filed by Respondents Iwalani D. White,
Interim Director,[1] and the State of Hawai`i Department of Public
Safety (collectively "Respondents") on February 7, 2007, and
Petitioner Taryn Christian's ("Petitioner") proposed Stipulated
Initial Discovery Order,[2] hereby enters the following discovery
order:

**I.    DNA Testing**

   **A.    Procedure**

      1.    All items of physical evidence which are in the
            possession of the State court clerk shall be
            immediately sent to the Maui Police Department's
            ("MPD") evidence custodian.

---

   [1] Respondent Iwalani D. White, Interim Director, has
replaced Respondent Richard Bissen, Acting Director, pursuant to
Fed. R. Civ. P. 25(a)(1).

   [2] Petitioner did not file his proposed Stipulated Initial
Discovery Order.  Respondents, however, submitted it as Appendix
A to their Proposed Order Regarding Discovery.

2.  Following the transfer of all items to the MPD's evidence custodian, items to be submitted for DNA testing shall be sent to the Serological Research Institute in Richmond, California ("SRI").

3.  Each submission to SRI shall be accompanied by a cover letter listing the items being sent and, if available, any identifying exhibit numbers, laboratory numbers, or other titles or numbers.

4.  Brian Wraxall at SRI shall document the chain of custody of all of the items, from the time SRI obtains custody until the time it releases custody, and shall document the steps taken in examining and analyzing the items.

5.  Items shall be sent by overnight mail.  The mailing shall be timed so that the items are not in transit during a weekend.

6.  After examining the evidence to determine the suitability and feasibility of various items for testing, SRI shall conduct nuclear DNA testing, using PCR procedures, on some or all of the items submitted.

7.  At a minimum, nuclear DNA testing shall be conducted on the swabs from the sidewalk.

8.  If initial analysis indicates there is biological material suitable for testing on the handles of either the knife or the screwdriver, those handles also shall be subjected to nuclear DNA testing.

9.  The likelihood of obtaining meaningful results from the other items shall be determined after those items are examined at the laboratory.

10. No reference samples - that is, no known samples of Vilmar Cabaccang, James Burkhart, Serena Seidel, Petitioner, or any other person - shall be sent at the same time as the items from the crime scene.  This is to assure that there is no possibility that any reference sample shall contaminate a crime scene sample either during transit or during examination at the laboratory.

11. DNA profiles shall be obtained from reference

2

samples, to the extent necessary, at a separate time from the time of testing of the crime scene evidence.

12. Prior to the transfer of any evidence to any laboratory other than SRI, Petitioner shall provide the Court and Respondents with the name, address, phone number, and any relevant credentials of the laboratory.

## B. Items To Be Sent For Testing

1. Swabs from the sidewalk (items 12, l2A, and 12B).
2. The knife (item 1).
3. The screwdriver (item 3).
4. The keys to Vilmar Cabaccang's vehicle.
5. Swabs from the crime scene (items 10, 10A, 11A).
6. Serena Seidel's clothing (items 4 and 5).
7. The jacket (item 6).
8. The cap (item 2).

## C. Documents to be Sent in Advance of Testing

1. Respondents shall produce discovery materials in the possession of the County of Maui.

2. Petitioner may serve subpoenas to obtain discovery materials that may be in the possession of the Federal Bureau of Investigations or the Honolulu Police Department.

## D.   Timing

1. Testing of the items shall occur at dates which are suitable to both parties, but in no event shall this initial testing be conducted later than two months after the filing of this order, except by mutual consent of the parties or by subsequent order of the Court.

## E.   Costs

1. Petitioner is responsible for reimbursing Respondents, the State courts, and MPD for any shipping and/or handling costs associated with the transfer of the evidence.

3

2.   If Respondents elect to have a representative present during testing, Respondents shall bear the cost of having the representative present.

## II.   Further Information Regarding James Burkhart

A.   Petitioner may serve subpoenas to obtain evidence of confessions that James Burkhart allegedly made after Petitioner's trial.

## III. Tape Recordings

A.   The originals of: (1) the tape recording of the conversation between Lisa Kimmey and Petitioner; and (2) the 911 tape shall be sent, via overnight mail service, to audio expert John Mitchell in Albuquerque, New Mexico.

B.   If the copy of the Kimmey-Christian conversation, which was actually played to the jury, is located, that tape shall also be sent to Mr. Mitchell.

C.   Respondents may elect to bring the tapes to Mr. Mitchell in person and to have a representative present during Mr. Mitchell's work with the tapes.  If they do so, Respondents shall bear any costs associated therewith.

D.   Prior to sending the tapes to Mr. Mitchell, Respondents may make copies of the tapes.

E.   The work on the tapes shall be conducted within two months of receipt.

F.   In addition to the above, Respondents shall provide defense counsel, if available, copies of the following video tapes: (1) crime scene, (2) Gas Express, (3) police interviews of Maui Community Correctional Center inmates, (4) police interviews of James Burkhart.

G.   All tapes shall be sent to local defense counsel within two weeks of the filing of this order.

H.   Petitioner is responsible for reimbursing Respondents and/or MPD for any shipping and/or handling costs associated with the copying and mailing of discovery materials.

## IV.  Other Items

A.  Respondents shall provide a list of all discovery materials currently within the possession of the Department of the Prosecuting Attorney - County of Maui, and/or the MPD within two weeks of the filing of this order.

B.  Respondents shall allow defense counsel reasonable access to and/or provide copies of any and all discoverable materials, including but not limited to, police reports, computer files, audio/video recordings, photographs, charts, drawings, and exhibits.

C.  Petitioner is responsible for reimbursing Respondents and/or MPD for any shipping and/or handling costs associated with the copying and mailing of discovery materials.

## V.  Physical Evidence

A.  Within three months of the filing of this order, Respondents shall allow Petitioner's counsel reasonable opportunity to examine the physical evidence at MPD, at a mutually agreeable time.

B.  Petitioner's examination of the physical evidence shall be limited to three people: defense counsel, a photographer, and an expert in crime scene reconstruction.

## VI.  Disposal of Evidence

A.  No items of evidence in this case shall be disposed of during the pendency of the habeas corpus proceedings.

B.  Respondents shall provide the State court clerk and the MPD copies of this order not to dispose of evidence.

## VII. Disclosure of Test Results, Certain Other Material

A.  Petitioner shall provide Respondents with copies of any and all documents, including, but not limited to, any written and/or oral findings, conclusions, reports, analysis, and other records of any type pertaining to the results of DNA testing, and results of the forensic examination by the audio expert.

B.   Petitioner shall provide any and all information within its knowledge regarding any further incriminating statements by James Burkhart, beyond those reported up to and during Petitioner's trial.

C.   Petitioner shall provide Respondent with any and all information, including but not limited to, documents, reports, video or audio tapes, photographs, recordings, evidence, names and addresses and phone numbers of witnesses, that Petitioner intends to rely upon in support of his Petition and/or evidentiary hearing, if any.

**VIII. Limitations on Disclosure.**

A.   All discovery provided to Petitioner is to remain in the custody possession of Petitioner's counsel and counsel's staff only.

B.   All originals, and any copies and/or duplicates of all discovery materials shall not be provided to anyone but Petitioner's counsel and counsel's staff, without prior approval of the Court and notice to Respondents.

**IX.   Commencement of Discovery**

A.   Petitioner may commence discovery upon the filing of this order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 21, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**TARYN CHRISTIAN V. IWALANI D. WHITE, ETC., ET AL; CIVIL NO. 04-00743 DAE-LEK; INITIAL DISCOVERY ORDER**