KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367

ATTORNEYS FOR PETITIONER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| **TARYN CHRISTIAN,** | ) | **CIV NO. 04-00743 DAE-LEK** |
| | ) | |
| **Petitioner,** | ) | **MOTION TO CONTINUE** |
| | ) | **DISCOVERY DATES** |
| | ) | **AND TO COMPEL** |
| | ) | **DISCOVERY;  MEMORANDUM** |
| | ) | **IN SUPPORT; DECLARATION** |
| | ) | **OF COUNSEL; NOTICE** |
| | ) | **OF MOTION; CERTIFICATE** |
| | ) | **OF SERVICE** |
| **vs.** | ) | |
| | ) | |
| **IWALANI WHITE,** | ) | |
| **Director, State of Hawaii** | ) | **NOTICE OF MOTION:** |
| **Department of Public Safety,** | ) | **Date: _____** |
| | ) | **Time: _____** |
| **Respondent.** | ) | **Judge: Honorable Leslie E. Kobayashi** |

## PETITIONER CHRISTIAN'S MOTION TO CONTINUE DISCOVERY
## DATES AND TO COMPEL DISCOVERY

Taryn Christian, through counsel, moves that the discovery completion date be moved to the latter of (1) March 27, 2008 or (2) thirty days after Respondent provides Petitioner with the additional physical items necessary to assess the impact of Respondent's evidence on Petitioner Christian's claims.

Petitioner Christian also moves that the date by which a motion for evidentiary hearing is to be filed be moved to either coincide with a new discovery completion date or be at some point within thirty days of the discovery completion date.

Further Petitioner moves that Respondent White be compelled to produce – either to counsel or, as appropriate, to an expert or investigator acting on Petitioner's behalf – the following items:

1.  The original videotape made at the bank ATM at Gas Express.  The tape is dated 7-13-95 – 7-14-95.

2.  The original videotape made from the camera operated by Gas Express itself.  This second tape is dated 7-13-95 – 7-14-95.  It reportedly was preserved on a tape marked "Tape 11."

3.   The swabs connected with the case and in the possession of the Maui Police Department together with complete background information relating to the swabs.

4.    All audiotapes of witnesses which have not been produced previously.

5.    Any items which are biological evidence or which contain biological evidence which have not been produced previously to Respondent's DNA expert.

Undersigned counsel has consulted with counsel for Respondent regarding the requests for additional evidence and additional time.    Respondent's counsel agrees that the date for filing a motion for evidentiary hearing should be postponed, but otherwise objects to the requests Petitioner is making in this motion.    Copies of the written communication between counsel are attached as Exhibits A and B.

No previous motion to continue discovery dates has been made formally, although discussion of discovery timing and a resulting scheduling order both occurred subsequent to the original discovery order.

This motion is based on Rule 6 of the Rules Governing Section 2254 cases, on the   Sixth and Fourteenth Amendments to the United States Constitution, on the Declaration of Counsel, on the attached Exhibits A and B, on the records and files of the instant case, and on such further evidence and argument as may be presented at a hearing on this motion.

As grounds for Petitioner's motion, undersigned counsel states:

First, as to the videotapes:

3

Only copies of the videotapes have thusfar been made available.  These copies, according to Jack Mitchell of Albuquerque, New Mexico, who has viewed them, are of extremely poor quality to the extent that the features of the persons who appear in the videotapes cannot be discerned with anything approaching clarity.   These videotapes may contain the image of the person who, according to store clerks, came into Gas Express not long after the homicide with an injured hand.   Thus, the videotapes are of critical importance both (1) in identifying potential exculpatory evidence and (2) in determining the extent to which trial counsel was ineffective in failing to explore, and possibly enhance, the evidence in the case.

Second, as to the swabs:

These items were not part of the prior request for sending DNA evidence to Brian Wraxall because counsel did not know these swabs existed until local counsel viewed the physical evidence at the Maui Police Department.   As indicated by Exhibit B, Respondent nevertheless opposes any additional testing not described in the existing discovery order.   If the items viewed by local counsel do in fact have no potential of containing meaningful evidence, there would be no point in testing them.  However, it is not unreasonable that Respondent provide the background information regarding the swabs and the opportunity to test them

4

if Petitioner's representatives ascertain there is a potential their contents could have an impact on the case.

Third, as to the audiotapes:

If additional audiotapes are in possession of the authorities, the existing discovery order contemplates that they be provided. The order is one granting Petitioner access to the evidence. As to witness Seidel, a witness to the events surrounding the homicide, a transcript of a tape recording has been provided, but not the tape. Especially since this case has a history of tape recordings existing without the complete contents of those tapes being included in the description of the conversation (for example, the Lisa Kimmey tape was promoted as a confession tape, but also contains explicit denials on the part of Taryn Christian), having the actual recording is potentially useful to Petitioner. No transcripts of any tape recordings of Phil Schmidt or Tesha Santana have been provided. However, both are central witnesses who reportedly have stated that their interviews with the authorities were recorded.

Fourth, as to additional biological evidence:

The spirit of the discovery order was to provide an opportunity to have DNA testing on the biological evidence which could impact the case. Although the knife sheath was not on the original list to be sent for testing, it, like other

evidence, would have the potential of revealing a DNA pattern of some person

other than Vilmar Cabbaccang.

