KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367
Fax: 405-366-8329
Email: barrettlaw@sbcglobal.net

ATTORNEYS FOR PETITIONER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | | |
|---|---|---|
| **TARYN CHRISTIAN,** | ) | CIV NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | **PETITIONER S MOTION** |
| | ) | **FOR EVIDENTIARY** |
| | ) | **HEARING; MEMORANDUM** |
| | ) | **IN SUPPORT; DECLARATION** |
| vs. | ) | **OF COUNSEL; CERTIFICATE** |
| | ) | **OF SERVICE** |
| **IWALANI D. WHITE,** | ) | |
| Director, State of Hawaii | ) | **NOTICE OF MOTION:** |
| Department of Public Safety, | ) | Date: _____ |
| | ) | Time: _____ |
| Respondent. | ) | Judge: Honorable Leslie E. Kobayashi |

**PETITIONER S MOTION FOR EVIDENTIARY HEARING**

Petitioner Taryn Christian moves that an evidentiary hearing be granted in respect to his Petition for Writ of Habeas Corpus.

1

Such a hearing is necessary because there appear to be disputed factual issues which, if resolved in Mr. Christian s favor, would entitle him to relief.

This motion is based on the supporting memorandum of law, the declaration of counsel, and the documents on file in this case including exhibits reflecting the nature of prior proceedings.

This motion is further based on the provisions of 28 U.S.C. § 2254, the Sixth and Fourteenth Amendments to the United States Constitution, and on such further material as may be presented at a hearing on this motion.

## FACTUAL ISSUES IN NEED OF RESOLUTION

In Taryn Christian s habeas corpus petition, he has raised factual matters which, if they can be proved, will entitle him to relief. Among these is the claim that trial counsel was ineffective in failing to have evidence subjected to forensic testing.

Some of the testing is not complete, such as the DNA testing of items connected with the crime scene. A request is pending regarding some further testing   examination of originals of convenience store surveillance tapes. However, forensic examination already has produced evidence connecting the original suspect, James Burkhart, to the crime scene. An audio expert has stated that enhancement of the 911 tape  reveals Burkhart s name being spoken . The

audio expert has reported that recent additional enhancement, using the original 911 tape, has confirmed the presence of Burkhart's name and provided some additional detail of conversation on the tape. If trial counsel had had the tape enhanced there would have been strong evidence pointing to another suspect. This information would have been valuable to the defense, not just in isolation, but also to provide the corroboration that would have removed any doubt regarding whether the Burkhart confessions were sufficiently reliable to be admissible.

In addition to a hearing being necessary on the ineffective assistance of counsel issues, a hearing is necessary in regard to the actual innocence issue and the issues regarding the presentation of false and misleading evidence.

Resolution is necessary regarding the issue of whether a lineup photograph erroneously gave the viewer the impression that Taryn Christian had long hair in back. Petitioner asserts that examination of the identification issue at an evidentiary hearing will reveal that the perpetrator had long hair in back, that Taryn Christian did not have long hair in back, and that the lineup photograph could have mistakenly led an eyewitness to believe that Mr. Christian had long hair in back.

Likewise, resolution is necessary of the issue regarding whether the version of the Lisa Kimmey tape which was played before the jury was a materially misleading rendition of the tape — a tape in which significant exculpatory

3

statements were inaudible.

Assuming the Serena Seidel shorts cannot be located, Petitioner may seek to amend the petition to include an issue of bad faith destruction of evidence under the principles set out in **Arizona v. Youngblood,** 488 U.S. 51 (1988).

If such an amendment occurs, an evidentiary hearing will be appropriate to address the issue of destroyed evidence. This destroyed evidence could have led to exculpatory DNA evidence being discovered. Significantly, some apparent blood on the shorts appeared to have been placed there through hand wiping. In light of allegations that Burkhart was a boyfriend of Seidel and that the man in the Gas Express had an injured hand, this evidence from Seidel may have led to the discovery of Burkhart s blood, whereas the droplets of blood on other items thusfar appear to be Vilmar Cabaccang s blood and therefore not capable of inculpating Burkhart or any other suspect.

Because of these multiple issues in need of resolution in a case where there already is significant evidence  pointing to another suspect, an evidentiary hearing should be granted.

Dated: March 13, 2008                              /s/ Mark Barrett
                                                   MARK BARRETT

## MEMORANDUM IN SUPPORT OF MOTION

Evidentiary hearings are necessary in federal habeas actions when fact-finding is necessary and none has been conducted in state court.  **Townsend v. Sain,** 372 U.S. 293, 313 (1963) **overruled in part on other grounds, Keeney v. Tamayo-Reyes,** 504 U.S. 1, 5 (1992).  **Accord, Williams v. Taylor**, 529 U.S. 420 (2000).

Full consideration of the evidence is appropriate regarding claims of innocence. **Schlup v. Delo,** 513 U.S. 298, 327-28 (1995).  Evidentiary hearings on ineffective assistance of counsel claims are needed when, as in Petitioner Christian s case, the facts asserted by the Petitioner would entitle the Petitioner to relief.  **Beavers v. Saffle,** 216 F.3d 918, 925 (10th Cir. 2000).

Thus, the law, as well as the facts, support the granting of an evidentiary hearing.

Dated: March 13, 2008                                         /s/ Mark Barrett
                                                              MARK BARRETT

## DECLARATION OF COUNSEL

I, Mark Barrett, declare that the factual statements made in this document, to the best of my knowledge and belief, are true and correct.

Certain statements in the motion are based on information and belief.

Counsel has no personal knowledge regarding the availability of the Seidel shorts, but has been told by opposing counsel that opposing counsel cannot find them. The statement regarding the wiping marks on the shorts is based on a photograph of the shorts which the State of Hawaii had provided to the defense in prior proceedings and a copy of which is available for examination.

Statements regarding the tape recordings are based largely on conversations with audio expert Jack Mitchell and statements regarding the DNA testing are based primarily on conversations with DNA expert Brian Wraxall.

I have also relied on the files and pleadings in the case in making factual assertions and, to the best of my knowledge, representations regarding the contents of the files and pleadings are correct.

Dated: March 13, 2008                     /s/ Mark Barrett
                                          MARK BARRETT

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last-known address:

    Served electronically through CM/ECF:

Peter Hanano      peter.hanano@co.maui.hi.us    March 13, 2008

.

        /s/ Mark Barrett
        MARK BARRETT