DEPARTMENT OF THE PROSECUTING ATTORNEY 207

BENJAMIN M. ACOB    4471
Prosecuting Attorney
PETER A. HANANO    6839
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD BISSEN, Acting Director, STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY,<br><br>    Respondents. | CIV. NO. 04-00743 DAE-LEK<br><br>RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER CHRISTIAN'S MOTION TO CONTINUE DISCOVERY DATES AND TO COMPEL DISCOVERY; DECLARATION OF COUNSEL; APPENDICES A - C; CERTIFICATE OF SERVICE<br><br>Date:    4/2/08<br>Time:   9:00 AM<br>Judge:  Honorable Leslie E. Kobayashi |

**RESPONDENT'S MEMORANDUM
IN OPPOSITION TO PETITIONER CHRISTIAN'S MOTION
TO CONTINUE DISCOVERY DATES AND TO COMPEL DISCOVERY**

COME NOW, CLAYTON A. FRANK, Director, Department of Public Safety, State of Hawaii, (hereinafter "Respondents"), by and through their attorney, PETER A. HANANO, First Deputy Prosecuting Attorney for the County of Maui, and present this Memorandum in Opposition to Petitioner Christian's Motion to Continue Discovery Dates and to Compel Discovery, filed on February 28, 2008, by Petitioner Taryn Christian ("Petitioner") by and through his attorney Mark Barrett, Esq.

I.  **STATEMENT OF RELEVANT FACTS.**

On September 21, 2007, the Honorable Leslie E. Kobayashi issued an Initial Discovery Order (Document 81, hereinafter referred to as "IDO") which specifically outlined how the discovery process in this case would be conducted. According to the Order, the Court allowed Petitioner to commence discovery "[u]pon the filing of this order".

After the filing of the IDO on September 21, 2007, Respondents fully complied with all of its obligations under the IDO. In particular, Respondents provided a list of ALL discovery materials currently within the possession of the Department of the Prosecuting Attorney and the Maui Police Department. (See attached APPENDIX "A").

On December 10, 2007, during a status conference, the Court ordered that the parties submit a letter brief regarding the discovery matters by December 17,

2007. Respondents submitted their letter to the Court on December 17, 2007. (See attached APPENDIX "B"). Petitioner also submitted his letter later that same day. (See attached APPENDIX "C").

On January 29, 2008, Mr. Barrett indicated that he wanted the original of the Gas Express "ATM tape" sent to their expert. In addition, Mr. Barrett also requested that the knife sheath be sent to SRI for further possible examination. At that time, Respondents requested that Mr. Barrett specifically indicate which Gas express tape he wanted sent.

On February 21, 2008, Mr. Barrett requested that "the originals of the Gas Express tapes" be sent to his expert. Apparently, Mr. Barrett was now requesting that *both* Gas Express tapes be sent to his expert. In addition, Mr Barrett requested: 1) information regarding the swabs and possibly sending the swabs to SRI; and 2) audiotapes of interviews with Serena Seidel, Tesha Santana, and Phil Schmidt. The following day, on February 22, 2008, Respondents sent Mr. Barrett a letter objecting to the further discovery requests by Mr. Barrett.

On February 28, 2008, Petitioner filed a Petitioner Christian's Motion to Continue Discovery Dates to Compel Discovery. (Document 91). For the reasons discussed below, Respondents object to Petitioner's motion.

II.  **ARGUMENT.**

Habeas is an important safeguard whose goal is to correct real and obvious wrongs. <u>Rich v. Calderon</u>, 187 F3d 1064, 1067 (9th Cir. 1999). It was never meant to be a fishing expedition for habeas petitioners to "explore their case in search of its existence." <u>Id</u>. (Citations omitted). A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). Instead, discovery in a habeas case is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. <u>Calderon v. U.S.D.C.</u> (Nicolaus), 98 F.3d 1102, 1104 (9th Cir.1996). The Rule provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." <u>Calderon v. U.S.D.C.</u>, at 1104 (citing <u>Campbell v. Blodgett</u>, 982 F.2d 1356, 1358 (9th Cir.1993) (there simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter)).

