# APPENDIX "B"

CHARMAINE TAVARES
Mayor

BENJAMIN M. ACOB
Prosecuting Attorney

PETER A. HANANO
First Deputy Prosecuting Attorney



## DEPARTMENT OF THE PROSECUTING ATTORNEY
COUNTY OF MAUI
150 S. HIGH STREET
WAILUKU, MAUI, HAWAII 96793
PHONE (808) 270-7777 • FAX (808) 270-7927

December 17, 2007

Honorable Leslie Kobayashi
Magistrate Judge
United States District Court
for the District of Hawaii
300 Ala Moana Boulevard
Honolulu, Hawaii 96813

Re: Taryn Christian v. Richard Bissen, et al.
    USDC - Civ. No. 04-00743 DAE-LEK

Dear Judge Kobayashi:

This letter is in response to the Court's Minutes issued on December 10, 2007, which required both parties to submit a letter detailing: 1) discovery produced to date; 2) discovery agreed to be produced and the dates by which production will be made; 3) discovery issues remaining and the party's proposal with regard to these issues. Accordingly, I have addressed each of the three categories in the Discovery Brief, attached hereto as Attachment "A".

Should you have any questions or need additional information, please feel free to contact me at (808) 270-7777.

Very truly yours,

PETER A. HANANO
First Deputy Prosecuting Attorney

c: Mark Barrett, Esq.

## DISCOVERY BRIEF

A. **DISCOVERY PRODUCED TO DATE.**

1. On or about September 24, 2007, Respondents mailed a copy of the Court's Initial Discovery Order issued on September 21, 2007, to the Second Circuit Court and the Maui Police Department, (See Initial Discovery Order ["IDO"], at p.5, § VI.B.);

2. On or about October 1, 2007, all items of physical evidence that were within the possession of the Second Circuit Court of the State of Hawaii, were transferred to the Maui Police Department, (See IDO, at p.1, § I.A.1.);

3. On October 4, 2007, Respondents mailed to Petitioner's counsel, Keith Shigetomi, Esq., copies of the following video tapes: (1) crime scene, (2) Gas Express, (3) police interviews of Maui Community Correctional Center inmates, (4) police interview of James Burkhart;

4. On or about October 8, 2007, Respondents mailed Petitioner a list of all discovery materials currently within the possession of the Maui Department of the Prosecuting Attorney and the Maui Police Department, (See IDO, at p.5, § IV.A.);

5. On or about October 9, 2007, the Maui Police Department mailed, via Fedex overnight delivery, items 1-8, specifically, the swabs from the sidewalk, knife, screwdriver, keys to Vilmar Cabaccang's vehicle, swabs from the crime scene, Serena Seidel's clothing[1], jacket, cap, were sent to Serological Research Institute in Richmond California, (See IDO, at p.3, § I.B.1-8);

6. On or about October 9, 2007, the Maui Police Department mailed, via Fedex overnight delivery,

---

[1] There appears to be a discrepancy regarding which of Seidel's clothing was actually in evidence, however, Respondents will obtain a report/inventory of what was actually sent to SRI and forward the report to the Court and Petitioner's counsel upon receipt.

**ATTACHMENT "A"**

        in a separate container, known reference samples to SRI, (See IDO, at p.2, § I.A.10-11);

7. On or about October 9, 2007, the Maui Police Department mailed, via Fedex overnight delivery, the originals of: (1) the tape recording of the conversation between Lisa Kimmey and Petitioner; and (2) the 911 tape shall be sent, via overnight mail service, to audio John Mitchell, (See IDO, at p.4, § III.A.);

B. **DISCOVERY AGREED TO BE PRODUCED AND THE DATES BY WHICH PRODUCTION WILL BE MADE.**

1. To date, Respondents have complied with all discovery deadlines as ordered by the Court in the IDO;

2. Respondents will comply with any future discovery requests made by Petitioner pursuant to the IDO, such as specific requests for copies of police reports, photographs, documents, tapes, viewing of the evidence, etc., however, to this date, Respondents have not received any such requests from Petitioner's counsel.

C. **DISCOVERY ISSUES REMAINING.**

1. To date, Petitioner has not provided Respondents with copies of any and all documents, including, but not limited to, any written and/or oral findings, conclusions, reports, analysis, and other records of any type pertaining to the results of DNA testing, and results of the forensic examination by the audio expert, (See IDO, at p.5, § VII.A.);

    Proposal: Petitioner shall provide Respondent with the above materials, if any, within ten (10) days from December 17, 2007.

2. To date, Respondents have not received from Petitioner, any and all information within its knowledge regarding any further incriminating statements by James Burkhart, beyond those reported up to and during Petitioner's trial, (See IDO, at p.6, § VII.B.);

   Proposal: Petitioner shall provide Respondent with the above materials, if any, within ten (10) days from December 17, 2007.

3. To date, Petitioner has not reimbursed Respondents for any shipping, handling, or copying costs associated with the transfer and/or copying of the evidence[2], (See IDO, at p.3, § I.E.1., p.4, § III.A.);

   Proposal: Petitioner shall immediately reimburse Respondents in the amount of $294.58.

4. To date, Petitioner has not provided Respondent with any and all information, including but not limited to, documents, reports, video or audio tapes, photographs, recordings, evidence, names and addresses and phone numbers of witnesses, that Petitioner intends to rely upon in support of his Petition and/or evidentiary hearing, if any, (See IDO, at p.6, § VII.C.);

   Proposal: Petitioner shall provide Respondent with the above materials, if any, within ten (10) days from December 17, 2007.

---

[2] The total amount currently stands at $294.60. Respondents will submit an updated request for payment to Keith Shigetomi, Esq.