IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIVIL NO. 04-00743 DAE-LEK |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| IWALANI WHITE, ETC., ET AL., | ) | |
| | ) | |
|      Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S
MOTION TO CONTINUE DISCOVERY DATES AND TO COMPEL
DISCOVERY AND SETTING SCHEDULE FOR EVIDENTIARY HEARING**

     Before the Court is Petitioner Taryn Christian's ("Petitioner") Motion to Continue Discovery Dates and to Compel Discovery ("Motion"), filed on February 28, 2008.  Respondents Iwalani D. White, Interim Director, and the State of Hawaii Department of Public Safety (collectively "Respondents") filed their memorandum in opposition on March 14, 2008 and Petitioner filed his reply on March 21, 2008.  This matter came on for hearing on April 2, 2008.  Appearing on behalf of Petitioner were Mark Barrett, Esq., by telephone, and Keith Shigetomi, Esq.  Appearing on behalf of Respondent was Peter Hanano, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Petitioner's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

The instant case arises from Petitioner's 1997 conviction of one count of murder in the first degree for the death of Vilmar Cabaccang and one count of theft in the third degree. Petitioner was sentenced to life in prison. Christian filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on December 22, 2004.

The Petition raises the following grounds for habeas relief: 1) deprivation of Petitioner's right to testify on his own behalf ("Ground One"); 2) improper exclusion of James Burkhart's confessions ("Ground Two"); 3) ineffective assistance of trial counsel based on various actions and omissions by counsel ("Ground Three"); 4) actual innocence ("Ground Four"); 5) admission of improper identification evidence ("Ground Five"); 6) admission of false and/or misleading evidence ("Ground Six"); 7) ineffective assistance of appellate counsel ("Ground Seven"); 8) ineffective assistance of trial counsel regarding counsel's advice about his right to testify ("Ground Eight"); and 9) whether the prosecution suppressed or destroyed exculpatory evidence by returning Cabaccang's vehicle to his family before the defense had the opportunity to examine it ("Ground Nine"). [Mem. in Supp. of Petition at I-ii; 5/1/07 Order & Recommendation at 5.]

On May 1, 2007, this Court issued its Order Granting

Petitioner's Motion for Leave to Conduct Discovery and Findings and Recommendation Regarding Petition for Writ of Habeas Corpus ("5/1/07 Order & Recommendation"). This Court found that:

> Ground One, Ground Two, and Ground Seven of the Petition are exhausted; Ground Four, Ground Five, Ground Six, Ground Eight, and Ground Nine are technically exhausted, but are procedurally defaulted; and Ground Three is partially exhausted, but the claim in Ground Three that is technically exhausted is also procedurally defaulted.

[5/1/07 Order & Recommendation at 2.] The Court also granted Petitioner's motion to conduct discovery, finding that he "has established good cause to conduct limited discovery to support his actual innocence argument." [Id. at 61 (citing Rule 6(a), 28 U.S.C. foll. § 2254).]

Respondents appealed the 5/1/07 Order & Recommendation to the district judge. On September 12, 2007, the district judge issued an order granting Respondent's appeal in part and denying it in part ("9/12/07 Appeal Order"). The district judge affirmed this Court's decision regarding Counts Three and Seven and vacated this Court's decision regarding Count Eight. The district judge also affirmed the decision to permit discovery on Petitioner's exhausted claims that are based on newly discovered evidence.

On September 21, 2007, this Court issued an Initial Discovery Order, setting forth the terms of discovery in this case. On December 27, 2007, this Court issued an EO establishing

the following deadlines: "Discovery shall be completed by **February 28, 2008,** Petitioner's expert report(s) shall be filed by no later than **March 27, 2008** and Respondent's expert report(s) shall be filed by no later than **April 24, 2008**. A motion for evidentiary hearing shall be filed by no later than **March 13, 2008**."

In the instant Motion, Petitioner asks the Court to move the discovery deadline to the latter of: 1) March 27, 2008, or 2) thirty days after Respondents provide additional physical evidence. Petitioner also seeks an order compelling Respondents to produce a number of items. Finally, in his reply, Petitioner requests permission to have an additional expert, Ken Glaza of Southfield, Michigan, analyze the videotapes.

## DISCUSSION

### I. Principles Governing Habeas Discovery

Unlike civil litigants, a habeas petitioner is not presumptively entitled to discovery. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). The Ninth Circuit has stated: "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." Id. at 1067. Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part: "A judge may, for good cause,

authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The United States Supreme Court has held that, pursuant to Rule 6(a), the scope and extent of habeas discovery is within the discretion of the district court. See Bracy v. Gramley, 520 U.S. 899, 909 (1997).

**II.   Petitioner's Request**

    **A.   DNA Testing**

        **1.   Cap and jacket**

Petitioner states that his expert, Brian Wraxall of the Serological Research Institute in Richmond, California ("SRI"), was not able to complete the DNA testing of the items currently in his possession by the discovery deadline because he was recently treated for cancer and has encountered unanticipated difficulties in catching up on his work. In addition, although Mr. Wraxall did not initially plan on testing the cap, he later decided to do so. Mr. Wraxall represented to Petitioner's counsel that he could complete testing on the items in his possession by March 27, 2008.

In light of Mr. Wraxall's health problems, the Court GRANTS Petitioner's request to extend the deadline for his expert report. Petitioner shall disclose Mr. Wraxall's report regarding all items currently in SRI's possession, including the cap and jacket, by **May 9, 2008**. Petitioner shall also ensure that the

cap and jacket are returned to Respondents, according to the procedures set forth in this Court's Initial Discovery Order, by **May 9, 2008**.

Respondents must, within two weeks after receiving Mr. Wraxall's report, *i.e.* no later than **May 23, 2008**, but earlier if Petitioner discloses the report prior to May 9, file a written notice whether they will conduct their own testing on the cap and jacket.  The notice shall include the name and contact information of the person who will perform the tests.  If Respondents do conduct their own testing, they must complete the testing and submit the report to Petitioner by **July 9, 2008**.  If Respondents believe that they cannot complete the report by that date, Respondents' counsel should meet and confer with Petitioner's counsel.  If the parties reach an agreement regarding an extension, Respondents shall submit a stipulation to this Court for approval.  If the parties are unable to reach an agreement, Respondents must file a motion for an extension. Respondents shall either submit the parties' stipulation or file their motion for an extension by **June 6, 2008**.

### 2. Knife sheath

This Court's Initial Discovery Order identifies the knife used to kill Vilmar Cabaccang as one of the items to be sent to SRI for DNA testing.  On January 29, 2008, Petitioner's counsel requested that Respondents send the knife sheath to SRI

for possible further examination. Respondents state that, if the Court is inclined to permit further discovery, they do not object to the testing of the knife sheath, as long as the Court imposes strict time limitations. Insofar as the testing of the knife sheath is a reasonable extension of the Initial Discovery Order, the Court GRANTS Petitioner's request and ORDERS Respondents to send the knife sheath to SRI, according to procedures set forth in the Initial Discovery Order, by **April 17, 2008**.

### 3. Swabs

Petitioner seeks an order compelling Respondents to produce swabs connected with this case which are currently in the possession of the Maui Police Department ("MPD"). Petitioner also requests background information about the swabs. Petitioner states that he did not include these swabs in his prior discovery request because he did not become aware of them until counsel viewed the evidence held at the MPD. Respondents believe that all swabs connected with this case were sent to SRI for testing.

The Court will reserve ruling on Petitioner's request to compel the production of additional swabs until the parties submit further information. The Court ORDERS Respondents to inspect the evidence still in the possession of the MPD and determine if there are still swabs relating to this case. The Court further ORDERS Respondents to file a declaration or affidavit, by a person with personal knowledge, setting forth the

results of the inspection by **April 10, 2008.** If such additional swabs do exist, the declaration or affidavit shall include a description of the swabs. Petitioner shall then have until **April 17, 2008** to file an affidavit or declaration informing the Court whether he wishes to have the additional swabs sent to SRI for evaluation and, if so, what the basis of the request is. The Court will issue a ruling on Plaintiff's request thereafter.

    B.    **Gas Express Videotapes**

The Initial Discovery Order required Respondents to provide Petitioner with copies of the relevant videotapes from Gas Express. In the instant Motion, Petitioner states that the copies are of such poor quality that the features of the persons on the tape are indiscernible. Petitioner seeks an order compelling Respondents to produce the originals to Petitioner's expert, Jack Mitchell of Albuquerque, New Mexico. Respondents do not object to this request, as long as the Court imposes strict time limitations. The Court therefore GRANTS Petitioner's Motion with regard to the three original Gas Express videotapes and ORDERS Respondents to send the tapes to Petitioner's local counsel by **April 17, 2008**.

In his reply, Petitioner requested leave to have an additional expert, Ken Glaza of Southfield, Michigan, analyze the videotapes. Petitioner's request is STRICKEN because he failed to raise it in the Motion. See Local Rule LR7.4 ("Any arguments

raised for the first time in the reply shall be disregarded.").

    C.    **Witnesses' Statements**

Petitioner seeks an order compelling the production of additional audiotapes of witnesses' statements which have not been produced. He also notes that he has only received the transcript of Serena Seidel's statement; he has not received the transcripts of Phil Schmidt's or Tesha Santana's statements. Respondents believe that there are no additional audio recordings of the witnesses' statements. The Court finds that Petitioner is entitled to the transcripts of Schmidt's and Santana's statements and GRANTS the Motion with regarding thereto. The Court ORDERS Respondents to produce the transcripts of Schmidt's and Santana's statements by **April 17, 2008.**

    D.    **Other Prior Discovery Requests**

Respondents represent that all of the items identified in the Motion which Petitioner sought in prior discovery requests do not exist. With the exception of the swabs addressed *infra*, the Court ORDERS Respondents to file a declaration or affidavit addressing these requests by **April 17, 2008**. The declaration or affidavit must be written by a person with knowledge, and should state that a good faith search was made for the items, including any audiotapes of witnesses' statements, and that none were found. If Respondents determine that additional responsive items exist, the affidavit or declaration shall list and describe the

items.  Petitioner can thereafter determine whether to renew a motion to compel.

### III. Extension of Deadlines

The Court GRANTS Petitioner's request to extend the discovery related deadlines.  All discovery shall be completed by **August 6, 2008**.  The parties' supplemental witness lists shall also be due on **August 6, 2008**.  Except as previously set forth herein, Petitioner's expert witness reports are due by **June 6, 2008**, and Respondents' expert witness reports are due by **July 18, 2008**.

### IV. Evidentiary Hearing

The district judge's 9/12/07 Appeal Order states:

> As the Magistrate Judge's ruling concerning discovery stands, the Court will conduct an evidentiary hearing after Petitioner has had sufficient time to conduct discovery, pursuant to the Magistrate Judge's recommendation.  Once discovery is complete, Petitioner must file a motion requesting an evidentiary hearing on his allegations based on newly discovered evidence that are exhausted and not procedurally defaulted, after which a hearing date will be set.

[9/12/07 Appeal Order at 28.]  On March 13, 2008, Petitioner filed a Motion for Evidentiary Hearing, based on the discovery completed to that point.  The district judge designated this Court to conduct the evidentiary hearing.

This Court will conduct the evidentiary hearing on

10

**Monday, August 18, 2008 at 9:00 a.m.**[1]  The parties are instructed to present all direct testimony by declaration or affidavit, with any exhibits, by **July 18, 2008**, and to have their witnesses available for cross-examination and limited re-direct examination at the evidentiary hearing.  Petitioner's opening brief is due by **July 18, 2008**, and Respondents' response is due by **July 31, 2008**.  There will be no reply.

## CONCLUSION

On the basis of the foregoing, Petitioner's Motion to Continue Discovery Dates and to Compel Discovery, filed on February 28, 2008, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED as set forth in this order and the Motion is DENIED as to all other requests not specifically addressed herein.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 3, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**TARYN CHRISTIAN V. IWALANI WHITE, ETC., ET AL; CIVIL NO. 04-00743 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO CONTINUE DISCOVERY DATES AND TO COMPEL DISCOVERY AND SETTING SCHEDULE FOR EVIDENTIARY HEARING**

---

[1] The Court notes that it discussed a different hearing date at the status conference, but the Court has rescheduled the hearing at the request of the district judge.