DEPARTMENT OF THE PROSECUTING ATTORNEY  207

BENJAMIN M. ACOB  4471
Prosecuting Attorney
PETER A. HANANO  6839
First Deputy Prosecuting Attorney
RICHARD MINATOYA  5840
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | CIV. NO. 04-00743 DAE-LEK |
| ) | |
| Plaintiff, ) | DECLARATION OF BRIAN |
| ) | WRAXALL; EXHIBITS |
| vs. ) | "A" – "D"; CERTIFICATE |
| ) | OF SERVICE |
| CLAYTON FRANK, Director, ) | |
| STATE OF HAWAI'I, DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al. ) | |
| ) | |
| Respondents. ) | |
| ) | |

**DECLARATION OF BRIAN WRAXALL**

**EXHIBITS "A" - "D"**

**CERTIFICATE OF SERVICE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | DECLARATION OF BRIAN |
| | ) | WRAXALL |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, Director, | ) | |
| STATE OF HAWAI'I, DEPARTMENT | ) | |
| OF PUBLIC SAFETY, et al. | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## DECLARATION OF BRIAN WRAXALL

I, BRIAN WRAXALL, do declare as follows:

1. Declarant has been employed with Serological Research Institute (SERI), located at 3053 Research Drive, Richmond, California, 94806, since September of 1978, and is currently the Chief Forensic Serologist at SERI;

2. SERI's forensic DNA laboratory specializes in the identification and testing of biological evidence in civil and criminal matters, and is accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board (ASCLD/LAB);

3. SERI's clients include law enforcement agencies, prosecutors, defense attorneys, corporations and private individuals;

4. Part of Declarant's duties at SERI include, but are not limited to: locating and identifying evidentiary stains, utilizing classical forensic serology typing methods and state of the art DNA typing procedures, interpreting and explaining the results of the analysis to clients;

5. In the past, Declarant has conducted DNA analysis since 1989, with the majority of the analysis involving the use of the Polymerase Chain Reaction (PCR) method;

6. Declarant has provided in-court expert testimony in the field of Forensic Serology in approximately 350 cases, which includes federal cases within the jurisdiction of the United States District Courts of the Ninth Circuit;

7. Attached hereto and made a part hereof as Exhibit "A", is a true and correct copy of Declarant's resume outlining, among other things, Declarant's training, education, and experience;

8. That during the pendency of the above-entitled case, Declarant was contacted by Petitioner's attorney, Mark Barrett, Esq., to conduct DNA testing on certain items of evidence submitted under Maui Police Department report number 95-39250;

9. That on October 10, 2007, Declarant received fourteen (14) items of evidence from Evidence Specialist Anthony Earles, Maui Police Department under report #95-39250 as follows:  Item 1 - Swabs from Sidewalk (#12), Item 2 - Knife (#1), Item 3 - Screwdriver (#3), Item 4 - Keys (#2), Item 5 - Swabs From Scene (#10 & 11), Item 6 - Clothing - Serena Seidel (#5), Item 7 - Jacket From Scene (#6-8), Item 8 - Baseball Cap (#2), Item 9 - Reference - Serena Seidell, Item

2

<u>10</u> - Reference Hair Samples - Taryn Christian, <u>Item 11</u> - Reference - Taryn Christian, <u>Item 12</u> - Reference Hair Samples - James Burkhart, <u>Item 13</u> - Reference Hair Samples - Vilmar Cabaccang, <u>Item 14</u> - Reference - Vilmar Cabaccang;

    10. That on April 15, 2008, Declarant also received one (1) item of evidence from Evidence Specialist Anthony Earles, Maui Police Department, which was <u>Item</u> 15 - Knife Sheath;

    11. That based upon Declarant's DNA analysis of the above-mentioned items, Declarant was able to obtain Short Tandem Repeat (STR) profiles from the above-mentioned reference samples, and subsequently made the following opinions and conclusions: (see Exhibits "B", "C", and "D"):

    a. All the seven swabs from the scene (items 1 and 5) have bloodstains that originate from the same source. Although all the profiles are not complete, in my opinion, the blood stains all originated from Vilmar Cabaccang but not Serena Seidell, Taryn Christian or James Burkhart. Item 1-4 is a control swab from the scene that shows the presence of trace amounts of DNA. No conclusion can be drawn regarding it's source;

    b. Blood stains from the fork of the knife blade (item 2-1) and the head of the screwdriver originate, in my opinion, from Vilmar Cabaccang but not Serena Seidell, Taryn Christian or James Burkhart. No conclusions can be drawn regarding the limited activity found on the knife handle (2-2 and 2-3) or the screwdriver handle (3-2 and 3-3);

3

c. The bloodstain on the halter top (item 6-1) originates, in my opinion, from Vilmar Cabaccang but not Serena Seidell, Taryn Christian or James Burkhart. No conclusions can be drawn for areas 6-2 and 6-3 due to low levels of activity.

d. The DNA recovered from the stains 7-1 and 7-3 from the jacket is degraded and gives a limited profile. The profiles obtained are consistent with the profile of Taryn Christian but not Serena Seidell, Vilmar Cabaccang, or James Burkhart.

e. Only three of the six areas on the Baseball Cap (items 8-1, 8-2 and 8-5) resulted in DNA profiles. Although slightly degraded, in my opinion, the stains originated from Vilmar Cabaccang but not Serena Seidell, Taryn Christian or James Burkhart.

f. The blood staining on the Baseball Cap (Item 8) area 8-7 is severely degraded and indicates a mixture. Vilmar Cabaccang cannot be excluded as a donor to the mixture.

g. Area 8-8 of the Baseball Cap produced no results and areas 8-9 and 8-10 revealed only trace amounts of DNA. So no conclusion as to the source can be drawn.

h. Little or no DNA activity was detected on areas 15-1, 15-3 or 15-4 of the knife sheath (Item 15);

i. The DNA obtained from the other areas from the Knife Sheath (15-2, 15-5, 15-6 and 15-7) are mixtures. Serena Seidell, Vilmar Cabaccang and James Burkhart are all excluded as being a donor to the mixtures. Taryn Christian is a potential donor to the mixture. Alternatively, one person out of 40,000 individuals (or 0.0025%) in the general population could be a donor to the DNA on the knife sheath.

4

12. All of Declarant's above opinions and conclusions are to a reasonable degree of scientific certainty;

13. Attached hereto and made a part hereof as Exhibit "B", is a true and correct copy of Declarant's Preliminary Analytical Report, dated January 24, 2008;

14. Attached hereto and made a part hereof as Exhibit "C", is a true and correct copy of Declarant's Analytical Report, dated May 9, 2008;

15. Attached hereto and made a part hereof as Exhibit "D", is a true and correct copy of Declarant's Second Analytical Report, dated June 10, 2008;

16. That measures are taken to prevent contamination by: 1) laboratory personnel either through sneezing, coughing, shedding hair, sloughing skin, etc., or by laboratory personnel mixing samples, and 2) from amplified DNA product in the laboratory, through the design and set-up of the SERI laboratory and by instituting certain handling precautions;

17. All of the above DNA analyses were conducted in accordance with Declarant's training and experience, and in accordance with the standards as set forth by the ASCLD/LAB;

I DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF
DATED: Richmond, CA, July 16, 2008.

_____
Brian Wraxall
Chief Forensic Serologist
Serological Research Institute