KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367
Fax: 405-366-8329
Email: barrettlaw@sbcglobal.net

ATTORNEYS FOR PETITIONER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | CIV NO. 04-00743 DAE-LEK |
| ) | |
| Petitioner, ) | PETITIONER S JULY, 2008 |
| ) | BRIEF REGARDING EVIDENTIARY |
| ) | HEARING ISSUES; |
| ) | |
| vs. ) | |
| ) | DECLARATION OF COUNSEL |
| RICHARD BISSEN, Acting ) | |
| Director, State of Hawaii ) | |
| Department of Public Safety, ) | CERTIFICATE OF SERVICE |
| ) | |
| Respondent. ) | |

## INTRODUCTORY STATEMENT

In seeking relief from his conviction, Taryn Christian has noted that he was

presen t at the crime scene, but that James  Hina  Burkhart was the person who

1

fatally stabbed Vilmar Cabaccang.

The State of Hawaii's position at trial, which it has never repudiated, was that Burkhart had an alibi — he was up country with a relative — and thus could not have been involved in the stabbing.

As the case progresses, additional evidence pointing toward Burkhart continues to be collected and more reasons develop to establish the unfairness of the proceedings against Christian.

Presented contemporaneously with this brief is evidence that one of the eyewitnesses, Philip Schmidt, believes James "Hina" Burkhart to be the person who he saw running from the scene of the stabbing. In Exhibit B to the affidavits and exhibits filed on July 18, 2008, Schmidt states his belief that the person who had just fled was in fact Burkhart.

New evidence regarding former Gas Express employee Annie Leong, especially when coupled with prior evidence regarding Schmidt, indicates that withholding of exculpatory evidence of prior identifications prejudiced Christian. Exhibit E to the July 18, 2008 affidavits and Exhibits indicates that Annie Leong identified a photograph of a person she saw come into the Gas Express with an injured hand. Since Leong would have been interviewed a time prior to Christian becoming a suspect, that person undoubtedly was not Christian and that

information would have been exculpatory.

As demonstrated by the Rule 40 petition which is in the record, Schmidt also identified a photo of someone he believed to be the perpetrator at a time before Christian was a suspect. Since neither the fact of these identifications of another person nor the identity or identities of the persons in the photographs was revealed to the defense, exculpatory evidence was unlawfully withheld to the prejudice of Christian.

Further unfairness occurred, and the Due Process Clause of the federal constitution s Fourteenth Amendment again was violated, when the government destroyed or lost potentially exculpatory evidence after a time when the defense desire to preserve the evidence had been known and a motion to preserve the evidence had been filed.

As Exhibit F to the July 18, 2008 affidavits and exhibits documents, there was an order to preserve evidence was filed on March 3, 1999. The State filed an inventory of property in the state s custody on April 6, 1999. Included in that inventory (page 4 of the inventory) was  Serena Seidel s shorts.   Christian s motion to preserve the evidence was granted on April 12, 1999.

Regardless of this motion to preserve, Christian had made his desire to perform DNA testing on the physical evidence known prior to trial.

3

Nevertheless, according to recent filings by the State, the shorts cannot be found and are not available for DNA testing.

The shorts were unique and their unavailability for testing prejudicial to Christian. Exhibit G to the July 18, 2008 affidavits and exhibits, an exhibit which is a photograph of the Seidel shorts, demonstrates red marks which appear to have been made by someone wiping hands on the shorts.

Considering that a man with an injured hand entered the Gas Express not long after the homicide, and considering there is evidence to the effect that Burkhart and Seidel were boyfriend and girlfriend, the wipe marks could well have been made by Burkhart s hands. None of the other evidence which was available to be tested bore such a potential for having the hand wiping of the perpetrator.

The shorts disappeared by virtue of the bad faith of authorities who knew they were under an obligation to preserve evidence. When such an affirmative obligation to preserve evidence exists and where the evidence is known to have exculpatory potential, the destruction of the evidence is not constitutionally permissible.

The ineffective assistance of counsel arguments are also bolstered by material presented iu connection with the evidentiary hearing.

The fact that the Kimmey-Christian tape was not enhanced is itself a basis

for relief. The State was able to argue at trial that, instead of saying I wasn t the one who stabbed... , he instead said; I wasn t the one who started it and you know that for a fact. (Transcript March 10, 1997, p. 102, lines 1-7)

Thus, under both the analysis of the prosecution expert and the defense expert, proper enhancement of the tape prior to trial would have clarified for the jury that there was an explicit denial   a denial which the prosecutor argued did not exist.

Exhibit A to the July 18, 2008 affidavits and exhibits also states that Burkhart s name appears on the 911 tape. It was ineffective assistance of counsel to fail to perform analysis that would have revealed the presence of the other suspect at the crime scene.

Some material presented in connection with evidentiary, such as the affidavits of witnesses Carlson and Mullens, is present to re-emphasize that there are strong reasons to suspect Burkhart of involvement and thus prejudice in activities of counselor withheld evidence by the prosecution because the violations of due process could have made a difference in the outcome of the case.

Christian of course continues to assert that he is entitled to relief based on not being allowed to testify, not being allowed to present Burkhart confessions, and receiving ineffective assistance of counsel on appeal. Since the evidentiary hearing

material impacts those issues more remotely, they are not reamplified in connection with this evidentiary hearing brief.

## LEGAL ARGUMENTS

### I. Bad Faith Destruction of Evidence

The destruction of the Serena Seidel shorts was a bad faith destruction warranting relief under the due process clause of the federal constitution s Fourteenth Amendment. See **Arizona v. Youngblood,** 488 U.S. 51 (1988). There is an obligation for law enforcement to preserve evidence when authorities are aware it could form the basis for exoneration. **Northern Mariana Islands v. Bowie,** 243 F.3d 1109, 1117 (9th Cir. 2001).

This issue can be presented at this point because it was not previously known and there is no remedy still available in the state court. **Phillips v. Woodford,** 267 F.3d 966, 974 (9th Cir. 2001).

### II. Evidence of Prior Identification of Different Person

The evidence that Leong and Schmidt had previously identified a different person should have been revealed under the principles of **Brady v. Maryland,** 373 U.S. 83 (1963). Again, there appears to be no remedy still available for this issue in state court. **Phillips v. Woodford,** 267 F.3d 966, 974 (9th Cir. 2001)

## III. Ineffective Assistance Re Tape Enhancement

The Sixth and Fourteenth Amendments are violated when counsel fails to utilize scientific evidence important to his client s case. See **U.S. v. Glover, 97 F.3d 1345** (10th Cir. 1996).

## IV. Misleading and Improper Eyewitness Identification Evidence

The material in Schmidt s present affidavit (Exhibit B to July 18 affidavits and exhibits) and prior material regarding Schmidt by itself indicates both improper identification procedures and improper use of misleading techniques. See **Miller v. Pate,** 386 U.S. 1 (1967)(misleading evidence); **Foster v. California,** 394 U.S. 440 (1969)(unfair identification procedures prohibited).

## CONCLUSION

_____For multiple reasons, material to be presented at evidentiary hearing, combined with other material in the record establishes that Taryn Christian is entitled to relief,

>Respectfully submitted,
>
>/s/ Mark Barrett
>KEITH SHIGETOMI
>MARK BARRETT
>Attorneys for Petitioner

## DECLARATION OF COUNSEL

_____I, Mark Barrett, declare that the factual statements made in this document, to the best of my knowledge and belief, are derived from the exhibits to the state post-conviction application, the testimony from trial, and/or other documents on file in this case.  The assertions are correct to the best of my knowledge and belief.

>/s/ Mark Barrett
>MARK BARRET
>
>/s/ Mark Barrett
>MARK BARRETT