IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | |
| ) | |
| Petitioner, ) | Case No.: CIV-04-00743 DAE-LEK |
| ) | |
| vs. ) | |
| CLAYTON FRANK, Director, ) | |
| State of Hawai'i Department ) | |
| of Public Safety, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO SUBMIT ADDITIONAL AFFIDAVITS, DECLARATIONS**

Declarations attached as Exhibits A-H contain evidentiary material relevant to issues at the evidentiary hearing.

Some relate to the prejudice which Mr. Christian suffered due to trial counsel's failure to have the tape enhanced.

Based on Exhibits G and H, it appears that Ms. Gaston can establish that the tape recordings were important in the jury's deliberations. Although obtaining her declaration appears impossible, she can be subpoenaed to the evidentiary hearing by Petitioner and made available for cross-examination as to the issue of the importance of the tape recording to the jury and the issue of the jury's ability to hear the Kimmey-Christian recording clearly.

The declarations relating to Chris Dias and Helen Beatty relate to the likelihood that James Burkhart committed the homicide. Dias apparently has stated that Burkhart confessed. Beatty has indicated that, contrary to what was represented at trial, she could not provide Burkhart with an alibi for the late night hours when the stabbing of Vilmar Cabaccang occurred. Both of these items of evidence indicate that there is real reason to suspect Burkhart and thus real prejudice in counsel's dual failure to (1) obtain evidence which would have incriminated Burkhart and (2) demonstrate to the jury that the evidence against Christian, such as the tape recording of the conversation between Kimmey and Christian, was not as incriminatory as the prosecution claimed.

The material regarding Annie Leong is indicative of ineffective assistance of counsel in investigating and presenting evidence regarding the identification process. If trial counsel had delved thoroughly into the identification history of the case, he apparently would have found (1) an identification of a probable perpetrator was made by Leong at a time prior to Christian being a suspect (and thus at a time when Christian's picture would not have been presented to her); (2) police identification procedures were unorthodox.

Rudy Cabanting's declaration relates both to ineffective assistance in not having the 911 tape enhanced and to the issue of prejudice.

Thus, Exhibits A-H are relevant to issues at the evidentiary hearing.

Although the material is not submitted within the time set for affidavits and declarations, it is in time for the prosecution to have an adequate opportunity to prepare for the witnesses.

It would be in the interests of justice to permit the consideration of material which is relevant to the issues in the case. The purpose of an evidentiary hearing is to bring out facts. See **Townsend v. Sain,** 372 U.S. 293, 313 (1963) **overruled in part on other grounds, Keeney v. Tamayo-Reyes,** 504 U.S. 1, 5 (1992).

The material in exhibits A-H can cast light on important issues in a murder case, and should be considered.

Dated: August 6, 2008

Respectfully submitted,

/s/ Mark Barrett
MARK BARRETT