DEPARTMENT OF THE PROSECUTING ATTORNEY 207

BENJAMIN M. ACOB 4471
Prosecuting Attorney
PETER A. HANANO 6839
First Deputy Prosecuting Attorney
RICHARD MINATOYA 5840
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii 96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, | CIV. NO. 04-00743 DAE-LEK |
| Plaintiff, | RESPONDENTS MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION TO SUBMIT SUPPLEMENTAL DECLARATIONS AND AFFIDAVITS |
| vs. | |
| CLAYTON FRANK, Director, STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY, et al. | |
| Respondents. | |

**RESPONDENTS MEMORANDUM
IN OPPOSITION TO PETITIONER'S MOTION TO
SUBMIT SUPPLEMENTAL DECLARATIONS AND AFFIDAVITS**

**CERTIFICATE OF SERVICE**

DEPARTMENT OF THE PROSECUTING ATTORNEY  207

BENJAMIN M. ACOB  4471
Prosecuting Attorney
PETER A. HANANO  6839
First Deputy Prosecuting Attorney
RICHARD MINATOYA  5840
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 243-7630
Fax. No. 270-7927

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIV. NO. 04-00743 DAE-LEK |
| | ) | |
| Plaintiff, | ) | RESPONDENTS |
| | ) | MEMORANDUM IN |
| vs. | ) | OPPOSITION TO |
| | ) | PETITIONER'S MOTION TO |
| CLAYTON FRANK, Director, | ) | SUBMIT SUPPLEMENTAL |
| STATE OF HAWAI'I, DEPARTMENT | ) | DECLARATIONS AND |
| OF PUBLIC SAFETY, et al. | ) | AFFIDAVITS |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS MEMORANDUM
IN OPPOSITION TO PETITIONER'S MOTION TO
<u>SUBMIT SUPPLEMENTAL DECLARATIONS AND AFFIDAVITS</u>**

COME NOW, CLAYTON A. FRANK, Director, Department of Public

Safety, State of Hawaii, (hereinafter "Respondents"), by and through their attorney,

PETER A. HANANO, First Deputy Prosecuting Attorney for the County of Maui, and present this Memorandum in Opposition to Petitioner's Motion to Submit Supplemental Declarations and Affidavits, filed on August 6, 2008, by Petitioner Taryn Christian ("Petitioner") by and through his attorney Mark Barrett, Esq.

I.     **ARGUMENT.**

Petitioner's motion must be denied. Habeas is an important safeguard whose goal is to correct real and obvious wrongs. Rich v. Calderon, 187 F3d 1064, 1067 (9th Cir. 1999). It was never meant to be a fishing expedition for habeas petitioners to "explore their case in search of its existence." Id. (Citations omitted). A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, discovery in a habeas case is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Calderon v. U.S.D.C. (Nicolaus), 98 F.3d 1102, 1104 (9th Cir.1996). The Rule provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Calderon v. U.S.D.C., at 1104 (citing Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir.1993) (there simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter)).

In this case, Petitioner is now abusing the discovery process by embarking on a fishing expedition to "explore their case in search of its existence", and therefore, the instant motion must be denied for the following reasons.

First, in this current wave of untimely affidavits and declarations, Petitioner obviously is attempting to circumvent this Court's July 1, 2008 Minute Order by attempting to file a reply brief. Clearly, the instant motion is meant to address arguments raised by Respondents Responsive brief filed on July 31, 2008. In addition, Petitioner's instant motion seeks to interject *new* facts which were neither previously disclosed to Respondents nor raised by Petitioner. Because of this, Respondents could not have possibly addressed these additional issues now raised by the new facts brought about in Petitioner's instant motion. This unfairly prejudices Respondents.

Second, the timing of Petitioner's instant motion is not only suspect, but also unfair. On September 27, 2007, this Court first granted Petitioner the opportunity to conduct discovery. Only now, after both the deadline for filing the affidavits and Briefs have passed, does Petitioner disclose these additional witnesses and/or statements. Indeed, Petitioner has had nearly a year to conduct discovery and disclose these witness statements both to the Court and Respondents. Moreover, disclosing these alleged witness statements less then 10 working days

before the August 18, 2008 evidentiary hearing does not give Respondents adequate opportunity to investigate and prepare for the witnesses or the hearing.

Third, Petitioner is apparently embarking on a fishing expedition. Some of the witnesses Petitioner intends to subpoena to appear in federal court apparently are unwilling to sign anything as requested by Petitioner. It is obvious that as part of the instant motion, Petitioner is seeking permission to subpoena these witness and conduct discovery while testifying at the August 18, 2008. This is an abuse of the federal habeas discovery process.

Fourth and final, most of the declarations contain unreliable hearsay. According to this Court's July 1, 2008 Minute Order, "All direct testimony is to be provided by affidavit or declaration, with any exhibits that the testimony relies upon or refers to by 7/18/2008". In this case, Petitioner attempts to provide direct testimony of his witnesses through the affidavit/declaration of his investigators. This violates this Court's clear and unambiguous July 1, 2008 Minute Order.

## II.     CONCLUSION.

Accordingly, based upon the foregoing reasons, Respondents respectfully requests that this Honorable Court deny Petitioner's Motion to Submit Supplemental Declarations and Affidavits filed on August 6, 2008.

DATED:  Wailuku, Hawaii, August 8, 2008.

Respectfully submitted,

DEPARTMENT OF THE PROSECUTING ATTORNEY
BENJAMIN M. ACOB,
PROSECUTING ATTORNEY

By_____
PETER A. HANANO
First Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents