IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | CIV. NO. 04-00743 DAE-LEK |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM IN |
| vs. ) | SUPPORT OF MOTION |
| ) | |
| CLAYTON FRANK, Director, ) | |
| STATE OF HAWAI'I, DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al. ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

I. **STATEMENT OF RELEVANT FACTS**.

On September 21, 2007, the Honorable Judge Leslie Kobayashi issued an Initial Discovery Order allowing Petitioner to conduct discovery under specific terms and conditions. (See Doc. 81). As part of the Order, the Court ordered Petitioner, inter alia, to comply as follows:

> \* \* \*
>
> 2) Petitioner shall provide any and all information within its knowledge regarding any further incriminating statements by James Burkhart, beyond those reported up to and during Petitioner's trial;
>
> 3) Petitioner shall provide Respondent with any and all information, including but not limited to, documents, reports, video or audio tapes, photographs, recordings, evidence, names & addresses & phone numbers of witnesses, that Petitioner

> intends to rely upon in support of his Petition and/or evidentiary hearing, if any;

* * *

(Doc. 81, at 6). In addition, the Order stated that "Petitioner may commence discovery upon the filing of this order". (Doc. 81, at 6). The Order was filed on September 21, 2007.

Since then, the Court issue several more orders pertaining to the discovery process in the case. Specifically, on April 4, 2008, the Court issued an Order Granting in Part and Denying in Part Petitioner's Motion to Continue Discovery Dates and to Compel Discovery and Setting Schedule for Evidentiary Hearing. (See Doc. 101). As part of that Order, the Court ordered the following:

> This Court will conduct the evidentiary hearing on **Monday, August 18, 2008 at 9:00 a.m.** The parties are instructed to present all direct testimony by declaration or affidavit, with any exhibits, by **July 18, 2008,** and to have their witnesses available for cross-examination and limited re-direct examination at the evidentiary hearing. Petitioner's opening brief is due by **July 18, 2008,** and Respondents' response is due by **July 31, 2008.** There will be no reply.

(See Doc. 101, at 11). Following that, on July 1, 2008, the Court issued a Minute Order and again reminded the parties that "the parties are instructed to present all direct testimony by declaration or affidavit, with any exhibits, by **July 18, 2008,** and to have their witnesses available for cross-examination and limited re-direct examination at the evidentiary hearing." (See Doc. 110). In addition, the Court also

again reminded the parties that Petitioner's Opening Brief was due on 7/18/2008 and Respondents' Response was due on 7/31/2008.

On July 18, 2008, Respondents filed several declarations in connection with the evidentiary hearing set for on August 18, 2008. (See Doc. 118-120). Later that same day, Petitioner filed several affidavits also in connection with the evidentiary hearing. (See Doc. 121). Included in these affidavits, was an affidavit submitted by Darryl Carlson and an affidavit submitted by Georgiana Frayer-Luna. Both affidavits contained multiple hearsay statements which were not based upon personal knowledge of Carlson or Frayer-Luna. None of these statements in all of the affidavits were previously provided to Respondents as part of the federal Court ordered discovery process. The following day, Petitioner *untimely* filed his Opening Brief. In the Brief, Petitioner relied upon alleged factual statements contained in Petitioner's affidavits filed the previous day.

On July 31, 2008, Respondents filed its Responsive Brief. In the Response, Respondents attempted to adequately address the limited arguments raised by Petitioner in the Opening Brief.

On August 6, 2008, less than two weeks before the evidentiary hearing, Petitioner filed a Motion to Submit Supplemental Declarations and Affidavits. (See Doc. 128). Included in these affidavits, were five affidavits submitted by Carlson and an affidavit submitted by Richard Smith. Both affidavits contained multiple

hearsay statements which were not based upon personal knowledge of Carlson or Smith. Again none of these statements these affidavits were previously provided to Respondents as part of the federal Court ordered discovery process.

Based upon the facts contained herein, and the arguments set forth below, Respondents respectfully move this Court to grant the instant motion.

II. **ARGUMENT**.

   A. **PETITIONERS AFFIDAVITS CONSTITUTE INADMISSIBLE HEARSAY AND ARE NOT BASED UPON PERSONAL KNOWLEDGE.**

All of Petitioner's affidavits containing hearsay and lack personal knowledge must be stricken. Clearly, the intent of the Court's April 4, 2008 and July 1, 2008 orders pertaining to discovery, was for each party to provide *direct testimony* through affidavits or declarations. According to Federal Rules of Evidence (FRE), Rule 602, "a witness may not testify to a matter unless evidence is introduced to prove personal knowledge of the matter." Additionally, FRE Rule 802, "hearsay is not admissible except as provided by these rules . . . ." Furthermore, FRE Rule 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

In this case, Petitioner attempts to prove the "truth of the matters asserted" through the affidavits/declaration submitted by Carlson and Smith.

Clearly, Petitioner is relying on the actual content of the witnesses alleged statements to support his arguments in the Petition. Moreover, other than having personal knowledge that statements were made to them, neither Carlson nor Smith have actual personal knowledge of the matters contained in the statements of Shawn Santana, Annie Leong, Chris Dias, Helen Beatty Auweloa, and Joy Gaston. Thus, these statements cannot properly be admitted for consideration by this Court, and must be stricken from the record.

> B. **PETITIONER VIOLATED THE COURT'S ORDERS PERTAINING TO DISCOVERY ORDERS AND THE EVIDENTIARY HEARING.**

Petitioner's submission of the affidavits in question violated the Court's orders. Specifically, Petitioner failed to comply with the Court's September 21, 2007 Initial Discovery Order by failing to provide these witness statements as ordered. Clearly, Petitioner intends to rely on these statements in support of his Petition, but never previously disclosed them to Respondents in the federal discovery process.

In addition, Petitioner's last filing is extremely untimely and highly suspect. Instead of filing a motion to extend time to file additional declarations *before* the July 18, 2008, Petitioner waited nearly three weeks *after* the deadline had long passed. This of course is less than two weeks before the evidentiary hearing. Indeed, this is obviously an insufficient amount of time for Respondents to fairly

address and investigate these new factual assertions. Moreover, Respondents are highly prejudiced because, in filing its Response, Respondents considered and relied upon the facts and arguments alleged in Petitioner's Opening Brief, and not the subsequent new alleged facts included in Petitioner's new wave of declaration. Thus, these statements cannot properly be admitted for consideration by this Court, and must be stricken from the record.

### C. PETITIONER'S FILING ON AUGUST 6, 2008 CONSTITUTES A REPLY TO RESPONDENTS RESPONSIVE BRIEF.

Petitioner's August 6, 2008 filing constitutes a Reply to Respondents Response filed on July 18, 2008, and should be stricken. As indicated above, the Court disallowed Petitioner from filing a Reply to Respondents Response. Nevertheless, Petitioner apparently attempts to circumvent the Court's prohibition by filing his Motion to Submit Supplemental Declarations and Affidavits. It is quite obvious that Petitioner's latest Motion is meant to address the deficiencies in Petitioner's case as argued by Respondents in the Response filed on July 31, 2008. Indeed, as argued by Respondents in the Memorandum in Opposition (Doc. 130) to Petitioner's most recent Motion, Petitioner has had an inordinate amount of time since the filing of the Petition in 2004, to conduct an full and fair investigation of his case. There was nothing precluding Petitioner from conducting these now last minute witness interviews of these witnesses. As such, these factual statements

should have been included and argued in Petitioner's Opening Brief filed on July 19, 2008. But they were not. Thus, again, these statements cannot properly be admitted for consideration by this Court, and must be stricken from the record.

III. **CONCLUSION**.

Based upon the foregoing, Respondents respectfully request that this Court grant the instant Motion and enter an order striking all affidavits and/or declarations from the record as requested herein, preclude Petitioner from relying upon those factual allegations contained therein, and that the Court not consider any of the factual assertions contained in those stricken documents.

DATED: Wailuku, Hawaii, August 8, 2008.

Respectfully submitted,
DEPARTMENT OF THE PROSECUTING ATTORNEY
BENJAMIN M. ACOB,
PROSECUTING ATTORNEY

By _____
PETER A. HANANO
First Deputy Prosecuting Attorney
County of Maui
Attorney for Respondents