KEITH SHIGETOMI, # 3380
Pacific Park Plaza, Suite 1440
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: 808-596-0880

MARK BARRETT, OK Bar # 557
P.O. Box 896
Norman, Oklahoma 73070
Telephone: 405-364-8367
Fax: 405-366-8329
Email: barrettlaw@sbcglobal.net

ATTORNEYS FOR PETITIONER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| **TARYN CHRISTIAN,** | ) | **CIV NO. 04-00743 DAE-LEK** |
| | ) | |
| **Petitioner,** | ) | **PETITIONER'S MOTION** |
| | ) | **TO PERMIT PETITIONER'S** |
| | ) | **TESTIMONY AT EVIDENTIARY** |
| | ) | **HEARING; BRIEF IN SUPPORT;** |
| | ) | **DECLARATION OF COUNSEL;** |
| | ) | **CERTIFICATE   OF SERVICE** |
| **vs.** | ) | |
| | ) | |
| **CLAYTON FRANK,** | ) | |
| **Director, State of Hawaii** | ) | |
| **Department of Public Safety,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PETITIONER CHRISTIAN'S MOTION TO PERMIT
## PETITIONER'S TESTIMONY AT EVIDENTIARY HEARING

1

Petitioner Christian moves that he be permitted to testify in person at the evidentiary hearing in this case.

Due to the late timing of this request and the late notice opposing counsel is receiving that Christian desires to testify, Petitioner does not argue that the Court should allow the testimony at the August 18, 2008 hearing. Petitioner is not opposed to the testimony occurring on August 18 if Respondent does not object to the testimony being at that time.

Petitioner's counsel proposes that the Court set an additional date to conclude the evidentiary hearing and that Petitioner's testimony be taken at that time.

Counsel first learned on Friday, August 8, 2008 that Christian desired to testify at evidentiary hearing.  The client's position on August 8, 2008 differed from a position Christian had taken earlier about testifying.

Since Friday August 8, 2008, undersigned counsel has had additional conversations  – on August 10 and 11, 2008 – regarding the issue of testifying. Christian remains adamant that he desires to testify.

Counsel has however not yet obtained an affidavit or declaration from Christian for the purpose of evidentiary hearing, apparently because Christian has had difficulty convincing the institution in which he is incarcerated to permit him

to send a declaration by fax to counsel.

Although the request to testify clearly is not timely, the information which Petitioner could provide is so potentially important, that the testimony should be permitted.

Counsel expects that in the declaration, Christian will describe being at the scene of the homicide, being tackled by Vilmar Cabaccang, and running away without stabbing anyone.  Christian will further explain how his DNA could be on some items tested.

Even though the request is untimely, Christian's declaration and subsequent cross-examination at evidentiary hearing should be permitted in the interests of justice.

Dated: August 13, 2008.

/s/ Mark Barrett
MARK BARRETT

4