IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | |
| ) | |
| Petitioner, ) | Case No.: CIV-04-00743 DAE-LEK |
| ) | |
| vs. ) | |
| CLAYTON FRANK, Director, ) | |
| State of Hawai'i Department ) | |
| of Public Safety, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO PERMIT TESTIMONY FROM PETITIONER**

Petitioner Taryn Christian's future and entire life hang in the balance in this habeas action. Additionally, he was present at the scene of the homicide and thus has important information to provide regarding occurrences at the scene.

Consequently, his testimony should be allowed.

An accused has the right to testify at his trial. **Rock v. Arkansas,** 438 U.S. 44 (1987).

The **Rock** case applies to the right to testify at trial and does not state that the right exists as to habeas evidentiary hearings. However, in **Rock** the Court indicated that testimony from the accused has such potential significance that a court should consider its admission even if there appear some legal reasons to

potentially bar the testimony.

The purpose of an evidentiary hearing is to bring out facts. See **Townsend v. Sain,** 372 U.S. 293, 313 (1963) **overruled in part on other grounds, Keeney v. Tamayo-Reyes,** 504 U.S. 1, 5 (1992).

Relevant facts can be brought out through Christian's testimony.  In considering the admission of such testimony the fact that the testimony has great evidentiary importance should outweigh the fact that the request to testify was not made in a timely manner.

Dated: August 13, 2008

Respectfully submitted,

/s/ Mark Barrett
MARK BARRETT