IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIVIL NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, Director, | ) | |
| State of Hawaii, Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING PETITIONER'S MOTION TO SUBMIT SUPPLEMENTAL
DECLARATIONS AND AFFIDAVITS AND DENYING RESPONDENTS' MOTION
TO STRIKE HEARSAY AND UNTIMELY DECLARATIONS AND AFFIDAVITS**

Before the Court are Petitioner Taryn Christian's
("Petitioner") Motion to Submit Supplemental Declarations and
Affidavits ("Motion to Supplement"), filed on August 6, 2008, and
the Motion to Strike Hearsay and Untimely Declarations and
Affidavits ("Motion to Strike") filed on August 8, 2008 by
Respondents State of Hawaii Department of Public Safety ("DPS")
and Clayton Frank, Director of the DPS (collectively
"Respondents").  Respondents filed their memorandum in opposition
to the Motion to Supplement on August 8, 2008.  This matter came
on for hearing on August 13, 2008.  Appearing on behalf of
Petitioner was Mark Barrett, Esq., by telephone, and appearing on
behalf of Respondents was Peter Hanano, Esq., also by telephone.
After careful consideration of the motions, supporting and
opposing memoranda, and the arguments of counsel, Petitioner's

Motion to Supplement and Respondents' Motion to Strike are HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only address matters that are relevant to the instant motions.

Petitioner filed his petition for writ of habeas corpus ("Petition") on December 22, 2004. On May 1, 2007, this Court issued its Order Granting Petitioner's Motion for Leave to Conduct Discovery and Findings and Recommendation Regarding Petition for Writ of Habeas Corpus. This Court, *inter alia*, ruled that Petitioner may conduct limited discovery in this case and recommended that the district judge hold an evidentiary hearing on the Petition. On Respondents' appeal, the district judge, *inter alia*, affirmed the decision to permit discovery on Petitioner's exhausted claims that are based on newly discovered evidence and instructed the Petitioner to file a motion requesting an evidentiary hearing after the completion of discovery.

Petitioner filed his Motion for Evidentiary Hearing on March 13, 2008. In an April 4, 2008 order, this Court set the evidentiary hearing for August 18, 2008 and instructed the parties to present all direct testimony for the evidentiary hearing by declaration or affidavit, with any exhibits, by

July 18, 2008.  The Court also ordered Petitioner to file his opening brief by July 18, 2008 and Respondents to file their response by July 31, 2008.  The Court expressly stated that there would be no reply brief.

On July 18, 2008, Petitioner filed his Notice of Affidavits, Exhibits for Evidentiary Hearing ("Notice of Affidavits"), which included affidavits from John J. Mitchell, Philip Schmidt, Patricia Mullens, Darryl Carlson, and Georgiana Frayer-Luna.  That day, Respondents filed declarations by Brian Wraxall, Chantel Giamanco, and Clyde Holokai. Respondents also filed a declaration by David A. Smith on July 14, 2008.  Petitioner filed his Brief Regarding Evidentiary Hearing Issues ("Opening Brief") on July 19, 2008.  On July 31, 2008, Respondents filed their Response to Petitioner's Opening Brief Filed on July 18, 2008 ("Response").

In the Motion to Supplement, Petitioner asks the Court to consider declarations from Rudy Cabanting, Helen E. Beatty-Auweloa, Richard Smith, and five declarations from Darryl Carlson (collectively "Supplemental Declarations").  Rudy Cabanting is Vilmar Cabaccang's cousin.  He states that he recently listened to a tape recording of a 911 call placed about the time Cabaccang was stabbed.  Cabanting states that he recognized Cabaccang's voice and that the heard Cabaccang stating that James Burkhart had walked off.  [Exh. A to Motion to Supplement.]  Darryl

Carlson submitted a declaration stating that he interviewed
Chris Dias at the Maui Community Correctional Center and Diaz
told him that he heard Burkhart brag about Cabaccang's killing.
[Exh. B to Motion to Supplement.]  Carlson also submitted a
declaration regarding his interview of Annie Leong, who was
working at a Gas Express store on the night of Cabaccang's death.
According to Carlson, Leong described her encounters with the
police in the course of the investigation into Cabaccang's death.
Leong was not called during Petitioner's trial to testify
regarding her identification of the person who entered the Gas
Express on the night in question.  [Exh. C to Motion to
Supplement.]  Carlson submitted two declarations about his
interviews with Auweloa, who is incarcerated at the Women's
Community Correctional Center in Kailua.  He states that Auweloa
was considered an alibi witness when the police were
investigating Burkhart as a suspect in Cabaccang's murder.
[Exhs. D & F to Motion to Supplement.]  Auweloa submitted a
declaration stating that on July 23, 1995, she was Harry
Auweloa's common law wife and that Harry Auweloa is Burkhart's
cousin.  Burkhart stayed with them for approximately three weeks.
Although she does not refer to a specific date, Auweloa states
that, to the best of her recollection, Burkhart was in her home
when she went to sleep.  Auweloa, however, admits that she does
not know whether he left the home after she went to sleep.  [Exh.

E to Motion to Supplement.]  Carlson states that a police detective made a statement that Auweloa woke every morning between 1:00 and 3:00 a.m. to feed her baby and that on the night of Cabaccang's death, she saw Burkhart asleep in the spare bedroom.  Auweloa told Carlson that did not recall giving a statement to that effect.  Carlson also interviewed Joy Gaston, the foreperson of the jury in Petitioner's trial.  Gaston told Carlson that the prosecutor argued that, during a conversation with his girlfriend, Lisa Kimmey, Petitioner confessed to stabbing Cabaccang.  Gaston also said that the tape of this conversation that was given to the jury was inaudible.  [Exh. G to Motion to Supplement.]  Richard Smith, another investigator, also interviewed Gaston and she told him that she voted for conviction because of Petitioner's confession to Kimmey.  [Exh. H to Motion to Supplement.]

　　　　Petitioner argues that the Supplemental Declarations are relevant to issues that will be addressed at the evidentiary hearing and therefore the Court should consider them in the interests of justice.  Petitioner acknowledges that the Supplemental Declarations are untimely, but he argues that Respondents will have an adequate opportunity to prepare to cross-examine the witnesses.  Petitioner states that he submitted declarations from his investigator because Dias and Leong were willing to be interviewed, but were not willing to sign

declarations or affidavits.  Petitioner also states that Gaston
was unwilling to discuss the case in depth with an investigator.
Based on statements Gaston gave in prior interviews, Petitioner
believes that she can testify about the importance that the
jurors attached to the Kimmey-Christian audiotape.  Petitioner
urges the Court to allow him to subpoena these witnesses to
testify at the evidentiary hearing based on Carlson's
representation of what their testimony will be.

In their memorandum in opposition, Respondents argue
that the Court should deny the Motion to Supplement because
Petitioner is attempting to interject new facts and because the
Motion to Supplement is essentially an improper reply brief.
Respondents also question why Petitioner, who could conduct
discovery after September 27, 2007, could not present the
Supplemental Declarations prior to the deadline.  Respondents
contend that the untimely submission has deprived them of the
opportunity to investigate the witnesses' statements and to
prepare for their testimony at the hearing.  Respondents note
that some of Petitioner's proposed witnesses were unwilling to
sign declarations.  Thus, Respondents argue that Petitioner will
use their testimony at the evidentiary hearing to conduct
discovery.  Finally, Respondents argue that most of the
Supplemental Declarations contain unreliable hearsay.

Respondents' Motion to Strike reiterates many of the

arguments that they raised in opposition to the Motion to
Supplement.  In addition, Respondents argue that the affidavits
that Petitioner filed on July 18, 2008 contain hearsay statements
allegedly made by Shawn Santana and Annie Leong.  Respondents
argue that the Court should strike all hearsay statements
contained in Exhibits D and E to Petitioner's July 18, 2008
Notice of Affidavits.

## DISCUSSION

### I.    Motion to Supplement

        Rule 8 of the Rules Governing Section 2254 Cases in the
United States District Courts governs evidentiary hearings
regarding habeas petitions.  Neither Rule 8 nor the Advisory
Committee Notes address the particular form that the evidentiary
hearing must take.  This indicates that a district courts has
discretion to determine the nature of the evidentiary hearing.
See Sterling v. Olivarez, No. 97-17314, 1999 WL 393680, at *2
(9th Cir. May 26, 1999).  The United States Supreme Court has
stated that the hearing must be "fair and meaningful" and that
"the court [must] provide the necessary facilities and procedures
for an adequate inquiry."  Harris v. Nelson, 394 U.S. 286, 300
(1969).  The Supreme Court has also noted that, in conducting an
evidentiary hearing, "the court may utilize familiar procedures,
as appropriate, whether these are found in the civil or criminal
rules or elsewhere in the usages and principles of law."  Id.

(citation and quotation marks omitted).  Finally, the Supreme
Court has recognized that the "procedural requirements of a
habeas corpus hearing" must satisfy "[t]he demand for speed,
flexibility and simplicity."  Hensley v. Mun. Court, 411 U.S.
345, 350 (1973) (citation omitted).  A habeas hearing is
fundamentally unfair if it does not comply with traditional
notice requirements or the courts' adversarial system.  See
Martin v. Dugger, 686 F. Supp. 1523, 1562 (S.D. Fla. 1988).

On April 4, 2008, this Court set the August 18, 2008
evidentiary hearing date and the July 18, 2008 deadline for the
submission of the parties' direct testimony by declarations or
affidavits.  See 28 U.S.C. § 2246 ("On application for a writ of
habeas corpus, evidence may be taken orally or by deposition, or,
in the discretion of the judge, by affidavit. . . .").  At the
hearing on the motions, Petitioner's counsel acknowledged that
the Supplemental Declarations are untimely and that Petitioner
had adequate time to prepare.  Petitioner, however, urges the
Court to consider the Supplemental Declarations in the interests
of justice.  Petitioner has not presented any reasons justifying
his failure to submit the Supplemental Declarations by the July
18, 2008 deadline.  Cf. Fed. R. Civ. P. 16(b)(4) (stating that,
in order for a party to obtain an amendment to a court's
scheduling order, he must establish good cause for the
amendment).  This Court finds that Petitioner had fair notice of

8

the July 18, 2008 deadline for declarations and affidavits, but failed either to file the Supplemental Declarations by that date or to request an extension. Petitioner's untimely submission of the Supplemental Declarations deprived the Respondents of the opportunity to investigate and respond to the evidence presented therein. The Court further finds that the exclusion of the Supplement Declarations will not deprive Petitioner of a fair and meaningful hearing and that the Court will be able to conduct an adequate inquiry into the Petition without the Supplemental Declarations. In addition, continuing the evidentiary hearing to allow Respondents time to investigate into and respond to the Supplemental Declarations would unduly delay the case. The Court therefore DENIES the Motion to Supplement on the grounds that Petitioner's Supplemental Declarations are untimely.

        In light of the Court's ruling, the Court need not address Respondents' argument that some of the Supplemental Declarations contain inadmissible hearsay. The Court, however, will address this argument for the sake of completeness. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is inadmissible except as provided in the applicable rules. See Fed. R. Evid. 802. The Court finds that Carlson's declarations regarding his interviews of Dias, Leong,

Auweloa, and Gaston, [Exhs. B-D, F, G,] are hearsay, as is Smith's declaration regarding his interview of Gaston. [Exh. H.] The Court further finds that none of the exceptions to the hearsay rule apply. See Fed. R. Evid. 801(d) (statements which are not hearsay), 803-804 and 806-807 (exceptions).

## II. **Motion to Strike**

To the extent that the Motion to Strike asks this Court to strike the Supplemental Declarations, it is DENIED AS MOOT in light of the denial of the Motion to Supplement. The Motion to Strike also asks the Court to strike portions of the affidavits that Petitioner timely filed on July 18, 2008 because they contain inadmissible hearsay to which no exception applies. Petitioner did not have time to respond to this argument before the hearing on the motions because Respondents filed the Motion to Strike on August 8, 2008. The Court therefore DENIES this portion of Respondents' Motion to Strike WITHOUT PREJUDICE. Respondents may raise these issues as objections during the evidentiary hearing.

### CONCLUSION

On the basis of the foregoing, Petitioner's Motion to Submit Supplemental Declarations and Affidavits, filed on August 6, 2008, and Respondents' Motion to Strike Hearsay and Untimely Declarations and Affidavits, filed on August 8, 2008, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 14, 2008.



　　/S/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States Magistrate Judge

**TARYN CHRISTIAN V. CLAYTON FRANK, ETC; CIVIL NO. 04-00743 DAE-LEK; ORDER DENYING PETITIONER'S MOTION TO SUBMIT SUPPLEMENTAL DECLARATIONS AND AFFIDAVITS AND DENYING RESPONDENTS' MOTION TO STRIKE HEARSAY AND UNTIMELY DECLARATIONS AND AFFIDAVITS**