IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIVIL NO. 04-00743 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, Director, | ) | |
| State of Hawaii, Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY
RESPONDENTS' MOTION TO REVOKE BAIL**

Before the Court is the Motion to Revoke Bail ("Motion") filed by Respondents Clayton A. Frank, Director, State of Hawai'i Department of Public Safety ("DPS"), and the DPS ("Respondents"), on February 22, 2010. Petitioner Taryn Christian ("Petitioner") filed his response on March 8, 2010, and Respondents filed their reply on March 11, 2010. This Court issued questions for the hearing on the Motion on March 11 and 16, 2010. Petitioner filed a response to the Court's questions on March 16, 2010. This matter came on for hearing on March 18, 2010. Appearing on behalf of Respondents were Richard Minatoya, Esq., and Peter Hanano, Esq., and appearing on behalf of Petitioner, who was present, were Mark Barrett, Esq., and Keith Shigetomi, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of

counsel, this Court HEREBY FINDS AND RECOMMENDS that Respondents' Motion be DENIED for the reasons set forth below.

### BACKGROUND

In 1997, Petitioner was convicted of, *inter alia*, one count of murder in the first degree. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on December 22, 2004. On August 29, 2008, this Court issued its findings and recommendation to grant the Petition in part and deny it in part. On September 30, 2008, the district judge issued an order adopting this Court's findings and recommendation in part and modifying them in part ("Habeas Order"). The Habeas Order granted the Petition as to one of Petitioner's grounds and ordered Respondents to release Petitioner within seven days of the entry of judgment, unless the State elected to retry Petitioner. The Habeas Order denied the Petition as to all other grounds. Both Petitioner and Respondents filed notices of appeal.

After granting a temporary stay of the judgment, on November 3, 2008, the Ninth Circuit Court of Appeals remanded the case to the district court to make findings as whether Petitioner posed a flight risk and whether his release would pose a danger to the public. The district judge received written briefing and conducted a hearing. On November 18, 2008, the district judge issued his findings that Petitioner's release would not pose a danger to the public and that, with certain conditions in place,

Petitioner would not pose an unreasonable risk of flight.  The district judge also recommended conditions that should be imposed on Petitioner's release pending the appeal and a new trial, if any.  On December 5, 2008, based on the district judge's findings, the Ninth Circuit denied Respondents' motion to stay the order of release in the Habeas Order.  On December 11, 2008, Respondents filed a motion to set a bail amount and impose conditions of release.  This Court held a hearing and granted the motion on December 23, 2008.  An Order Setting Conditions of Release ("Release Order") was filed on December 29, 2008.

On February 19, 2010, the Ninth Circuit issued its opinion reversing the Habeas Order and denying the Petition.  The Ninth Circuit's opinion did not order any remand to this district court.

In light of the Ninth Circuit's decision, Respondents now seek an order revoking Petitioner's bail and returning him to custody.  Respondents argue that Petitioner is an extreme flight risk because he is a citizen of South Africa and because Petitioner "now faces an uphill cause to obtain en banc review and/or certiorari to the United States Supreme Court." [Mem. in Supp. of Motion at 6.]  Respondents also argue that Petitioner poses an extreme danger to the public because of the nature of the offense that he was convicted of.  Thus, Respondents assert that the State has a strong interest in protecting the public and the State will be irreparably harmed if Petitioner flees the

jurisdiction.

In his response, Petitioner argues that he has behaved responsibly while on release, and he emphasizes that the district judge previously found that he was neither a danger to the community nor a flight risk. Petitioner asserts that, in light of all of the relevant factors, he remains an appropriate person to be released on bond, in spite of the Ninth Circuit's reversal of the Habeas Order.

On March 11, 2010, Petitioner filed petitions for rehearing and petitions for rehearing en banc. On March 17, 2010, the Ninth Circuit issued an order directing Respondents to file a response to these petitions within twenty-one days of the order.

## DISCUSSION

The instant Motion presents an unusual set of facts. Both Petitioner and Respondents represented that there is no case law directly on point, and this Court has not found any in its own research.

Petitioner and Respondents cite Hilton v. Braunskill, 481 U.S. 770 (1987), and Federal Rule of Appellate Procedure 23. In Hilton, the United States Supreme Court noted that, "[i]n those instances where a Member of *this* Court has been confronted with the question whether a prevailing habeas petitioner should be released pending the Court's disposition of the State's petition for certiorari, our approach has been to follow the

general standards for staying a civil judgment." 481 U.S. at 775 (citing Tate v. Rose, 466 U.S. 1301 (1984) (O'Connor, J., in chambers); Sumner v. Mata, 446 U.S. 1302 (1980) (Rehnquist, J., in chambers)) (emphasis in original) (some citations omitted). The Supreme Court stated that, in making an initial custody determination under Rule 23(c), a court should be guided by the language of the rule and the factors traditionally considered in evaluating any motion to stay a judgment in a civil case. See id. at 777.  These factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 776 (citations omitted). The Supreme Court also approved of the consideration of: the possibility of flight; the risk that the habeas petitioner's release will pose a danger to the public; and the state's interest in continuing custody and rehabilitation until the final determination of the appeal. See id. at 777.

In addition, at the hearing on the Motion, Respondents cited Nash v. Eberlin, 437 F.3d 519 (6th Cir. 2006), for the proposition that a habeas petitioner should not be released pending further proceedings where the court of appeals has vacated the district court's grant of a petition for writ of habeas corpus.

Hilton and Nash are certainly instructive on the

standard to be applied to Respondents' Motion, but it does not answer the question whether this district court has jurisdiction to rule upon Respondents' Motion in the first instance.  In Nash, it was the Sixth Circuit Court of Appeals, not the district court, that ruled that the petitioner was not entitled to release pending further review.  In Hilton, the district court granted a habeas petition and ordered that the petitioner be released unless the state afforded him a new trial within thirty days.  The government appealed the grant of habeas relief ("merits appeal") and moved to stay the district court's order pending the appeal.  The district court denied the government's motion to stay, finding that the government failed to show that there was a risk the petitioner would not appear for subsequent proceedings.  The Third Circuit Court of Appeals denied the government's motion to stay the district court's order releasing the petitioner.  The Supreme Court granted certiorari to review the Third Circuit's denial of the motion to stay ("stay appeal").  See id. at 773.

    Hilton addressed a motion to stay a successful habeas petitioner's release while the government's appeal of the order granting habeas relief was pending before the circuit court of appeals.  While the stay appeal was pending before the Supreme Court, the Third Circuit issued a decision on the merits appeal.  The Third Circuit affirmed the grant of habeas relief, but later granted the government's petition for panel rehearing.  See id. at 773 n.2.  Thus, at the time the Supreme Court issued its

opinion on the stay appeal, the merits appeal was still pending before the Third Circuit. The Supreme Court vacated the Third Circuit's decision to deny the stay and remanded the matter to the Third Circuit for further proceedings. See id. at 779.

Hilton does not establish this district court's authority to rule upon the instant Motion. The Supreme Court vacated the Third Circuit's denial of a motion to stay and remanded the matter back to the Third Circuit. In the instant case, the Ninth Circuit denied Respondents' motion to stay Petitioner's release pending appeal. Hilton is not directly on point because Respondents are not appealing the Ninth Circuit's denial of a stay. In Hilton, the merits appeal was still pending before the Third Circuit in light of the grant of the government's petition for panel rehearing and the Supreme Court remanded the stay issue back to the Third Circuit. In the instant case, the Ninth Circuit ruled on the merits of the underlying appeal and did not order remand to this district court. The appeal, however, is still before the Ninth Circuit because of the pending petitions for panel rehearing and rehearing en banc. In this Court's view, Hilton indicates that the Ninth Circuit, and not this district court, should rule on any change to Petitioner's custody status.[1]

---

[1] The Court acknowledges that district courts have applied the Hilton factors to motions for release pending appeal and motions to stay orders granting habeas relief pending appeal. See, e.g., Wanatee v. Ault, 120 F. Supp. 2d 784, 788–89 (N.D.
(continued...)

Federal Rule of Appellate Procedure 23(d) also supports deferral to the Ninth Circuit.[2]  It states:

> An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to <u>the court of appeals or the Supreme Court, or to a judge or justice of either court</u>, the order is modified or an independent order regarding custody, release, or surety is issued.

Fed. R. App. P. 23(d) (emphasis added).  The Habeas Order, which ordered Petitioner's release if the State did not retry him, and the Release Order, which set the conditions of release, are initial orders governing custody or release.  Pursuant to Rule 23(d), these orders should remain in effect pending review of the merits of the appeal of the Habeas Order.  Respondents essentially argue that the Ninth Circuit's reversal of the Habeas Order constitutes special reasons to revoke Petitioner's bail and release status by either modifying the existing orders or issuing a new order.  According to the plain language of Rule 23(d), only the Ninth Circuit, the Supreme Court, or a judge or justice of either court has the authority to rule upon Respondents' request.

Respondents argue that both the district court and the

---

[1](...continued)
Iowa 2000); <u>Franklin v. Duncan</u>, 891 F. Supp. 516, 519 (N.D. Cal. 1995); <u>Yohn v. Love</u>, No. CIV. A. 94-524, 1995 WL 424772, at *1 (E.D. Pa. July 18, 1995).  These cases, however, do not address whether the district court can apply <u>Hilton</u> where the district court has already issued a custody order and the court of appeals has reversed the district court's grant of habeas relief.

[2] The comparable provision in the Rules of the Supreme Court of the United States is Rule 36(4).

Ninth Circuit have the authority to rule on the request pursuant to Rule 23(b), which states:

> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
> (1) detained in the custody from which release is sought;
> (2) detained in other appropriate custody; or
> (3) released on personal recognizance, with or without surety.

Fed. R. App. P. 23(b).  Rule 23(b) corresponds with Rule 23(c), which states:

> While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c).  If Rule 23(b) or 23(c) applied, the district court would have the authority to rule upon the Motion.

This Court, however, finds that Rule 23(b) and (c) only applied to the initial decision whether, and under what terms, to release Petitioner pending the appeal of the Habeas Order.  Now that Respondents seek either a modification of those initial decisions or the issuance of a new ruling on Petitioner's custody, Rule 23(d) applies.  A Rule 23(d) motion may only be considered by a court of appeals, the Supreme Court, or a judge or justice of one of those courts.

Petitioner also argues that a district court retains jurisdiction over custody issues even after an appeal has been

taken.  [Pet.'s Response to Court's Questions at 7 (citing <u>Stein v. Wood</u>, 127 F.3d 1187 (9th Cir. 1997)).]  In <u>Stein</u>, the Ninth Circuit did note that "[t]he plain language of Rule 23 gives the district court jurisdiction concurrent with the appeals court over the custody of a habeas petitioner."  127 F.3d at 1190.  <u>Stein</u>, however, does establish concurrent jurisdiction under the circumstances presented in the instant case.

In <u>Stein</u>, the district court granted the petition for writ of habeas corpus based on the unconstitutional deprivation of the petitioner's right to a direct appeal in state court.  The district court ordered the petitioner released if the state did not reinstate the petitioner's right to a direct appeal within ninety days.  <u>See</u> <u>id.</u> at 1188.  After a notice of appeal was filed, but before the appeal was decided, the petitioner filed a motion with the district court for an order directing his immediate release because the state did not reinstate his right to a direct appeal within ninety days.  The district court dismissed the motion, concluding that it lost jurisdiction once the appeal was filed with the court of appeals.  The <u>Stein</u> opinion is the Ninth Circuit's ruling on the petitioner's appeal of the dismissal for lack of jurisdiction.  <u>See</u> <u>id.</u>  In reversing the district court's dismissal for lack of jurisdiction, the Ninth Circuit noted that the district court would merely be deciding whether a condition that the district court placed on the petitioner's release had been met, and that Rule 23 clearly

gave the district court jurisdiction to rule upon that issue. See id. at 1190.

Pursuant to Rule 23(c), the district court in Stein ordered the petitioner's release, subject to a condition. The petitioner would not be released if the state reinstated his right to a direct appeal within ninety days. After the state failed to do so within ninety days, the petitioner moved for his release. This was a motion for the district court to enforce its Rule 23(c) order. It was not a motion to modify the district court's initial custody order or a motion for the issuance of a new custody order. Thus, Rule 23(d) was not implicated in Stein, and Stein does not establish this district court's concurrent jurisdiction to rule upon Respondents' Motion in the instant case.

This Court acknowledges that in Jago v. United States Dist. Ct., N. Dist. of Ohio, 570 F.2d 618, 626 (6th Cir. 1978), the Sixth Circuit Court of Appeals agreed with the district court's construction of Rule 23 as allowing a district court to modify its custody orders. The district court stated, "this court not only has jurisdiction to consider the petitioner's motion by virtue of Rule 23(c), but also has a special obligation to modify, if the circumstances require, an order which the court of appeals might otherwise consider binding by virtue of Rule 23(d)." Jago, 570 F.2d at 620. The "modification" in Jago, however, was not the type of modification sought here. In Jago,

the district court granted the petitioner habeas relief and ordered his release unless the state began a new trial within ninety days.  Five days after the entry of judgment, the petitioner applied for bail, but the district court denied the application.  The district court later granted a renewed application, noting that the ninety day period to start a new trial had long passed.  See id. at 619.  Thus, it appears that the district court was not actually modifying the custody order, it was merely ruling upon whether a condition in the custody order had been met since the initial denial of the bail application.  This Court views Jago as similar to Stein.

Finally, this Court notes that, Respondents argued before the Ninth Circuit that, if it reversed the Habeas Order, it should also order Petitioner returned to custody.  The Ninth Circuit, however, did not rule upon this request.  Had the Ninth Circuit remanded Respondents' request, or if Respondents re-file the instant Motion before the Ninth Circuit and the Ninth Circuit remands it, this district court would have jurisdiction to rule upon the issue.  Absent such a remand, the district court is constrained by the limitations of Rule 23(d).  This Court cannot assume that the Ninth Circuit's silence on Respondents' request to return Petitioner to custody constituted a remand of the issue to this district court.

This Court therefore FINDS that, pursuant to Federal Rule of Appellate Procedure 23(d), this district court does not

have jurisdiction to rule upon the instant Motion.

### CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Respondents' Motion to Revoke Bail, filed on February 22, 2010, be DENIED. The denial should be without prejudice to the filing of a comparable motion before either the Ninth Circuit Court of Appeals or the United States Supreme Court, where ever the underlying appeal is pending at the time.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2. If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 22, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**TARYN CHRISTIAN V. CLAYTON A. FRANK, ETC.; CIVIL NO. 04-00743 DAE-LEK; FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO REVOKE BAIL**