IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARYN CHRISTIAN, ) | CIVIL NO. 04-00743 DAE-LEK |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLAYTON FRANK, Director, ) | |
| State of Hawaii, Department ) | |
| of Public Safety, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER GRANTING PETITIONER'S MOTION FOR
ORDER REGARDING DISPOSITION OF DISCOVERY MATERIAL**

Before the Court is Petitioner Taryn Christian's ("Petitioner") Motion for Order Regarding Disposition of Discovery Material ("Motion"), filed on December 16, 2010. Respondent Clayton A. Frank, Director, State of Hawai`i Department of Public Safety ("Respondent") filed his objection to the Motion on December 17, 2010. This matter came on for hearing on February 2, 2010. Appearing on behalf of Petitioner were Mark Barrett, Esq., by telephone, and Keith Shigetomi, Esq., and appearing on behalf of Respondent were Richard Minatoya, Esq., and Peter Hanano, Esq. After careful consideration of the Motion, supporting and opposing documents, and the arguments of counsel, Petitioner's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

In 1997, Petitioner was convicted of, *inter alia*, one

count of murder in the first degree. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on December 22, 2004. On May 1, 2007, this Court issued an order granting Petitioner leave to conduct discovery on the exhausted claims in the Petition. [Dkt. no. 73.] This Court issued an Initial Discovery Order on September 21, 2007, setting forth the terms and limitations of Petitioner's discovery. [Dkt. no. 81.] The Initial Discovery Order states, in pertinent part:

>   A.  All discovery provided to Petitioner is to remain in the custody possession of Petitioner's counsel and counsel's staff only.
>
>   B.  All originals, and any copies and/or duplicates of all discovery materials shall not be provided to anyone but Petitioner's counsel and counsel's staff, without prior approval of the Court and notice to Respondents.

[Id. at 6.[1]]

On August 29, 2008, this Court issued its findings and

---

[1] The Court will refer to these sections as the "Disclosure Requirements".

recommendations to grant the Petition in part and deny it in part.  On September 30, 2008, United States District Judge David Alan Ezra issued an order adopting this Court's findings and recommendations in part and modifying them in part ("Habeas Order").  The Habeas Order granted the Petition as to one of Petitioner's grounds and ordered Respondent to release Petitioner within seven days of the entry of judgment, unless the State elected to retry Petitioner.  The Habeas Order denied the Petition as to all other grounds.  Both Petitioner and Respondent filed notices of appeal.

On February 19, 2010, the Ninth Circuit issued its opinion reversing the Habeas Order and denying the Petition.  Christian v. Frank, 595 F.3d 1076 (9th Cir. 2010).  The Ninth Circuit's opinion did not order any remand to this district court.  The Ninth Circuit also issued a memorandum opinion, declining to issue a certificate of appealability for Petitioner's cross-appeal.  Christian v. Frank, 365 Fed. Appx. 877 (9th Cir. 2010).

On March 11, 2010, Petitioner filed a petition for panel rehearing and a petition for rehearing en banc.  The Ninth Circuit panel denied both petitions on May 19, 2010.  The Ninth Circuit issued its Mandate on May 27, 2010.  Petitioner filed a petition for a writ of certiorari to the United States Supreme Court on August 17, 2010.  The Supreme Court denied the petition

on November 1, 2010.  Christian v. Frank, 131 S. Ct. 511 (2010).

Simultaneously with the instant Motion, Petitioner's counsel filed a motion to withdraw.[2]  The instant Motion states that Petitioner wishes to continue working on his case to explore any other possible avenues of relief.  Petitioner requested that his counsel forward all case documents, including discovery documents, either to his mother or to himself in prison.  [Motion at 2.]  The Motion notes that, pursuant to the Initial Discovery Order, this request appears to require prior notice to Respondent and approval of the Court.

The Motion identifies the following documents in counsel's possession which appear to be subject to the Disclosure Requirements (collectively "Disputed Documents"):

> 1.  Documents provided by the Department of the Prosecuting Attorney of the County of Maui with a cover letter dated October 8, 2007;
> 2.  Documents associated with Brian Wraxall's DNA testing provided, pursuant to discovery requirements, to counsel for both Petitioner and Respondent.  In addition to containing details of Mr. Wraxall's testing, this group of documents includes materials provided to Mr. Wraxall by the prosecution.

[Motion at 2.]  The Motion states that the other discovery materials in this case either: were obtained by Petitioner and his mother before the Initial Discovery Order; or are public

---

[2] At the hearing on the instant Motion and the motion to withdraw, this Court orally granted the motion to withdraw and directed Petitioner's counsel to draft a proposed order.

4

record because the parties filed them in the course of this litigation.

Petitioner requests the Court's direction on the disposition of the Disputed Documents and any other documents that may be identified in the future as falling within the Disputed Documents categories.

In his Objection, Respondent argues that, although the instant action is a federal case, because it arose from a Hawai`i criminal case, Hawaii Rules of Penal Procedure Rule 16(e)(3) applies. Respondent also argues that the Initial Discovery Order serves as a protective order in this case. Respondent objects to Petitioner's request to turn the Disputed Documents "over to Petitioner in particular because the documents, especially police reports, contain confidential personal information of individuals, including but not limited to addresses, telephone numbers, social security numbers and dates of birth." [Objection 2.]

Respondent also states that the October 8, 2007 letter that Mr. Barrett referenced in the Disputed Documents "was a cover letter for lists, with descriptions, of discovery materials in the possession of the County of Maui Department of the Prosecuting Attorney and the County of Maui Police Department." [Id. at 3.]

## **DISCUSSION**

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts governs discovery in habeas actions. It states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), 28 U.S.C. foll. § 2254.

A habeas petitioner is not presumptively entitled to discovery. Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). Rule 6(a) is meant to be consistent with the Supreme Court's decision in Harris v. Nelson, 394 U.S. 286 (1969). Rule 6(a), 28 U.S.C. foll. § 2254, advisory committee's note (1976 Adoption). In Harris, the Supreme Court stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300.

Petitioner has exhausted all avenues of appeal in the instant case, and his Petition is no longer pending before the district court. Petitioner is therefore no longer entitled to conduct formal discovery. If Petitioner files another habeas action, he would have to seek leave to conduct discovery in that case.

The Court acknowledges that Petitioner, acting pro se in anticipation of counsel's withdrawal, filed a Motion to Reopen Original Habeas Corpus Petition Due to Newly Discovered Evidence of Fraud Upon the Court ("Motion to Reopen").  [Filed 1/7/11 (dkt. no. 229).]  Respondent filed its memorandum in opposition on February 3, 2011, and Petitioner's reply is due by February 17, 2011.  Even if Judge Ezra grants the Motion to Reopen, insofar as the standard to conduct discovery in habeas actions requires an analysis of the petitioner's likelihood of success on the merits of his claims, this Court concludes that Petitioner must file a motion pursuant to Rule 6 to conduct discovery in the reopened case.

The Court FINDS that Petitioner is not entitled to retain the discovery materials that Respondent produced pursuant to the Initial Discovery Order.  Where Respondent produced materials that Petitioner was already in possession of, or where the materials produced became part of the public record in this case, Petitioner may retain any copies that his counsel made of the discovery, but Petitioner must return all originals and any duplicates that Respondent provided.

## CONCLUSION

On the basis of the foregoing, Petitioner's Motion for Order Regarding Disposition of Discovery Material, filed December 16, 2010, is HEREBY GRANTED.  The Court HEREBY ORDERS

Petitioner's counsel to return: all originals and any duplicates of discovery materials that Respondent produced to Petitioner's counsel; and all copies of any discovery materials that were not filed in the public record in this case, unless Petitioner obtained the materials prior to conducting discovery in this case. The Court ORDERS Petitioner's counsel to return the discovery materials to the Department of the Prosecuting Attorney, County of Maui, care of Richard Minatoya and Peter Hanano, by no later than **March 21, 2011**.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 8, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TARYN CHRISTIAN V. CLAYTON FRANK, ETC.; CIVIL NO. 04-00743 DAE-LEK; ORDER GRANTING PETITIONER'S MOTION FOR ORDER REGARDING DISPOSITION OF DISCOVERY MATERIAL**