IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TARYN CHRISTIAN, | ) | CIVIL NO. 04-00743 DAE-LK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, Director, | ) | |
| State of Hawaii, Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**<u>ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL</u>**

Before the Court is Mark Barrett, Esq.'s Motion to Withdraw as Counsel for Petitioner Taryn Christian ("Petitioner"), filed on December 16, 2010 ("Motion to Withdraw"). The Motion to Withdraw is supported by Mr. Barrett's assertion that the case has been completed, and Petitioner is aware that Mr. Barrett is seeking to withdraw and is in favor of withdrawal. [Motion to Withdraw at 1.] Respondent Clayton Frank, Director, State of Hawaii Department of Public Safety ("Respondent") filed a statement of no position on December 17, 2010. Mr. Barrett was granted permission to appear as counsel *pro hac vice* for Petitioner on January 11, 2005. At the hearing on the Motion to Withdraw, Keith Shigetomi, Esq., local counsel for Petitioner, orally asked to be permitted to withdraw as counsel ("Oral Motion to Withdraw").

After careful consideration of the Motion to Withdraw

and the Oral Motion to Withdraw, the arguments of counsel, and the applicable case law, this Court HEREBY GRANTS Mr. Barrett's Motion to Withdraw and Mr. Shigetomi's Oral Motion to Withdraw.

**DISCUSSION**

Local Rule 86.3(b) provides that the district court may permit an attorney to withdraw upon a motion establishing "good cause." In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case. See, e.g., Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999); see also United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993) (stating that denying a motion to withdraw is not an abuse of discretion unless there is a conflict of interest or irreconcilable conflict between the attorney and the client that is so severe that it results in a complete lack of communication preventing an adequate defense). Even where good cause exists, however, other factors may take precedence. In re Tutu Wells Contamination Litig., 164 F.R.D. 41, 44 (D.V.I. 1995).

In the present case, this Court finds that Petitioner has exhausted all avenues of appeal in the instant case, and his petition for a writ of habeas corpus is no longer pending before the district court. Withdrawal of legal representation at this point will therefore neither disrupt the proceedings nor prejudice Petitioner's cause in this matter. Cf. Byrd v.

District of Columbia, 271 F. Supp. 2d 174, 176 (D.D.C. 2003) (stating that, in determining whether to allow counsel to withdraw, the court may consider the extent to which withdrawal will disrupt the case and the amount of time it would take the client to retain new counsel) (citations omitted). The Court notes that, in anticipation of counsel's withdrawal, Petitioner filed, *inter alia*, a pro se Motion to Reopen Original Habeas Corpus Petition Due to Newly Discovered Evidence of Fraud Upon the Court on January 7, 2011 ("Motion to Reopen").

This Court therefore FINDS that Mr. Barrett and Mr. Shigetomi have established that good cause exists for their withdrawal. To the extent, if any, that this matter can proceed any further, Petitioner shall proceed pro se unless he elects to retain new counsel. This Court cautions Petitioner that pro se litigants are expected to comply with all procedural and substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (citation omitted). Accordingly, Plaintiff is put on notice that, if he fails to comply with the rules of the court, he may face sanctions, including dismissal of his complaint or other appropriate sanctions. See Fed. R. Civ. P. 11; Local Rule LR11.1. Specifically, Plaintiff is ordered to provide the Clerk's Office with his mailing address, e-mail address, and

telephone number by **March 23, 2011**, and to promptly notify the Clerk's Office of any changes to his contact information in the future.

On the basis of the foregoing, Mr. Barrett's Motion to Withdraw and Mr. Shigetomi's Oral Motion to Withdraw are HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, February 9, 2011.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TARYN CHRISTIAN V. CLAYTON FRANK, ETC.; CIVIL NO. 04-00743 DAE-LK; ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL**