IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TARYN CHRISTIAN,<br><br>Petitioner,<br><br>vs.<br><br>TOMMY JOHNSON, Director, State of Hawaiʻi Department of Corrections and Rehabilitation,<br><br>Respondent. | Civil No. 04-00743 DAE-RT<br><br>ORDER DENYING MOTION TO DISQUALIFY DISTRICT COURT JUDGE DAVID ALAN EZRA UNDER 28 U.S.C. § 455 |

## INTRODUCTION

Petitioner Taryn Christian moves to disqualify the assigned U.S. District Judge, the Honorable David Alan Ezra. ECF No. 486. The motion has been referred to me for decision. Because there is no valid basis for Judge Ezra's disqualification, the motion is DENIED.

## BACKGROUND

These proceedings arise out of Christian's alleged participation in the July 14, 1995, murder of Vilmar Cabaccang. After Christian was found guilty in a state jury trial, he sought a new trial on the ground that the trial court improperly deprived him of the right to present evidence that another person had confessed to the crime. The trial court denied the motion. So, too, did the Hawaiʻi Supreme Court. *State v.*

*Christian*, 88 Hawai'i 407, 967 P.2d 239 (1998).  While it recognized that *Chambers v. Mississippi*, 410 U.S. 284 (1973), protects criminal defendants' right to present evidence of an alleged perpetrator's confession in certain circumstances, the Hawai'i Supreme Court concluded those circumstances were absent in Christian's case.  *Christian*, 88 Hawai'i at 428, 967 P.2d at 260.  Most importantly, the Hawai'i Supreme Court found that Christian's proposed evidence was far less reliable than the confession evidence at issue in *Chambers*.  *Id.* at 430-31, 967 P.2d at 262-63.

### A. The 2004 Habeas Petition

In 2004, Christian petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  He argued that his conviction should be vacated because the Hawai'i Supreme Court had unreasonably applied *Chambers*.  He added other arguments, including that his trial counsel was constitutionally ineffective and that relief should be granted because he was actually innocent.  The case was assigned to Judge Ezra and then-Magistrate Judge Leslie E. Kobayashi.

Following extensive proceedings, Judge Kobayashi recommended that Judge Ezra grant the petition on the ground that the Hawai'i Supreme Court had unreasonably applied *Chambers*.  ECF No. 146.  Judge Kobayashi recommended that Judge Ezra otherwise deny the petition.  *Id.*  After considering the parties' objections to Judge Kobayashi's findings and recommendations, Judge Ezra adopted Judge

Kobayashi's recommendation to issue the writ on the *Chambers* grounds and to reject the other grounds. ECF No. 153.

In a pair of opinions, the Ninth Circuit reversed the partial grant of the petition, *Christian v. Frank*, 595 F.3d 1076 (9th Cir. 2010), and denied Christian's petition for a certificate of appealability on the grounds Judge Ezra had rejected, *Christian v. Frank*, 365 F. App'x 877 (9th Cir. Feb. 19, 2010). In reversing the partial grant of the petition, the Ninth Circuit explained that "[t]here are such significant factual differences between the case before us and *Chambers* that the Hawaii Supreme Court's decision to distinguish the two cases was not unreasonable." *Christian*, 595 F.3d at 1084. The Ninth Circuit offered three reasons for that conclusion.

First, the Ninth Circuit pointed out that the Hawaiʻi Supreme Court had "detailed several ways in which the excluded testimony at issue in this case was materially less trustworthy than the excluded testimony in *Chambers*." *Id*. This was not an unreasonable way to distinguish Christian's case, the Ninth Circuit wrote, because "it was the 'trustworthiness' of the evidence at issue in *Chambers* that compelled its admissibility." *Id.* at 1085 (quoting *Chambers*, 410 U.S. at 302).

Second, the Ninth Circuit noted that "*Chambers* can be further distinguished" in that the alleged alternative perpetrator was available to testify in *Chambers*, which "greatly enhanced the reliability of the extrajudicial statements in that case." *Id.* By

contrast, Christian's proposed alternative perpetrator "exercised his Fifth Amendment right not to testify and was declared to be unavailable." *Id.*

Third and finally, the Ninth Circuit distinguished *Chambers* on the ground that, "in Christian's case, there is doubt not only about the truthfulness of the alleged confessions, but also about whether those confessions were ever made in the first place, in light of the unreliability of the witnesses and the unrecorded form of the confessions." *Id.* In sharp contrast, the confession at issue in *Chambers* had been "transcribed, signed and witnessed" by the defendant's attorneys. *Id.* at 1082.

For these reasons, the Ninth Circuit held that the "Hawaii court's decision to exclude such materially less reliable evidence did not amount to an unreasonable application of clearly established federal law." *Id.* at 1086. The Ninth Circuit later denied Christian's petitions for panel rehearing and rehearing en banc, ECF No. 221, and the Supreme Court denied his petition for a writ of certiorari, *Christian v. Frank*, 562 U.S. 1007 (2010).

B.   **Christian's First and Second Rule 60 Petitions**

In 2011, Christian petitioned to reopen his habeas proceeding under Federal Rule of Civil Procedure 60(b)(3). ECF No. 229. He alleged newly discovered evidence of fraud on the Hawaiʻi state court, this court, and the Ninth Circuit. *Id.* Judge Ezra construed the petition as a second or successive petition for writ of habeas corpus, and given that Christian could not file such a petition without authorization from the

4

appropriate court of appeals, Judge Ezra transferred it to the Ninth Circuit. ECF No. 255. The Ninth Circuit likewise treated the petition as an application for authorization to file a second or successive petition for writ of habeas corpus and denied that application. ECF No. 260. Christian once again petitioned the Supreme Court for a writ of certiorari, which was denied. ECF No. 263; ECF No. 406, at PageID.7993-94 (describing procedural history).

Christian then filed a second motion in 2013 to reopen his habeas corpus proceedings under Rule 60(b) based on alleged new evidence that the respondent had perpetrated a fraud on the courts. ECF No. 267. Although Judge Ezra's earlier decision construing such a request as a second or successive § 2254 petition had been affirmed by the Ninth Circuit, Judge Ezra did not rotely follow that prior treatment. Instead, Judge Ezra discerned that because this request alleged fraud upon the court, the district court had jurisdiction to review it under Federal Rule of Civil Procedure 60(d)(3) and did not need to await the Ninth Circuit's authorization of a second or successive § 2254 petition. ECF No. 286.

Judge Ezra's ruling prompted the respondent, the Director of the State of Hawaii's Department of Public Safety, to petition the Ninth Circuit for a writ of mandamus, in which it contended that the construal of Christian's motion as falling under Rule 60 was clearly incorrect. The Ninth Circuit denied the petition, holding that

the Director "ha[d] not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus."  ECF No. 293.

Judge Ezra then turned to the merits of Christian's Rule 60 motion.  But he did not merely resolve the merits on the papers.  Instead—and over the respondent's objection—he granted in part Christian's motion to compel discovery and granted Christian's request for an evidentiary hearing.  ECF No. 294.  In a later order, Judge Ezra imposed a deadline for the respondent to produce evidence, and ordered the respondent to "provide a detailed statement of the chain of custody" of any piece of evidence the respondent could not now produce, and to explain the reasons "why it cannot now be produced."  ECF No. 318, at PageID.5285.

The evidentiary hearing began on July 16, 2014, and continued on March 16 and 17, 2015.  ECF Nos. 348, 376, 377; *see also* ECF No. 406, at PageID.7994-95 (describing procedural history).  The parties then filed post-hearing briefs.  ECF Nos. 390, 391, 395.

On December 28, 2015, in a 52-page written opinion, Judge Ezra denied Christian's Rule 60 motion to reopen his habeas proceedings.  ECF No. 406.  Judge Ezra found that Christian had not met his burden of establishing fraud on the court by clear and convincing evidence.  *See id.*  Following that decision, Christian filed multiple motions for reconsideration, which were all denied.  *See, e.g.*, ECF Nos. 410, 420, 425.

//

//

### C. Christian's Third Rule 60 Petition

In 2018, Christian filed a third Rule 60 petition, this time contending that his conviction was unsound in light of the Supreme Court's then-recent decision in *McCoy v. Louisiana*, 584 U.S. 414 (2018), in which the Supreme Court held that criminal defendants have the right to insist that their trial counsel refrain from admitting their factual guilt at trial. ECF No. 453. Christian argued that his trial counsel had effectively admitted his factual guilt.

Judge Ezra concluded that this third petition was not a permissible effort to reopen the proceedings in his first § 2254 petition based on an alleged fraud on the court, but instead was functionally a second or successive § 2254 petition for which Christian required authorization from the Ninth Circuit. ECF No. 465. On appeal, the Ninth Circuit affirmed that conclusion, and denied Christian's application for a second or successive § 2254 petition. *Christian v. Thomas*, 982 F.3d 1215, 1226 (9th Cir. 2020).

### D. The Current Rule 60 Petition and the Motion for Disqualification

On April 14, 2025, Christian filed the Rule 60 motion that is currently before Judge Ezra. ECF No. 481. In it, Christian argues that he has new evidence of an "unprecedented and fraudulent scheme by Maui Corporation Counsel, Maui Prosecutors and a Deputy Attorney General to solicit the Attorney General's appointment of conflicted county attorneys as 'special deputy attorneys general' to prosecute petitioner's Rule 60 motion." *Id.* at PageID.15202 (cleaned up).

7

In addition to his Rule 60 motion, Christian has moved for the appointment of a "special counsel" to represent the respondent (based on his allegation of conflicts of interest within the Hawaiʻi Department of the Attorney General), ECF No. 483; for the disclosure of *Brady* material and the appointment of a special master to oversee and manage the discovery process, ECF No. 484; and for the withdrawal of the counsel who previously represented him, ECF No. 485.

Christian also filed a motion to disqualify Judge Ezra under 28 U.S.C. § 455. ECF No. 486. Initially, Christian's case was mistakenly reassigned, which prompted the court to deny Christian's motion to disqualify Judge Ezra as moot. ECF No. 488. After the reassignment error was corrected, Judge Ezra entered an order referring the motion to disqualify for assignment to another judge. ECF No. 492. The motion to disqualify was then assigned to me for decision. ECF Nos. 493, 494.

## DISCUSSION

Christian seeks Judge Ezra's disqualification under 28 U.S.C. § 455(a). He offers four bases for his motion, each of which focuses specifically on Judge Ezra's handling of the second Rule 60 motion, which Judge Ezra denied after an evidentiary hearing in his December 28, 2015, written opinion.

First, Christian argues that by rejecting his arguments about *Brady* evidence and his alleged actual innocence, Judge Ezra "complete[ly] abandon[ed] . . . his judicial responsibility and duty to properly oversee and manage the Rule 60(d)(3) proceedings

8

and enforce his *Brady* discovery orders." ECF No. 486, at PageID.15814 (emphasis omitted).

Second, he asserts that Judge Ezra "disregard[ed] the Supreme Court and Ninth Circuit's guidance" by "fail[ing] to recognize the distinction between a constitutional *Brady* violation and fraud on the court," which "call[s] into question the court's judicial integrity in failing to follow the law." *Id.* (emphasis omitted).

Third, he contends that Judge Ezra's "categorical failure to adjudicate the merits of [Christian's] *Brady* claims . . . combined with his absolute disregard of the new evidentiary record of testimonial evidence of the witnesses in its entirety" denied him "due process of law and constitutes structural error." *Id.* at PageID.15814-15 (emphases omitted).

Fourth, and finally, he argues that Judge Ezra "adopt[ed] inconsistent positions argued by the state in violation of the well-established doctrine of judicial estoppel— that resulted in the court's entry of contrary and irreconcilable judgments on the material facts of the case." *Id.* at PageID.15815 (emphases omitted).

In assessing these proffered grounds for disqualification, the question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (cleaned up), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621 (2016). Importantly, the "reasonable person is not someone

9

who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (cleaned up). The Ninth Circuit has cautioned that the "reasonable person" standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *see also* ABA Comm. on Ethics & Pro. Resp., Formal Op. 488 (2019) ("[J]udges must avoid disqualifying themselves too quickly or too often lest litigants be encouraged to use disqualification motions as a means of judge-shopping . . . .").

Moreover, the alleged bias "must usually stem from an extrajudicial source"—that is, except in highly unusual circumstances, a judge's rulings alone will not afford a valid basis for recusal. *Pesnell*, 543 F.3d at 1044. The Ninth Circuit has applied this principle in a variety of settings. It has held that "a judge's prior adverse ruling is not sufficient cause for recusal." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam) (cleaned up). It has recognized—quoting an earlier Supreme Court precedent—that "[e]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect [individuals], even after having been confirmed as federal judges, sometimes display, do not establish bias or partiality." *United States v. McTiernan*, 695 F.3d 882, 892 (9th Cir. 2012) (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)). And it has remarked that even when a judge

10

"has become exceedingly ill disposed towards the defendant," a judge is "not thereby recusable for bias or prejudice" if their "knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." *Id.* (cleaned up). The upshot is that "the judge's conduct during the proceedings should not, except in the rarest of circumstances form the sole basis for recusal under § 455(a)." *Id.* (cleaned up).

The principle that alleged bias "must usually stem from an extrajudicial source" is fatal to Christian's motion. *Pesnell*, 543 F.3d at 1044. Each of the four grounds Christian offers for disqualification is based on Judge Ezra's conduct during past proceedings concerning Christian's second Rule 60 motion. And Christian does not identify anything extraordinary about that conduct that would support disqualification.

Christian does not identify any remarks during those prior proceedings that would suggest Judge Ezra held a bias or ill disposition toward him—despite more than a decade of proceedings over which Judge Ezra has presided. In fact, Christian does not suggest that Judge Ezra was anything other than courteous and patient toward his requests and arguments. Given that disqualification is not warranted even where the record reveals "expressions of impatience, dissatisfaction, annoyance, and even anger," it is notable that—far short of meeting the standard for recusal—the record reveals nothing of that sort here. *McTiernan*, 695 F.3d at 892 (cleaned up).

11

Moreover, the record of prior proceedings in this case offers no support for Christian's assertion that Judge Ezra abandoned any aspect of his judicial duty. It instead amply demonstrates that, throughout those prior proceedings, Judge Ezra carefully and thoughtfully considered Christian's arguments. At the outset of this case, Judge Ezra granted Christian's § 2254 petition, which was reversed by the Ninth Circuit on appeal. Judge Ezra thereafter allowed Christian to proceed on his second Rule 60 motion to reopen the proceedings on his § 2254 petition—even though he had earlier treated Christian's first Rule 60 motion as a second or successive § 2254, and even though that treatment had been upheld by the Ninth Circuit. Judge Ezra's ruling prompted the respondent to make an unsuccessful request for a writ of mandamus.

Having to that point demonstrated an open-mindedness and fairness toward Christian's arguments, Judge Ezra then partially granted Christian's requests to compel discovery, to set a deadline for producing discovery and require an accounting of any unproduced discovery, and to hold an evidentiary hearing on contested facts. Following the hearing, Judge Ezra thoroughly explained the reasons why he was unpersuaded by Christian's arguments in a 52-page written opinion.

Nothing about this judicial performance reflects or supports a reasonable impression of bias, and no reasonable observer would conclude that it does. And while Christian is understandably unsatisfied with *how* Judge Ezra ultimately resolved the

issues he had raised in his section Rule 60 motion, "a judge's prior adverse ruling is not sufficient cause for recusal." *Taylor*, 993 F.2d at 712 (cleaned up).

      \*    \*    \*

Although Christian does not distinctly offer it as one of his four asserted grounds for disqualification, he does quote excerpts from two hearing transcripts in which Judge Ezra—who remains a member of the District of Hawaiʻi but currently handles a heavy load of cases in Western District of Texas—spoke candidly of his Texas caseload. ECF No. 486, at PageID.15831-32. In the first of the hearings, Judge Ezra explained why the scheduling of the evidentiary hearing would need to accommodate that caseload. In the other, Judge Ezra explained that he would prefer written closing arguments. Nothing about those comments would lead a reasonable person to "conclude that the judge's impartiality might reasonably be questioned." *Pesnell*, 543 F.3d at 1043 (citation omitted). In those same hearings, Judge Ezra emphasized that his caseload "doesn't take away from the importance of this case and the attention I intend to give to it." ECF No. 486, at PageID.15832. And he made clear that he "ha[d] a duty and a responsibility to look at the material carefully" and added, "I will, I can assure you." *Id.* Far from reflecting bias, Judge Ezra's comments reflect a conscientious judge communicating candidly with the parties.

Of course, the fact that Judge Ezra handles a heavy caseload in Texas could conceivably persuade him to request the transfer of this matter to another judge in the

District of Hawaiʻi.  By way of rough analogy, in considering a motion to transfer venue under 28 U.S.C. § 1404(a), a court can consider relative court congestion as a factor.  But even in that context, the factor is entitled to minimal weight.  *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984).  The factor is surely entitled to no more weight in considering a motion to disqualify.  Judge Ezra remains free to handle or request the transfer of this matter, but there is no basis to disqualify him from it.

## CONCLUSION

For the foregoing reasons, Christian's motion to recuse Judge Ezra from the case is DENIED.

IT IS SO ORDERED.

DATED:  May 14, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 04-00743 DAE-RT, *Taryn Christian v. Tommy Johnson*; ORDER DENYING MOTION TO DISQUALIFY DISTRICT COURT JUDGE DAVID ALAN EZRA UNDER 28 U.S.C. § 455