IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TARYN CHRISTIAN,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>TOMMY JOHNSON, Director, State of Hawaiʻi Department of Corrections and Rehabilitation,<br><br>　　　　Respondent. | Civil No. 04-00743 MWJS-RT<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E) |

### ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)

Before the court is Petitioner Taryn Christian's motion seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure, Dkt. No. 521, in which he asks the court to reconsider its October 17, 2025, order denying his earlier motions, Dkt. No. 520. Respondent filed a response opposing reconsideration, Dkt. No. 523, and Christian filed a reply, Dkt. No. 524.

"Motions for reconsideration are disfavored."  Local Rule 60.1.  They "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Christian has not satisfied this demanding standard.

A.   **Christian's *Brady* Claims**

Christian first contends that the court "persists in ignoring or disregarding" his "unremedied *Brady* claims which entitle" him to "habeas relief." Dkt. No. 521, at PageID.16295 (capitalizations and emphasis omitted); Dkt. No. 524, at PageID.16408-09. According to Christian, this court failed to address his *Brady* claims even in the initial habeas proceedings that began in 2004. As Christian puts it, "[i]n making findings and recommendation to grant in part and deny in part habeas relief, the Magistrate Judge did not rule on petitioner's *Brady* claims regarding Schmidt and Leong and provided no reasoning for failing to do so." *Id.* at PageID.16291 (citing Dkt. No. 146). In Christian's view, the court's most recent order, "like previous Orders, have denied Rule 60 relief without setting forth any supporting reasons justifying the Court's refusal to rule on the merits of petitioner's constitutional *Brady* claims." *Id.* at PageID.16298; *see also* Dkt. No. 524, at PageID.16409.

Christian's argument does not accurately describe the procedural history of this case. That is, to be clear, quite understandable: the 21-year procedural history of this case is long and complicated, and while Christian was represented by counsel during his initial habeas proceeding and during the first Rule 60 proceeding, he is currently proceeding pro se. But an accurate recounting of that history demonstrates that Christian's argument does not offer a basis for reconsideration.

1. The U.S. Magistrate Judge (and the U.S. District Judge) who initially resolved

2

Christian's 2004 habeas petition did not ignore or disregard his *Brady* claims. Rather, they found that the claims were procedurally defaulted, that Christian had not offered any cause for the default, and that Christian could not avail himself of the actual innocence gateway.

Christian's *Brady* claims were designated in his habeas petition as "Ground Nine." Dkt. No. 1-2, at PageID.43 (arguing, in "Ground Nine," that "[i]n the present case, constitutional violations, such as violations of the right of access to exculpatory evidence . . . are among the causes of Christian's improper conviction."). The judge who initially considered Christian's petition—the Honorable Leslie E. Kobayashi, now a U.S. District Judge, but at that time a U.S. Magistrate Judge—found that his *Brady* claims were procedurally defaulted. Dkt. No. 73, at PageID.1148 (finding that "Ground Nine" is "procedurally defaulted"). The then-assigned U.S. District Judge—the Honorable David Alan Ezra—accepted that finding and recommendation. Dkt. No. 146, at PageID.2517 (noting that the Magistrate Judge had "previously ruled that Ground[] . . . Nine" was "procedurally defaulted" and the "district judge's . . . Order did not disturb th[is] ruling"). Accordingly, Judge Kobayashi explained that she generally could only consider a procedurally defaulted claim "if the petitioner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722,

750 (1991)).

      Given that Christian did not proffer any "cause" argument for his *Brady* claims, Judge Kobayashi turned to the question of whether "the failure to consider his procedurally defaulted claims would result in a fundamental miscarriage of justice because he is actually innocent." *Id.* at PageID.2518. As Judge Kobayashi explained, the "argument that a court should consider a habeas petitioner's procedurally defaulted claims because he is actually innocent is 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citation and quotation marks omitted)). Judge Kobayashi recognized that this gateway opens only if the court can find "that no juror, acting reasonably and obeying [its] instructions requiring proof beyond a reasonable doubt, would have voted to convict Petitioner in light of the new evidence." *Id.* After canvassing the evidence Christian presented in support of his claim of actual innocence, Judge Kobayashi found that Christian "has not established that he actually innocent under the standards set forth in *Schlup* and therefore the federal courts cannot consider his procedurally defaulted claims on habeas review." *Id.* at PageID.2522.

      Christian appealed Judge Kobayashi's rejection of his freestanding actual innocence argument (which was separately designated as "Ground Four") to Judge Ezra, but he did not appeal Judge Kobayashi's denial of his *Brady* claims as

4

procedurally defaulted. On appeal, Judge Ezra overruled Christian's objections to the proposed resolution of Ground Four and adopted Judge Kobayashi's findings and recommendation—most significantly, that Christian had not demonstrated his actual innocence. Dkt. No. 146. On further appeal, the Ninth Circuit reversed this court's conclusion that habeas relief should be granted on a separate ground. *See Christian v. Frank*, 595 F.3d 1076 (9th Cir. 2010). But the Ninth Circuit otherwise denied Christian a certificate of appealability on the remaining issues he sought to appeal. *See Christian v. Frank*, 365 F. App'x 877 (9th Cir. 2010).

This procedural history demonstrates that, far from disregarding or ignoring his *Brady* claims when it initially considered his 2004 habeas petition, this court carefully considered them and concluded that they were procedurally defaulted. And the Ninth Circuit left that ruling undisturbed.

2. Just as this court carefully considered Christian's *Brady* claims in the initial habeas proceedings, it also carefully considered his *Brady* assertions during the Rule 60 proceedings that Christian initiated in 2013.

When Christian sought to reopen the habeas proceedings based on his assertion that government attorneys had committed fraud on the court, Judge Ezra granted Christian discovery on his claim that the attorneys had violated *Brady* and otherwise concealed information as part of an alleged effort to defraud. *See* Dkt. No. 521, at PageID.16291-93; Dkt. No. 524, at PageID.16400-01 (describing Judge Ezra's orders).

Judge Ezra allowed this discovery because Christian's allegations of *Brady* violations conceivably could have some bearing on whether government attorneys had committed fraud on the court. But Judge Ezra's analysis of the question did not end there. After granting Christian discovery, and presiding over an evidentiary hearing spanning multiple days, Judge Ezra ultimately found that Christian had failed to establish fraud on the court. Dkt. No. 406. In reaching that conclusion, Judge Ezra did not ignore or disregard Christian's contentions concerning nondisclosure. Instead, Judge Ezra found that "[o]n the facts presented, Petitioner has not shown clear and convincing evidence of . . . fraudulent nondisclosure." *Id.* at PageID.8007.

In that same vein, when Christian filed his more recent Rule 60 motion seeking, once again, to reopen his habeas proceedings based on an assertion of fraud on the court, this court did not ignore or disregard his allegations of fraudulent nondisclosure. Instead, it explained why Christian's new assertions were not sufficient to make such a showing. Dkt. No. 520, at PageID.16268-73.

B.   **Christian's Argument Based on *Stewart* and *Slack***

Christian's motion for reconsideration next argues that this court disregarded the Supreme Court's decisions in *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), and *Slack v. McDaniel*, 529 U.S. 473 (2000). He contends that the Supreme Court has "authoritatively rejected the premise equating a habeas petitioner's Rule 60(b) motion with a successive habeas petition under § 2244(b)(1), where a petitioner attempts to

6

secure a ruling on his unadjudicated constitutional claims presented in his original petition." Dkt. No. 521, at PageID.16299; Dkt. No. 524, at PageID.16409.

It is true that if a habeas claim is initially dismissed on the grounds that it is premature, it may be possible to press that claim when it becomes ripe without having to satisfy the procedural restrictions on second or successive habeas petitions. *See Stewart*, 523 U.S. at 643. But that principle has no bearing here: this court did not fail to address Christian's *Brady* claims, *see supra* pp. 1-6, and it did not decline to rule on them on the grounds that they were premature. As explained above, the court resolved Christian's *Brady* claims in his habeas petition by concluding that they were procedurally defaulted and that Christian had not made a sufficient showing of actual innocence. And the court concluded, both in its initial Rule 60 ruling and the more recent one, that Christian had not demonstrated that government attorneys engaged in fraudulent nondisclosure. Christian's argument based on *Stewart* and *Slack* is therefore not well grounded.

    **C.**    **Christian's Argument Based on *Schlup* and Actual Innocence**

Christian argues that "[i]n concluding petitioner cannot prove actual innocence, the Order disregards . . . *Schlup v. Delo*, 513 U.S. 298 (1995)." Dkt. No. 521, at PageID.16302. In fact, the court's order specifically cited *Schlup*, applied its standard to Christian's new allegations, and concluded that he did not satisfy *Schlup*'s standard. Dkt. No. 520, at PageID.16273-74.

7

Separately, Christian asserts that the court "dismiss[ed] the credibility" of his new information—both the evidence concerning fraud on the court and the evidence concerning actual innocence. Dkt. No. 521, at PageID.16302. That, too, is incorrect. The court did not evaluate the credibility of any of Christian's new information. It instead explained why, accepting all of it at face value, the new information would not support a departure from the court's prior finding that Christian had failed to demonstrate fraud on the court, Dkt. No. 520, at PageID.16271-72 or actual innocence, *id.* at PageID.16273-74.

More fundamentally, Christian appears to conflate the issue presented in his habeas petition with the narrower issue before the court in this Rule 60 proceeding. *See* Dkt. No. 521, at PageID.16304 (insisting that the new claims of nondisclosure are "NOT a 'new' *Brady* claim"). The question during the habeas proceeding was whether the government had violated *Brady* in connection with Christian's trial in state court. This court concluded that habeas relief was not available on that ground because Christian's *Brady* claims were procedurally defaulted. That ruling has long since become final. Accordingly, to the extent Christian wishes to seek habeas relief based on a new *Brady* claim—for example, based on the new pieces of information he attached to his most recent Rule 60 motion—he must seek the Ninth Circuit's authorization to file a second

or successive habeas petition. *See id.* at PageID.16274-75.[1] The issue in this Rule 60 proceeding, by contrast, is a narrower one: whether Christian has made a showing of fraud on the court. Christian has sought to make that showing, in part, by alleging a failure to disclose exculpatory information (or, in another manner of speaking, fraudulent nondisclosure). The court, both in 2015 and again in its more recent order, has considered and rejected that argument on the merits. That is to say, the court has concluded on the merits that Christian has not offered sufficient evidence of fraud on the court, even taking into consideration his allegations and proffered evidence of nondisclosure.

D. **Christian's Remaining Arguments for Reconsideration**

Christian's reconsideration motion (and reply) make several additional arguments, none of which supports altering this court's earlier order. The court addresses each in turn.

1. Christian makes an argument concerning the conduct of the Clerk of Court in the District of Hawaiʻi. Christian appears to believe that the Clerk acted improperly and without authority because the Clerk entered an order denying Christian's Rule 60 motion without Judge Ezra's supervision. Dkt. No. 521, at PageID.16305; Dkt. No. 524, at PageID.16406-07.

---

[1] Christian himself has previously sought precisely that relief. *See Christian v. Thomas*, 982 F.3d 1215 (9th Cir. 2020) (denying Christian's request to file a second or successive petition).

9

To the extent Christian is complaining about the court's most recent order denying his latest Rule 60 motion, it is the undersigned district judge who issued the order; the case has been reassigned from Judge Ezra. And the Clerk of Court took no action unauthorized by the undersigned.

If Christian is instead complaining about Judge Ezra's 2015 order denying his earlier Rule 60 motion—or even earlier proceedings—it is far too late for him to complain about the entry of orders in those proceedings now.[2] Even if it were not too late, moreover, there is no basis for his complaints.

2. Christian argues that the "law of the case doctrine" only applies to appellate decisions and does not apply to federal district court judgments. *See* Dkt. No. 521, at PageID.16306; Dkt. No. 524, at PageID.16409. That is incorrect. Dkt. No. 520, at PageID.16263 (citing the district court decision in *Yujin Robot Co., Ltd. v. Synet Elecs. Inc.*, Case No. CV 14-06237, 2019 WL 4492949, at *2 (C.D. Cal. July 29, 2019)); *see also* Dkt. No. 523, at PageID.16386 (quoting the Ninth Circuit's statement in *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004), that "[i]ssues that a district court determines during pretrial motions become law of the case").

---

[2] Respondent contends that Christian is indeed specifically challenging Judge Ezra's 2015 order, *see* Dkt. No. 523, at PageID.16384, and it does appear that Christian is largely, if not entirely, complaining of proceedings that occurred in 2015. For example, Christian asserts that "when counsel urged the Court to correct its error, an Order threatened counsel with sanctions." Dkt. No. 521, at PageID.16306. That is clearly a reference to the earlier proceedings before Judge Ezra, at a time when Christian was being represented by counsel.

In any event, that argument would not advance Christian's position even if it were correct, because Christian sought a certificate of appealability following Judge Ezra's 2015 ruling, and the Ninth Circuit denied that request. Dkt. No. 450 (*Christian v. Frank*, Case No. 17-15460 (9th Cir. June 12, 2017) (concluding that Christian had not shown that "jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion," and similarly had not shown that "jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right")).

3. Christian renews his argument that the corporation counsel attorneys appointed to represent the Attorney General of the State of Hawaiʻi labored under a conflict that violated ethical rules. *See* Dkt. No. 521, at PageID.16307. As the court explained in its order, however, "the record in this case does not reveal any wrongdoing in the appointment of counsel to assist with this civil matter." Dkt. No. 520, at PageID.16267. Christian's motion for reconsideration does not, either.

4. Christian suggests that the court's order did not consider his claim that one of the attorneys representing the Attorney General perjured himself, which Christian has sought to substantiate with an FBI report of a January 29, 2009, interview. *See* Dkt. No. 521, at PageID.16308-09. To the contrary, the court specifically noted this argument, and concluded that it was barred by the law of the case because the FBI report—which was produced to his then-counsel during the earlier Rule 60 proceedings before Judge

11

Ezra—was not new evidence. Dkt. No. 520, at PageID.16270-71.

5. Christian argues that in denying his most recent Rule 60 motion, the court erred by not first ordering an evidentiary hearing. See Dkt. No. 521, at PageID.16309. But Christian has already had the benefit of a Rule 60 evidentiary hearing (along with orders compelling discovery) to allow for a full consideration of his claims of fraud on the court. Judge Ezra denied his Rule 60 motion in 2015 after that substantial process. The question now is whether Christian has offered any new evidence that—accepted as true—would support a departure from Judge Ezra's prior ruling. This court's order explains why Christian has not offered any such new evidence. And because he has not done so, there is no need for an evidentiary hearing.

6. Finally, Christian asserts that this court's order "makes numerous errors of material facts." Dkt. No. 521, at PageID.16309-11. None are errors, and in any event, none warrants reconsideration:

First, Christian critiques the court's description of the factual background of the case; that criticism does not have force, however, because the court drew this background directly from Judge Ezra's 2015 order, which is now law of the case.

Second, Christian contends that the court did not mention certain background facts which he views as significant; but as the court explained in its order, its order assumed the reader's familiarity with prior proceedings and did not rehash in detail the facts and arguments Judge Ezra already resolved in 2015.

Third, Christian faults the court for stating that Judge Ezra's 2015 decision turned to the merits of his Rule 60 motion, because, in his view, his "*Brady* claims were not adjudicated on 'the merits.'" *Id.* at PageID.16310 (bold in original omitted). But as recounted above, this court has properly considered those *Brady* claims.

Lastly, Christian argues that the court's order "disregards the relevance of the 911 evidence by reciting the December 2015 Order." *Id.* The court recited the earlier December 2015 order to explain that Judge Ezra had already carefully considered Christian's 911 evidence, and ultimately found that it did not support a finding of fraud on the court. That ruling is law of the case.

*   *   *

For the foregoing reasons, Christian's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: December 23, 2025, at Honolulu, Hawaiʻi.



Micah W.J. Smith
United States District Judge

Civil No. 04-00743 MWJS-RT, *Taryn Christian v. Tommy Johnson*; ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)