Fifth, as to time for producing additional discovery in general:

Expert reports currently are due on March 27, 2008.   Investigation of the

case and examination of existing evidence is ongoing.  It should not delay the

proceedings if results of additional investigation can be turned over to the

opposing party at any date up to March 27, 2008.

Sixth, as to the completion of Brian Wraxall's work:

Mr. Wraxall has accomplished some testing and his initial report has been

provided to Respondent.  However, following his cancer treatment he has had

more difficulty in catching up than he anticipated.    Based on conversations with

Mr. Wraxall, undersigned counsel expects that Mr. Wraxall can complete testing

on the items he now has in his possession by March 27, 2008.  However, testing

on any additional items possibly could not be completed by that date unless the

items are provided immediately.  One of the additional items which Mr. Wraxall

intends to test is the ball cap.  (His intention regarding the ball cap apparently

changed after further consideration.) Counsel is not aware of Mr. Wraxall

recommending testing on the jacket, but he may do so just on the outside chance

that some meaningful DNA will be found.  He certainly will if that is the order of

the Court. However, contrary to the representation made by Respondent, the Discovery Order provides that "[a]fter examining the evidence to determine the suitability and feasibility of various items for testing, SRI shall conduct nuclear DNA testing, using PCR procedures, on **some or all** of the items submitted." (emphasis added)(page 2 of the discovery order).

Although there are some items as to which testing is mandated, none of those are either the jacket or cap.

## CONCLUSION

Petitioner has been requesting forensic testing of various types for more than a decade. He has an interest, since he waits in jail pending the outcome of this proceeding, in the discovery process being done expeditiously. However, he also has an interest in the discovery process being conducted correctly. Taking the time for the discovery to be done correctly is also in the interests of justice.

Respondent would not be prejudiced in any way by the additional time nor does counsel for Respondent suggest any prejudice in Exhibit B.

Petitioner – who asked for DNA testing prior to trial and filed a discovery motion in this habeas case in the year 2006 – now asks for a month or so to assure that the discovery process is meaningful and to require Respondent to turn over important discovery.

Much discovery already has occurred.  Local counsel has gone to the Maui Police Department to receive documents and view evidence; enhancement of the originals of the 911 tape has occurred and a report regarding  that and other work by audio expert Jack Mitchell has been provided to Respondent; Brian Wraxall has performed most of the DNA testing necessary and a report regarding Mr. Wraxall's work has been provided to Respondent; Petitioner has served the Honolulu Police Department crime laboratory with a subpoena and has received from the lab documents relating to Petitioner's case; Petitioner has provided a witness and exhibit list to Respondent; Petitioner has provided to Respondent the name of the person who allegedly had talked about a Burkhart confession.

However, it would be a tragedy if the most important discovery has not yet occurred, and never occurs because Respondent – after a decade or so of these issues percolating – is now in too much of a hurry for the month or so it will take to complete what Petitioner is requesting.

In the interests of justice, Petitioner's motions should be granted.

.

Dated: February 28, 2008.

/s/ Mark Barrett
MARK BARRETT

## MEMORANDUM IN SUPPORT OF MOTION

The United States Supreme Court has pronounced that, pursuant to Rule 6 of the Rules Governing Section 2254 cases, discovery should be provided to a habeas petitioner when the discovery has the potential of developing issues that could show the petitioner was deprived of due process of law. **Bracy v. Gramley,** 520 U.S. 899 (1997).

The rule of **Bracy** would be an empty rule if the discovery it provided were not meaningful discovery.

The court should order additional evidence be provided and additional time be allotted to assure that the discovery which is being provided in this case is meaningful discovery.

/s/ Mark Barrett<br>MARK BARRETT

Dated: February 28, 2008

## DECLARATION OF COUNSEL

Undersigned counsel, Mark Barrett, solemnly declares that the factual matters set forth in this motion are true and correct to the best of his knowledge and belief.

Certain statements in motion are based on information and belief.  Counsel

has not personally viewed the Gas Express videotapes which are alleged to be of poor quality. However, counsel has discussed the tapes on multiple occasions with Jack Mitchell and is informed and believed by Mr. Mitchell that the tapes are of poor quality and appear to be poorly copied. Mr. Mitchell has E-mailed to counsel a still shot of a frame of the videotape and that frame appears to support Mr. Mitchell's assessment.

Representations regarding Brian Wraxall are based on counsel's conversations with Mr. Wraxall.

The belief that tape recordings of Mr. Schmidt and Ms. Santana may exist are based on notes in the Petitioner's file indicating that these witnesses made statements to a representative of the defense that they had been recorded when they were talking with police.

I also have relied on the files and pleadings in the case in making factual assertions and, to the best of my knowledge, representations regarding the contents of the files and pleadings are correct.


Dated February 28, 2008.                    /s/Mark Barrett
                                            MARK BARRETT

# CERTIFICATE OF SERVICE

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last-known address:

Served electronically through CM/ECF:

Peter Hanano                peter.hanano@co.maui.hi.us        February 28, 2008


/s/ Mark Barrett
MARK BARRETT

11