The Supreme Court has construed Rule 6, and has held that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and

procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

In Calderon v. U.S.D.C., a state death row inmate filed a "pre-petition" discovery motion on the state district attorney's office seeking access to all documents pertaining to the inmate's case. Id., at 1104. Without holding a hearing, and without presenting any explanation of "good cause", the district court granted the inmate's motion. Id. In response, the state filed a timely writ of mandamus and an emergency motion for a stay of the discovery order. Id. On appeal, the Ninth Circuit Court of Appeals held that the district court erred in granting the inmate's discovery order, and in doing so, stated the following in pertinent part:

> "[c]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation. See Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir.1994) (footnotes omitted) ("federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief ... conclusory allegations are not enough to warrant discovery under Rule 6 ... , the petitioner must set forth specific allegations of fact. Rule 6 ... does not authorize fishing expeditions."), cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995); United States ex rel. Nunes v. Nelson, 467 F.2d 1380, 1380 (9th Cir.1972) (state prisoner "is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition"); Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir.1970) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence."). Nicolaus' eligibility for discovery is especially questionable because the prisoners in Ward, Nunes, and Aubut at least filed a federal habeas petition. If the ambiguous allegations of these prisoners were insufficient to justify discovery, then certainly the utter absence of any specific allegations should preclude discovery."

Calderon v. U.S.D.C., at 1106. Likewise, vague and conclusory allegations are not sufficient to allow discovery under Rule 6 and a petitioner may not embark on a fishing expedition in order to develop claims for which there is no factual basis. Brown v. Bradshaw, 2006 WL 533405 (N.D. Ohio March 3, 2006); Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997) (Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations); Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) (conclusory allegations are not enough to warrant discovery under Rule 6 and petitioner must set forth specific allegations of fact).

In this case, Petitioner now appears to be embarking on a fishing expedition to explore his case in search of its existence. None of the Petitioner's current requests were specifically contemplated in the IDO. In fact, in Mr. Barrett's letter brief to the Court on December 17, 2007, Mr. Barrett states "the defense is not aware of discovery issues, other than the setting of appropriate dates which have yet to be ruled upon by the court". (See APPENDIX C). At that time, the only "additional forensic procedure" contemplated by Petitioner was to send the videotapes for "attempted enhancement". Now, in his motion, Petitioner requests a number of additional discovery items. Petitioner appears to be conducting a fishing expedition.

However, if this Court is inclined to allow further discovery in this case, Respondents take the following position. Respondents request that Petitioner

complete any further discovery in a timely fashion. Here, Petitioner apparently waited less than a month before the expiration of the February 28, 2008 discovery deadline to request additional tests not contemplated by the IDO, and with the exception of the Gas Express tapes., not specifically articulated in Petitioner's December 17, 2007 letter brief to the Court.

First, with respect to the Gas Express videotapes, Respondents do not object to sending the original tapes to Petitioner's expert. However, strict time limitations should be imposed.

Second, Respondents are uncertain as to which swabs Petitioner is referring to, since Respondents' understanding is that ALL swabs were sent to SRI. In addition, Respondents object to Petitioner's vague and ambiguous request for "any items which are biological evidence or which contain biological evidence which have not been produced previously to [Petitioner's] DNA expert".

Third, with respect to the audiotapes, Respondents are not aware of any audiotapes (Seidel, Schmidt, or Santana) in the possession of either the Department of the Prosecuting Attorney or the Maui Police Department. The documents contained in the attached APPENDIX "A" includes a detailed listing of all of the evidence possessed by each Department.

Fourth, Respondents again do not have any objection to sending the knife sheath to SRI for possible analysis. Again, however, strict time limitations should be imposed.

Fifth, as far as the deadlines, Respondents request that the deadline for the motion for evidentiary hearing be set well after the close of discovery and deadline for the experts reports.

Sixth, as to the completion of Mr. Wraxall's work, Respondents do not object to giving Mr. Wraxall additional time to analyze and file his report. Again, however, strict time limitations should be imposed. Furthermore, if Mr. Wraxall decides not to test the cap and jacket, Respondents request a reasonable period of time for Respondents to have an expert conduct DNA analysis on the items of evidence, including but not limited to the cap and jacket. Respondents also request that the biological evidence utilized to obtain STR profiles be immediately returned to the Maui Police Department so that Respondents' DNA experts could conduct analysis on those DNA samples.

## III. **CONCLUSION.**

Based upon the foregoing reasons, Respondents' respectfully requests that this Honorable Court deny Petitioner Taryn Christian's First Motion For Leave To Conduct Discovery, or in the alternative, allow additional discovery with strict limitations as indicated above.

DATED: Wailuku, Hawaii, March 14, 2008.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
BENJAMIN M. ACOB,
PROSECUTING ATTORNEY

By_____
PETER A. HANANO
First Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents